# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
International Union of Operating Engineers Local 542

**DEFENDANTS**
Mallinckrodt ARD, Inc., Mallinckrodt PLC, et al.

**(b)** County of Residence of First Listed Plaintiff: Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: St. Louis County, MO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Donald E. Haviland, Jr., Esquire, Haviland Hughes, 201 S. Maple Way, Suite 110, Ambler, PA 19002 (215) 609-4661

Attorneys *(If Known)*
Lee C. Durivage, Esquire, Marshall Dennehey Warner Coleman & Goggin, 2000 Market Street, Suite 2300, Philadelphia, PA 19103 (215) 575-2584

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [X] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027

Brief description of cause:
Alleged violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Schiller
DOCKET NUMBER: 19-CV-03047

DATE: 01/08/2021

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: [Nature of Suit Code Descriptions](#).

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1375 Virginia Drive, Suite 102, Fort Washington, PA 19034

Address of Defendant: 675 McDonnell Blvd., Hazelwood, MO 63042

Place of Accident, Incident or Transaction: 1375 Virginia Drive, Suite 102, Fort Washington, PA 19034

---

**RELATED CASE, IF ANY:**

Case Number: 19-CV-03047   Judge: Schiller   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — No ✓
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ✓
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — No ✓
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — No ✓

I certify that, to my knowledge, the within case ☒ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/08/2021   *(signature)*   205928
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    *(Please specify):* Bankruptcy procedure/other statutory action

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Lee C. Durivage, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 01/08/2021   *(signature)*   205928
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| International Union of Operating Engineers Local 542 | : | CIVIL ACTION |
| v. | : | |
| Mallinckrodt ARD, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 01/08/2021 | LEE C. DURIVAGE | Mallinckrodt ARD, Inc. and Mallinckrodt PLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 575-2584 | (215) 575-0856 | lcdurivage@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 : <br> Plaintiff : <br> : <br> v. : <br> : <br> MALLINCKRODT ARD, INC. formerly known as : <br> QUESTCOR PHARMACEUTICALS, INC. : <br> MALLINCKRODT PLC : <br> EXPRESS SCRIPTS HOLDING COMPANY : <br> EXPRESS SCRIPTS, INC. : <br> CURASCRIPT, INC. : <br> CURASCRIPT SD : <br> ACCREDO HEALTH GROUP, INC. : <br> and : <br> UNITED BIOSOURCE CORPORATION, now : <br> known as UNITED BIOSOURCE LLC, a wholly : <br> owned subsidiary of UNITED BIOSOURCE : <br> HOLDINGS, INC. : <br> Defendants. : | Civil Action No. |

## MALLINCKRODT DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1334 and 1452 and Federal Rule of Bankruptcy Procedure 9027, Defendants Mallinckrodt ARD LLC (fka Mallinckrodt ARD Inc.) and Mallinckrodt plc (collectively, "Mallinckrodt" or the "Debtors") hereby give notice of removal of this action, *International Union of Operating Engineers Local 542 v. Mallinckrodt ARD Inc., et al.*, Civil Action No. 2018-14059 (the "State Court Action"), from the Court of Common Pleas for Montgomery County, Pennsylvania to the United States District Court of the Eastern District of Pennsylvania.  Mallinckrodt provides the following statement of the grounds for removal:

**BACKGROUND**

1.     On May 25, 2018, Plaintiff International Union of Operating Engineers Local 542 ("Plaintiff") filed the State Court Action against Mallinckrodt and Express Scripts Holding Co., Express Scripts, Inc., CuraScript, Inc. d/b/a CuraScript SP Specialty Pharmacy, Priority Healthcare Distribution, Inc. d/b/a CuraScript SD Specialty Distribution, Accredo Health Group, Inc., and United BioSource LLC f/k/a United BioSource Corp. (collectively, the "Express Scripts Entities" and together with Mallinckrodt, the "Defendants") in the Court of Common Pleas for Montgomery County, Pennsylvania.  Ex. No. 1 (Complaint).

2.     Plaintiff alleges that the Defendants engaged in an unlawful scheme to raise the price of Mallinckrodt's Acthar® Gel ("Acthar") pharmaceutical product.

