Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    Acthar plaintiffs group to these retentions.  After the

2    scheduling discussion at that hearing, the Acthar plaintiffs

3    withdrew their objection and filed a limited objection in its

4    place at Docket Number 604.  And based on the statements on

5    the record of the November 20th hearing, based on our

6    correspondence with counsel to the Acthar plaintiffs and the

7    statements and the limited objection that they filed, our

8    understanding is that the orders approving these three

9    retention applications today are uncontested.

10            And so, presuming that's the case, I'll just

11    proceed with some housekeeping around declarations and the

12    orders.  But I'll pause now to make sure that we are

13    proceeding on that basis.

14            THE COURT:  Okay.  Is there anyone who disagrees

15    that, as of -- for today's purposes at least, the retention

16    motions are unopposed?

17        (No verbal response)

18            THE COURT:  Okay.  You may proceed, Mr. Gott.

19            MR. GOTT:  Thank you, Your Honor.

20            So, to address the housekeeping, we request that

21    the declarations filed in support of the three applications

22    be admitted into evidence, and these are the following:

23            For Latham's retention application, those are the

24    declaration of George Davis and the declaration of Stephen

25    Welch, which were both attached to the application at Docket

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12

1   Number 384, as well as the supplemental declaration of George

2   Davis, filed at Docket Number 589, to address certain

3   requests from the U.S. Trustee.

4           THE COURT:  Mr. Gott, that last -- the last name

5   you just said did not come through.  There was some rustling

6   of papers that cut you off.

7           MR. GOTT:  Okay.  No problem.  That reference is to

8   the supplemental declaration of George Davis, filed at Docket

9   Number 589.

10          THE COURT:  Okay.  Thank you.

11          MR. GOTT:  For Wachtel's retention application,

12  those declarations are Philip Mindlin, and also Stephen

13  Welch, both of which were, likewise attached to the

14  application at Docket Number 382; as well as the supplemental

15  declaration of Philip Mindlin filed at Docket Number 588,

16  likewise, to address certain requests from the U.S. Trustee.

17          And for Ropes & Gray's retention application, the

18  relevant declarations are those of Brien O'Connor and of

19  Stephen Welch, which were attached to the application at

20  Docket Number 380.

21          Each of these witnesses -- Mr. Welch, Mr. Davis,

22  Mr. Mindlin, and Mr. O'Connor, are present on the call for

23  today's hearing and are available for cross-examination.  But

24  we would request that these declarations be admitted into

25  evidence.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee =$0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1        THE COURT:  Is there any objection?

2    (No verbal response)

3        THE COURT:  They're admitted without objection.

4    (Welch Declaration Re:  Latham received in evidence)

5    (Welch Declaration Re:  Wachtell received in evidence)

6    (Welch Declaration Re:  Ropes received in evidence)

7    (Davis Declaration received in evidence)

8    (Davis Supplemental Declaration received in evidence)

9    (Mindlin Declaration received in evidence)

10   (Mindlin Supplemental Declaration received in evidence)

11   (O'Connor Declaration received in evidence)

12       MR. GOTT:  Thank you.

13       Turning briefly to the forms of order, just as a

14   point of order, we uploaded revised forms of order for the

15   Wachtell and Ropes & Gray retentions that addressed certain

16   comments from the United States Trustee's Office.

17       For the Wachtell order, the one substantive change

18   was to add a paragraph around the treatment of Wachtell's

19   retainer.  For the Ropes order, there is, likewise, a change

20   regarding the retainer held by Ropes, as well as an added

21   statement that Ropes will use reasonable efforts to avoid

22   duplication of services with the debtors' other

23   professionals.  And both of those revised forms of order were

24   approved by the U.S. Trustee and were shared yesterday with

25   the committees and with the Acthar plaintiffs.  And for the

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    third order, for Latham's retention, there have been no

2    changes from the originally filed version.

3        And so, absent any questions from Your Honor, we

4    would request entry of the orders approving the Latham, the

5    Wachtell, and the Ropes & Gray retention applications.

6        THE COURT:  Okay.  I have no questions.  I did

7    review the redlines, so I'm satisfied.

8        Is there anyone else who wishes to be heard?

9        (No verbal response)

10       THE COURT:  Okay.  I'm satisfied then, based on the

11   record, that the requested relief is appropriate and the

12   retention of the three firms is appropriate, and I will enter

13   the order.

14       UNIDENTIFIED:  (Indiscernible)

15       MR. GOTT:  Next on the agenda and for moving

16   through the hearing is Agenda Item 18, and that's the

17   debtors' intercompany restructuring motion.

18       And before a short presentation on this item, I

19   would move the declaration of Matthew Peters in support of

20   this motion -- which was filed at Docket Number 405 -- into

21   evidence.  Mr. Peters is present on the call for today's

22   hearing and is available for cross-examination.

23       THE COURT:  Is there any objection?

24       (No verbal response)

25       THE COURT:  It's admitted without objection.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1       (Peters Declaration received in evidence)

2               MR. GOTT:  Thank you, Your Honor.

3               So, by this motion, the debtors are seeking

4    authority to execute on a series of intercompany

5    restructuring transactions.  The net effect of these

6    transactions will be to save the debtors from needlessly

7    incurring as much as 12 million to $15 million per month of

8    income tax liability, beginning on December 26th, 2020, at

9    the start of the debtors' next fiscal year.

10              And while that justification speaks for itself, the

11   debtors recognize that, as debtors-in-possession, they must

12   be mindful that there are many, many parties-in-interest out

13   there, who, when they read this motion and they see the plan

14   movement of assets and the institution of new liabilities,

15   that they might be concerned about how all of this could

16   affect their rights.

17              So the debtors built into this transaction -- and

18   this is part of both the proposed order, and will also be

19   part of the transaction documents themselves -- there are a

20   number of protections for creditors.  These include what the

21   Court would have seen described in the motion and in the

22   order.  We have special provisions that will be placed in the

23   new notes being issued that subordinate those notes to other

24   claims and limit their recourse and principal amounts, based

25   on the value of the issuer's assets against its liabilities.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1          There are provisions in the order that the claims

2     and interests at the transferring debtors will travel with

3     the assets being moved, and that recourse at the recipient

4     entity will be cabined between its old claims and its old

5     assets on the one hand and its new assumed claims and new

6     received assets on the other hand.

7          And then, finally, we've built in several

8     reservation of rights for all creditors, especially those who

9     have engaged with us to make sure that all interests were

10    properly protected with those goals in mind.

11          And that's an important point here.  We've had the

12    benefit of some really great engagement by all our key

13    creditor groups to add to and to clarify the form of order,

14    and that includes our RSA parties, the ad hoc term loan

15    group, the credit agreement agent, the ad hoc group of

16    revolver lenders, the trustee under our first and second lien

17    notes, the unsecured creditors' committee, the opioid

18    claimants' committee, and also the -- certain of the

19    counterparties whose contracts we will assume and assign in

20    these transactions.

21          Of course, each group has been focused primarily on

22    its own interests and the interests of the creditors they

23    represent in certain cases.  And -- but I think what that

24    means is that, at the end of the process, we've reached a

25    balanced resolution.  Tax claims and interests will be

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   properly guarded.  Go forward relationships are clearly

2   delineated.  And all the parties that have engaged with us

3   seemingly feel that they will be protected.

4        The resolutions that we've reached are mostly all

5   shown in the revised form of order we filed in the last

6   couple of hours at Docket Number 609.  We also included a

7   redline to the originally filed form.  And our understanding

8   is that all substantive comments, at least that we've

9   received (indiscernible) hearing are resolved by that form of

10  order.  Although I'll note that we are still working on some

11  language tweaks that we will be working to address with all

12  the parties after today's hearing.  And we expect to be in a

13  position to file a further revised form of order under

14  certification, either tonight or perhaps tomorrow.

15       But absent any questions from the Court -- and I'm

16  happy to walk through either the redline that was filed or to

17  address specific questions, if there are any -- I think we

18  would leave it at that, with the intent being to file the

19  order on certification.

20       THE COURT:  Okay.  No, I don't have any questions.

21  I did see the redline before the hearing, so I'm familiar

22  with the relief that's being requested.

23       Ms. Speckhart raised her hand.

24       MS. SPECKHART:  Are you able to hear me, Your

25  Honor?

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    THE COURT:  I can.  Thank you.

2    MS. SPECKHART:  Great.  Good afternoon, Your Honor.

3  Cullen Speckhart, for the record, of Cooley, LLP, appearing

4  on behalf of the Official Committee of Unsecured Creditors in

5  this case.

6    And just briefly, to offer some perspective on the

7  topic of the intercompany motion, which was filed on November

8  2nd, after what was clearly a very thorough consideration by

9  the debtors of their corporate income tax strategy and how to

10  optimize their structures, in light of recent changes to the

11  law.

12    The intercompany motion does indicate, as Mr. Gott

13  just noted, that no creditors will be prejudiced by the

14  requested relief for a number of reasons.  And in approaching

15  this motion, we were particularly interested in understanding

16  what those reasons are, and just as importantly, how that

17  preservation of creditor interest and related protections

18  could be demonstrated in a way that would allow us to remedy

19  that no harm to creditors would be done.

