Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

INTERNATIONAL UNION OF OPERATING          :
ENGINEERS LOCAL 542                        :
                                           :
                 VS.                       :      NO.   2018-14059
                                           :
MALLINCKRODT ARD, INC., et al.             :
                                           :

## COVER SHEET OF RESPONDENT

Date of Filing   10/9/2018          Respondent   Plaintiff, IUOE Local 542

Counsel for Respondent   Donald E. Haviland, Jr., Esq.          I.D. No.   66615

Document Filed (Specify)   Plaintiff's Opposition to the Preliminary Objections of Defendants

Mallinckrodt ARD, Inc., and Mallinckrodt PLC to Plaintiff's Amended
Complaint

**RULE RETURN DATE of Related Motion** _____

Matter is (Check One)          __X__ (Appealable) _____ (Interlocutory)

Oral Argument          __X__ (Yes) _____ (No)

--------------------------------------------------------------------------------

Respondent Requires (Specify Reason Only if Interlocutory) :

_____ DISCOVERY          _____

_____

_____

_____

07/26/04

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542** <br><br> Plaintiff, <br><br> v. <br><br> **MALLINCKRODT ARD, INC.,** *et al.* <br><br> Defendants. | Civil Action No. 2018-14059 |

***[PROPOSED]* ORDER**

AND NOW, this _____ day of _____, 2018, upon consideration of

Defendants Mallinckrodt ARD Inc. and Mallinckrodt plc (collectively "Mallinckrodt")'s

Preliminary Objections to Plaintiff's Amended Complaint and Plaintiff's response thereto, it is

hereby ORDERED and DECREED that Mallinckrodt's Preliminary Objections are

OVERRULED.


BY THE COURT:


_____
                                                                                                          J.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
Christina M. Philipp, Esquire (PA I.D. #92804)
*philipp@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF**<br>**OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

**PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS**
**LOCAL 542'S OPPOSITION TO THE PRELIMINARY OBJECTIONS**
**OF DEFENDANTS MALLINCKRODT ARD INC AND MALLINCKRODT PLC**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, International Union of Operating Engineers Local 542 (hereinafter "Plaintiff" or

"IUOE Local 542"), pursuant to Rules 1028 and 1029 of the Pennsylvania Rules of Civil

Procedure and by and through its undersigned counsel, hereby responds to the Preliminary

Objections of Defendants Mallinckrodt ARD, Inc. and Mallinckrodt PLC (collectively,

"Mallinckrodt"), as follows:

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## I.   BACKGROUND AND PLAINTIFF'S ALLEGATIONS

1.      Admitted.

2.      Admitted.

3.      Admitted in part, denied in part.  It is admitted only that the quoted portions of the Plaintiff's Amended Complaint (hereinafter Am. Cmplt.) accurately quote the language used. However, it is specifically denied that Plaintiff seeks to bring any antitrust claim in this lawsuit, as later charged by Mallinckrodt.

4.      Admitted in part, denied in part.  It is admitted only that the quoted portions of the Plaintiff's Amended Complaint accurately quote the language used.  However, it is specifically denied that Plaintiff seeks to bring any antitrust claim in this lawsuit, as later charged by Mallinckrodt.  In fact, the quoted language from paragraph 112 of the Amended Complaint – relating to Mallinckrodt's ability to "maintain and enhance its monopoly power" by its acquisition of Synacthen – was directly alleged and proven by the Federal Trade Commission ("FTC") in its Complaint filed against Mallinckrodt, as described at Am. Cmplt. ¶¶ 114-125.  *See* FTC Complaint at Exhibit "C" to the Am. Cmplt.  Mallinckrodt chose to settle these charges of antitrust, rather than fight them.  Am. Cmplt. ¶¶ 152-165.  But the fact that Mallinckrodt was prosecuted for antitrust by the FTC, and chose to settle, does not change the fact that Plaintiff here seeks to hold Mallinckrodt accountable for its unfair and deceptive conduct under Pennsylvania law, as described at Am. Cmplt. ¶¶ 126-132, and elsewhere.

5.      Admitted.  It is noteworthy that nowhere does Plaintiff allege any claim for antitrust, under either federal law or Pennsylvania common law.  *Cf. XF Enterprises, Inc. v. BASF Corp.*, 47 Pa. D&C 4th 147, 150 (Pa. Com. Pl. Phila. Cty. 2000)(granting defense preliminary objections as to claim for violations of Pennsylvania antitrust laws).

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

6.    Denied.  It is specifically denied that Plaintiff "copied … allegations of a federal antitrust and RICO class action" pending in federal court.  Obviously, since Local 542 suffered injuries due to the Mallinckrodt's same conduct which caused injury to other payors throughout the country, including the City of Rockford in the federal action, there is necessarily factual overlap in the statement of the claims against Mallinckrodt.  However, Plaintiff's well-pleaded Amended Complaint makes no claim for antitrust or RICO, as the plaintiffs in federal court allege.  Plaintiff's claims here are brought exclusively under Pennsylvania state law.

Mallinckrodt's attempt to re-caste Plaintiff's well-pleaded Amended Complaint here should be rejected.  *See County of Allegheny v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402 (1985)("A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief.  For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, materials, relevant facts.")(citations omitted).  Consequently, the Court must rule upon Mallinckrodt's Preliminary Objections in light of the factual averments of Plaintiff's Amended Complaint, not those set forth in the original Complaint, because the averments were amended in response to Mallinckrodt's Preliminary Objections, as is appropriate under the Pennsylvania Rules to make clear what this case is about, and what it is not about.  Since Mallinckrodt's Preliminary Objections are unchanged from its original Preliminary Objections, despite the multiple, clarifying changes made in Plaintiff's Amended Complaint, Mallinckrodt's current Preliminary Objections miss the mark as they continue to argue issues – like antitrust – clarified by the Amended Complaint.  As a result, the Court should deny Mallinckrodt's Preliminary Objections.  *See, e.g., Allegheny Inst. Taxpayers Coalition v. Allegheny Reg'l Asset Dist.*, 556 Pa. 102, 113, 727 A.2d 113, 119, n. 1 (1999)("If the amendment [of the complaint] removes all of

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

which the defendant has complained, the preliminary objections should be withdrawn or dismissed by the court.")(brackets in original).[1]

7.        Admitted.

8.        Admitted.

9.        Admitted in part, denied in part.  It is admitted only that Plaintiff filed an Amended Complaint on August 27, 2018.  It is specifically denied that the amended pleading "removes some antitrust buzzwords and attempts to recast [Plaintiff's] claims as something other than antitrust in nature."  To the contrary, Plaintiff's claims in this case have always sought relief only for Mallinckrodt's unfair and deceptive acts or practices in violation of the Pennsylvania consumer fraud laws and common law.  The original pleading included no claim for antitrust, under federal or state law.  So too, the Amended Complaint includes no claim for antitrust.  To the extent Mallinckrodt seeks to argue about the purported meaning of Plaintiff's original pleading in relation to the amended pleading, such argument must be rejected as the only operative pleading in this case is the Amended Complaint.  *See*, *e.g.*, *Brooks v. B&R Touring Co.*, 2007 Pa. Super. 387, 939 A.2d 398 (2007)("filing of an amended complaint constitutes 'virtually a withdrawal of the first'")(*quoting Reichert v. TRW, Inc., Cutting Tools Div.*, 531 Pa. 193, 611 A.2d 1191, 1194 (1992)).

Mallinckrodt continues to erroneously label this case as "antitrust" in order to pigeon-hole it into favorable, but inapposite, antitrust jurisprudence.  The purported "antitrust buzzwords" that Mallinckrodt seized upon in its original Preliminary Objections have been removed.  With such removal, Mallinckrodt has no colorable basis to continue to argue that

---

[1] In the event finds that any of Mallinckrodt's Preliminary Objections should be sustained, leave to amend the Amended Complaint should be granted to address the Court's concerns.  *See, e.g.*, *Com. of Pa. Game Comm'n v. Hilliard*, 3 Pa. Cmwlth. 560, 562, 484 A.2d 326, 327 (1971)(allowing further amendment to amended complaint after preliminary objections granted).

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiff's Amended Complaint claims antitrust.  *See Tagliaterra v. State Police*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 878 (Ct. Com. Pl. Northampton Cty. June 30, 2010) at * 20 ("Defendants could only have supposed that an amended pleading was likely to be filed at some point, [so] Defendants cannot fairly complain that they are either surprised or prejudiced by the elimination of claims against them.")  It's time to focus on what this case is about; not what Mallinckrodt wants it to be about.

10.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

## II.     ARGUMENT

### A.     PRELIMINARY OBJECTIONS PURSUANT TO PA. R. CIV. P. 1028(a)(4)

11.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

#### i.     Plaintiff Cannot Recover Damages for Alleged Antitrust Violations under Pennsylvania Law (Counts I, II, III, IV, V).

12.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).  Further, Mallinckrodt is wrong that Plaintiff seeks to make any claim for antitrust violations under Pennsylvania law.