3.     The claims asserted in the State Court Action centrally involve Mallinckrodt and seek to impose liability directly on Mallinckrodt.  Moreover, the allegations made against the Express Scripts Entities in the State Court Action extend from the allegations that those defendants acted in concert with or at the behest of Mallinckrodt.  *See, e.g.*, Ex. 2 (First Amended Complaint), ¶¶ 10, 50, 169(d-f), 193-200, 210, 223, 229, 236, 241.  The Express Scripts Entities' defenses similarly focus on Mallinckrodt:  The Express Scripts Entities have stated they will "defend[] themselves in these lawsuits by challenging Plaintiffs' abilities to hold the Express Scripts Entities liable for this alleged unilateral business conduct of the Mallinckrodt Defendants."  Ex. 3 (Letter from Express Scripts to Mallinckrodt ARD LLC (Oct. 14, 2020) ("Indemnity Letter")) at 2.  As a result, both Plaintiff and the Express Scripts Entities would require extensive discovery from Mallinckrodt in order to pursue and defend against the claims nominally brought against ESI.

4.     In addition, the Express Scripts Entities assert that Mallinckrodt owes them contractual indemnity for the claims asserted against the Express Scripts Entities in the State Court Action (and all Acthar Actions) under three separate indemnity agreements.  Ex. 3 (Indemnity

Letter) at 3-4.  As with the Express Scripts Entities' defenses on the merits, the Express Scripts Entities' indemnity claims also rely upon establishing the Mallinckrodt Acthar Defendants' misconduct.

5. On October 12, 2020, Mallinckrodt commenced bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Delaware by filing voluntary petitions for relief under chapter 11 of title 11 of the U.S. Code, *In re Mallinckrodt plc, et al.*, No. 20-12522 (JTD) (the "Chapter 11 Cases").  A copy of the voluntary petitions filed by Mallinckrodt plc and Mallinckrodt ARD LLC are attached hereto as Exhibit 4.

6. On October 12, 2020, Mallinckrodt filed on the State Court Action docket a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings stating that it had filed the Chapter 11 case and the State Court Action was automatically stayed.  *See* Ex. No. 5.

7. In the Bankruptcy Court, contemporaneously with its Chapter 11 filing, Mallinckrodt filed a Complaint and Motion for Injunctive Relief Pursuant to 11 U.S.C. § 105, seeking relief in respect of certain pre-petition proceedings commenced against Mallinckrodt. Subsequently, on October 22, 2020, Mallinckrodt filed an Amended Complaint and Supplemental Motion for Injunctive Relief Pursuant to 11 U.S.C. § 105 (the "Supplemental Motion"), seeking relief in respect of certain pre-petition proceedings commenced against third parties inextricably bound to Mallinckrodt, including this State Court Action.  On November 23, 2020, the Bankruptcy Court granted both motions.  With respect to the Supplemental Motion, the Bankruptcy Court entered a 270-day injunction staying the plaintiffs in the Acthar Actions and other lawsuits from pursuing claims related to Acthar against certain non-debtor parties.  *See* Ex. 6 (Order Granting Supplemental Motion); Ex. 7 (Supplemental Motion Hr'g Tr.) at 43:19–44:10.  This injunction stays Plaintiff's claims in this Action against the Express Scripts Entities for 270 days.

8. In the context of granting the Supplemental Motion, the Bankruptcy Court found that it has "related to" jurisdiction over Plaintiff's claims against the Express Scripts Entities pursuant to 28 U.S.C. § 1334(b). The Bankruptcy Court held that the standard for its "related-to" jurisdiction over a proceeding is whether the proceeding "could conceivably have any effect on the estate being administered in bankruptcy." Ex. 7 (Supplemental Motion Hr'g Tr.) at 44:14-44:23 (quoting *Pacor v. Higgins*, 742 F.2d 984, 994 (3d Cir. 1984)). The Bankruptcy Court concluded that continuing the Acthar Actions against the Express Scripts Entities would give rise to each of the following "adverse impacts":

(1) *ESI indemnification obligations*: The Bankruptcy Court held that the risk of successful indemnity assertions based on "the [indemnity] agreements referred to by ESI" alone was a sufficient present harm, regardless of whether those indemnification claims are ultimately successful, because "prudence dictates that the debtor treat its indemnity obligations as very real and substantial." *Id.* at 46:2-46:20 (citing *In re Am. Film Techs.*, 175 B.R. 847, 851 (Bankr. D. Del 1994); *In re Sudbury, Inc.*, 140 B.R. 461, 464 (Bankr. N.D. Oh. 1992)).