20    And in our view, that kind of understanding

21  requires more than just a high level conception of what the

22  request entails, but a deeper knowledge of how value is

23  intended to move within the corporate structure to capture

24  the tax advantages that we all believe are worthwhile to

25  pursue.  And I have to say the debtors were quite patient in

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   helping us and the committee's tax professionals to get to a

2   place where we're comfortable in our own awareness of what's

3   involved in the transaction and in revising the order to

4   provide for certain tools that will be useful to us in our

5   efforts to evaluate the economic consequences along the way

6   and after the fact.

7          So we understood from the very beginning how

8   critical the timing is here.  And while we could have

9   probably spent several months learning and considering the

10  finer points of Irish tax law as they operate on the debtors,

11  we didn't want to cause any detrimental delay.  So we worked

12  very hard to learn the material on a condensed time frame and

13  to achieve a level of ongoing visibility that we think is

14  appropriate to test the transactions and their impact on the

15  interests of unsecured creditors.

16         So we support the debtors in their business

17  judgment and we're satisfied with the provisions of the

18  revised order by which the transactions will be implemented

19  under 363(b)(1).

20         THE COURT:  Thank you, Ms. Speckhart.  I appreciate

21  the comments.

22         Mr. O'Neill raised his hand.

23         MR. O'NEILL:  Yes, Your Honor.  Good afternoon.

24  Can you hear me okay?

25         THE COURT:  I can.  Thank you.

20

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1          MR. O'NEILL:  Good afternoon, Your Honor.  James

2     O'Neill appearing on behalf of New Pharmatop, LP.

3          New Pharmatop's agreement is being assumed as part

4     of the transaction, and we've worked with Mr. Gott and his

5     team on language, which has been incorporated into the form

6     of order that appears in the revised order at Paragraph 14.

7     It includes the cure amount for New Pharmatop and also terms

8     regarding the payment.

9          We're appreciative of the debtors' help in getting

10    us to this point.  And our informal comments are resolved as

11    a result of this language being added to the order.  Thank

12    you.

13          THE COURT:  Thank you, Mr. O'Neill.

14          Anyone else wish to be heard?

15       (No verbal response)

16          THE COURT:  Okay.  Mr. Gott, who are you still

17    needing to negotiate some of the language with, or at least

18    tweak some of the language with?

19          MR. GOTT:  That is a -- there's a complicated

20    answer there because each one of the gives and takes requires

21    some back and forth between different constituencies.  But we

22    hope to have it all resolved very shortly.

23          There -- I think the -- what's left to be done are

24    mainly clarifications around a particular -- the reference

25    dates used in various provisions of the order and whether

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

21

1    the, you know, potential harm to creditors or the base line

2    against which any perceived harm to creditors would be

3    tested, you know, just clarifying that that will be as of

4    immediately before the restructuring transactions are

5    implemented.

6              THE COURT:  Okay.  Thank you, Mr. Gott.

7              All right.  Well, based on the representations and

8    the record presented, I'm satisfied that the requested relief

9    is appropriate and subject to receipt of the final version of

10    the form of order under COC.  I will enter the order when I

11    receive it.

12              MR. GOTT:  Thank you, Your Honor.

13              And that takes us, last, to Agenda Item 14, back up

14    the agenda.  Next, the debtors' bar date motion, filed at

15    Docket Number 270.

16              The bar date represents an important step here

17    toward plan confirmation and emergence, as it always does.

18    The claims information to be gathered by the bar date process

19    will allow the debtors to allocate recoveries for general

20    unsecured creditors and to funnel that information into the

21    disclosure statement, to make sure voting creditors have

22    appropriate information, as required under the Bankruptcy

23    Code.  So setting the bar date now will ensure that the

24    debtors can meet their milestones and proceed on the pace

25    that they currently carry towards confirmation.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    We're proposing to send out notices of the bar date

2    within five business days after filing our schedules and

3    statements.  And so, in all likelihood, that period will

4    begin likely during the last week of the year or even to the

5    first day or two of the new year, given that our deadline to

6    file the schedules and statements is December 24th.

7    We received comments on the proposed form of order

8    from several parties, including the U.S. Trustee, certain

9    funded debt creditors, and the Official Committee of

10   Unsecured Creditors.  We filed a revised form of order this

11   morning at Docket Number 607.

12   The most material change from those comments is

13   that we agreed to extend the claims filing period for non-

14   governmental creditors to 45 days from the original 35.  And

15   that was based on a request from the unsecured creditors'

16   committee.

17   And there's also been one further change since this

18   morning, which we tried to circulate quickly ahead of the

19   hearing, just so no one was caught by surprise, although we

20   think it's -- we don't think it's contentious.  And that was

21   to add the following proviso at the end of some language that

22   had been requested by the Chubb Companies, which appears in

23   Paragraph 19.  An the proviso reads:

24   "Provided further that the debtors and all parties-

25   in-interest's rights, defenses, and objections in

23

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1      respect of any claims filed by the Ace Companies or

2      the Chubb Companies, other than for the express

3      reasons listed in Subpoints (1) through (3) of this

4      sentence, are fully preserved."

5           And we'll, of course -- you know, we'll make sure

6      that that change is apparent to all parties and that they'll

7      have time to review it and ensure that they have no

8      objections.

9           But the good news on the front for all those

10     comments we received is we've resolved the vast majority of

11     them.  And if the motion is granted, then we expect to have a

12     final form of order to file on certification shortly after

13     the hearing.

14          And Your Honor, that takes me to the two responses

15     we've received formally on the docket.  Those are the only

16     objections to the bar date motion, which was filed by the

17     Acthar plaintiffs at Docket Number 422.  We did have

18     discussions with the Acthar plaintiffs around resolving the

19     objection, but ultimately, we could not resolve all of their

20     issues.

21          And we've also been in discussions with the opioid

22     claimants' committee around the bar date order and the

23     proposed structure, but there is a difference of opinion

24     there, as Your Honor may have seen from the OCC's statement

25     that was filed at Docket Number 566.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1          So, again, aside from those two parties, we have no

2    other responses to the order at this time.  And at this

3    point, I suggest it may make sense to have counsel for the

4    Acthar plaintiffs present their objection to the Court.

5          THE COURT:  All right.  I see Mr. Haviland has

6    raised his hand.  Go ahead, Mr. Haviland.

7          MR. HAVILAND:  Good afternoon, Your Honor.  So I

8    want to begin by thanking Mr. Gott for making himself

9    available to us.  As you've heard in the past from others,

10   the debtors' counsel have been very willing to give up their

11   time, day and night and over the weekend.  And we did receive

12   some comments over the weekend and tried to get to finality.

13         I don't want to bury the lead, Judge.  There were

14   three issues we raised.  One is the bar date itself, one is

15   the desire of the Acthar plaintiffs to file a class proof of

16   claim, and the third was concerns about the notice, plan, and

17   proposal for that.

18         Mr. Gott and I did agree that, with some additional

19   language that was added to the order at Paragraph 3, you'll

20   see, Judge, that there's nothing in the order intended to

21   permit or prohibit any party from seeking permission from the

22   Court to file a class proof of claim on proper motion.  So

23   that issue has been resolved, Judge, by that language.  We

24   recognize there is a procedure for the Court to decide

25   whether to allow class proofs of claim.  We just wanted to

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   make clear that, by the motion and the Court's order, that

2   that wasn't precluded.

3           And we're going to be moving forward with that

4   probably right after the holiday, to get, hopefully, a

5   briefing schedule with debtors' counsel that we can have that

6   proceed on a track that Your Honor is comfortable with.

7           And that then takes me to the next two issues

8   because they key off of that.  And just to be clear, Judge,

9   three of the Acthar plaintiffs that you've been hearing from,

10  most importantly Rockford, they are putative class

11  representatives in cases under Rule 23, and have been for

12  years.

13          And in fact, the debtors' Chapter 11 filing

14  preceded the Rockford deadline for filing the Rule 23 motion

15  by five days.  It was due to be filed that week.  I think

16  they filed on a Monday; we were going to file our class

17  motion on Friday.  So that was an immediate concern of our

18  clients, to make sure that we have the opportunity now, in

19  the bankruptcy, to file a class proof of claim, to allow that

20  representative status to proceed.  But I won't belabor that

21  issue, Judge.  We did reach agreement with the debtors that

22  that process should take place after this procedure.

23          The bar date was a concern of ours, Judge, because

24  of the 35 days.  It seemed -- and I realize it doesn't line

25  up with the bankruptcy procedures.  But in our world, where

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    we've got thousands and thousands of unsecured claimants who

2    have purchased Acthar, we're waiting on that notice to know

3    when to proceed.  And Your Honor heard a lot through the

4    proceedings in the last month about the notoriety of this

5    case, the 60 Minutes.  And so, without getting that notice

6    and knowing that this has moved to a different phase and the

7    opportunity now exists to submit an unsecured proof of claim,

8    we're concerned that the claims won't go file.