To the extent Mallinckrodt argues that the *XF Enterprises* case provides legal support for its argument that all five (5) of Plaintiff's counts against Mallinckrodt should be dismissed, the case provides no such support.  Contrary to the case at bar, the plaintiff in *XF Enterprises* filed a "claim for violation of Pennsylvania antitrust laws", in addition to claims for violations of the UTPCPL and common law civil conspiracy, fraud and negligent misrepresentation.  The Court of Common Pleas of Philadelphia County sustained defendants' preliminary objections to the

antitrust claim, because "[n]o court to date has held that a private remedy is available for damages under Pennsylvania's common law on antitrust violations." *Id.*, 47 Pa. D&C 4th at 150. Unlike here, the "plaintiff filed a praecipe for dismissal" of the UTPCPL claims. *Id.* at 151. And, the court denied the preliminary objections as to the claims for fraud and negligent misrepresentation. *Id.* at 152. Accordingly, Mallinckrodt's lone cited authority stands for the proposition that, even where a plaintiff makes a claim for antitrust, which is dismissed on preliminary objections, common law claims for fraud and negligent misrepresentation may proceed *for the same conduct*. *XF Enterprises* thus supports denial of Mallinckrodt's preliminary objections to IUOE Local 542's Amended Complaint.

13.     Denied.  Plaintiff claims no antitrust injury by its Amended Complaint.

What is truly remarkable about Mallinckrodt's claim is that it completely ignores the fact Local 542 is not suing for antitrust injury.  This averment in Defendants' renewed Preliminary Objections is identical to the averment in the original Preliminary Objections.  However, the original averment included the following line, which Mallinckrodt removed from its current Preliminary Objections: "[h]ere, 'charges of antitrust form the bases of the unlawful of the unlawful conduct charged in this Complain under Pennsylvania law.", citing paragraph 5 of the original Complaint.  That line does not appear in the current Preliminary Objections because paragraph 5 of the Amended Complaint does not include the quoted line.  It was removed.  It was removed in response to the Preliminary Objection that claimed this case concerned antitrust injury.  It does not.  But, Mallinckrodt continues to make such baseless claim in the face of (1) the removal of the quoted line and (2) Local 542's express averment that this case does not concern antitrust.  Am. Cmplt. at ¶ 13.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14.      This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).  Further, the averment is denied because Plaintiff makes no claim for "alleged antitrust violations under Pennsylvania law."

> ii.      **Motion to Dismiss Pennsylvania Unfair Trade Practices and Consumer Protection Law Claim (Count I).**

15.      Admitted.  Local 542 pleads a well-stated claim for violations of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. § 201.1 *et seq.* ("UTPCPL") under Count I of the Amended Complaint.

16.      This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).  Further, Plaintiff has standing to sue under Pennsylvania law.  Mallinckrodt cites no legal authority holding otherwise.

17.      This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Mallinckrodt makes the baseless legal argument the Local 542 does not have standing to sue under the UTPCPL.  Mallinckrodt ignores the fact the UTPCPL defines a "person" as including entities like Local 542, and that Pennsylvania courts have long held that union funds have standing to sue drug companies under the UTPCPL.

The term "person" is defined by the UTPCPL as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities."  73 Pa. Stat. § 201-2(2).

In a case involving multiple union funds suing Pennsylvania-based Cephalon for its drug Actiq, the Eastern District of Pennsylvania court wrote on this subject as follows:

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

As discussed in *Am. Fed'n of State County and Mun. Employees v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-cv-5904, 2010 U.S. Dist. LEXIS 23181, 2010 WL 891150, *3-4 (E.D. Pa. 2010) ("AFSCME"), Pennsylvania courts have taken a longstanding position of validating third party payor claims against drug manufacturers under the UTPCPL:

> "Pennsylvania courts, however, have long recognized the ability of third-party trusts and associations to assert UTPCPL claims on behalf of their constituent members based on the statute's broad definition of 'person.' Section 201-9.2(a) of the UTPCPL permits a private action for the recovery of damages for '[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money ... as a result of ... [any] act or practice declared unlawful by this act ....' The UTPCPL defines "person" as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities." In addition, the 'purpose' requirement of § 201-9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it. Furthermore, the court determined that because third party payors purchased the prescription drug in question on behalf of their members, and such drugs were purchased for personal, family and household use, plaintiff payors had the right to bring their claims under the UTPCPL."

*AFSCME v. Cephalon, Inc. (In re Actiq Sales & Mktg. Practices Litig.)*, 790 F.Supp. 2d 313, 326-327 (E.D.Pa. 2011)(citations omitted).

Undersigned counsel for Local 542 successfully prosecuted the UTPCPL claims of self-funded Commonwealth entities who reimbursed the prescription drugs of their beneficiaries all the way through trial. In 2005, the Commonwealth Court agreed that third party payors have standing to sue under the UTPCPL. *See Com. v. TAP Pharm. Indus. Ltd.*, *et. al.*, 885 A.2d 1127, 1142-42 (Pa. Cmwlth. 2005). Mallinckrodt fails to mention or discuss this binding precedent.

18.    Admitted in part, denied in part. It is admitted that IUOE Local 542 is a "Taft-Hartley union fund providing health and welfare benefits to its members and their families." Amended Complaint ¶19. It is also admitted that Plaintiff purchased and/or reimbursed the costs of Acthar for its members. It is denied that there is not a "single (conclusory) allegation" concerning IUOE's purchases and reimbursements at Amended Complaint ¶ 171. To the

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

contrary, detailed allegations of Plaintiff's purchases and reimbursements of Acthar are contained in paragraphs 11, 14, 21-23, and 78-84.

19.      Admitted in part, denied in part.  It is admitted the UTPCPL prohibits an enumerated list of "unfair methods of competition" and "unfair and deceptive acts or practices". It is denied the Mallinckrodt's conduct "is neither fraudulent nor deceptive" under the UTPCPL. To the contrary, Plaintiff alleges that Mallinckrodt's conduct is both unfair ***and*** deceptive, in violation of several, enumerated provisions of the UTPCPL.  Am. Cmplt. at ¶¶ 5-6, 126-142, 166-175.  Specifically, Plaintiff alleges Mallinckrodt's conduct constitutes "unfair methods of competition" and "unfair or deceptive acts or practices" in violation of the following sub-sections of 73 Pa. Stat. Ann. §§201, *et seq.*:

> (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
>
> (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> (viii) Disparaging the goods, services or business of another by false or misleading representation of fact;
>
> (xi) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions; and
>
> (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

Amended Complaint at ¶ 167.

Consistent with its theme of trying to recast this case as an antitrust action, Mallinckrodt cites two antitrust cases which are inapposite to the case at bar, because

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

they unsuccessfully sought to establish antitrust conduct as "unfair and deceptive" under the UTPCPL. *See In re Niaspan Antitrust Litig.*, 42 F.Supp. 3d 735 (E.D.Pa. 2014) and *In re Lidoderm Antitrust Litig.*, 103 F.Supp. 3d 1155 (N.D.Cal. 2015).

20. Denied. To the contrary, detailed, non-conclusory averments of fact concerning Mallinckrodt's unfair, deceptive and fraudulent conduct appear throughout the Amended Complaint. *See* Amended Complaint at ¶¶ 6 ("concealing from IUOE Local 542 the true costs for Acthar through undisclosed, direct contractual agreements between Mallinckrodt and Express Scripts…, charging inflated prices for Acthar, and collecting the money from Plaintiff for such prices…"), 48-75 (describing the "new strategy" to deceive), 83 (deceptively listing Acthar as "available at participating pharmacies"), 97-106 (describing the "manufacturing decision" to "vastly overprice[]" Acthar based on fraudulent and deceptive claims of "value"), 107-113 (fraudulent and deceptive scheme to acquire Synacthen to prevent competition in ACTH market and raise the prices for Acthar), 166-175.

21. Denied. It is specifically denied that Mallinckrodt's conduct is anything close to "ordinary business practices".

It is not an *ordinary business practice* to raise the prices of 65-year-old orphan drug 1,000s of percents, from $40 to $40,000. *See* Amended Complaint at ¶¶ 93, 96, 153, 156, 160. Ordinary businesses in America do not have that power, unless they cheat.

It is not an *ordinary business practice* for a one-product company like Questcor to enter into an exclusive distribution agreement with the largest payor representative in the country, and then raise the prices for that lone product to exorbitant levels without the same largest payor representative pushing back against such price increases for the

Case # 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

benefit of their contracted payor clients. *See* Amended Complaint at ¶¶50-77, 81-83, 93, 97-106, 161. It was far from ordinary for Questor to embark on a "new strategy" six years after acquiring Acthar, a strategy that involve direct sales and marketing and sales to patients and doctors the ASAP Program, and directly marketing to patients and doctors using the Acthar Start Form to bypass payment protections Local 542 had put in place with Express Scripts to save money on high priced drugs. Amended Complaint ¶¶ 8, 35, 47-75, and Exhibit "A" to Amended Complaint (Acthar Start Form).

The Court must wonder why Mallinckrodt takes the time to complain about the fact Local 542 was not permitted by Express Scripts' claims of confidentiality to attach its contract with Express Scripts to the Amended Complaint,[2] for purposes of its breach of contract claims against Express Scripts but <u>not</u> Mallinckrodt, but Mallinckrodt makes no mention of the Acthar Start Form – its own form – attached as Exhibit "A" to the Am. Cmplt. which forms the basis of Plaintiff's UTPCPL claims against it.

It is not an *ordinary business practice* for a company to be sued by its competitor, and then settle for nearly the same amount of money the competitor would have *paid* for a competitive product. *See* Amended Complaint at ¶¶111, 126,141-142, 143-147.

*Ordinary* businesses are not prosecuted by the federal government, but then choose to settle [rather than defend themselves and fight], paying $100 million for

---

[2] As discussed below, in response to Mallinckrodt's "Preliminary Objection pursuant to PA.R.Civ.Proc. 1028(a)(2) (at paragraphs 55 – 58 below), in Plaintiff's response to the Preliminary Objections filed by Express Scripts, Plaintiff attaches the communications of its counsel with counsel for Express Scripts as to the issue of the contract. This Court will see the problem Express Scripts has created, wanting the supposed confidential contract filed of record in the absence of a protective order, which the parties have negotiated in the federal court case. The matter will have to be resolved by the Court on motions practice.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

conduct they supposedly did not commit.  *See* Am. Cmplt. at ¶¶114-125, 145-147, 152-165.