(2) *Record taint and collateral estoppel*: The Bankruptcy Court held that "the allegations in the complaint[s] show that the claims against the Debtors and the nondebtors are inextricably intertwined, creating a risk of collateral estoppel and record taint that would require the Debtors to participate in the litigation in order to protect their interests." *Id.* at 47:10-47:15.

(3) *Discovery demands*: The Bankruptcy Court observed that "the Acthar Plaintiffs also admit that they would need to take discovery of the debtors' officers and directors in order to establish their claims . . ." and "ESI will need to defend itself . . . by pointing to the conduct of the debtors . . . ." *Id.* 47:15-20.

9. The Bankruptcy Court concluded that "[a]ny of these factors could have an adverse impact on the debtors' estates sufficient to establish jurisdiction . . . ." *Id.* at 47:23-25. The Bankruptcy Court further credited the testimony of the Debtors' witnesses who confirmed that continued prosecution of the Acthar Actions would also adversely impact the Debtors by risking loss of the restructuring support agreement ("RSA") and damaging the Debtors' businesses. *Id.* at 52:15-53:10.

10. Notably, if the Bankruptcy Court lifts the injunction after 270 days to permit Plaintiff to continue to prosecute its claims against the Express Scripts Entities, then the aforementioned adverse impacts will begin to accrue.

11. Mallinckrodt is filing notices of removal similar to this notice in two related state court actions: *Acument Global Technologies, Inc. v. Mallinckrodt ARD Inc. et al.*, No. CT-2275-119 (Tenn. Cir. Ct.) and *Health Care Service Corp. v. Mallinckrodt ARD LLC and Mallinckrodt PLC*, No. RG20056354 (Cal. Super. Ct.). Mallinckrodt intends to file transfer motions in these three removed actions and in several related actions filed in federal court. By those motions, Mallinckrodt will seek to have the actions transferred to the United States District Court for the District of Delaware, where again the Chapter 11 Cases are pending in the District's Bankruptcy Court.

## VENUE AND JURISDICTION

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 118, 1391, 1441(a), and 1446(a) because the Court of Common Pleas for Montgomery County, Pennsylvania is a state court within the Eastern District of Pennsylvania.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), because (i) the State Court Action is "related to" Mallinckrodt's bankruptcy proceeding

in the United States Bankruptcy Court for the District of Delaware, and (ii) the resolution of any claims in the State Court Action arises in the Chapter 11 cases and must be done in accordance with the Bankruptcy Code.

## LEGAL STANDARD

14. The federal statutes relevant to removal in the bankruptcy context are 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b). Pursuant to section 1452(a) of Title 28, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." In turn, section 1334(b) of Title 28 confers jurisdiction upon this Court of all civil proceedings that (i) arise in a chapter 11 case, (ii) arise under the Bankruptcy Code (title 11); or (iii) are related to cases under the Bankruptcy Code. *See* 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to* cases under title 11.") (emphasis added).

15. Plaintiff's State Court Action asserts claims against the Debtors, who are now under the protection of chapter 11 bankruptcy. The Bankruptcy Code provides for the allowance or disallowance of claims against a bankruptcy estate, see 11 U.S.C. § 502, and indeed the United States Bankruptcy Court for the District of Delaware has set a bar date for the Debtors' creditors—like Plaintiff here—to file proofs of claim. Thus, Plaintiff's State Court Action involves matters that currently are arising in the Debtors' bankruptcy case, and which will be determined in that case pursuant to the Bankruptcy Code.