9          So that was the discussion I had with Mr. Gott,

10   about how that might happen, so that we could make sure that

11   we had a robust notice period, and then enough time for folks

12   to respond, realizing that mail notice has some issues with

13   what's been going on with the mail service.  I know Your

14   Honor probably has seen what's happened in the election

15   arena.  And we're just concerned about that bar date being

16   really too tight for that.

17         It was extended ten days.  I will tell Your Honor,

18   we had originally proposed could we not have the same date as

19   the Government, April the 12th.  I then said to Mr. Gott I

20   was willing to cut the baby, if you will, and agree to St.

21   Patrick's Day.  And then, finally, my last proposal, as I was

22   bidding against myself, I said give me March 1, and we can

23   take that back to our clients and co-counsel.

24         I respect the debtors' counsel had some issues in

25   terms of that changing of the date from 45 days even two more

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    weeks, but that's where we left it.  Our final proposal was

2    March the 1st, which I think gives us six weeks, as opposed

3    to the current -- I'm sorry -- eight weeks, as opposed to the

4    six weeks we currently have.  So that's where it is, Judge.

5         I thought that the 60 days was appropriate, given,

6    as I said, the issues with the mails and responsive periods

7    and all that's going on in people's lives these days.  But we

8    leave that to the Court to decide.  I think we're looking

9    basically at Valentine's Day versus the 1st of March.

10        And then, finally, on the notice -- I know Your

11   Honor probably read in our objection -- I'm always interested

12   in where the Rule 23 procedures align with the Bankruptcy

13   Code.  And all courts recognize the Supreme Court in Mullane,

14   that first-class mail notice is the best practicable under

15   the circumstances.  And I understand the debtors are

16   proposing to send first-class mail notice to all known

17   unsecured creditors.  We had some good discussions with Mr.

18   Gott about that.

19        It's our position that the purchasers of Acthar are

20   known by the company.  Attached to one of our complaints, we

21   had the actual forms that are filled out by doctors, and the

22   patients fill it out, as well.  So the medication is sent to

23   people's homes, nurses are sent to their homes, so ...

24        But we did reach an agreement with Mr. Gott that

25   that is an issue that can be addressed down the road, in

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

28

1  conjunction with the class claim process.  So I don't want to

2  tell you that we didn't object to the proposed plan, as

3  stated, because we thought that the, quote, "unknown

4  creditors" can be known.  But that really gets to a question,

5  I guess, Judge, of ascertainability [sic] and the

6  reasonableness of the debtor pulling that data and being able

7  to mail notice to people's homes.

8       So the bar date issue is a question of two weeks.

9  The notice, I believe, can be taken up down the road.  And we

10 have agreement on class claims.  That was a long way of

11 saying that I appreciate Mr. Gott's efforts.  I thought we

12 got really far along on an issue of significance to the

13 Acthar plaintiffs.  But we leave it to the Court to decide

14 how best to proceed.  Thank you.

15      THE COURT:  Thank you, Mr. Haviland.

16      Ms. Ramsey, you had your hand up.

17      MS. RAMSEY:  Thank you, Your Honor.  Can you hear

18 me okay?

19      THE COURT:  I can, thank you.

20      MS. RAMSEY:  Thank you.

21      Good afternoon.  For the record, Natalie Ramsey,

22 Robinson & Cole, appearing on behalf of the Official

23 Committee of Unsecured Creditors.

24      Your Honor, as Mr. Gott indicated, we have been

25 actively engaged in discussions with the debtors, really,

29

1    since our retention.  And the Court may recall that the

2    official committee is a very diverse group of claimants and

3    represents really the diversity of the interests of our

4    constituents.  So, accordingly, our comments and our

5    discussion was very wide-ranging.

6         As Mr. Gott indicated, it's important, first of

7    all, to talk about the period of time.  And the additional 10

8    days, we think, is a reasonable compromise between our

9    desire, when we started off, Your Honor, at 60, 90 days, but

10   recognizing that the debtor has certain milestones in the

11   RSA, 45 days was an agreeable period to the committee.

12        We also, as Mr. Haviland had talked with the debtor

13   extensively about ensuring that there was nothing in the bar

14   date order that would prohibit a party from seeking

15   permission of the Court to proceed with a class proof of

16   claim.  And Your Honor, now that that is expressly written

17   into the order and not just absent as a prohibition from it,

18   we are very much supportive of that.

19        A third significant change, Your Honor, was

20   providing a non-mandatory provision for holders of debt

21   claims to file a single master proof of claim.

22        And finally, Your Honor, a significant change to us

23   was providing that counsel representing un-manifested

24   asbestos claimants could file a single claim with an exhibit

25   noting the individuals that they had identified that might

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    have claims based on exposure.

2            As part of that, Your Honor -- and you'll hear more

3    about this on December the 7th, in connection with the motion

4    for an FCR -- one of the important aspects to us, also, was

5    to specifically leave open a door for an eventual 524(g)

6    trust resolution and channeling injunction for the asbestos

7    claimants.  The debtor has currently indicated that it is not

8    intending to proceed with that relief, but we didn't want to

9    foreclose it, and we wanted to make it clear that we were not

10   foreclosing it through the bar date order.

11           Although we had requested more extensive changes,

12   Your Honor -- and as the Court knows, some of our committee

13   members, in their individual capacities, are not satisfied

14   with the changes that have been made up to this point.  The

15   committee, as a whole, as a fiduciary, has not objected and

16   supports the bar date order as revised.

17           We finally just wanted to add, Your Honor, again --

18   you've heard this a lot -- but we appreciate very much

19   (indiscernible) the debtor working with us to reach this

20   resolution.

21           THE COURT:  Thank you, Ms. Ramsey.

22           MS. RAMSEY:  Thank you.

23           THE COURT:  Mr. Preis, you have your hand up.

24           MR. PREIS:  Good afternoon, Your Honor.  Can you

25   hear me?

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1          THE COURT:  I can.  Thank you.

2          MR. PREIS:  Your Honor, Arik -- for the record,

3     Arik Preis, Akin, Gump, Strauss, Hauer & Feld.  We are

4     proposed counsel to the Official Committee of Opioid Related

5     Claimants.

6          Your Honor, we -- per the extension granted to us

7     by the debtors, we filed a very short statement regarding the

8     motion, it is Docket Number 566.  It is not my intention to

9     repeat the statements we made in that motion, but I do want

10    to mention a few things to you today and make, basically,

11    three points.  The first is as follows:

12         At the beginning of the case, the debtors announced

13    that it was their current intention not to seek the

14    establishment of a bar date for any opioid related claimant.

15    Although they apparently have reserved their rights to seek

16    the establishment of an opioid related bar date in their

17    motion and proposed form of order, nothing in what they have

18    said to date evidences anything other than their intent not

19    to seek a bar date for the opioid claimants.

20         We disagree with this decision, and we've had a few

21    discussions with the debtors about this.  Admittedly, the

22    debtors have been focused on numerous things to date, and so

23    the depth of those discussions have not been at the level

24    they deserve throughout absolutely no fault of the debtors.

25    We hope to continue those discussions, including whether a

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

32

1    bar date would be needed for opioid related claimants,

2    whether there be different proofs of claim forms, the breadth

3    and extent of a noticing program, et cetera.

4         We understand that nothing in the relief requested

5    is being -- today would exclude the establishment of a bar

6    date for opioid related claimants; and, as such, we're not

7    objecting to the relief being sought today.  That being said,

8    if we are unable to reach our issues -- resolve the issues

9    consensually, we may be back in front of Your Honor seeking

10   your assistance in helping us resolve that issue.  So that's

11   the first part.

12        The second point -- because we do believe in

13   flagging issues for Your Honor, as we try to do each time

14   we're in front of you -- we wanted to note that we believe

15   the debtors' decision not to seek approval of an opioid

16   related claims bar date is closely intertwined with their

17   motion to appoint a future claims rep, as well as that

18   proposed rep's request to retain three sets of legal

19   advisors, one financial advisor, and one investment banker.

20        The debtors have agreed to adjourn the hearing on

21   the retention of the proposed FCR to December 7th, and our

22   objection deadline is now this Saturday, November 28th, at 5

23   p.m.  And the debtors' response deadline is Thursday,

24   December 3rd, at noon.

25        The proposed FCR also agreed to adjourn the hearing

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    on its retention application to December 7th, but was

2    unwilling to extend the objection deadline for the retention

3    of its professionals past this Wednesday, November 25th, at 7

4    p.m.  Therefore, again, to flag something for Your Honor,

5    unless we reach resolution, we will be filing responses to

6    all six motions within the next six days, but separately and

7    on different days, unfortunately.  In these responses, we're

8    going to address the relationship between the debtors'

9    proposed manner to avoid having an opioid claims bar date and

10   the relief requested in those motions.  Again, I raise this

11   to emphasize that none of this is going to be decided until

12   December 7th.

13        So, third, because of this timing and because of

14   our relief -- our belief that the issues are intertwined, we

15   asked the debtors to modify the order slightly, to insert a

16   provision stating that the mailing deadline for the relief

17   being sought today will not occur until the Court makes a

18   determination with regard to the establishment of a opioid

19   claims bar date, one way or the other.