It is also specifically denied that "Defendants publically disclosed the existence" of their unlawful conduct, as Mallinckrodt contends contrary to the well-pleaded allegations of the Amended Complaint.  *See* Am. Cmplt. at ¶¶6, 9, 50, 111, 183, 192-201.

22.     Denied.  Plaintiff alleges both reliance and causation, as required where required.  *See* Am. Cmplt. at ¶¶ 10-11, 180-182, 186-187, 189-191, 230.

23.     Denied.  Plaintiffs' Amended Complaint, 248 separate averments over 65 pages of text, is replete with its descriptions of the unfair and deceptive conduct at issue.  *See generally*, Am. Cmplt. at ¶¶ 1-11 (introductory paragraphs explaining case), 23-38 (identifying Defendants and their respective roles in the consumer fraud), 39-75 (background of unfair and deceptive conduct), 92-96 (Acthar pricing), 97-106 (lack of value of Acthar for prices charged), 107-165 (Mallinckrodt's illegal scheme to acquire competitive product, Synacthen, and lawsuits by FTC and Retrophin), and 166-175 (Count I for violations of UTPCPL).

The Amended Complaint details Mallinckrodt's conduct, from taking a 65-year old, orphan drug that cost only $40 to purchase in 2001, to a blockbuster product (in terms of revenue generated) by the time Local 542 had members take the drug, costs Plaintiff hundreds of thousands of dollars.  Mallinckrodt paid $5.9 billion to acquire the one-product company Questcor in 2014, when Questcor only paid $100,000 to acquire Acthar in 2001.  Am. Cmplt. at ¶¶ 3, 24, 46, 96.  Mallinckrodt got there by adopting a "new strategy", focused not on improving Acthar, but only on exclusive distribution, marketing and pricing to increase by sales and sales revenue.  Am. Cmplt. at ¶¶ 9, 48-77,

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

92-93, 128.  Importantly, Mallinckrodt's selected exclusive distributor, Express Scripts – which is the same company with whom Local 542 contracted to **save** costs on prescription drugs – conspired and agreed with Mallinckrodt to **raise** the price of Acthar to the exorbitant levels paid by Plaintiff.  Express Scripts did so, even as its Chief Medical Officer, Steve Miller, admitted last year that Acthar was not worth what Express Scripts and Mallinckrodt were charging Local 542 for it.  Am. Cmplt. at ¶¶ 100-101, 169.  As a result, Local 542 paid over $150,000 for a drug that cost only a few thousand dollars before the Defendants embarked on a strategy to commit consumer fraud and make exorbitant profits at the expense of Local 542.  Am. Cmplt. at ¶¶ 22-23.

The unfair and deceptive acts and practices which underlie the Defendants' scheme to price gouge and profiteer are detailed in Count I, alleging multiple violations of the Pennsylvania CPL.  *See* Am. Cmplt. Count I.  The details of such conduct are also woven throughout the Amended Complaint, as discussed above.

24.  Denied.

### iii.  Motion to Dismiss Negligent Misrepresentation Claim

25.  Admitted in part, denied in part.  It is admitted Plaintiff alleges Mallinckrodt is liable for negligent misrepresentation; it is denied Plaintiff fails to state such claim.

26.  This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

The requirements for pleading a claim for negligent misrepresentation under Pennsylvania law have been satisfied.  *See* Am. Cmplt. Count II; *see also, Com. v. TAP*, 36 A.3d 1197, 1277 (Pa. Cmwlth. 2011), *vacated and remanded on other grounds*, 626 Pa. 25, 94 A.3d

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

364 (2014)(noting that "the application of this Section [552 of the Restatement], within the drug-pricing context, appears to be an issue of first impression in Pennsylvania", but holding that it applies to claims of a third party payor, like Local 542, against a prescription drug company, like Mallinckrodt).

27.     Denied.  In making the blanket statement that Plaintiff's Count II "fails to allege facts establishing that Mallinckrodt made a negligent misrepresentation", Mallinckrodt's Preliminary Objection is strikingly similar to the one rejected by the Commonwealth Court in *Koken v. Steinberg*, 825 A.2d 723, 731 (Pa. Cmwlth. 2003), wherein the objecting defendant "cynically ignores fifty previous paragraphs of the Complaint that exhaustively detail the elements necessary to constitute fraudulent misrepresentation", as defined by the Supreme Court in *Porreco v. Porreco*, 571 Pa. 61, 811 A.2d 566, 570 (2002).  Here, Count II of the Amended Complaint is preceded by *more than* 50 paragraphs detailing Mallinckrodt's fraudulent misrepresentations about the value of its Acthar at the high prices charged, through the ASAP Program and otherwise.

28.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

29.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Moreover, the economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

30.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

The economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

31.     Admitted in part, denied in part.  It is admitted only that Mallinckrodt accurately quotes paragraph 189 of the Amended Complaint.  However, that one line is taken out of context.  Plaintiff does not allege that Mallinckrodt is not also in the business of supplying information about Acthar to payors, like Local 542, and its patients, both directly through the ASAP Program and indirectly through Express Scripts.  As a result, Mallinckrodt's cited authorities are inapposite.

32.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d). Mallinckrodt's cited federal court precedents are inapposite.

33.     Denied.

34.     Denied.

### iv.     Motion to Dismiss Aiding and Abetting/Conspiracy Claim

35.     Denied.

36.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

37.     Denied.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mallinckrodt completely misapprehends this claim. Aiding and abetting allows Plaintiff to hold Mallinckrodt liable "for harm caused to [Local 542] arising from the tortuous conduct of another." In this case, the "other" is Express Scripts and all its subsidiary companies, UBC, Curascript and/or Accredo. Mallinckrodt is an alleged co-conspirator with *these* companies for *their* unlawful conduct, not "an underlying tortuous act … by Mallinckrodt", as alleged. Plaintiff alleges facts sufficient to support claims for multiple violations of the UTPCPL (Count I) and negligent misrepresentation (Count II) as against Express Scripts, either of which is sufficient to support a claim for aiding and abetting against Mallinckrodt. Because Mallinckrodt does not allege or prove otherwise in its Preliminary Objections, its objections fail as a matter of law.

In citing the *Cummins* case, Mallinckrodt conceded that the torts of concert of action and aiding and abetting – being based on the Restatement – relate to the wrongful conduct of another. Yet Mallinckrodt erroneously argues about a claimed lack of wrongful conduct *on its part*, as opposed to Express Scripts. *See Cummins v. Firestone Tire & Rubber Co.*, 344 Pa. Super. 9, 21, 495 A.2d 963, 969 (1985)(describing the standards for aiding and abetting as set forth in §876 of the Restatement (Second) of Torts). Aiding and abetting is properly pleaded where, as here, Mallinckrodt is alleged to have given substantial assistance to Express Scripts and its subsidiary companies in the tortuous breach of their duties to Local 542.

38.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

39.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mallinckrodt continues to wrongly claim Plaintiff alleges "anticompetitive conduct".

40.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Mallinckrodt continues to wrongly claim Plaintiff alleges "antitrust violations."

41.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Here, Plaintiff alleges viable claims against Mallinckrodt for its role in assisting Express Scripts in its wrongful conduct in charging its customer, Local 542, the exorbitant prices for Acthar it did pursuant to multiple unfair and deceptive acts and practices set forth in the Amended Complaint.  Plaintiff's Amended Complaint is far from being "vaguely worded", as the complaint at issue in the *Nelson* case.

## v.    Motion to Dismiss Unjust Enrichment Claims

42.    Admitted.

43.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

44.    Denied.   Plaintiff expressly avers that it provided benefits directly to Mallinckrodt, by and through its exclusive agent, Express Scripts.  Am. Cmplt. at ¶¶6, 73, 206-208, 214-216.  Plaintiff also alleges that retention of such exorbitant payments for Acthar would be unjust, in light of the lack of value for the medication and the unconscionable price increase from $40 in 2001 to over $40,000 today.  Am. Cmplt. at ¶¶ 6, 11, 41, 45, 92, 153, 202-211.

45.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Furthermore, Local 542 received Acthar directly from Mallinckrodt via its direct distribution arrangement with Plaintiff's PBM, Express Scripts. Am. Cmplt. at ¶¶ 21, 25, 48, 52-55, 59. Mallinckrodt directly communicated with Local 542 beneficiaries about their receipt and use of Acthar through both the ASAP Program and the Acthar Start Form. Am. Cmplt. at ¶¶ 25, 52, 55, 70-72 and Exhibit "A". Indeed, Mallinckrodt required Local 542 beneficiaries to sign its Acthar Start Form, authorizing the payments for Acthar Local 542 ultimately made. Mallinckrodt has no basis for its factual assertion that Local 542 "is an indirect purchaser." Strict proof thereof is required.

46.     Denied. Plaintiff's Amended Complaint at Count IV states a claim for unjust enrichment against Mallinckrodt.

### vi.     Motion to Dismiss Declaratory or Injunctive Relief Claim

47.     Denied.

48.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

49.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

50.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

51.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

52.     This averment constitutes a statement of a legal position to which no response is required.   Consequently, the averment is deemed denied.   Pa. R. Civ. Proc. 1029(d).

53.     This averment constitutes a statement of a legal position to which no response is required.   Consequently, the averment is deemed denied.   Pa. R. Civ. Proc. 1029(d).

Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar.   Such claim is cognizable under Pennsylvania law.   "[A]n injunction can issue to restrain conduct based on prior unlawful conduct".   *Commonwealth v. TAP Pharm. Prods.*, 36 A.3d 1112, 1172 (Pa. Cmwlth. 2011)

54.     Denied.

## B.     PRELIMINARY OBJECTIONS PURSUANT TO PA. R. CIV. P. 1028(a)(2) FOR FAILURE TO CONFORM TO A RULE OF COURT

55.     Admitted in part, denied in part.   It is admitted the Rule provides a party the right to file a preliminary objection, but the objection must relate to a claim or issues concerning that party, not a different party, as here.

Since this averment constitutes a statement of a legal position to which no response is required.   Consequently, the averment is deemed denied.   Pa. R. Civ. Proc. 1029(d).

56.     This averment also constitutes a statement of a legal position to which no response is required.   Consequently, the averment is deemed denied.   Pa. R. Civ. Proc. 1029(d).

Mallinckrodt fails to demonstrate how the Plaintiff's breach of contract claim against Express Scripts, Mallinckrodt's co-defendant but a separate party represented by separate counsel, relates to it.   As a result, Mallinckrodt has not standing to assert a

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

preliminary objection under Rule 1028(a)(2) for Plaintiff's alleged failure to comply with Pa.R.Civ.Proc. 1019(i).  As a result, this Preliminary Objection should be denied.

57.     Admitted in part, denied in part.  Because this issue relates to Express Scripts, and it separately addressed in Plaintiff's response to Preliminary Objections filed by Express Scripts, Mallinckrodt's Preliminary Objection should be denied.

58.     Denied.  The proper resolution of this issue is between Plaintiff, Express Scripts and the Court.

## C.    PRELIMINARY OBJECTIONS PURSUANT TO PA. R. CIV. P. 1028(a)(2) FOR INCLUSION OF SCANDALOUS OR IMPERTINENT MATTER

59.     Admitted.  However, since Mallinckrodt provides this Court with no case law as to what constitutes "scandalous or impertinent matter" rising to the level that warrants an averment being stricken from a complaint, Plaintiff provides the Court with such authority, so it can see that the cited averments of the Amended Complaint should not be stricken.

"Pennsylvania Rule of Civil Procedure 1028(a)(2), provides that a party may file preliminary objections to a pleading if it fails to 'conform to [a] law or rule of court or' if it includes 'scandalous or impertinent matter.'"  *Britt v. Chestnut Hill Coll.*, 429 Pa. Super. 263, 269, 632 A.2d 557, 559-60 (1993) *quoting* Pa. R.C.P. No. 1028.  However, though "[s]candalous and impertinent has been defined as 'immaterial and inappropriate to the proof of the cause of action,'" the "right to strike impertinent matter should be exercised sparingly, unless there is prejudice, the motion should not be granted.  Further, 'where matter is impertinent but not injurious, it need not be stricken.'"  *Baird v. Macklin*, 6 Pa.D.&C.5th 193, 206 (C.P. Beaver 2008) (internal citations omitted); *see*

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*also*, *JHE, Inc. v. SEPTA*, Nos. 1790, 010312, 020586, 2002 Phila. Ct. Com. Pl. LEXIS 78, at *32-34 (C.P. Philadelphia May 17, 2002)("Pennsylvania courts have been restrained in striking scandalous and impertinent pleadings, however:  There is some authority for the proposition that, even if the pleading of damages was impertinent matter, that matter need not be stricken but may be treated as 'mere surplusage' and ignored.")(citation omitted).

60.    Denied.  There is nothing "scandalous" or "impertinent" about the cited averments of the Amended Complaint.  Inconvenient, but truthful, facts about a case are not to be stricken by courts, simply because the defendant desires not to be faced with such facts.

Here, Mallinckrodt complains about two sets of facts, and seeks to have them stricken from the Amended Complaint: (1) it was sued by the FTC for some of the same conduct as at issue in this case, and (2) it was sued by a competitor, Retrophin, for some of the same conduct at issue in this case.  Mallinckrodt chose to settle both lawsuits, and to pay tens of millions of dollars in settlement, rather than fight the claims against it.  Importantly, in resolving the FTC lawsuit, Mallinckrodt agreed to license Synacthen to another company to abate the antitrust problem created by Mallinckrodt's unlawful acquisition of Synacthen previously.

These are facts.  They should not be stricken from the Amended Complaint.

Furthermore, Plaintiff attaches to its Amended Complaint the actual complaints filed by the FTC and Retrophin.  *See* Am. Cmplt. Exhibits "C" and "D", respectively.  Mallinckrodt does not seek to have these complaints stricken as either scandalous or impertinent.  As a result, the facts of these two complaints, incorporated by reference

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

thereto into Local 542's Amended Complaint, will remain, regardless of what the court chooses to do with Mallinckrodt's Preliminary Objection.  *E.g.*, Am. Cmplt. at ¶143 (incorporating complaint), 163 (quoting admission in other case).

61.   Denied.

**D.   PRELIMINARY OBJECTIONS PURSUANT TO PA. R. CIV. P. 1028(a)(3)**

62.   This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

63.   This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Moreover, Plaintiff's Amended Complaint provides the requisite fact pleading.

64.   This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

63.   This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Moreover, Plaintiff's Amended Complaint does not allege "fraud".  Therefore, the standard of Rule 1019(b) does not apply.  Alternatively, were such standard to be applied, the detailed allegations of the Plaintiffs' Amended Complaint provide such particularity.

65.   Denied.   However, in the event any Count of Plaintiff's Amended Complaint was found to "lack[] the necessary specificity", Plaintiff agrees that leave to replead should be granted.

**WHEREFORE,** Plaintiff IUOE Local 542 respectfully request the Court deny the Mallinckrodt's' Preliminary Objections to Plaintiff's Amended Complaint.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

Dated:  October 9, 2018

By:   *s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
Christina M. Philipp
*philipp@havilandhughes.com*
Haviland Hughes
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:     (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
Christina M. Philipp, Esquire (PA I.D. #92804)
*philipp@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

## IN THE COURT OF COMMON PLEAS
## FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

## CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr. hereby certify that on this 9th day of October, 2018, a true and correct copy of the foregoing Opposition to the Preliminary Objections of Defendants Mallinckrodt ARD, Inc. and Mallinckrodt PLC was electronically filed, causing service to be made through the Court's ECF system as follows:

|  |  |
|---|---|
| G. Patrick Watson, Esquire<br>Lindsay Sklar Johnson, Esquire<br>Bryan Cave Leighton Paisner, LLP<br>One Atlantic Center, 14th Floor<br>1201 W. Peachtree Street, NW<br>Atlanta, GA 30309 | Herbert R. Giorgio, Jr., Esquire<br>Bryan Cave Leighton Paisner, LLP<br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, MO 63102 |

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner, LLP
1155 F. Street, N.W.
Washington, D.C.  20004

Daniel J. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner, Coleman &
Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

Joanne C. Lewers, Esquire
Victoria Andrews, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103-6996

Matthew M. Martino, Esquire
Evan Kreiner, Esquire
Michael Menitove, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

*s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr., Esq.

2

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
Christina M. Philipp, Esquire (PA I.D. #92804)
*philipp@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

**PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS**
**LOCAL 542'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION**
**TO THE PRELIMINARY OBJECTIONS OF DEFENDANTS**
**TO THE AMENDED COMPLAINT**

Plaintiff, International Union of Operating Engineers Local 542 (***"Plaintiff"*** or ***"Local***

***542"***), by and through their undersigned counsel, hereby files this omnibus response in

Opposition to the Preliminary Objections filed by the Defendants Mallinckrodt ARD Inc. and

Mallinckrodt plc (collectively ***"Mallinckrodt"***) and Express Scripts Holding Company's

(***"ESHC"***), Express Scripts, Inc.'s (***"ESI"***), CuraScript, Inc.'s, CuraScript SD's, Accredo Health

1

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Group, Inc.'s (*"Accredo"*) and United BioSource Corporation's (*"UBC"*) (the movants are collectively referred to as *"Express Scripts"*) jointly filed Preliminary Objections (the *"POs"*).

    The POs should be denied for the reasons set forth in the detailed Oppositions filed contemporaneously herewith.

## <u>INTRODUCTION</u>

In their Preliminary Objections to the Plaintiff's Amended Complaint, both Mallinckrodt and Express Scripts try to recast this case as one alleging antitrust. They do so to try to pidgeon-hole this case into favorable jurisprudence. However, because this case sounds in consumer fraud, it may not be dismissed.

This overlapping argument by the defense demonstrates that the defense POs ignore the well-pleaded allegations of the 65-page Amended Complaint in order to try to garner dismissal, with prejudice. Defendants present a false narrative to try to contradict the well-pleaded factual allegations of the Amended Complaint, which this Court must accept as true. But this high-profile case deserves the opportunity to proceed to the discovery. It was recently featured on CBS News' "60 Minutes".[1] As here, the Defendants chose not to comment on the merits of the plaintiffs' claims, but to limit their responses to narrow issues, hoping the Court will ignore the forest for the trees.

The "forest" of this case is that a 65-year old drug, Acthar, was purchased by Questcor from Pennsylvania-based Aventis in 2001 for $100,000. The price to payors like Plaintiff Local 542 was then $40. By 2007, the price was raised to $25,000. Today it costs over $40,000. Questcor was sold to Mallinckrodt for nearly $6 billion. This doesn't happen in America, unless companies cheat.