16. Moreover, "related to" jurisdiction under Section 1334(b) is very broad. "A proceeding is considered to be 'related to' a bankruptcy case for purposes of establishing jurisdiction if the outcome of the proceeding could *conceivably have any effect* on the estate being

administered in bankruptcy.  [J]urisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate." *Clark v. Chrysler Grp., LLC*, No. 10–3030, 2010 WL 4486927, at *5 (E.D. Pa. Nov. 5, 2010) (emphasis added, internal citations and quotation marks omitted).  "Certainty, or even likelihood [of an effect on the estate] is not a requirement." *Copelin v. Spirco, Inc.*, 182 F.3d 174, 179 (3rd Cir. 1999) (citing *Halper v. Halper*, 164 F.3d 830, 836 (3d Cir. 1999)); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

## GROUNDS FOR REMOVAL

17. This action constitutes a core proceeding pursuant to 28 U.S.C. § 157(b) as this is an action against Mallinckrodt and it is contingent or dependent upon claims against Mallinckrodt. *See* 28 U.S.C. § 157(b)(2) ("Core proceedings include, but are not limited to— (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate . . . , and estimation of claims or interests for the purposes of confirming a plan under chapter 11 . . ."). To the extent the claims are non-core, Mallinckrodt consents to the Bankruptcy Court's adjudication of the claims involved pursuant to a final order.[1]

18. This Court has "arising in" and "arising under" jurisdiction, because the claims against Mallinckrodt are the subject of Mallinckrodt's bankruptcy case, and they must be resolved pursuant to the Bankruptcy Code.  The Court also has "related to" jurisdiction over the State Court Action, because Mallinckrodt entities are named as defendants, and Plaintiff seeks a declaratory judgment and damages, which, if awarded, would be drawn from the bankruptcy estate. *See Al's*

---

[1] It is not even necessary, however, for this Court to determine whether this a core or non-core proceeding.  By simply removing this case to federal court, the Debtors are not asking this Court to issue any final judgments or orders on issues that could be deemed core or non-core.

*Family Auto. v. Bennett*, No. 11–6237, 2012 WL 246226, at *1 (E.D. Pa. Jan. 25, 2012) (transferring action to the District of Delaware and finding that debtor's pending claim is "related to" the pending bankruptcy proceedings "because his legal interest in the [claim] is property of the bankruptcy estate"). Thus, Plaintiff's claim certainly "could conceivably have an[] effect on the estate being administered in bankruptcy." *Clark*, 2010 WL 4486927, at *5.

19. The Court also has "related to" jurisdiction over the Plaintiff's claims against the Express Scripts Entities in the State Court Action for all of the reasons described above on which the Bankruptcy Court relied to find it has "related to" jurisdiction under Section 1334(b) in connection with granting the Supplemental Motion. Simply put, "when the plaintiff alleges liability resulting from the joint conduct of the debtor and non-debtor defendants, bankruptcy jurisdiction exists over all claims under section 1334." *In re Wood*, 825 F.2d 90, 94 (5th Cir. 1987). Furthermore, Plaintiff is collaterally estopped from disputing whether there is "related to" jurisdiction, given the Bankruptcy Court's ruling. *See In re Bohrer*, 19 B.R. 958, 960 (Bankr. E.D. Pa. 1982) (finding that "[o]nce an issue of fact has been determined by the Court after a full and fair opportunity to litigate, collateral estoppel will apply to prevent needless, duplicative litigation"); *see also Duvall v. Att'y Gen. of U.S.*, 436 F.3d 382, 387 (3d Cir. 2006) (finding "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise").

20. Although there is no need to delve deeper into an analysis of these issues given the preclusive effect of the Bankruptcy Court's order on "related to" jurisdiction, that ruling clearly was correct:

21. ***First***, the potentiality of an indemnity obligation to the Express Scripts Entities certainly could impact the bankruptcy estate, establishing jurisdiction under 28 U.S.C. §§ 1334

and 1452. *See Toth v. Bodyonics, Ltd.*, No. 06-1617, 2007 WL 792172, at *2 (E.D. Pa. Mar. 15, 2007) (finding that indemnity agreement conferred federal court jurisdiction over state court action). Indeed, the Bankruptcy Court found "related to" jurisdiction solely on the basis of this potential indemnity claim. *See* Ex. 7 (Supplemental Motion Hr'g Tr.) at 46:21–24 ("Therefore, *based solely on the existence of potential contractual indemnification claims*, the Court has subject matter jurisdiction.") (emphasis added).