20        Given that, as you just heard from Mr. Gott, the

21   mailing deadline is likely not to occur until the second half

22   of December, maybe early January, the way we understand it,

23   we figured that all of the opioid related issues could be

24   decided, as it relates to the bar date and the FCR, before

25   then.  And then the debtors, perhaps more efficiently, could

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    just have one mailing solicitation date, but with two

2    different bar dates, two different noticing procedures

3    potentially, and two different proof of claim forms.

4          The debtors declined to grant our request and told

5    us merely that the issue that we are raising is not relevant

6    to today's motion.  We disagree.  We actually think it's

7    extremely relevant to ensuring that creditors are not

8    confused by whatever they may see in publications,

9    newspapers, or any other noticing forum of communication.

10   And given that what we're proposing is not going to affect

11   the time line of the case, we would think that we could and

12   should deal with it in the month of December, perhaps at the

13   omnibus hearing scheduled for the 22nd.  That will give us

14   time for the debt -- you know, to talk to the debtors

15   further.

16          And if they're willing to establish a bar date, we

17   think that that could occur in the month of December.  And if

18   not, we can resolve it at the December 22nd hearing.  We

19   think the debtors would have to then submit some sort of

20   written submission as to why they're not going to seek an

21   opioid claim related bar date, and all the parties would have

22   a right to object.  Again, in taking heed from the

23   noteholders statement that was filed last week, nothing we're

24   asking for today would change the time line of the bar date

25   for the non-opioid creditors.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1        I realize the time line I'm setting forth here is

2   not something we've put in a motion.  But we were a little

3   surprised, frankly, that the debtors didn't just agree to the

4   clarification that we asked, given that it doesn't really

5   affect the timing that they lay out in their motion or their

6   proposed form of order, nor does it prejudice any creditor or

7   other party-in-interest in the case.  Therefore, again, while

8   I understand it's a bit unorthodox for me to do this, this

9   way, we fail to see how anyone is prejudiced.  And again, we

10  were a little bit surprised that the debtors just didn't

11  agree.

12       Your Honor, with that, unless you have any

13  questions, that was what we wanted to say.

14       THE COURT:  So you're not asking for any relief

15  today, Mr. Preis.

16       MR. PREIS:  The only request we would ask is that

17  they modify the order to clarify or to confirm that the

18  mailing date for the non-opioid claimants would not occur

19  until the opioid related claimant bar date issue has been

20  resolved.  And we would -- you know, we can put a deadline to

21  that for December 31st or December -- whatever comports with

22  their already proposed mailing deadline, which, as Mr. Gott

23  said earlier, I think about ten minutes ago, was probably

24  likely early January.

25       THE COURT:  Mr. Gott?  I'll do this first, and then

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    I'll come back to Mr. Haviland's issue.  Mr. Gott?

2         MR. GOTT:  Oh, I'm sorry.  I did not -- I did not

3    hear you redirect to me.

4         So -- okay.  So you'd like me to address the opioid

5    claimants first.  Is that right, Your Honor?

6         THE COURT:  Yes.

7         MR. GOTT:  Okay.  So, look, I think our view here

8    is that the relief we've requested is -- does specifically

9    carve out opioid claims.  The issue of whether and when to

10   impose an opioid bar date is for another day, it's for

11   another motion.

12        And this is our -- this is the debtors' view that

13   this is the right path forward for proceeding with these

14   cases, to have a bar date that accepts opioids claims, to

15   have a future claims representative, and to have all opioid

16   claims -- regardless of whether they are filed before a bar

17   date or not -- channeled to the opioid settlement trust.  We

18   think that that is the process that gives -- that actually

19   gives greater due process and gives greater opportunity for

20   recovery to opioid claimants.

21        Your Honor, I -- if -- we had not heard previously

22   a request to put an outside date on what the opioid

23   claimants' committee is suggesting; you know, in other words,

24   a -- sort of a parachute that would allow us to start the

25   process, in the event that there is no resolution by a date

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

37

 1    certain.  That is a new aspect to the relief that they're --

 2    to their request that I could certainly take back and we

 3    could discuss on our side.  I just don't have the -- I don't

 4    have the benefit of being able to run around the courtroom

 5    right now, to check with folks and see if they're comfortable

 6    with it.

 7         But I think, if the request is simply to just put

 8    on hold this bar date process -- which Mr. Preis just said,

 9    even if we do move forward with an opioid bar date process,

10    and even if that starts at the same time as the non-opioid

11    bar date process, it's going to involve different dates,

12    different proofs of claim form, different publication notice.

13    It's just a completely separate issue from what we're looking

14    to establish today.  And so we don't see a need or a reason

15    to tie the two together, and so we just don't think that

16    that's appropriate at this time.

17         THE COURT:  Mr. Preis, it seems like the debtors

18    have now indicated on the record that they're -- the opioid

19    claimants are carved out of this order.  And they're willing

20    to continue to discuss with you the issues that you have

21    concerns about.

22         So, at this point, I don't think there's anything

23    that I need to do.  I think we can just send you back -- and

24    unfortunately, I can't send you to the hallway to talk about

25    it before the hearing is over.  But it sounds like this is

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

38

1    something that can and should be able to be resolved.  So I

2    would ask you to go back and talk after the hearing.  And

3    obviously, we're going to have to submit a revised order

4    under COC, in any event.  So let's handle it that way for

5    now, I think.

6              MR. PREIS:  Thank you, Your Honor.

7              THE COURT:  Okay.  Thank you.

8              Now to Mr. Haviland's question, Mr. Gott.  The

9    holidays are coming up, 45 days, with all of the things that

10   are going on with COVID, I do have some concerns that that

11   might not be enough time.

12             MR. GOTT:  Sure, Your Honor.  I think I can address

13   that with a couple of points.

14             First is that, as I mentioned, the mailing is

15   looking like it will occur -- you know, the letters will go

16   in the mail very much towards the end of the year, the last

17   few days of the calendar year.  So I think that largely gets

18   us past the holiday season, when those things will be

19   arriving in the mailboxes of the folks who will receive them.

20             You know, I think another important point here is,

21   you know, as is typical for large Chapter 11s, we have a very

22   smooth, electronic claims submission process through Prime

23   Clerk's website now that eliminates delays on the back end.

24   So, once someone receives that notice, it's very easy for

25   them to go onto the website and get their claim in, as

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

opposed to putting it together in paper, putting it in an

envelope, and then risking the delay on the back end, as well

as on the front end.

And Your Honor, you know, I think mailing delays

are certainly nothing new.  Yes, they receive more press

lately in connection with election mailings.  But you know,

it's not unusual for there to be some delays in the postal

service and in the mail getting to folks.  But that doesn't

change and has never changed that the minimum period for

notice here is 21 days under the federal rules, and that our

forty-five-day period is typical, if not on the long end for

bar date periods for large cases in this district.  It

(indiscernible) of course not dispositive, but it is just to

say that the period sought here is very much in line with the

norm.

And just to clarify one thing, our reluctance to

extend the period further here isn't arbitrary.  We are

aiming to have our plan and our disclosure statement on file

well ahead of the February 12th milestone for doing so under

the RSA.  And that would allow us to get the notice and

voting process for confirmation started as soon as that bar

date comes and goes and we're able to -- we're able to piece

together information that we need to complete that disclosure

statement.  This is an expensive case with a high run rate,

and delay always opens the risk to disruption, to second

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

40

1    guessing, and to more delay.  So waiting that extra two weeks

2    would be meaningful here.

3            And so, for all those reasons, we think that that

4    forty-five-day period is the appropriate resting point here.

5    We have the support for that period from the unsecured

6    creditors' committee, from the ad hoc noteholder group, and

7    our opioid claimants that are party to the RSA, as well.  And

8    so we think that's the right date to stick to.

9            THE COURT:  All right.  All right.  Well, it is

10   beyond the time required by the Code, 45 days.  And if the

11   mailings aren't going to go out until the end of this year,

12   or maybe even early January, that puts us past the holiday

13   time.  And we do need to get the proofs of claim filed for

14   voting purposes.

15           But that doesn't mean, Mr. Haviland, that, if some

16   individual claimants file claims late, that I won't have the

17   opportunity to say that those claims can be filed, and they

18   can still bring their claim against the estate.  They might

19   not have time to be able to vote, but they will have a claim

20   against the estate.  So I'll approve the forty-five-day

21   period.

22           Mr. Gott, anything else?

23           MR. GOTT:  No.  Thank you, Your Honor.

24           So, as mentioned, we will -- we'll plan to file an

25   order with some slight tweaks and any other changes that may

41

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    arise out of further discussions with the opioid claimants'

2    committee on certification.

3              THE COURT:  Okay.

4              MR. GOTT:  And with that, I believe, you know, at

5    least the part of the agenda that we were going to run is

6    concluded.  And I think Your Honor indicated that a ruling

7    would be coming on the 105 motion.

8              THE COURT:  Yes.

9              MR. GOTT:  But I think my part of the day is done

10   here.

11             THE COURT:  Okay.  Thank you, mister -- excuse me.

12   Thank you, Mr. Gott.

13             Yes, I will issue my bench ruling on the

14   supplemental motion to extend the stay to certain third

15   parties.