---

[1] https://www.cbsnews.com/news/the-problem-with-prescription-drug-prices/

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mallinckrodt cheated. It was prosecuted by the FTC and paid $100 million in fines and settlement. It was ordered to divest the competitive product it acquired in violation of the federal antitrust laws. Then, Local 542 found out it was cheated. So, it sued in this Court.

There is no question that Mallinckrodt has engaged in one or more acts or practices that were "unfair or deceptive" in the language of the Pennsylvania UTPCPL. As a result, its POs should be denied.

Express Scripts accepted all "factual allegations in the Amended Complaint as true."[2] *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3. However, most of these allegations are ignored in Express Scripts' Preliminary Objections and the ones it accepts as true are presented to this Court out of order and at times arbitrarily so as to mischaracterize and recast the Plaintiff's well-pleaded Complaint. As a result, Plaintiff's claims against Express Scripts should proceed to discovery.

In its opening, perhaps as its only resort to challenge the Amended Complaint, Express Scripts labels Plaintiff's lawsuit "a copycat containing nearly identical allegations to federal class action antitrust litigation." Not so. Unfortunately, Express Scripts fails to disclose to this Court that it was aware of the pendency of this lawsuit because Plaintiff's counsel (on the Record in the Federal case) informed the United States District Court for the Northern District of Illinois that several other lawsuits were going to be filed. Despite the utter lack of relevance or justification, Express Scripts leads its Memorandum with references to the Federal Court Complaint and the Plaintiff's original complaint filed in this Court *as if they are somehow relevant* to this Court's determination of the sufficiency of the Amended Complaint ("Amended Complaint"). They are

---

[2] The Amended Complaint is 65 pages long and contains 248 paragraphs and hundreds of factual allegations.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

not.[3]  An amended pleading replaces the prior pleading.  The Amended Complaint is being challenged and the other pleadings in this lawsuit or in other Courts should be disregarded entirely.

All of the entities described herein as Express Scripts played a specific role in the sale, distribution, delivery and administration of Acthar.  The Amended Complaint contains numerous allegations of deception by Express Scripts which caused harm to Plaintiff.  To assert otherwise is wrong.  The Amended Complaint alleges that Express Scripts joined with Mallinckrodt[4] (collectively "Defendants") in acting collectively to maintain and enhance Mallinckrodt's monopoly power in the U.S. market for adrenocorticotropic hormone (ACTH) drugs in violation Pennsylvania law.  While Express Scripts is one company, the Amended Complaint goes into great detail as to how the company operates through its subsidiary operations in effectuating the joint goal of the Defendants to limit distribution and raise prices for Acthar, to the substantial detriment of Express Scripts' direct customers, like Plaintiff.

The Amended Complaint also establishes that Plaintiff relied on Express Scripts' unlawful conduct to its detriment.

Finally, Express Scripts seeks to avoid liability for its breach of contract by urging an interpretation of the agreement it signed with Rockford that does not comport with the language or structure of the document.  There is nothing vague or immaterial about the use of the phrase "cost containment" as part of the core "PBM Services" Express Scripts contracted to provide to Plaintiff.

---

[3] Express Scripts' attempt to ascribe some ulterior motive to Plaintiffs' amended pleading as well as its "last ditch effort" inferences also should be rejected.  *ESI Br.* At 1-2.

[4] "Mallinckrodt" refers to Mallinckrodt ARD Inc., formally known as Questcor Pharmaceuticals, Inc. ("Questcor") and its parent company, Mallinckrodt plc.  SAC ¶¶ 1, 21, 24-25.

4

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

For these reasons, Express Scripts Motion to Dismiss should be denied.

## FACTUAL ALLEGATIONS

The Defendants provide a lengthy statement of "Factual Allegations" that largely quote from the Amended Complaint. At times, however, the statements do not accurately reflect the averments of the Amended Complaint, and should be ignored in favor of the pleading. This Court shall accept all well-pled facts as true in favor of the Plaintiff and therefore, Plaintiff incorporates the allegations contained in the Amended Complaint—many of which are referenced explicitly herein. Express Scripts even went further and accepted as true all facts alleged in the Amended Complaint, even though no law requires it to do so. Those admissions alone support overruling Express Scripts' Preliminary Objections.

## LEGAL STANDARDS

In ruling on preliminary objections, the Court must accept well-pled facts as true. *Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 26 (Pa. 2006). The Court need not accept as true legal conclusions, unwarranted factual inferences, argumentative or conclusory allegations, or opinions. *Id.* The standard of review in sustaining Preliminary Objections is that the Court ***must*** accept as true all well-pleaded material provided in the Plaintiff's Complaint and any reasonable inferences which may be drawn from those facts. *Reardon v. Allegheny College*, 2007 PA Super 160, 926 A.2d 477, 480 (Pa. Super. Ct. 2007). Preliminary Objections are sustained ***only*** where they are clear from doubt. *Id.* It must appear that the law would not permit the plaintiff to recover based upon the facts averred in order for a case to be clear and free from doubt. *Id.*

"The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Soto v. Nabisco, Inc.*, 2011 PA Super 249, 32 A.3d

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

787, 790 (Pa.Super. 2011).  If there is any doubt, it should be resolved by overruling the demurrer. *Mellon Bank N.A. v. Fabinyi*, 437 Pa. Super. 559, 650 A.2d 895 (Pa. Super. 1994).

Defendants attempt to re-caste Plaintiff's well-pleaded Amended Complaint.  This is improper, and should be rejected.  *See County of Allegheny v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402 (1985)("A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief.  For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, materials, relevant facts.")(citations omitted).

Defendants' Preliminary Objections are also unchanged from their original Preliminary Objections, despite the multiple, clarifying changes made in Plaintiff's Amended Complaint, Both Defendants Preliminary Objections miss the mark as they continue to argue issues – like antitrust – clarified by the Amended Complaint.  As a result, the Court should deny the Preliminary Objections.  *See, e.g., Allegheny Inst. Taxpayers Coalition v. Allegheny Reg'l Asset Dist.*, 556 Pa. 102, 113, 727 A.2d 113, 119, n. 1 (1999)("If the amendment [of the complaint] removes all of which the defendant has complained, the preliminary objections should be withdrawn or dismissed by the court.")(brackets in original).[5]

To the extent Defendants seek to argue about the purported meaning of Plaintiff's original pleading in relation to the amended pleading, such argument must be rejected as the only operative pleading in this case is the Amended Complaint.  *See, e.g., Brooks v. B&R Touring Co.*, 2007 Pa. Super. 387, 939 A.2d 398 (2007)("filing of an amended complaint constitutes

---

[5] In the event finds that any of Defendants' Preliminary Objections should be sustained, leave to amend the Amended Complaint should be granted to address the Court's concerns. *See, e.g., Com. of Pa. Game Comm'n v. Hilliard*, 3 Pa. Cmwlth. 560, 562, 484 A.2d 326, 327 (1971)(allowing further amendment to amended complaint after preliminary objections granted).

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

'virtually a withdrawal of the first'")(*quoting Reichert v. TRW, Inc., Cutting Tools Div.*, 531 Pa. 193, 611 A.2d 1191, 1194 (1992)).

<u>**ARGUMENT**</u>

Preliminarily, both Express Scripts and Mallinckrodt seek to dismiss the following Counts of the Amended Complaint:

> a.      Count I—Pennsylvania's Unfair Trade Practices and Consumer Protection Law;

> b.      Count II—Negligent Misrepresentation;

> c.      Count III—Aiding and Abetting;

> d.      Count IV—Unjust Enrichment and

> e.      Count IX—Declaratory and Injunctive Relief

Mallinckrodt seek dismissal of the following Count independent of Express Scripts:

> a.      Count V—Unjust enrichment.

Express Scripts seek dismissal of the following Counts independent of Mallinckrodt:

> a.      Count VI—Express Scripts' Breach of the ESI PBM Agreement;

> b.      Count VII—Promissory Estoppel and

> c.      Count VIII—Express Scripts' Breach of the Implied Covenant of Good Faith and Fair Dealing.

This Memorandum will address each in the order above.

**I.    Plaintiff's Unfair Trade Practices and Consumer Protection Law Claims Are <u>Adequately Pled And Defendants' Objections Should Be Overruled.</u>**

The UTPCPL makes unlawful any "unfair methods of competition" and "unfair or deceptive practices, including the following, among others:

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have or that a person has sponsorship, approval, status, affiliation or connection that he does not have;

(viii) Disparaging the goods, services or business of another by false or misleading representation of fact;

(xi) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding

73 P.S. § 201-2(4).

The Amended Complaint includes charges that Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices as those terms are defined in Section 2(4) of the Law, UTPCPL, 73 P.S. § 201-2(4).

A.      **Defendants' Conduct Was Unfair and Deceptive**.

The Amended Complaint details Mallinckrodt's conduct, from taking a 65-year old, orphan drug that cost only $40 to purchase in 2001, to a blockbuster product (in terms of revenue generated) by the time Local 542 had members take the drug, costs Plaintiff hundreds of thousands of dollars.   Mallinckrodt paid $5.9 billion to acquire the one-product company Questcor in 2014, when Questcor only paid $100,000 to acquire Acthar in 2001.  Am. Cmplt. at ¶¶ 3, 24, 46, 96.  Mallinckrodt got there by adopting a "new strategy", focused not on improving Acthar, but only on exclusive distribution, marketing and pricing to increase by sales and sales

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

revenue.  Am. Cmplt. at ¶¶ 9, 48-77, 92-93, 128.  Importantly, Mallinckrodt's selected exclusive distributor, Express Scripts – which is the same company with whom Local 542 contracted to **save** costs on prescription drugs – conspired and agreed with Mallinckrodt to **raise** the price of Acthar to the exorbitant levels paid by Plaintiff.  Express Scripts did so, even as its Chief Medical Officer, Steve Miller, admitted last year that Acthar was not worth what Express Scripts and Mallinckrodt were charging Local 542 for it.  Am. Cmplt. at ¶¶ 100-101, 169.  As a result, Local 542 paid over $150,000 for a drug that cost only a few thousand dollars before the Defendants embarked on a strategy to commit consumer fraud and make exorbitant profits at the expense of Local 542.  Am. Cmplt. at ¶¶ 22-23.