22. **Second**, if the stay is lifted as to the Plaintiff's claims against the Express Scripts Entities before Mallinckrodt's reorganization is complete, the impact of discovery would have a meaningful consequence and burden on the estate, satisfying the test for "related to" jurisdiction. *See In re Reliance Acceptance Grp., Inc.*, No. 98–288 (PJW), ADV. A–98–310, 2000 WL 33712305, at *5 (Bankr. D. Del. Dec. 6, 2000) ("[Plaintiff's] claims against [co-defendant] are based on [co-defendant's] alleged improper conduct engaged in with [the debtor]. The discovery in the litigation will therefore directly implicate [the debtor] and interfere with its ability to conclude the consummation of its Plan.").

23. **Third**, Mallinckrodt's conduct is at the core of the claims against the Express Scripts Entities. Thus, even if the claims against Mallinckrodt are stayed, prosecution of the State Court Action against only the Express Scripts Entities "is essentially a suit against" Mallinckrodt. *In re W.R. Grace & Co.*, 386 B.R. 17, 30 (Bankr. D. Del. 2008). Prosecution of the State Court Action risks record taint and collateral estoppel that numerous courts have held adversely affect debtors' reorganization. *See, e.g., W.R. Grace*, 386 B.R. at 35 (risks of collateral estoppel and record taint "encumber the estates with additional litigation burdens from which the stay specifically protects them"); *Sudbury*, 140 B.R. at 464-65 (debtor's legitimate indemnity and collateral estoppel concerns would require it to defend action, substantially hindering debtor's

reorganization). Indeed, the State Court Action could have material effects on Mallinckrodt down the line, establishing jurisdiction under 28 U.S.C. §§ 1334 and 1452.

24. This is consistent with the general principle of removal which includes claims within a common nucleus of facts. "There is long-standing precedent allowing the federal courts to decide not only claims within their original jurisdiction but also other claims as long as they all 'derive from a common nucleus of operative fact.'" *Shared Network Users Grp., Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 450 (E.D. Pa. 2004) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131-32 (1995) (Ginsburg, J., concurring) ("Congress, when it added § 1452 to the Judicial Code chapter on removal of cases from state courts . . . meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases."). Here, Plaintiff's claims "derive from" an alleged conspiracy between Mallinckrodt and the Express Scripts Entities related to Acthar. Ex. 7 (Supplemental Motion Hr'g Tr.) at 49:10–16 ("[T]he unmistakable focus of the actions is an alleged conspiracy between the ESI defendants and the debtors to exploit a monopoly controlled by the debtors. These allegations, the debtors argue, are sufficient to show an identity of interest between the ESI defendants and debtors. I agree with the debtors."). Because it is Mallinckrodt's "operations and conduct . . . that are at the core of the issues raised in" the State Court Action, Mallinckrodt and the Express Scripts Entities share an identity of interest, establishing jurisdiction under 28 U.S.C. §§ 1334 and 1452. *W.R. Grace*, 386 B.R. at 30-31; *see also In re Cont'l Airlines*, 177 B.R. 475, 479-80 (D. Del. 1993) ("[T]he substantive allegations raised in the pleadings filed by plaintiffs . . . demonstrate that [the Debtor] is the alleged wrongdoer in those actions and that there is an identity of interest between [the Debtor] and the parties-defendant therein.").

25. ***Last***, the State Court Action is "related to" Mallinckrodt's bankruptcy action because prosecution of the State Court Action against the Express Scripts Entities would adversely impact Mallinckrodt's ability to reorganize. As noted above, the Bankruptcy Court found that there was a substantial risk to Mallinckrodt's ability to reorganize if Acthar Actions like this one are allowed to go forward. Ex. 7 (Supplemental Motion Hr'g Tr.) at 45:8–22. As the Bankruptcy Court found, if the Acthar Actions proceed even against the Express Scripts Entities, they will cause a "disruption of the debtors' reorganization by causing other parties that have agreed to a stay to their actions to walk away, including potentially withdrawing from the [Restructuring Support Agreement]." *Id*. at 45:19–22. Although the claims against the Express Scripts Entities currently are stayed, and no discovery or litigation will occur in this Court in the near term, the injunction staying Plaintiff's claims against the Express Scripts Entities is temporary and may not be renewed after 270 days, at which time Mallinckrodt could still be in the midst of reorganizing. Moreover, Plaintiff could move to lift the injunction for cause at any time to permit this Action to proceed, against either Mallinckrodt or the Express Scripts Entities or both. Indeed, Plaintiff's counsel represented to Mallinckrodt's bankruptcy counsel that he intends to move to lift the stay in several other Acthar Actions imminently to permit the district courts in those cases (which are putative class actions) to adjudicate class certification. Thus, there clearly is "related to" jurisdiction over Plaintiff's claims against the Express Scripts Entities, because if the stay is lifted after 270 days (or otherwise), this could put Mallinckrodt's restructuring at risk.