16             When the debtors filed their petitions, they had

17   approximately 3,000 proceedings pending against them in

18   various federal, state, and other fora.  They had also

19   entered into a restructuring support agreement -- or RSA --

20   with certain constituencies, including unsecured noteholders

21   holding more than 84 percent of the fulcrum unsecured notes;

22   50 Attorneys General of various states, Washington D.C., and

23   U.S. territories, with respect to opioid claims; and members

24   of the plaintiffs executive committee, who indicated they

25   would recommend to more than 1,000 plaintiffs they represent

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

42

in national opioid litigation that they should also support
the RSA.  The debtors had also reached an agreement in
principle with the Federal Government and others related to
debtors' Acthar product.  Despite the RSA, however, the
debtors still had approximately 2,650 lawsuits and
administrative actions brought by various government entities
pending against them.

The debtors filed a motion for injunctive relief,
the initial motion, seeking a two-hundred-and-seventy-day
stay of all those actions, anticipating that the governmental
entities would argue that the claims they were asserting were
a function of their police powers, and therefore exempt from
the automatic stay provided by Section 362 of the Bankruptcy
Code.  Prior to the time of the -- prior to the time for the
hearing on that motion, all of the entities subject to that
motion agreed to the two-hundred-and-seventy-day stay.

Ten days after filing the initial motion, the
debtors filed an amended complaint and supplemental motion
for injunctive relief, pursuant to Section 105 of the
Bankruptcy Code, seeking to extend the stay to nondebtor
entities and individuals who are co-defendants with debtors
in certain actions.  Those actions include the following:
First, certain securities actions, Solomon v. Mallinckrodt,
pending in the District of Columbia; Healthcor Offshore
Master Fund, LP v. Mallinckrodt, pending in the -- also in

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    the District of Columbia; and Broadhurst [sic] -- Brandhorst

2    v. Mallinckrodt, also pending in the District of Columbia.

3    None of the plaintiffs in those three actions objected to the

4    relief.  And since there were no objections made by these

5    parties, the motion to stay the parties from pursuing actions

6    against -- the motions to stay the parties from pursuing

7    those actions will be granted.

8         A fourth action called Strougo v. Mallinckrodt,

9    pending in the District of New Jersey, the plaintiffs in that

10   case did file a late objection for the -- and for the reasons

11   that I'll explain in a moment, that objection will be

12   overruled.

13        And finally, there's Shenk v. Mallinckrodt, pending

14   in the District of Columbia.  Debtors seek to carve out this

15   case solely to the extent necessary to permit mediation from

16   proceeding, which seeks to obtain a settlement in principle,

17   subject to court approval.  I will approve that request and

18   exclude the Shenk case from the order.

19        In addition to the securities actions, the

20   supplemental motion also seeks to stay the plaintiffs in the

21   following actions from pursuing claims against nondebtor

22   parties relating to debtors' Acthar Gel product:  The City of

23   Rockford v. Mallinckrodt, pending in the Northern District of

24   Illinois; MSP Recovery Plaintiff, Series v. Mallinckrodt,

25   pending in the Northern District of Illinois; Steamfitters

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44

1    Local Union 420 v. Mallinckrodt, pending in the Eastern

2    District of Pennsylvania; International Union of Operating

3    Engineers Local 542 v. Mallinckrodt, pending in Pennsylvania

4    Court of Common Pleas; and Acument Global Tech v.

5    Mallinckrodt, pending in Tennessee Circuit Court.

6            These cases are collectively referred as the

7    "Acthar litigation matters."  The plaintiffs in these cases,

8    the Acthar plaintiffs, are represented -- they're represented

9    by the same counsel.  For the reasons I am about to explain,

10   the Acthar plaintiffs' objection to the motion is overruled.

11           I will first address the objections raised by the

12   Acthar plaintiffs, and then turn to the Strougo securities

13   litigation.

14           As the Acthar plaintiffs correctly point out, this

15   Court has subject matter jurisdiction over cases that, quote,

16   "relate to" a bankruptcy proceeding, pursuant to 28 USC

17   1334(b).  A proceeding is related to a bankruptcy case if,

18   quote:

19           "-- the outcome of the proceeding could conceivably

20           have any effect on the estate being administered in

21           bankruptcy."

22           Pacor v. Higgins, 743 F.2d 984, at 994 (3d Cir.

23   1984).

24           Thus, if an action could alter the debtors' rights,

25   liabilities, options, or freedom of action, either positively

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

or negatively, and in any way impacts upon the handling and
administration of the bankruptcy estate, related to
jurisdiction exists.

The Acthar plaintiffs argue, however, that the
debtors have not established the existence of related to
jurisdiction.  I disagree.  The debtors cite to several
factors establishing that related to jurisdiction exists,
including the assertion of indemnity claims by Express
Scripts, a co-defendant in the actions, and its affiliates,
collectively referred as "ESI," by submitting discovery
demands will be placed on the debtors if the actions against
the nondebtors are allowed to proceed; that there is a risk
of collateral estoppel and record taint if the actions are
allowed to proceed; that the ESI defendants will defend the
actions based upon the alleged conduct of the debtors,
damages to the debtors' business if the actions proceed,
including potential impact on the morale and employees that
could result in significant attrition during this critical
time; and disruption of the debtors' reorganization by
causing other parties that have agreed to a stay to their
actions to walk away, including potentially withdrawing from
the RSA.  Debtors argue that any one of these factors is
sufficient (indiscernible) related to jurisdiction.

The Acthar plaintiffs principally argue that
related to jurisdiction does not exist pursuant to the

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

46

1    purported indemnification claims asserted by ESI.  They argue

2    that the three agreements referred to by ESI in asserting

3    their contractual indemnity claims do not establish a

4    credible claim for indemnity.  In support of this argument,

5    the Acthar plaintiffs point to the language of the indemnity

6    agreements and make legal arguments about whether the claims

7    raised by the Acthar plaintiffs in their cases would fit

8    within the legal requirements for asserting an

9    indemnification claim under those agreements.

10          It is not for this Court to make that -- make the

11   ultimate determination, ultimate ruling on whether the

12   question -- excuse me.  It is not for this Court to make an

13   ultimate ruling on the question of whether ESI indemnity

14   claims will be successful.  The question is only whether

15   potential indemnity claims exist.  Whatever the ultimate

16   answer to the question of indemnification, prudence dictates

17   that the debtor treat its indemnity obligations as very real

18   and substantial.  See In Re American Film Technology, 175

19   B.R. 847 (Bankr. D. Del. 1994) and Sudbury, Inc. v. Escott,

20   140 B.R. 461, at 464 (Bankr. N.D. Ohio).

21          Therefore, based solely on the existence of

22   potential contractual indemnification claims, the Court has

23   subject matter jurisdiction.  See W.R. Grace & Company, 384

24   B.R. 17, at 28 (Bank. D. Del. 2008).

25          Even if I were to find that the ESI -- that ESI's

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

47

1    alleged indemnification claims were not valid, the debtors

2    have pointed to several other reasons (indiscernible) why

3    continuing -- excuse me -- why continuation of the litigation

4    against the nondebtor entities would have an adverse impact

5    on the debtors' estates.  Significantly, the Acthar

6    plaintiffs themselves describe the litigations as involving

7    assertions of conspiracy to fix the price of Acthar.  The

8    conspiracy only exists if there's more than one party

9    involved in the alleged conspiracy.

10           The allegations in the complaint show that the

11   claims against the debtors and the nondebtors are

12   inextricably intertwined, creating a risk of collateral

13   estoppel and record taint that would require the debtors to

14   participate in the litigation in order to protect their

15   interests.  The Acthar plaintiffs also admit that they would

16   need to take discovery of debtors' officers and directors in

17   order to establish their claims against the debtors.  And as

18   the debtors noted, ESI will need to defend itself against the

19   claims against the Acthar plaintiffs by pointing to the

20   conduct of the debtors, the party that manufactured and

21   priced the drug for marketing, especially in light of the

22   assertions of joint and several liability against debtors and

23   ESI.  Any of these factors could have an adverse impact on

24   the debtors' estates sufficient to establish related to

25   jurisdiction under 1334.

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

48

1    Having established that the Court does have

2   jurisdiction, I will now turn to whether the debtors have met

3   the requirements for imposing an injunction on the

4   continuation of the Acthar actions against nondebtor

5   entities.

6         The Acthar plaintiffs assert that, in order to

7   impose an injunction, the debtors must first establish the

8   existence of unusual circumstances.  These unusual

9   circumstances exist where there is such an identity of

10  interest between the debtor and the third-party defendant

11  that the debtor may be said to be the real party-in-interest,

12  and that a judgment against the third party will in, effect,

13  be a judgment against the debtor.  Citing to W.R. Grace, 386

14  B.R. 17, at 33, and American Film Technologies, 175 B.R. 847,

15  at 851.

16        The Acthar plaintiffs claim that, while both the

17  debtors and ESI are parties to the same actions, quote:

18             "-- their liability is predicated on different acts

19             in the conspiracy, and they do not share the

20             identity of interest required so as to create

21             unusual circumstances" --

22        Sufficient to meet the standard of imposing an

23  injunction.