The unfair and deceptive acts and practices which underlie the Defendants' scheme to price gouge and profiteer are detailed in Count I, alleging multiple violations of the Pennsylvania CPL.  *See* Am. Cmplt. Count I.  The details of such conduct are also woven throughout the Amended Complaint, as discussed above.

As alleged in Paragraph 167 of the Amended Complaint, Defendants engaged in the following unfair and deceptive acts or practices, which violate the aforesaid provisions of the UTPCPL:

> a.  By entering into the exclusive distribution arrangement described herein in 2007, and not disclosing the same to IUOE Local 542, Defendants engaged in deceptive acts and made misrepresentations to Plaintiff that impeded Plaintiff's efforts to contain costs for specialty drugs like Acthar, and then sending bills for Acthar which charged the artificially inflated prices which Defendants agreed amongst themselves to charge Plaintiff.  This caused at least a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval and/or certification of Acthar sold by Mallinckrodt, misrepresented the same, and/or constituted fraudulent or deceptive conduct which created a likelihood of confusion or a misunderstanding by Plaintiff.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b.   Defendants conspired and agreed to adopt the above-described ASAP program and the ASAP form (Exhibit "A" hereto) in 2007, and to maintain the Program and form through 2011-2015 (when Plaintiff paid for Acthar), in order to mislead and deceive IUOE Local 542 and its beneficiaries about Express Scripts' direct role as the "hub" of patient care as it concerns the medical conditions for which Acthar is indicated, and to bypass Plaintiff's efforts to contain and reduce costs for specialty drugs.

c.   Starting in July 2007, Mallinckrodt issued a misleading and deceptive announcement about its new distribution strategy, but the announcement failed to disclose that more than pharmacy distribution was being handed over to Express Scripts; all aspects of distribution, pricing and product sales were now being handled by Express Scripts, and its wholly-owned subsidiaries, as part of a "hub" of services for which Mallinckrodt contracted.

d.   Express Scripts made material misrepresentations and engaged in deception about its contractual relationships with Mallinckrodt and the real reasons for the exorbitant Acthar price increases between August 2007 and 2015.   In 2007, when asked directly about the huge price increase, Dr. Miller of Express Scripts' misled and deceived the public by claiming "[t]he increase was a manufacturing decision.  I can't comment on it."  In truth, it was a joint decision by Defendants, reflected in contracts between them.

e.   Express Script's Dr. Miller and Express Scripts remained silent about the truth about Acthar's "value" for years, so that Express Scripts could continue to charge false, misleading and excessive prices for Acthar to payors like Plaintiff.  In fact, it was not until the spring of 2017 – 6 years after Plaintiff made its first payment for Acthar—that Express Scripts admitted Acthar was not worth the price Express Scripts and Mallinckrodt were charging for it. That year, ESI's Senior Vice President of Supply Chain and Specialty Pharma, Everett Neville, stated, "I don't think [Acthar is] a very great [drug] – it's a pretty poor drug with a very limited need and certainly [ESI's Chief Medical Officer, Dr,] Steve[Miller] could comment."  Mr. Neville went on to say, "I think [Dr. Miller] and I both would agree, and I think everybody in our company would agree, that [Acthar] is vastly overpriced for the value.".   Mr. Neville stated that he "personally told [Mallinckrodt's] management team that their drug is hugely overpriced and that he "know[s] [Dr. Miller] has as well."  In the same public setting, Dr. Miller stated, "[i]f you look at the data, the indications for the drug are . . . in the compendium, it's listed under a lot of indications, its real use should be very, very limited.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

It's an old drug. There's better products in the marketplace and so we're going to continue to be very vigilant in our utilization management." These revelations came far too late to save Plaintiff from being overcharged for Acthar, and demonstrate that Defendants conspired and agreed to commit acts or practices in violation all of the above-described sub-sections of 73 Pa. Stat. Ann. §§201. For instance, Express Scripts misled Plaintiff and deceived Plaintiff about its approval of Acthar and the benefits of Acthar as a valuable specialty drug "worth" what it and Mallinckrodt were charging, in relation to other drugs and treatments (in violation of subsections (ii), (v), (vii), (viii)).

f.      Defendants misled and deceived IUOE Local 542 and the public about their direct relationship, their joint decision to raise the prices of Acthar, and the lack of value of Acthar for the prices being charged, in order to intentionally and deceptively charge false, misleading and excessive prices for Acthar, during the period between 2007 (when they entered into their exclusive distribution arrangement), through 2013 (when Mallinckrodt acquired Synacthen in 2013 and Express Scripts did nothing about it), and up to at least 2017 when Express Scripts began to tell the truth. Express Scripts then offered discounts off the inflated prices of Acthar which were far less than the discounts offered for either brands or generics, while failing to disclose the truth about the pricing disparity for Acthar (even with the discounts), thereby misleading Plaintiff as to the reasons for, existence of, or amounts of the Acthar price reductions, in violation of sub-section (xi).

g.      Defendants acts or practices, including the failures to act and to speak the truth in the face of false, misleading and deceptive statements about Acthar's pricing, distribution and value, constitute "other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding, in violation of sub-section (xxi).

Am. Cmplt ¶167.

Plaintiff's Amended Complaint contains detailed, non-conclusory averments of fact concerning Defendants' unfair, deceptive and fraudulent conduct, which appear throughout the Amended Complaint. *See* Amended Complaint at ¶¶ 6 ("concealing from IUOE Local 542 the true costs for Acthar through undisclosed, direct contractual agreements between Mallinckrodt

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and Express Scripts…, charging inflated prices for Acthar, and collecting the money from Plaintiff for such prices…"), 48-75 (describing the "new strategy" to deceive), 83 (deceptively listing Acthar as "available at participating pharmacies"), 97-106 (describing the "manufacturing decision" to "vastly overprice[]" Acthar based on fraudulent and deceptive claims of "value"), 107-113 (fraudulent and deceptive scheme to acquire Synacthen to prevent competition in ACTH market and raise the prices for Acthar), 166-175.

Mallinckrodt argues its conduct is "ordinary business practices".

It is not an *ordinary business practice* to raise the prices of 65-year-old orphan drug 1,000s of percents, from $40 to $40,000. *See* Amended Complaint at ¶¶ 93, 96, 153, 156, 160. Ordinary businesses in America do not have that power, unless they cheat.

It is not an *ordinary business practice* for a one-product company like Questcor to enter into an exclusive distribution agreement with the largest payor representative in the country, and then raise the prices for that lone product to exorbitant levels without the same largest payor representative pushing back against such price increases for the benefit of their contracted payor clients. *See* Amended Complaint at ¶¶50-77, 81-83, 93, 97-106, 161. It was far from ordinary for Questor to embark on a "new strategy" six years after acquiring Acthar, a strategy that involve direct sales and marketing and sales to patients and doctors the ASAP Program, and directly marketing to patients and doctors using the Acthar Start Form to bypass payment protections Local 542 had put in place with Express Scripts to save money on high priced drugs. Amended Complaint ¶¶ 8, 35, 47-75, and Exhibit "A" to Amended Complaint (Acthar Start Form).

The Court must wonder why Mallinckrodt takes the time to complain about the fact Local 542 was not permitted by Express Scripts' claims of confidentiality to attach its contract with

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Express Scripts to the Amended Complaint,[6] for purposes of its breach of contract claims against Express Scripts but <u>not</u> Mallinckrodt, but Mallinckrodt makes no mention of the Acthar Start Form – its own form – attached as Exhibit "A" to the Am. Cmplt. which forms the basis of Plaintiff's UTPCPL claims against it.

It is not an *ordinary business practice* for a company to be sued by its competitor, and then settle for nearly the same amount of money the competitor would have *paid* for a competitive product. *See* Amended Complaint at ¶¶111, 126,141-142, 143-147.

*Ordinary* businesses are not prosecuted by the federal government, but then choose to settle [rather than defend themselves and fight], paying $100 million for conduct they supposedly did not commit. *See* Am. Cmplt. at ¶¶114-125, 145-147, 152-165.

Plaintiff specifically denies that "Defendants publically disclosed the existence" of their unlawful conduct, as Mallinckrodt contends contrary to the well-pleaded allegations of the Amended Complaint. *See* Am. Cmplt. at ¶¶6, 9, 50, 111, 183, 192-201.

Both Defendants argue Plaintiff fails to plead reliance and causation.  Not so.  Plaintiff alleges both reliance and causation, as required where required.  *See* Am. Cmplt. at ¶¶ 10-11, 180-182, 186-187, 189-191, 230.

Mallinckrodt also makes the baseless legal argument the Local 542 does not have standing to sue under the UTPCPL.  Mallinckrodt ignores the fact the UTPCPL defines a

---

[6] As discussed below, in response to Mallinckrodt's "Preliminary Objection pursuant to PA.R.Civ.Proc. 1028(a)(2) (at paragraphs 55 – 58 below), in Plaintiff's response to the Preliminary Objections filed by Express Scripts, Plaintiff attaches the communications of its counsel with counsel for Express Scripts as to the issue of the contract.  This Court will see the problem Express Scripts has created, wanting the supposed confidential contract filed of record in the absence of a protective order, which the parties have negotiated in the federal court case. The matter will have to be resolved by the Court on motions practice.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

"person" as including entities like Local 542, and that Pennsylvania courts have long held that union funds have standing to sue drug companies under the UTPCPL.