26. Accordingly, for all the reasons above, Mallinckrodt may remove the State Court Action to this Court pursuant to Section 1452(a) of Title 28, because claims against Mallinckrodt are the subject of Mallinckrodt's bankruptcy and must be resolved pursuant to the Bankruptcy Code. This Court also has "related to" jurisdiction over Plaintiff's claims against Mallinckrodt,

Plaintiff's claims against the Express Scripts Entities, and the Express Scripts Entities' indemnification claims against Mallinckrodt pursuant to Section 1334(b).

## ADDITIONAL REQUIREMENTS

27. Mallinckrodt submits that the Notice of Removal is timely, as it was filed "within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief." Fed. R. Bankr. P. 9027(a)(2); *see also Shared Network*, 309 B.R. at 449.

28. Although consent of all parties is not necessary for removal pursuant to 28 U.S.C § 1452(a), *Combs v. Kwasnik*, No. 11–cv–6212 RMB/AMD, 2012 WL 2513987, at *3 (D.N.J. June 27, 2012) (collecting cases), the Express Scripts Entities have consented to this removal.

29. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is being filed with the clerk for the district and division within which the State Court Action is located.

30. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), this Notice of Removal is signed pursuant to Federal Rule of Bankruptcy Procedure 9011 and contains a short and plain statement of the facts that entitle Mallinckrodt to remove.

31. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), Mallinckrodt consents to entry of final orders or judgments by the bankruptcy court.

32. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), a copy of the State Court Action docket is attached hereto as Exhibit 8, and a copy of all process, pleadings, and orders served on Mallinckrodt or filed in in the State Court Action is attached hereto at Exhibit 9.

33.     Pursuant to Federal Rule of Bankruptcy Procedure 9027(b), Mallinckrodt will promptly serve a copy of this filed Notice of Removal on all parties to the action.

34.     Pursuant to Federal Bankruptcy Rule of Procedure 9027(c), Mallinckrodt will promptly file a copy of this Notice of Removal with the Court of Common Pleas for Montgomery County, Pennsylvania.

**WHEREFORE**, Mallinckrodt hereby removes this action from the Court of Common Pleas for Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

        **MARSHALL DENNEHEY WARNER**
         **COLEMAN & GOGGIN**

BY: _____
    LEE C. DURIVAGE
    Attorney ID #205928
    2000 Market Street, Suite 2300
    Philadelphia, PA 19103
    P: (215) 575-2584/F: (215) 575-0856
    Email: lcdurivage@mdwcg.com

**ARNOLD & PORTER KAYE SCHOLER LLP**

Matthew M. Wolf*
Laura S. Shores*
Sonia K. Pfaffenroth*
601 Massachusetts Ave, NW
Washington, DC 20001
P: (202) 942-5000/F: (202) 942-5999
Matthew.Wolf@arnoldporter.com
Laura.Shores@arnoldporter.com
Sonia.Pfaffenroth@arnoldporter.com

D. Eric Shapland*
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
P: (213) 243-4000/F: (213) 243-4199

Dated: January 8, 2021

Eric.Shapland@arnoldporter.com

Attorneys for Defendants: Mallinckrodt ARD LLC (f/k/a Mallinckrodt ARD Inc.) and Mallinckrodt PLC

\* Denotes national counsel who will seek *pro hac vice* admission

## CERTIFICATE OF SERVICE

I, Lee C. Durivage, do hereby certify that a true and correct copy of Defendants, Mallinckrodt ARD LLC and Mallinckrodt plc's Notice of Removal was served upon all counsel of record via e-mail on January 8, 2021.

                                          **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
           LEE C. DURIVAGE