24        As an example, during argument, the Acthar

25  plaintiffs cite to the Steamfitters case pending in

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

49

1    Pennsylvania State Court to say that there are also claims

2    independent of the debtors; specifically, a breach of

3    contract claim between the plaintiffs in that action and ESI.

4    As I will discuss in a moment, I disagree.

5         The debtors counter that they do not need to

6    establish exceptional circumstances because they can also

7    show the right to an injunction based on the separate concept

8    of adverse impact on the debtors' estates.  Moreover, they

9    argue, even if it was necessary to show exceptional

10   circumstances, the debtors have done so by showing that the

11   unmistakable focus of the actions is an alleged conspiracy

12   between the ESI defendants and the debtors to exploit a

13   monopoly controlled by the debtors.  These allegations, the

14   debtors argue, are sufficient to show an identity of interest

15   between the ESI defendants and debtors.  I agree with the

16   debtors.

17        It is not necessary to establish unusual

18   circumstances when the debtor can establish a stay protection

19   was essential to the debtor's reorganization efforts.  As the

20   Third Circuit recognized in McCartney v. Integra National

21   Bank North, 106 F.3d 506, at 510 (3d Cir. 1997), courts have

22   extended the stay in two circumstances:  One, where the

23   debtor shows unusual circumstances, such that there is an

24   identity of interest between the third-party defendant and

25   the debtor; and two, where extending the stay is essential to

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

50

1    the debtors' reorganization efforts.

2          Even so, the debtors have shown unusual

3    circumstances in this case.  As Judge Fitzgerald noted in

4    W.R. Grace, the existence of contractual indemnification

5    claims is sufficient to meet the unusual circumstances test.

6    Moreover, in this case, all of the complaints make

7    allegations of similar conspiracy between debtors and the

8    nondebtor defendants.  It would be impossible to proceed

9    against the nondebtor defendants only without creating

10   significant risk of collateral estoppel and record taint, to

11   the point where the debtors would need to participate in

12   those actions to protect their interests.

13         The Acthar plaintiffs' example of proceeding

14   against the ESI defendants in the Steamfitter case is

15   unavailing for two reasons:

16         First, there is no separate cause of action pled in

17   that case for breach of contract against the ESI defendants.

18         Second, even if there was, the ESI defendants would

19   still assert indemnification claims against the debtors --

20   whether those claims would be valid, as I have said, is an

21   issue for another day -- and would likely defend the actions

22   by asserting that the breach was caused by debtors' actions;

23   i.e., setting the price for Acthar, thus bringing us back to

24   square one.

25         I will now turn to whether the debtors have met the

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   four-factor test for imposing an injunction.  Those factors

2   are well established:  One, the likelihood of success on the

3   merits; two, whether continuation of the actions against the

4   nondebtors would cause irreparable harm to the debtors;

5   three, whether the harm suffered by the Acthar plaintiffs

6   substantially outweighs the harm to the debtors; and four,

7   whether the -- whether injunctive relief will further the

8   public interest.

9        Likelihood of success is determined by whether the

10  debtor has demonstrated a reasonable likelihood of success,

11  of a successful reorganization.  See Lane v. Philadelphia

12  Newspapers, 423 B.R. 98, at 106 (E.D.P.A. 2010), and W.R.

13  Grace, 386 B.R. 17, at 33.

14       It certainly is not necessary, at this early stage

15  of the debtors' cases, to require that the debtors prove that

16  they have a confirmable plan.  As noted in Lyondell Chemical

17  Company, 402 B.R. 571, at 590 (Bankr. S.D.N.Y. 2009), quote:

18       "Where the debtors are proceeding on track and have

19       met the challenges faced so far, that is

20       sufficient."

21       As I noted at the beginning of this ruling, the

22  debtors established that they entered bankruptcy with an RSA

23  that included many of the key players in these cases.  They

24  have added to those numbers since the time of the filing.  In

25  addition, all but a few parties involved in the original

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

52

motion and this motion have agreed to a stay, pending -- have agreed to stay the pending litigation against the debtors, in order to give them the breathing spell they need to work toward a successful reorganization.

The Acthar plaintiffs attempt to undermine this evidence by pointing to the potential decline in sales of Acthar, which could have a negative impact on debtors' revenues, and that the Acthar plaintiffs are not parties to the RSA. Neither of these points are persuasive, and certainly do not overcome the overwhelming evidence put on by the debtors to show that they are, indeed, on track to a successful reorganization and have met the challenges presented so far. Therefore, the debtors have met the burden of showing likelihood of success.

Irreparable harm to the debtors. The debtors presented extensive evidence at the hearing on the potential harms to the estate if the Acthar litigation goes forward against the nondebtor defendants. This included the testimony of Stephen Welch and Randall Eisenberg, who testified about the burdensome and distracting discovery that would occur if these actions proceed, the potential indemnity claims against the debtors, the significant cost the debtors would incur in participating in discovery, and the potential significant adverse effects on the restructuring process. This included parties to the RSA potentially withdrawing

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    their support.

2            They also testified that it would create

3    significant distraction for senior management, not just in

4    the discovery process, but also in spending time attempting

5    to reassure customers, who might want to (indiscernible)

6    elsewhere for their product in light of the ongoing

7    litigation taint.  This is more than sufficient to meet the

8    burden of showing that the debtors will suffer irreparable

9    harm if the Acthar cases can proceed against the nondebtor

10   entities.

11           As for the potential harm to the Acthar plaintiffs,

12   debtors contend that the only potential harm to the Acthar

13   plaintiffs is the delay in being allowed to pursue their

14   claims, and that delay is not sufficient to overcome the

15   potential harm to the debtors.  The Acthar plaintiffs counter

16   that, if they are not allowed to pursue their causes of

17   action against the nondebtors, their unlawful conduct will

18   continue, causing harm to the patients who must purchase

19   Acthar.

20           In closing statements, counsel for the Acthar

21   plaintiffs argued the Court should not bless the antitrust

22   and RICO conduct of the debtors on its watch.  This

23   presupposes that I am making a finding on whether the

24   debtors, in fact, committed antitrust or RICO violations.  I

25   am not making any findings on those claims, one way or the

54

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    other.  Those issues are for another day.

2         Similarly, I make no findings that any particular

3    person will be unable to purchase Acthar because of pricing

4    issues.  No evidence, other than statements of counsel, was

5    presented on that issue.  The debtors contend that they work

6    with patients to ensure that the -- and the debtors contend

7    that they work with patients to ensure that those who need

8    the drug can get it.  Therefore, I find that the Acthar

9    plaintiffs have not shown that any harm to them will outweigh

10   the harm to the estates, if the injunction is not granted.

11        With regard to whether the injunction will further

12   the public interest, debtors correctly state that, in the

13   context of a bankruptcy proceeding, the public interest

14   element means the promoting of a successful reorganization.

15   American Film Technologies, 175 B.R. at 849.

16        For the reasons I've already articulated, imposing

17   an injunction to stay the Acthar claims for 270 days

18   certainly promotes a successful reorganization.  Indeed, the

19   debtors have already done a great deal in pulling together

20   vastly different constituencies to move these cases forward.

21   The Acthar plaintiffs assert that the Court, quote:

22            "-- should not prevent action to root out corporate

23            misconduct occurring on its watch."

24        Once again, this presupposes that the Court is

25   making findings regarding the nature of debtors' conduct.  I

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    am not.  The stay being imposed in temporal in scope.  It is

2    not a permanent injunction that will prevent the Acthar

3    plaintiffs from pursuing their claims.  They will have that

4    opportunity when the time comes.  Therefore, the debtors have

5    shown that public policy favors granting the injunction.

6         I will now turn to the Strougo securities action.

7    The Strougo plaintiffs do not allege that the Court does not

8    have jurisdiction to consider the proposed injunction.

9    Indeed, the only argument the Strougo plaintiffs make is

10   that, given the procedural posture of the case -- of their

11   case, no irreparable harm would come to the debtors if the

12   case can proceed, at least in the near term.

13        They point out that, currently, the only remaining

14   items to be dealt within the case are the filing of a reply

15   brief by the debtors, in connection with debtors' pending

16   motion to dismiss, and perhaps oral argument on that motion.

17   And they assert that, during the pendency of the motion to

18   dismiss, no discovery can occur.  Counsel also represented

19   that they do not believe the motion to dismiss will be

20   decided for at least six months, if not nine months.  They

21   concede, however, that, once the motion to dismiss is

22   decided, there will either be an appeal, if the case is

23   dismissed, or discovery would begin.

24        I would note that, given the arguments made by

25   counsel at the hearing, it would appear that the Strougo

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    plaintiffs are asking us for a lift of the automatic stay to

2    allow the action to proceed, not only against the nondebtor

3    defendants, but also against the debtors.  No motion to lift

4    stay has been filed; and, if there were, the burden of proof

5    would be on the Strougo plaintiffs, not the debtors.

6            Nevertheless, the debtors argue that there would

7    still be some distraction to management in dealing with the

8    motion if it goes forward.  Indeed, several senior members of

9    management are the third parties to that litigation.  But

10   there are no guarantees when the District Court might decide

11   the motion to dismiss, and once decided, the debtors would be

12   forced to come back to this Court to seek a stay of the

13   action if it was appealed or to stop discovery from going

14   forward if it was not, causing further distraction and cost

15   to the estate in seeking a second injunction.