The term "person" is defined by the UTPCPL as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities." 73 Pa. Stat. § 201-2(2).

In a case involving multiple union funds suing Pennsylvania-based Cephalon for its drug Actiq, the Eastern District of Pennsylvania court wrote on this subject as follows:

> As discussed in *Am. Fed'n of State County and Mun. Employees v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-cv-5904, 2010 U.S. Dist. LEXIS 23181, 2010 WL 891150, *3-4 (E.D. Pa. 2010) ("AFSCME"), Pennsylvania courts have taken a longstanding position of validating third party payor claims against drug manufacturers under the UTPCPL:
>
> "Pennsylvania courts, however, have long recognized the ability of third-party trusts and associations to assert UTPCPL claims on behalf of their constituent members based on the statute's broad definition of 'person.' Section 201-9.2(a) of the UTPCPL permits a private action for the recovery of damages for '[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money ... as a result of ... [any] act or practice declared unlawful by this act ....' The UTPCPL defines "person" as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities." In addition, the 'purpose' requirement of § 201-9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it. Furthermore, the court determined that because third party payors purchased the prescription drug in question on behalf of their members, and such drugs were purchased for personal, family and household use, plaintiff payors had the right to bring their claims under the UTPCPL."

*AFSCME v. Cephalon, Inc. (In re Actiq Sales & Mktg. Practices Litig.)*, 790 F.Supp. 2d 313, 326-327 (E.D.Pa. 2011)(citations omitted).

Undersigned counsel for Local 542 successfully prosecuted the UTPCPL claims of self-funded Commonwealth entities who reimbursed the prescription drugs of their beneficiaries all the way through trial. In 2005, the Commonwealth Court agreed that third party payors have

standing to sue under the UTPCPL.  *See Com. v. TAP Pharm. Indus. Ltd., et. al.*, 885 A.2d 1127, 1142-42 (Pa. Cmwlth. 2005).  Mallinckrodt fails to mention or discuss this binding precedent.

**B.      No Antitrust Claim is Pled.**

Local 542 specifically denies that it seeks to bring any antitrust claim in this lawsuit, as charged by Defendants.  In fact, the language Mallinckrodt quotes from paragraph 112 of the Amended Complaint – relating to Mallinckrodt's ability to "maintain and enhance its monopoly power" by its acquisition of Synacthen – was directly alleged and proven by the Federal Trade Commission ("FTC") in its Complaint filed against Mallinckrodt, as described at Am. Cmplt. ¶¶ 114-125.  *See* FTC Complaint at Exhibit "C" to the Am. Cmplt.  Mallinckrodt chose to settle these charges of antitrust, rather than fight them.  Am. Cmplt. ¶¶ 152-165.  But the fact that Mallinckrodt was prosecuted for antitrust by the FTC, and chose to settle, does not change the fact that Plaintiff here seeks to hold Mallinckrodt accountable for its unfair and deceptive conduct under Pennsylvania law, as described at Am. Cmplt. ¶¶ 126-132, and elsewhere.

Consistent with its theme of trying to re-caste this case as an antitrust action, Mallinckrodt cites two antitrust cases which are inapposite to the case at bar, because they unsuccessfully sought to establish antitrust conduct as "unfair and deceptive" under the UTPCPL.  *See In re Niaspan Antitrust Litig.*, 42 F.Supp. 3d 735 (E.D.Pa. 2014) and *In re Lidoderm Antitrust Litig.*, 103 F.Supp. 3d 1155 (N.D.Cal. 2015).  These cases are inapposite.

It is noteworthy that nowhere does Plaintiff allege any claim for antitrust, under either federal law or Pennsylvania common law.  *Cf. XF Enterprises, Inc. v. BASF Corp.*, 47 Pa. D&C 4th 147, 150 (Pa. Com. Pl. Phila. Cty. 2000)(granting defense preliminary objections as to claim for violations of Pennsylvania antitrust laws). It is specifically denied that Plaintiff "copied …

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

allegations of a federal antitrust and RICO class action" pending in federal court.  Obviously, since Local 542 suffered injuries due to the Mallinckrodt's same conduct which caused injury to other payors throughout the country, including the City of Rockford in the federal action, there is necessarily factual overlap in the statement of the claims against Mallinckrodt.  However, Plaintiff's well-pleaded Amended Complaint makes no claim for antitrust or RICO, as the plaintiffs in federal court allege.  Plaintiff's claims here are brought exclusively under Pennsylvania state law.

Mallinckrodt's attempt to re-caste Plaintiff's well-pleaded Amended Complaint here should be rejected.  *See County of Allegheny v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402 (1985)("A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief.  For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, materials, relevant facts.")(citations omitted).

Mallinckrodt continues to erroneously label this case as "antitrust" in order to pigeon-hole it into favorable, but inapposite, antitrust jurisprudence.  The purported "antitrust buzzwords" that Mallinckrodt seized upon in its original Preliminary Objections have been removed.  With such removal, Mallinckrodt has no colorable basis to continue to argue that Plaintiff's Amended Complaint claims antitrust.  *See Tagliaterra v. State Police*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 878 (Ct. Com. Pl. Northampton Cty. June 30, 2010) at * 20 ("Defendants could only have supposed that an amended pleading was likely to be filed at some point, [so] Defendants cannot fairly complain that they are either surprised or prejudiced by the elimination of claims against them.")  It's time to focus on what this case is about; not what Mallinckrodt wants it to be about.  The Preliminary Objections premised on this argument should be denied.

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**II.    Plaintiff's Negligent Misrepresentation Claim Is Adequately Pled and Express Scripts' Objections Should Be Overruled.**

The elements of misrepresentation or fraud are: (1) a misrepresentation; (2) that is made knowingly, or if innocently made relates to a matter material to the transaction; (3) where the maker of the misrepresentation intended that the recipient will be induced to act by virtue of the misrepresentation; (4) the recipient justifiably relied upon the misrepresentation; and (5) damage to the recipient is the proximate result. *Gibbs v. Ernst*, 538 Pa. 193, 207-8, 647 A.2d 882, 889 (1994) (citing *W. Page Keating, Prosser and Deaton on the Law of Torts* § 105 (5th ed. 1984)).

The requirements for pleading a claim for negligent misrepresentation under Pennsylvania law have been satisfied.  *See* Am. Cmplt. Count II; *see also, Com. v. TAP*, 36 A.3d 1197, 1277 (Pa. Cmwlth. 2011), *vacated and remanded on other grounds*, 626 Pa. 25, 94 A.3d 364 (2014)(noting that "the application of this Section [552 of the Restatement], within the drug-pricing context, appears to be an issue of first impression in Pennsylvania", but holding that it applies to claims of a third-party payor, like Local 542, against a prescription drug company, like Mallinckrodt).

In making the blanket statement that Plaintiff's Count II "fails to allege facts establishing that Mallinckrodt made a negligent misrepresentation", Mallinckrodt's Preliminary Objection is strikingly similar to the one rejected by the Commonwealth Court in *Koken v. Steinberg*, 825 A.2d 723, 731 (Pa. Cmwlth. 2003), wherein the objecting defendant "cynically ignores fifty previous paragraphs of the Complaint that exhaustively detail the elements necessary to constitute fraudulent misrepresentation", as defined by the Supreme Court in *Porreco v. Porreco*, 571 Pa. 61, 811 A.2d 566, 570 (2002).  Here, Count II of the Amended Complaint is preceded by *more than* 50 paragraphs detailing Mallinckrodt's fraudulent misrepresentations about the value of its Acthar at the high prices charged, through the ASAP Program and otherwise.

17

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Among other things, Plaintiff alleges that Defendants misrepresented the "average wholesale prices" of Acthar. *See, e.g*, Am. Complt. ¶¶ 22 ("IUOE paid the listed amounts based on the Average Wholes Price ("AWP") as established by Defendants), 82 (contract "rates have been determined by ESI to be based on the "average wholesale price" or AWP for the drugs), 83 ("This exclusive arrangement has caused the AWP-based prices for Acthar to increase each year, including at the exorbitant amounts described herein"), 84 ("Defendants have agreed to additional Acthar prices increases leading to the inflated prices paid by Plaintiff form 2011-2015"), 86 (Express Scripts "conspired and agreed with Mallinckrodt to raise the AWP in 2007"), 179 ("in setting the AWP-based prices for Acthar ... Defendants made material misrepresentations.... Defendants called these prices 'average wholesale prices [] when they knew they were not").

The Commonwealth Court has held such a claim is viable. *See generally, Com. v. TAP Pharm. Indus. Ltd., et. al.*, 885 A.2d 1127, 1138 (Pa. Cmwlth. 2005)(denying preliminary objections and holding "the Amended Complaint does aver that, in reporting the AWPs to the publishing compendia, the Defendants were making representations that these figures reflected real, fact-based average wholesale prices. Further evidentiary exploration may show that the medical community and others who rely upon the published AWP have a reasonable expectation that the AWP represents a figure close to a real average wholesale price that the publisher prints with only the expectation of such being the case. Accordingly, contrary to the Defendants' characterization of the AWP being a case of non-disclosure, we believe the Amended Complaint could very well establish this as a case of disclosure rather than non-disclosure, with the former not requiring the Commonwealth to establish that the Defendants had a duty to

18

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

disclose the true nature of the published AWP. Accordingly, we need not address the Defendants' arguments that the Commonwealth failed to aver necessary facts showing a duty to disclose.")