16           Moreover, if the case proceeded only against the

17   nondebtor defendants, issues of collateral estoppel, record

18   taint, indemnification, and depletion of insurance proceeds

19   to which the debtor is a co-insured with the nondebtors would

20   create further issues of irreparable harm to the estates.

21   Therefore, I agree with the debtors and overrule the Strougo

22   objection.

23           So, based on the ruling, the debtors should submit

24   a revised form of order, making reference to the Court's

25   ruling on the record, and I'll enter that order.

57

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1           Any questions?

2        (No verbal response)

3           THE COURT:  Okay.  And I guess that's all we have

4    for today.  Mr. Gott, nothing further, right?

5           MR. GOTT:  That's correct, Your Honor.

6           THE COURT:  Okay.  Thank you all very much.  Then

7    we are adjourned.  I'll see everybody on -- what is it,

8    December 7th?

9           MR. GOTT:  Yes, correct.

10          THE COURT:  See everybody December 7th.  Have a

11   good Thanksgiving, stay safe, and we'll see you in a couple

12   of weeks.  Thank you.  We're adjourned.

13          COUNSEL:  Thank you, Your Honor.  Thank you, Your

14   Honor.

15       (Proceedings concluded at 3:07 p.m.)

16                          *****

Case# 2018-14059-249 Docketed at Montgomery County Prothonotary on 12/09/2020 10:00 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

58

<u>CERTIFICATION</u>

1

2          I certify that the foregoing is a correct

3   transcript from the electronic sound recording of the

4   proceedings in the above-entitled matter to the best of my

5   knowledge and ability.

6

7

8

9

10

11   _____          November 24, 2020

12   Coleen Rand, AAERT Cert. No. 341

13   Certified Court Transcriptionist

14   For Reliable

18005479



# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
## ORDER FOR SERVICE

MH

(Please prepare a separate request for service form for each defendant to be served by the Sheriff)

To:   Sheriff Sean P. Kilkenny
      Montgomery County Court House
      P.O. Box 311
      Norristown, Pennsylvania 19404-0311
      Phone: 610-278-3331      Fax: 610-278-3832

Date: May 29, 2019

Prothonotary No. 2018-14059

Sheriff Cost: 5 9

Attorney's Or Plaintiff's Name and Address:

Donald E. Haviland, Jr.

201 S. Maple Way      Suite 110

Ambler                          PA   19002

ATTY. ID# 66615   Telephone: 215-609-4661

| | | |
|---|---|---|
| Civil Action Complt. | | Writ of Execution Levy |
| Confessed Judgment | | Interrogatories |
| Complaint in Ejectment | | Writ of Execution Garnishee |
| Posting | | Writ of Seizure |
| Writ of Possession | | Mortgage Foreclosure |
| Other: | | Court Order: |

## IUOE Local 542

_____ vs. _____  PLAINTIFF

## Mallinckrodt ARD, Inc., et al.

DEFENDANT

Service Upon: United BioSource Corporation
LOCATION (MUST HAVE VALID ADDRESS OR DIRECTIONS)
920 Harvest Drive

Blue Bell                        PA   19422

FOR SHERIFF USE ONLY          SHERIFF'S RETURN

PERSON SERVED  JEFF RAMAGE

RELATIONSHIP/POSITION   PIC

PLACE OF SERVICE   AS GIVEN

DATE OF SERVICE   1245 6-18-18

TIME OF SERVICE   1245

NUMBER OF ATTEMPTS  1

DEPUTY  MAIER

DEPUTY  _____

LAST DAY FOR SERVICE  6/24/18

### SERVICE NOT MADE BECAUSE:

DATE:              TIME:              DEPUTY:              DEPUTY:

| | | | |
|---|---|---|---|
| NO SERVICE | BAD ADDRESS | UNKNOWN AT ADDRESS | NEED BETTER ADDRESS |
| MOVED | BUILDING VACANT | ADDRESS OUT OF COUNTY | OTHER |

POSSESSION TAKEN:

DATE:              TIME:              DEPUTY:              DEPUTY:

ATTEMPTED SERVICE DATE & TIME

STAMP

2018-14059-0018  6/22/2018 9:57 AM  # 11836599
Rcpt#Z3422155 Fee:$0.00 (Internal Use Only) Served
Main (Public)
MontCo Prothonotary

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 542

NO.   2018-14059

vs.

MALLINCKRODT ARD INC FKA QUESTCOR
PHARMACEUTICALS INC
ACCREDO HEALTH GROUP INC
CURASCRIPT INC
CURASCRIPT SD
EXPRESS SCRIPTS HOLDING COMPANY
et al

*SPECIAL NOTE: Counsel for moving party is responsible to serve counsel for all other parties and all unrepresented parties with a copy of the completed cover sheet and shall file a certificate of service with the Prothonotary.*

## COVER SHEET OF MOVING PARTY

Date of Filing <u>June 20 2018</u>

Moving Party <u>DEFENDANT</u>

Counsel for Moving Party   <u>JOANNE C. LEWERS, ESQ</u>                    ID:<u>81195</u>

Document Filed (Specify)   <u>MOTION FOR PRO HAC VICE OF MICHAEL H. MENITOVE, ESQ</u>

Matter is (Check One)          ☐ (Appealable)  ☐ (Interlocutory)

Oral Argument          ☐ (Yes)          ☐ (No)

-------------------------------------------------------------------------

**CERTIFICATIONS** - Check **ONLY** if appropriate

☐   Counsel certify that they have conferred in a good faith effort to resolve the subject <u>discovery</u> dispute.
     **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

☐   Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all parties involved in the
     case. (If checked, skip Rule to Show Cause section below.)

                                   By:   _____
                                          Counsel for Moving Party

-------------------------------------------------------------------------

**RULE TO SHOW CAUSE** – Check **ONE** of the Choice Listed Below:

☒   Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing
     an **answer** in the form of a **written response** at the **Office of the Prothonotary** on or before the **6TH**
     **day of <u>AUGUST</u>, 2018**

☐   Respondent is directed to show cause in the form of a **written response**, why the attached Family Court
     Discovery Motion is not entitled to the relief requested. Rule Returnable and Argument the _____ **day**
     **of** _____, 20_____ at 1:00 p.m. at 321 Swede Street, Norristown, Pa.

☐   Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil
     Procedure.

☐   Rule returnable at time of trial.

2018-14059-0019   7/2/2018 11:33 AM  # 11848730
Rcpt#Z3428599  Fee:$0.00  Rule
Main (Public)
MontCo Prothonotary

By:   _____
       Court Administrator

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 | NO.  2018-14059 |
| vs. | |
| MALLINCKRODT ARD INC FKA QUESTCOR PHARMACEUTICALS INC ACCREDO HEALTH GROUP INC CURASCRIPT INC CURASCRIPT SD EXPRESS SCRIPTS HOLDING COMPANY et al | |

*SPECIAL NOTE: Counsel for moving party is responsible to serve counsel for all other parties and all unrepresented parties with a copy of the completed cover sheet and shall file a certificate of service with the Prothonotary.*

## COVER SHEET OF MOVING PARTY

Date of Filing June 20  2018

Moving Party  DEFENDANT

Counsel for Moving Party   JOANNE C. LEWERS, ESQ                    ID:81195

Document Filed (Specify)   MOTION FOR PRO HAC VICE OF MATTHEW M. MARTINO, ESQ

Matter is (Check One)        ☐ (Appealable)  ☐ (Interlocutory)

Oral Argument        ☐ (Yes)        ☐ (No)

-----------------------------------------------------------------------

**CERTIFICATIONS** - Check **ONLY** if appropriate

☐    Counsel certify that they have conferred in a good faith effort to resolve the subject <u>discovery</u> dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

☐    Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all parties involved in the case. (If checked, skip Rule to Show Cause section below.)

By: _____
             Counsel for Moving Party

-----------------------------------------------------------------------

**RULE TO SHOW CAUSE** – Check **ONE** of the Choice Listed Below:

☒    Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing an **answer** in the form of a **written response** at the **Office of the Prothonotary** on or before **the <u>6TH</u> day of <u>AUGUST</u>, 2018**

☐    Respondent is directed to show cause in the form of a **written response**, why the attached Family Court Discovery Motion is not entitled to the relief requested. Rule Returnable and Argument **the _____ day of _____, 20_____ at 1:00 p.m. at 321 Swede Street, Norristown, Pa.**

☐    Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil Procedure.

☐    ~~able at time of trial.~~

2018-14059-0020  7/2/2018 11:33 AM # 11848731
Rcpt#Z3428599 Fee:$0.00 Rule
Main (Public)
MontCo Prothonotary

By: _Michael R Kehs_
         Court Administrator

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 542

vs.