Defendants are wrong that economic loss doctrine bars Plaintiff's claim.  The economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts.  *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", quoting *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

## III.    Plaintiff's Aiding and Abetting/Conspiracy Claim Is Adequately Pled and Express Scripts' Objections Should Be Overruled.

"Civil conspiracy occurs when two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means." *Brown v. Blaine*, 833 A.2d 1166, 1173, n.16 (Pa. Cmwlth. 2003).  A party asserting such a claim is required to aver "material facts which will either directly or inferentially establish elements of conspiracy." *Id.* at 1173.  The Court in *Brown* noted that, in addition to alleging the combination above, a plaintiff must allege facts supporting a claim for conspiracy, namely that (1) the persons combine with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose, (2) that an overt act in furtherance of the common purpose has occurred, and (3) the plaintiff has incurred actual legal damage. *Id.* at 1173, n.16 (citing *McKeeman v. Corestates Bank, N.A.*, 2000 PA Super 117, 751 A.2d 655 (Pa. Super. 2000)).

Defendants' completely misapprehend this claim.  Aiding and abetting allows Plaintiff to hold Defendants liable "for harm caused to [Local 542] arising from the tortuous conduct of another."   In this case, the "other" is Express Scripts, in the case of Mallinckrodt, and Mallinckrodt,  in  the  case  of  Express  Scripts.    Express  Scripts  includes  all  its  subsidiary

19

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

companies, UBC, Curascript and/or Accredo.   Mallinckrodt is an alleged co-conspirator with *these* companies for *their* unlawful conduct, not "an underlying tortuous act … by Mallinckrodt", as alleged.

In citing the *Cummins* case, Mallinckrodt conceded that the torts of concert of action and aiding and abetting – being based on the Restatement – relate to the wrongful conduct of another. Yet Mallinckrodt erroneously argues about a claimed lack of wrongful conduct *on its part*, as opposed to Express Scripts.  *See Cummins v. Firestone Tire & Rubber Co.*, 344 Pa. Super. 9, 21, 495 A.2d 963, 969 (1985)(describing the standards for aiding and abetting as set forth in §876 of the Restatement (Second) of Torts).  Aiding and abetting is properly pleaded where, as here, Mallinckrodt is alleged to have given substantial assistance to Express Scripts and its subsidiary companies in the tortuous breach of their duties to Local 542.

Plaintiff alleges facts sufficient to support claims for multiple violations of the UTPCPL (Count I) and negligent misrepresentation (Count II) as against both Mallinckrodt and Express Scripts, either of which is sufficient to support a claim against the other for aiding and abetting. Because Defendants do not allege or prove otherwise in its Preliminary Objections, their objections fail as a matter of law.

**IV.  Plaintiff's Unjust Enrichment Claim Is Adequately Pled and Express Scripts' Objections Should Be Overruled.**

Unjust Enrichment is an equitable doctrine.  *Styer v. Hugo*, 422 Pa. Super. 262, 619 A.2d 347 (Pa. Super. 1993), affirmed, 535 Pa. 610, 637 A.2d 276 (1994).  Under the doctrine, the law implies that a contract exists when a party is found to have been unjustly enriched; the doctrine requires the offending party to pay the plaintiff the value of the benefit he has conferred on the defendant.  *Mitchell v. Moore*, 1999 PA Super 77, 729 A.2d 1200 (Pa. Super. 1999), petition for allowance of appeal denied, [**19] 561 Pa. 698, 751 A.2d 192 (2000).  A party alleging that a

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

defendant has been unjustly enriched must establish the following: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. *Styler*, 619 A.2d at 350. Further, a defendant need not have accepted and appreciated the benefit intentionally; instead, the focus remains on the question of whether the defendant has been unjustly enriched. *Torchia v. Torchia*, 346 Pa. Super. 229, 499 A.2d 581 (Pa. Super. 1985). Additionally, the plaintiff bears the burden of establishing either that the defendant wrongfully secured the benefit or passively received a benefit that it would be unconscionable to retain. *Id*.

However, while it is not inappropriate for a Defendant to get a case dismissed via Preliminary Objections "out of the starting gate", the theory that unjust enrichment is not available when there is a "contract" is "premature and that theory "must wait a full development of the facts." *Green v. Pnc Fin. Servs. Grp.*, No. GD 13-020135, 2014 Pa. Dist. & Cnty. Dec. LEXIS 14024, at *4 (C.P. Allegheny Feb. 28, 2014).

Plaintiff expressly avers that it provided benefits directly to Mallinckrodt, by and through its exclusive agent, Express Scripts. Am. Cmplt. at ¶¶6, 73, 206-208, 214-216. Plaintiff also alleges that retention of such exorbitant payments for Acthar would be unjust, in light of the lack of value for the medication and the unconscionable price increase from $40 in 2001 to over $40,000 today. Am. Cmplt. at ¶¶ 6, 11, 41, 45, 92, 153, 202-211.

Furthermore, Local 542 received Acthar directly from Mallinckrodt via its direct distribution arrangement with Plaintiff's PBM, Express Scripts. Am. Cmplt. at ¶¶ 21, 25, 48, 52-55, 59. Mallinckrodt directly communicated with Local 542 beneficiaries about their receipt and use of Acthar through both the ASAP Program and the Acthar Start Form. Am. Cmplt. at ¶¶ 25,

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

52, 55, 70-72 and Exhibit "A".  Indeed, Mallinckrodt required Local 542 beneficiaries to sign its Acthar Start Form, authorizing the payments for Acthar Local 542 ultimately made. Mallinckrodt has no basis for its factual assertion that Local 542 "is an indirect purchaser." Strict proof thereof is required.

Thus, Plaintiff's Amended Complaint at Count IV states a claim for unjust enrichment against Mallinckrodt.

### A.      Declaratory or Injunctive Relief Claim

Defendants' Preliminary Objection claims Plaintiff cannot recover for alleged future harm.  But, Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar.  Such claim is cognizable under Pennsylvania law.  "[A]n injunction can issue to restrain conduct based on prior unlawful conduct".  *Commonwealth v. TAP Pharm. Prods.*, 36 A.3d 1112, 1172 (Pa. Cmwlth. 2011).  Thus, the objection should be denied.

### B.      The Breach of Contract Claim

Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  As such, ESI admits that it "agreed with Mallinckrodt to inflate the AWPs for Acthar in violation of the letter and spirit of the contract" and (2) "diverted monies from Plaintiff that should have been paid as rebates." Am. Complt. at ¶223. Contrary to Express Scripts' claim, Plaintiff did allege it received less than it was entitled to in rebates.  *See* Am. Cmplt. at ¶¶ 87-89, 223, 236.The breach of contract claim should proceed.

### C.      The Promissory Estoppel Claim

Paragraph 229 alleged Express Scripts' failure to fulfill its representations and promises, express and implied.  Express Scripts did "accept the factual allegations in the Amended

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3. As such, it accepts: (a) all promises it made under the ESI PBM Agreement; (b) that Plaintiff relied on those promises to its detriment; (c). It is denied that Plaintiff's claim is limited, as Express Scripts suggests. The Preliminary Objection should be denied.

### D.      Breach of the Implied Covenant Claim

The covenant of good faith and fair dealing is implied in every contract at law in Pennsylvania. Express Scripts contends otherwise. Pennsylvania law implies a duty of good faith and fair dealing in all contracts at law. *See Toy v. Metro. Life Ins. Co.,* 593 Pa. 20, 37, 928 A.2d 186, 197 (2007)(the implied covenant of good faith and fair dealing "is part of every contract, and which provides that neither party to a contract will do anything to injure the right of the other to receive the benefits of their agreement."). The Preliminary Objection should be denied.

### E.      The Declaratory and Injunctive Relief Claim

Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar. Such claim is cognizable under Pennsylvania law. Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar. Such claim is cognizable under Pennsylvania law. "[A]n injunction can issue to restrain conduct based on prior unlawful conduct". *Commonwealth v. TAP Pharm. Prods.,* 36 A.3d 1112, 1172 (Pa. Cmwlth. 2011).

### V.      Preliminary Objections Pursuant to Pa. R. Civ. P. 1028(A)(2) for Failure to Conform to a Rule Of Court

Mallinckrodt fails to demonstrate how the Plaintiff's breach of contract claim against Express Scripts, Mallinckrodt's co-defendant but a separate party represented by separate counsel, relates to it for purpose of its Preliminary Objection for the alleged failure to attached

23

Case# 2018-14059-84 Docketed at Montgomery County Prothonotary on 10/10/2018 9:40 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the Express Scripts contract to the Amended Complaint.  As a result, Mallinckrodt has no standing to assert a preliminary objection under Rule 1028(a)(2) for Plaintiff's alleged failure to comply with Pa.R.Civ.Proc. 1019(i) and this Preliminary Objection should be denied.

As for Express Scripts' claim, Express Scripts misleads this Court by failing to acknowledge that Plaintiff conferred with Express Scripts through respective counsel and could not agree on how to attach contracts that Express Scripts repeatedly deems "confidential" and demands be presented to this Court "under seal." *Ex. A.*

## CONCLUSION

Plaintiff IUOE Local 542 respectfully request this Court deny the Defendants' Preliminary Objections to Plaintiff's Amended Complaint.

Respectfully submitted,

Dated:  October 9, 2018

By:  *s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
Christina M. Philipp
*philipp@havilandhughes.com*
Haviland Hughes
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:    (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

24