MALLINCKRODT ARD INC FKA QUESTCOR
PHARMACEUTICALS INC
ACCREDO HEALTH GROUP INC
CURASCRIPT INC
CURASCRIPT SD
EXPRESS SCRIPTS HOLDING COMPANY
et al

NO.   2018-14059

*SPECIAL NOTE: Counsel for moving party is responsible to serve counsel for all other parties and all unrepresented parties with a copy of the completed cover sheet and shall file a certificate of service with the Prothonotary.*

## COVER SHEET OF MOVING PARTY

Date of Filing June 20  2018

Moving Party  DEFENDANT

Counsel for Moving Party   JOANNE C. LEWERS, ESQ                    ID:81195

Document Filed (Specify)   MOTION FOR PRO HAC VICE OF EVAN R. KREINER, ESQ

Matter is (Check One)        ☐ (Appealable)  ☐ (Interlocutory)

Oral Argument        ☐ (Yes)        ☐ (No)

-------------------------------------------------------------------------------

**CERTIFICATIONS** - Check **ONLY** if appropriate

☐   Counsel certify that they have conferred in a good faith effort to resolve the subject  discovery  dispute.
   **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

☐   Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all parties involved in the
   case. (If checked, skip Rule to Show Cause section below.)

                            By:  _____
                                 Counsel for Moving Party

-------------------------------------------------------------------------------

**RULE TO SHOW CAUSE** – Check **ONE** of the Choice Listed Below:

☒   Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing
   an **answer in the form of a written response** at the **Office of the Prothonotary** on or before **the 6TH
   day of AUGUST, 2018**

☐   Respondent is directed to show cause in the form of a **written response**, why the attached Family Court
   Discovery Motion is not entitled to the relief requested. Rule Returnable and Argument the _____ day
   of _____, 20_____ at **1:00 p.m.** at 321 Swede Street, Norristown, Pa.

☐   Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil
   Procedure.

☐   Rule returnable at time of trial.

2018-14059-0021  7/2/2018 11:33 AM # 11848732
Rcpt#Z3428599 Fee:$0.00 Rule
Main (Public)
MontCo Prothonotary

By:  _Michael R Kehs_
     _____
     Court Administrator

Case# 2018-14059-22 Docketed at Montgomery County Prothonotary on 07/03/2018 2:57 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

Joanne C. Lewers hereby certifies that a true and correct copy of the foregoing civil cover letters for the *Pro Hac Vice* Motions for Matthew M. Martino, Michael H. Menitove and Evan R. Kreiner of Skadden, Arps, Slate, Meagher & Flom LLP was forwarded to the following via E-mail and United States First Class Mail, postage prepaid, on Tuesday July 3, 2018:

G. Patrick Watson, Esquire
Lindsay Sklar Johnson, Esquire
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner LLP
1155 F Street, N.W.
Washington, DC 20004

Matthew M. Martino, Esquire
Michael H. Menitove, Esquire
Evan R. Kreiner, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Herbert R. Giorgio, Jr., Esquire
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 73 102

Donald E. Haviland, Jr., Esquire
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

Daniel T. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

**Drinker Biddle & Reath LLP**

*Joanne C. Lewers*

Joanne C. Lewers

*Attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation, now known as United BioSource LLC, a wholly owned subsidiary of United BioSource Holdings, Inc.*

**NOAH MARLIER**
**PROTHONOTARY**
MONTGOMERY COUNTY COURT HOUSE
P.O. BOX 311
NORRISTOWN, PENNSYLVANIA 19404-031



2018-14059-0234   8/25/2020 11:06 AM # 12834194
Rcpt#23916199  Fee $0.00  Returned Copy
Main (Public)
MontCo Prothonotary

DAVID ERIC SHAPLAND ESQ
777 SOUTH FIGUEROA STREET
LOS ANGELES, CA 90017

NIXIE      911  FE 1         0008/20/20

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC:  19404031111     *0497-00257-31-08

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CIVIL ACTION - LAW

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 542

:No.  2018-14059

V.

MALLINCKRODT ARD, INC., ET AL.

2018-14059-0229  7/27/2020 8:53 AM # 12803068
Rcpt#Z3900045 Fee:$0.00 Order
Main (Public)
MontCo Prothonotary

ORDER

AND NOW, this 24th day of July, 2020, the order entered on July 21, 2020
regarding defendant's Motion for Protective Order is hereby VACATED due to the fact
the motion is pending before Special Discovery Master Andy Braunfeld.

BY THE COURT:

*Cheryl L. Austin*
J.

THIS DOCUMENT WAS DOCKETED AND SENT ON 07/27/2020

**NOAH MARLIER**
**PROTHONOTARY**
MONTGOMERY COUNTY COURT HOUSE
P.O. BOX 311
NORRISTOWN, PENNSYLVANIA 19404-0311

2018-14059-0238   9/14/2020 9:29 AM # 12853693
Rcpt#Z3926277  Fee:$0.00  Returned Copy
Main (Public)
MontCo Prothonotary

*RETURN TO SENDER*

CAPITAL DISTRICT 208

*RETURN TO SENDER* SEP 2020 PM 2 L

*RETURN TO SENDER*

BRIAN ROWE
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005

*RETURN TO SENDER*

Case# 2018-14059-221 Docketed at Montgomery County Prothonotary on 06/15/2020 2:39 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542,** | : | |
| **Plaintiff,** | : : | |
| **v.** | : : | **Civil Action No. 2018-14059** |
| **MALLINCKRODT ARD INC., et al.,** | : : | |
| **Defendants.** | : | |

**[PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

AND NOW, this 21st day of July, 2020, upon consideration of Mallinckrodt ARD LLC's and Mallinckrodt plc's Motion for Protective Order to Prohibit Depositions of Sales Representatives and Sales Managers and any responses thereto, it is hereby ORDERED and DECREED that the motion is GRANTED.

BY THE COURT,

*Virgil B. Wall for*

STEVEN C. TOLLIVER, SR., J.

2018-14059-0228   7/23/2020 9:00 AM  # 12799939
Rcpt#Z3898522  Fee:$0.00  Order
Main (Public)
MontCo Prothonotary

THIS DOCUMENT WAS DOCKETED AND SENT ON 07/23/2020

**NOAH MARLIER**
**PROTHONOTARY**
MONTGOMERY COUNTY COURT HOUSE
P.O. BOX 311
NORRISTOWN, PENNSYLVANIA 19404-0311

2018-14059-0224   6/23/2020 9:49 AM # 12771549
Rcpt#23882802  Fee:$0.00 Returned Copy
Main (Public)
MontCo Prothonotary

DAVID ERIC SHAPLAND ESQ
777 SOUTH FIGUEROA STREET
LOS ANGELES, CA 90017

Case# 2018-14059-220 Docketed at Montgomery County Prothonotary on 06/05/2020 2:55 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

INTERNATIONAL UNION OF OPERATING     :     IN THE MONTGOMERY COUNTY
ENGINEERS LOCAL 542,     :     COURT OF COMMON PLEAS

            Plaintiff,     :

            :     Civil Action No. 2018-14059

       v.     :

MALLINCKRODT ARD, INC. *et al.*,     :

            Defendants.     :

## ORDER

AND NOW, this 5th day of JUNE, 2020, upon consideration of the Uncontested

Motion for Admission *Pro Hac Vice* for Wrede H. Smith III, Esquire, of Arnold & Porter Kaye

Scholer LLP and any response thereto, it is hereby ORDERED AND DECREED that the Motion

is GRANTED. Wrede H. Smith III, Esquire is hereby admitted *Pro Hac Vice* before this Court

for purposes of this matter. Mr. Smith shall comply with all applicable Rules of Court.

BY THE COURT:

Henry S. Hilles, III, Judge           J.

**NOAH MARLIER**
**PROTHONOTARY**
MONTGOMERY COUNTY COURT HOU
P.O. BOX 311
NORRISTOWN, PENNSYLVANIA 19404-0

2018-14059-0232   8/17/2020 12:41 PM # 12825685
Rcpt#:23911897  Fee:$0.00  Returned Copy
Main (Public)
MontCo Prothonotary

DAVID ERIC SHAPLAND ESQ
777 SOUTH FIGUEROA STREET
LOS ANGELES, CA 90017

NIXIE        911  5E 1       7208/04/20
                RETURN TO SENDER
                NO SUCH NUMBER
                UNABLE TO FORWARD

BC: 19404031111       *0297-02570-27-37

NSN



Case# 2018-14059-221 Docketed at Montgomery County Prothonotary on 06/15/2020 2:39 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | Civil Action No. 2018-14059 |
| **MALLINCKRODT ARD INC.,** *et al.,* | : | |
| **Defendants.** | : | |

**[PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

AND NOW, this 21ˢᵗ day of July, 2020, upon consideration of Mallinckrodt ARD LLC's and Mallinckrodt plc's Motion for Protective Order to Prohibit Depositions of Sales Representatives and Sales Managers and any responses thereto, it is hereby ORDERED and DECREED that the motion is GRANTED.

BY THE COURT,

*Virgil B Wall for*

STEVEN C. TOLLIVER, SR., J.

2018-14059-0228   7/23/2020 9:00 AM # 12799939
Rcpt#Z3898522  Fee:$0.00  Order
Main (Public)
MontCo Prothonotary

THIS DOCUMENT WAS DOCKETED AND SENT ON 07/23/2020