Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 542

                        :

VS.                :     NO.   2018-14059

                        :

MALLINCKRODT ARD, INC., et al.   :

## COVER SHEET OF RESPONDENT

Date of Filing   __10/9/2018__     Respondent  __Plaintiff, IUOE Local 542__

Counsel for Respondent   __Donald E. Haviland, Jr., Esq.__    I.D. No. __66615__

Document Filed (Specify)  Plaintiff's Opposition to the Preliminary Objections of Express Scripts, Inc.'s, Curascript, Inc.'s, Curascript SD's, Accredo Health Group, Inc.'s and United Biosource Corporation to Plaintiff's Amended Complaint

**RULE RETURN DATE of Related Motion** _____

Matter is (Check One)    __X__  (Appealable)  _____ (Interlocutory)

Oral Argument    __X__  (Yes)  _____ (No)

------------------------------------------------------------------------------------------

Respondent Requires (Specify Reason Only if Interlocutory) :

_____ DISCOVERY    _____

                            _____

                            _____

                            _____

07/26/04

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

<table>
<tr><td>

**INTERNATIONAL UNION OF**
**OPERATING ENGINEERS LOCAL 542**

Plaintiff,

v.

**MALLINCKRODT ARD, INC.,** *et al.*

Defendants.

</td><td>

Civil Action No. 2018-14059

</td></tr>
</table>

## *[PROPOSED]* ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of

Defendants Express Scripts Holding Company's, Express Scripts, Inc.'s, CuraScript, Inc.'s,

CuraScript SD's, Accredo Health Group, Inc.'s and United BioSource Corporation's

(collectively "Express Scripts") Preliminary Objections to Plaintiff's Amended Complaint and

Plaintiff's response thereto, it is hereby ORDERED and DECREED that the Express Scripts'

Preliminary Objections are OVERRULED.

BY THE COURT:

_____
J.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
Christina M. Philipp, Esquire (PA I.D. #92804)
*philipp@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

## IN THE COURT OF COMMON PLEAS
## FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

**PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542'S OPPOSITION TO THE PRELIMINARY OBJECTIONS OF DEFENDANTS EXPRESS SCRIPTS HOLDING COMPANY'S, EXPRESS SCRIPTS, INC.'S, CURASCRIPT, INC.'S, CURASCRIPT SD'S, ACCREDO HEALTH GROUP, INC.'S AND UNITED BIOSOURCE CORPORATION'S PRELIMINARY OBJECTIONS TO THE AMENDED COMPLAINT**

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiff, International Union of Operating Engineers Local 542 (*"Plaintiff"* or *"Local 542"*), by and through their undersigned counsel, hereby files this response in Opposition to Defendants Express Scripts Holding Company's (*"ESHC"*), Express Scripts, Inc.'s (*"ESI"*), CuraScript, Inc.'s, CuraScript SD's, Accredo Health Group, Inc.'s (*"Accredo"*) and United BioSource Corporation's (*"UBC"*) (the movants are collectively referred to as *"Express Scripts"*) jointly filed Preliminary Objections (the *"POs"*).

## I. FACTUAL ALLEGATIONS

### A. Mallinckrodt's[1] Monopoly

1. Admitted in part, denied in part. Paragraphs 2, 3, 24, 46, 42 and 47 of the Amended Complaint are admitted as pled and as a matter of law. The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein. Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion. As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs. In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

2. Admitted in part, denied in part. Paragraphs 2, 122, and 123 of the Amended Complaint are admitted as pled and as a matter of law. The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the

---

[1] Defendants Mallinckrodt ARD, Inc. and Mallinckrodt plc are collectively referred to herein as "Mallinckrodt".

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

allegations cited therein.  Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion.  As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs.  In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

3. Admitted in part, denied in part.  Paragraphs 112, 109 and 142 of the Amended Complaint are admitted as pled and as a matter of law.  The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein.  Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion.  As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs.  In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

4. Admitted in part, denied in part.  Paragraph 152 of the Amended Complaint is admitted as pled and as a matter of law.  The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein.  Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion.  As a matter of law, all of

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs. In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

5.     Admitted in part, denied in part. Paragraphs 118, 117 and 92-96 of the Amended Complaint are admitted as pled and as a matter of law. The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein. Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion. As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs. In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

**B.     The Acthar Distribution Services Provided by CuraScript SD, Accredo, and UBC.**

6.     Admitted in part, denied in part. Paragraphs 50, 74 and Figure 2 of the Amended Complaint are admitted as pled and as a matter of law. The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein. Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion. As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs. In fact, Express Scripts did "accept the factual

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

7.    Admitted in part, denied in part.  Paragraphs 70, 53, 54 and 55 of the Amended Complaint are admitted as pled and as a matter of law.  The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein.  Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion.  As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs.  In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

## C.    ESI is Plaintiff's Pharmacy Benefit Manager

8.    Admitted in part, denied in part.  Paragraphs 78 and 79 of the Amended Complaint are admitted as pled and as a matter of law.  The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein.  Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion.  As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs.  In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9.      Admitted in part, denied in part.  Paragraphs 84, 70 and 83 of the Amended Complaint are admitted as pled and as a matter of law.  The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein.  Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion.  As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs.  In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

10.      Admitted.  Specifically, it is admitted that Express Scripts executives have state publicly that Acthar is not worth what Express Scripts is charging Local 542 for it. *E.g.*, Am. Cmplt. at ¶¶ 97-106.

11.      Admitted in part, denied in part.  Paragraphs 97 and 100 of the Amended Complaint are admitted as pled and as a matter of law.  The remainder of this paragraph is denied to the extent that Express Scripts attempts to characterize or mischaracterize the allegations cited therein.  Any characterization of these allegations that is inconsistent with the claims contained in the entirety of the Amended Complaint are denied as those allegations shall not be admitted when referenced by Express Scripts incompletely or in a piecemeal fashion.  As a matter of law, all of the factual allegations in the Amended Complaint shall be deemed admitted for the purposes of denying the POs.  In fact, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## II.    PRELIMINARY OBJECTIONS – DEMURRER

### Plaintiff's claims Against the Express Scripts Entities are Sufficient

12.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

13.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

### A.    The UTPCPL Claim

14.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

It is denied that Plaintiff's UTPCPL claim fails as a matter of law or otherwise.  It is noteworthy that Express Scripts did "accept the factual allegations in the Amended Complaint as true" (*see Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3).

15.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

It is denied that Plaintiff's UTPCPL claim fails as a matter of law or otherwise.  It is noteworthy that Express Scripts did "accept the factual allegations in the Amended Complaint as true" (*see Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3).

### i.    Express Scripts Violated the UTPCPL.

16.    Admitted in part, denied in part.  It is admitted that Express Scripts committed both unfair and deceptive acts in violation of the UTPCPL, as detailed throughout the Amended Complaint.

Any legal conclusion to the contrary is a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The allegations of footnote 6 are denied.

Any references to the previously filed and now amended Complaint are not the subject of Express Scripts' Preliminary Objections and are denied, specifically those set forth in Express Scripts' footnote 6, as both the Complaint and previously filed Preliminary Objections are irrelevant and moot.  *See, e.g., Allegheny Inst. Taxpayers Coalition v. Allegheny Reg'l Asset Dist.*, 556 Pa. 102, 113, 727 A.2d 113, 119, n. 1 (1999)("If the amendment [of the complaint] removes all of which the defendant has complained, the preliminary objections should be withdrawn or dismissed by the court.")(brackets in original).[2]  To the extent Express Scripts seeks to argue about the purported meaning of Plaintiff's original pleading in relation to the amended pleading, such argument must be rejected as the only operative pleading in this case is the Amended Complaint.  *See, e.g., Brooks v. B&R Touring Co.*, 2007 Pa. Super. 387, 939 A.2d 398 (2007)("filing of an amended complaint constitutes 'virtually a withdrawal of the first'")(*quoting Reichert v. TRW, Inc., Cutting Tools Div.*, 531 Pa. 193, 611 A.2d 1191, 1194 (1992)).

Express Scripts' attempt to re-caste Plaintiff's well-pleaded Amended Complaint here should be rejected.  *See County of Allegheny v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402 (1985)("A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief.  For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, materials, relevant facts.")(citations omitted).

---

[2] In the event finds that any of Express Scripts' Preliminary Objections should be sustained, leave to amend the Amended Complaint should be granted to address the Court's concerns.  *See, e.g., Com. of Pa. Game Comm'n v. Hilliard*, 3 Pa. Cmwlth. 560, 562, 484 A.2d 326, 327 (1971)(allowing further amendment to amended complaint after preliminary objections granted).

It is specifically denied that Plaintiff seeks to bring any antitrust claim in this lawsuit, as charged by Mallinckrodt in its separate Preliminary Objections. The allegations of antitrust come from the allegations directly alleged and proven by the Federal Trade Commission ("FTC") in its Complaint filed against Mallinckrodt, as described at Amended Complaint ¶¶ 114-125. *See* FTC Complaint at Exhibit "C" to the Am Cmplt. Mallinckrodt chose to settle these charges of antitrust, rather than fight them. Amended Complaint ¶¶ 152-165. But the fact that Mallinckrodt was prosecuted for antitrust by the FTC, and chose to settle, does not change the fact that Plaintiff here seeks to hold Mallinckrodt and Express Scripts accountable for their unfair and deceptive conduct under Pennsylvania law, as described at Amended Complaint ¶¶ 126-132, and elsewhere.

With the removal and allegations of antitrust, what Express Scripts "repackaged", Express Scripts has no colorable basis to continue to argue that Plaintiff's Amended Complaint claims antitrust. *See Tagliaterra v. State Police*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 878 (Ct. Com. Pl. Northampton Cty. June 30, 2010) at * 20 ("Defendants could only have supposed that an amended pleading was likely to be filed at some point, [so] Defendants cannot fairly complain that they are either surprised or prejudiced by the elimination of claims against them.")

17.     Admitted. Paragraph 169 of the Amended Complaint is admitted as pled and as a matter of law. Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

Therefore, Express Scripts cannot deny now, *inter alia*, that Defendants did all of the following acts or practices in violation of the UTPCPL:

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a.      sent "bills for Acthar which charged the artificially inflated prices which Defendants agreed amongst themselves to charge Plaintiff" Am. Complt. at Paragraph 169(a)—admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

b.      Express Scripts "conspired and agreed to adopt the above-described ASAP program and the ASAP form (Exhibit "A" to the Am. Cmplt.) in 2007, and to maintain the Program and form through 2011-2015 (when Plaintiff paid for Acthar), in order to mislead and deceive IUOE Local 542 and its beneficiaries about Express Scripts' direct role as the "hub" of patient care as it concerns the medical conditions for which Acthar is indicated, and to bypass Plaintiff's efforts to contain and reduce costs for specialty drugs." Am. Complt at Paragraph 169(b)—admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

c.      "Starting in July 2007, Mallinckrodt issued a misleading and deceptive announcement about its new distribution strategy". Am. Complt at Paragraph 169(c)—admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3;

d.      In 2007, when asked directly about the huge price increase, Express Scripts misled and deceived the public by claiming "[t]he increase was a manufacturing decision. I can't comment on it." Am. Complt at Paragraph 169(d)—admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3 and

e.      Express Scripts misled and deceived Plaintiff "about their direct relationship, their joint decision to raise the prices of Acthar, and the lack of value of Acthar for the prices being charged, in order to intentionally and deceptively charge false, misleading and

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

excessive prices for Acthar, during the period between 2007 (when they entered into their exclusive distribution arrangement), through 2013 (when Mallinckrodt acquired Synacthen in 2013 and Express Scripts did nothing about it), and up to at least 2017 when Express Scripts began to tell the truth.  Express Scripts then offered discounts off the inflated prices of Acthar which were far less than the discounts offered for either brands or generics, while failing to disclose the truth about the pricing disparity for Acthar (even with the discounts), thereby misleading Plaintiff as to the reasons for, existence of, or amounts of the Acthar price reductions".  Am. Complt at Paragraph 169(f)—admitted by Express Scripts.  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

18.     Denied.  This is a complete and utter mischaracterization of the facts pled in the Amended Complaint.  This Court shall not accept any of Express Scripts' "legal conclusions, unwarranted inferences from facts, opinions, or argumentative allegations." *Werner v. Plater-Zyberk*, 2002 PA Super 42, ¶ 6, 799 A.2d 776, 782-83 (citing *Wiernik  v. PHH U.S. Mortgage Corp.*, 1999 PA Super 193, 736 A.2d 616, 619 (Pa. Super. 1999), appeal denied, 561 Pa. 700, 751 A.2d 193 (2000)), which is exactly what this allegation contains.

19.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

The claim is denied in its entirety because the Amended Complaint, which Express Scripts admits to for purposes of its own Preliminary Objections, contains numerous unfair and deceptive acts in support of Plaintiff's UTPCPL claims.  Any suggestion that the Amended Complaint—which Express Scripts accepts as true in its entirety—does not allege "specific deceptive acts" is ludicrous and contrary to the well-pleaded Amended Complaint, including provisions cited by Express Scripts.  This Court shall not accept any of Express Scripts' "legal

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

conclusions, unwarranted inferences from facts, opinions, or argumentative allegations." *Werner v. Plater-Zyberk*, 2002 PA Super 42, ¶ 6, 799 A.2d 776, 782-83 (citing *Wiernik v. PHH U.S. Mortgage Corp.*, 1999 PA Super 193, 736 A.2d 616, 619 (Pa. Super. 1999), appeal denied, 561 Pa. 700, 751 A.2d 193 (2000)), which is exactly what this allegation contains.

20.     Denied in its entirety as a legal conclusion to which no response is required, but also because the Amended Complaint which Express Scripts admits to for purposes of its own POs contains numerous deceptive acts in support of Plaintiff's UTPCPL claims.  Any suggestion that the Amended Complaint—which Express Scripts accepts as true in its entirety—does not allege "specific deceptive acts" is ludicrous and contrary to the Amended Complaint, including provisions cited by Express Scripts.  This Court shall not accept any of Express Scripts' "legal conclusions, unwarranted inferences from facts, opinions, or argumentative allegations." *Werner v. Plater-Zyberk*, 2002 PA Super 42, ¶ 6, 799 A.2d 776, 782-83 (citing *Wiernik v. PHH U.S. Mortgage Corp.*, 1999 PA Super 193, 736 A.2d 616, 619 (Pa. Super. 1999), appeal denied, 561 Pa. 700, 751 A.2d 193 (2000)), which is exactly what this allegation contains.

21.     Denied.  The allegations of the Amended Complaint make clear that the relationship between the three separate businesses within Express Scripts were concealed insofar as they all were directly involved in the marketing, distribution, pricing and sales of Acthar. Am. Cmplt. at ¶¶ 24-39, 48-77.

22.     Admitted.  Paragraph 169 of the Amended Complaint is admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

Therefore, Express Scripts cannot deny now that it, *inter alia*:

11

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

    a.     sent "bills for Acthar which charged the artificially inflated prices which Defendants agreed amongst themselves to charge Plaintiff" Am. Complt at Paragraph 169(a)— admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

    b.     Express Scripts "conspired and agreed to adopt the above-described ASAP program and the ASAP form (Exhibit "A" to the Am. Cmplt.) in 2007, and to maintain the Program and form through 2011-2015 (when Plaintiff paid for Acthar), in order to mislead and deceive IUOE Local 542 and its beneficiaries about Express Scripts' direct role as the "hub" of patient care as it concerns the medical conditions for which Acthar is indicated, and to bypass Plaintiff's efforts to contain and reduce costs for specialty drugs." Am. Complt at Paragraph 169(b)—admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

    c.     "Starting in July 2007, Mallinckrodt issued a misleading and deceptive announcement about its new distribution strategy". Am. Complt at Paragraph 169(c)—admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3;

    d.     In 2007, when asked directly about the huge price increase, Express Scripts misled and deceived the public by claiming "[t]he increase was a manufacturing decision. I can't comment on it." Am. Complt at Paragraph 169(d)—admitted by Express Scripts. *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3 and

    e.     Express Scripts misled and deceived Plaintiff "about their direct relationship, their joint decision to raise the prices of Acthar, and the lack of value of Acthar for the prices being charged, in order to intentionally and deceptively charge false, misleading and

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

excessive prices for Acthar, during the period between 2007 (when they entered into their exclusive distribution arrangement), through 2013 (when Mallinckrodt acquired Synacthen in 2013 and Express Scripts did nothing about it), and up to at least 2017 when Express Scripts began to tell the truth.  Express Scripts then offered discounts off the inflated prices of Acthar which were far less than the discounts offered for either brands or generics, while failing to disclose the truth about the pricing disparity for Acthar (even with the discounts), thereby misleading Plaintiff as to the reasons for, existence of, or amounts of the Acthar price reductions".  Am. Complt at Paragraph 169(f)—admitted by Express Scripts.  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

23.     Admitted.  Paragraphs 169(e) and 169(f) of the Amended Complaint are admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

24.     Denied.  It is denied because it is false that Plaintiff "avers no facts".  The Amended Complaint is replete with such facts. This Court shall not accept any of Express Scripts' "legal conclusions, unwarranted inferences from facts, opinions, or argumentative allegations." *Werner v. Plater-Zyberk*, 2002 PA Super 42, ¶ 6, 799 A.2d 776, 782-83 (citing *Wiernik  v. PHH U.S. Mortgage Corp*., 1999 PA Super 193, 736 A.2d 616, 619 (Pa. Super. 1999), appeal denied, 561 Pa. 700, 751 A.2d 193 (2000)), which is exactly what this allegation contains.

25.     Denied.  *See* Am. Cmplt. at ¶¶ 6-11, 22-23, 45-77, 82-84, 92-96.

26.     Denied.  Plaintiff has not created a "new theory".  This allegation is purely argumentative and should not be considered.  It smacks of legal conclusions, argument, opinions

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of counsel and is devoid of any factual support.  Indeed, in arguing Plaintiff's averment is "implausible", Express Scripts reveals that this argument is likely simply recycled from a federal pleading wherein "plausibility" is the relevant pleading standard.  However, it is not the standard in Pennsylvania.

      27.    Admitted in part, denied in part.

This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).  Further, the averment is denied because nowhere does Plaintiff plead that that Mallinckrodt "unilaterally" set prices for Acthar.  The word "unilateral" does not appear in the 65-page Amended Complaint.

As for footnote 7, Paragraphs 108, 116, 117, 82 and 84 of the Amended Complaint are admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  However, despite this, the balance of this paragraph is an utter mischaracterization of the Amended Complaint and is therefore denied.  Express Scripts is cherry-picking only 5 paragraphs from the Amended Complaint, ignoring hundreds of others, all in an effort to present unwarranted inferences, make arguments and express its lawyers' opinions, none of which is appropriate at this stage of the litigation.

      28.    Admitted in part, denied in part.

It is admitted that Paragraphs 118 and 117 of the Amended Complaint are admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

It is denied that Mallinckrodt raised the price alone.  To the contrary, it is alleged that the only reason Mallinckrodt could and did raise the price to the levels it did was because of its unlawful arrangements with Express Scripts.

29.     Admitted in part, denied in part.  Paragraph 116 of the Amended Complaint is admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

This allegation is purely argumentative and should not be considered.  It smacks of legal conclusions, argument, opinions of counsel and is devoid of any factual support.  Indeed, in arguing Plaintiff's averment is "implausible", Express Scripts reveals that this argument is likely simply recycled from a federal pleading wherein "plausibility" is the relevant pleading standard.  However, it is not the standard in Pennsylvania.

30.     Admitted in part, denied in part.  Paragraphs 169, 100 and 101 of the Amended Complaint are admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

Despite this, the balance of this paragraph is an utter mischaracterization of the Amended Complaint and is therefore denied.  Express Scripts is introducing unwarranted inferences, making arguments and expressing its lawyers' opinions, none of which is appropriate at this stage of the litigation and therefore the allegations are denied.  *See* Am. Cmplt. at ¶¶ 6-11, 45-77, 82-84, 92-96.

31.     Denied. This allegation is purely argumentative and should not be considered.  It smacks of legal conclusions, argument, opinions of counsel and is devoid of any factual support.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

32.    Denied.  *See, e.g.,* Am. Cmplt. at ¶¶ 97-106.

33.    Admitted in part, denied in part.  Paragraphs 84 and 169 of the Amended Complaint are admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  However, Express Scripts now claims that the allegations are "false" which is specifically denied as a matter of law.

Despite this, the balance of this paragraph is an utter mischaracterization of the Amended Complaint and is therefore denied.  Express Scripts is introducing unwarranted inferences, making arguments and expressing its lawyers' opinions, none of which is appropriate at this stage of the litigation and therefore the allegations are denied.

### ii.    The Amended Complaint Alleges Facts Establishing Reliance.

34.    Denied.  Paragraphs 10, 11, 178, 179, 180, 181, 182, 185, 186, 188, 189, 190, 191, 204 and 230 of the Amended Complaint allege that Plaintiff relied on Express Scripts' deceptive conduct, all facts which Express Scripts accepts as true in its POs.

35.    Denied.  Paragraphs 10, 11, 178, 179, 180, 181, 182, 185, 186, 188, 189, 190, 191, 204 and 230 of the Amended Complaint allege that Plaintiff relied on Express Scripts' deceptive conduct, all facts which Express Scripts accepts as true in its POs.

36.    Denied.  Paragraphs 10, 11, 178, 179, 180, 181, 182, 185, 186, 188, 189, 190, 191, 204 and 230 of the Amended Complaint allege that Plaintiff relied on Express Scripts' deceptive conduct, all facts which Express Scripts accepts as true in its POs.

37.    Denied.  The factual allegations which were all accepted by Express Scripts as true in the POs establish that Express Scripts is responsible for the increases and inflation of the price of Acthar.  Express Scripts is introducing unwarranted inferences, making arguments and

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

expressing its lawyers' opinions, none of which is appropriate at this stage of the litigation and therefore the allegations are denied.

38.     Denied.  Express Scripts is introducing unwarranted inferences, making arguments and expressing its lawyers' opinions, none of which is appropriate at this stage of the litigation and therefore the allegations are denied.  Furthermore, this paragraph constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

39.     Denied.  Express Scripts is introducing unwarranted inferences, making arguments and expressing its lawyers' opinions, none of which is appropriate at this stage of the litigation and therefore the allegations are denied.  It completely ignores the vast majority of the Amended Complaint—all of which it accepts as true for purposes of its Preliminary Objections.

This allegation is also purely argumentative and smacks of legal conclusions, argument, opinions of counsel and is devoid of any factual support.  Indeed, in arguing Plaintiff's averment is "implausible", Express Scripts reveals that this argument is likely simply recycled from a federal pleading wherein "plausibility" is the relevant pleading standard.  However, it is not the standard in Pennsylvania.

40.     Denied as to what is conceivable or not, particularly when based on unwarranted inferences, arguments and legal opinions.

41.     Denied.  The Amended Complaint contains numerous facts that establish, in several ways, how Express Scripts caused Plaintiff harm.  This paragraph like many others is based on unwarranted inferences, arguments and legal opinions.   Furthermore, this paragraph constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

In making the blanket statement that Plaintiff's Count I "does not allege facts", Express Scripts' Preliminary Objection is strikingly similar to the one rejected by the Commonwealth Court in *Koken v. Steinberg*, 825 A.2d 723, 731 (Pa. Cmwlth. 2003), wherein the objecting defendant "cynically ignores fifty previous paragraphs of the Complaint that exhaustively detail the elements necessary to constitute fraudulent misrepresentation", as defined by the Supreme Court in *Porreco v. Porreco*, 571 Pa. 61, 811 A.2d 566, 570 (2002). Here, Count I of the Amended Complaint is preceded by *more than* 100 paragraphs detailing Express Scripts' fraudulent misrepresentations and deception about the ASAP Program, the Acthar Start Form and otherwise.

**B.    Plaintiff's Negligent Misrepresentation Claim Is Supported By Law and Facts**

42    Denied. The allegations of this paragraph contain a legal conclusion to which no response is required; however, it is denied nonetheless.

**i.    The Economic Loss Doctrine Does Not Bar Plaintiff's Negligent Misrepresentation Claim.**

43.    This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). Moreover, the economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

44.    This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). Moreover, the economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

45.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). Moreover, the economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

46.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). It is also an inaccurate and incomplete statement of Pennsylvania law. Moreover, the economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

47.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). It is also an inaccurate and incomplete statement of Pennsylvania law. Moreover, the economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

48.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). It is also an inaccurate and incomplete statement of Pennsylvania law. Moreover, the economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", *quoting Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

49.     Admitted in part, denied in part. It is admitted that in paragraph 80 Plaintiff alleges that Express Scripts provided PBM services. It is denied Plaintiff was required to allege that Express Script's "sells" information about drugs. Even so, Express Scripts does sell information about drugs as part of its services for payors, like Local 542, and manufacturers, like Mallinckrodt. *E.g.*, Am. Complt. ¶¶ 50-53 (ASAP Program), 54 and Exhibit "A" (Acthar Start Form), 55 (Acthar home injection training), 59 (Express Scripts "does more").

50.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). Strict proof of Express Scripts' allegations about its services is required.

51.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d). It is also an

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

inaccurate and incomplete statement of Pennsylvania law.  That notwithstanding, it is denied that Plaintiff "has not alleged facts to show that [Express Scripts] 'supplied false information'".  That position, while asserted by Express Scripts throughout its Preliminary Objections, is wrong.

### ii.    Express Scripts Owed Plaintiff A Duty of Care

52.    Denied.  This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

53.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

54.    Admitted in part, denied in part.  Paragraph 183 of the Amended Complaint is admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.

It is denied that the cited averment is the only source of Express Scripts' duties of care to Plaintiff.

55.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

56.    Denied.  *See, e.g.*, Am. Cmplt. at ¶¶ 10-11, 83, 169(a), (d), (e), (f).

### iii.    Averments of Misrepresentation and Justifiable Reliance

57.    This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

58.    Admitted in part, denied in part.  Paragraphs 179 and 181 of the Amended Complaint are admitted as pled and as a matter of law.  However, Express Scripts' opinion of what Plaintiff "bases its negligent misrepresentation claim" on is denied.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

59.     Admitted in part, denied in part.  Paragraphs 179 and 181 of the Amended Complaint are admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  However, Express Scripts' opinion of what constitutes a "negligent misrepresentation" is denied.

As for reliance, Plaintiff has averred reliance.  *See, e.g*, Am Complt. ¶¶ 178, 181, 185, 188, 189, 194(e), 204, 230.

60.     Admitted in part, denied in part.  Paragraph 179 of the Amended Complaint is admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  Despite this, the balance of this paragraph mischaracterizes the Amended Complaint and is therefore denied.  Express Scripts is introducing unwarranted inferences, making arguments and expressing its lawyers' opinions, none of which is appropriate at this stage of the litigation and therefore the allegations are denied.

61.     Admitted in part, denied in part.  Paragraph 84 of the Amended Complaint is admitted as pled and as a matter of law.  Indeed, Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  Despite this, the balance of this paragraph mischaracterizes the Amended Complaint and is therefore denied.  *See, e.g*, Am Complt. ¶¶ 22 ("IUOE paid the listed amounts based on the Average Wholes Price ("AWP") as established by Defendants), 82 (contract "rates have been determined by ESI to be based on the "average wholesale price" or AWP for the drugs), 83 ("This exclusive arrangement has caused the AWP-based prices for Acthar to increase each year, including at the exorbitant amounts described

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

herein"), 84 ("Defendants have agreed to additional Acthar prices increases leading to the inflated prices paid by Plaintiff form 2011-2015"), 86 (Express Scripts "conspired and agreed with Mallinckrodt to raise the AWP in 2007"), 179 ("in setting the AWP-based prices for Acthar … Defendants made material misrepresentations…. Defendants called these prices 'average wholesale prices [] when they knew they were not"). *See generally, Com. v. TAP Pharm. Indus. Ltd., et. al.*, 885 A.2d 1127, 1138 (Pa. Cmwlth. 2005)(denying preliminary objections and holding "the Amended Complaint does aver that, in reporting the AWPs to the publishing compendia, the Defendants were making representations that these figures reflected real, fact-based average wholesale prices. Further evidentiary exploration may show that the medical community and others who rely upon the published AWP have a reasonable expectation that the AWP represents a figure close to a real average wholesale price that the publisher prints with only the expectation of such being the case. Accordingly, contrary to the Defendants' characterization of the AWP being a case of non-disclosure, we believe the Amended Complaint could very well establish this as a case of disclosure rather than non-disclosure, with the former not requiring the Commonwealth to establish that the Defendants had a duty to disclose the true nature of the published AWP. Accordingly, we need not address the Defendants' arguments that the Commonwealth failed to aver necessary facts showing a duty to disclose.")

62.  Denied. *See Com. v. TAP, supra.* at par. 61.

63.  Denied.

64.  Denied as to the mischaracterization of Plaintiff's claims of Express Scripts' misrepresentations and Plaintiff's reliance thereupon. This averment is further denied because it mischaracterizes the Amended Complaint. Express Scripts is introducing unwarranted inferences, making arguments and expressing its lawyers' opinions, none of which is appropriate

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

at this stage of the litigation and therefore the allegations are denied. Furthermore, Express Scripts misleads this Court by failing to acknowledge that Plaintiff conferred with Express Scripts through respective counsel and could not agree on how to attach contracts that Express Scripts repeatedly deems "confidential" and demands be presented to this Court "under seal." *See* emails dated August 27, 2018 which are attached hereto as Exhibit "A".

65.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

## C.     Plaintiff's Aiding and Abetting Conspiracy Claims Survive

66.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

67.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

68.     This averment constitutes a statement of a legal position to which no response is required. Consequently, the averment is deemed denied. Pa. R. Civ. Proc. 1029(d).

69.     Denied.

Defendants completely misapprehend this claim. Aiding and abetting allows Plaintiff to hold Express Scripts liable "for harm caused to [Local 542] arising from the tortuous conduct of another." In this case, the "other" is Mallinckrodt. Express Scripts is an alleged co-conspirator with Mallinckrodt for its conduct. Plaintiff alleges facts sufficient to support claims for multiple violations of the UTPCPL (Count I) and negligent misrepresentation (Count II) as against Mallinckrodt, either of which is sufficient to

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

support a claim for aiding and abetting against Express Scripts.  Because Express Scripts

does not allege or prove otherwise in its Preliminary Objections, its objections fail as a

matter of law.

70.      This averment constitutes a statement of a legal position and a legal conclusion to

which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc.

1029(d).

**D.      The Unjust Enrichment Claim Survives**

71.      This averment constitutes a statement of a legal position and a legal conclusion to

which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc.

1029(d).

72.      This averment constitutes a statement of a legal position to which no response is

required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

73.      Denied as to the mischaracterization of Plaintiff's claims of Express Scripts'

unjust enrichment.

74.      This averment constitutes a statement of a legal position and a legal conclusion to

which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc.

1029(d).  Plaintiff is entitled to plead in the alternative.

75.      Denied.

**E.      The Breach of Contract Claim**

76.      This averment constitutes a statement of a legal position and a legal conclusion to

which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc.

1029(d).

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

77.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

78.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

79.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

80.     Denied.  Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  As such, ESI admits that it "agreed with Mallinckrodt to inflate the AWPs for Acthar in violation of the letter and spirit of the contract" and (2) "diverted monies from Plaintiff that should have been paid as rebates."  Am. Complt. at ¶223.

81.     Denied.  Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  As such, ESI admits that it "agreed with Mallinckrodt to inflate the AWPs for Acthar in violation of the letter and spirit of the contract" and (2) "diverted monies from Plaintiff that should have been paid as rebates."  Am. Complt. at ¶223.  Express Scripts misleads this Court by failing to acknowledge that Plaintiff conferred with Express Scripts through respective counsel and could not agree on how to attach contracts that Express Scripts repeatedly deems "confidential" and demands be presented to this Court "under seal."  *Ex. A.*

82.     Denied.  Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2, footnote 3.  As such, ESI admits that it "agreed with Mallinckrodt to inflate the AWPs for

Acthar in violation of the letter and spirit of the contract" and (2) "diverted monies from Plaintiff

that should have been paid as rebates."  Am. Complt. at ¶223.

      83.    Denied.  Express Scripts did "accept the factual allegations in the Amended

Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p.

2, footnote 3.  As such, ESI admits that it "agreed with Mallinckrodt to inflate the AWPs for

Acthar in violation of the letter and spirit of the contract" and (2) "diverted monies from Plaintiff

that should have been paid as rebates."  Am. Complt. at ¶223.

      84.    Denied.  Express Scripts did "accept the factual allegations in the Amended

Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p.

2, footnote 3.  As such, ESI admits that it "agreed with Mallinckrodt to inflate the AWPs for

Acthar in violation of the letter and spirit of the contract" and (2) "diverted monies from Plaintiff

that should have been paid as rebates."  Am. Complt. at 223.

      85.    Denied.  Express Scripts again mischaracterizes the allegations of the Amended

Complaint improperly.  Express Scripts misleads this Court by failing to acknowledge that

Plaintiff conferred with Express Scripts through respective counsel and could not agree on how

to attach contracts that Express Scripts repeatedly deems "confidential" and demands be

presented to this Court "under seal." *Ex. A.* Plaintiff was notified by Express Scripts that it did

not agree to the disclosure of the terms of the PBM Agreements and yet uses Plaintiff's

acquiescence to keep the terms confidential—albeit to try and bolster its own theories in this

case, which are all irrelevant at this stage of the litigation--

      86.    Denied. *See* Am. Cmplt. at ¶¶ 87-89, 223, 236.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

87.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

88.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

## F.     The Promissory Estoppel Claim

89.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

90.     Admitted in part, denied in part.  Paragraph 229 alleged Express Scripts' failure to fulfill its representations and promises, express and implied.  Express Scripts did "accept the factual allegations in the Amended Complaint as true."  *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3.  As such, it accepts: (a) all promises it made under the ESI PBM Agreement; (b) that Plaintiff relied on those promises to its detriment; (c).  It is denied that Plaintiff's claim is limited, as Express Scripts suggests.

91.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

## G.     The Breach of the Implied Covenant Claim

92.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

To the contrary, Pennsylvania law implies a duty of good faith and fair dealing in all contracts at law.  *See Toy v. Metro. Life Ins. Co.,* 593 Pa. 20, 37, 928 A.2d 186, 197 (2007)(the implied covenant of good faith and fair dealing  "is part of every contract, and which provides that neither party to a contract will do anything to injure the right of the other to receive the benefits of their agreement.").

93.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

94.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

**H.     The Declaratory and Injunctive Relief Claim**

95.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

96.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

97.     This averment constitutes a statement of a legal position and a legal conclusion to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

98.     Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar.  Such claim is cognizable under Pennsylvania law.  Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Acthar.  Such claim is cognizable under Pennsylvania law.  "[A]n injunction can issue to restrain conduct based on prior unlawful conduct".  *Commonwealth v. TAP Pharm. Prods.*, 36 A.3d 1112, 1172 (Pa. Cmwlth. 2011).

## III.     PRELIMINARY OBJECTIONS – FAILURE TO CONFORM

### Plaintiff's Claims Against the Express Scripts Entities Conform to Law or the Rules

99.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

100.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

101.     Admitted in part, denied in part.  It is admitted only that Plaintiff's breach of contract claim is brought pursuant to a written agreement.  It is denied that common law causes of action "rely" on a written instrument.

102.     It is admitted that certain agreements are not attached to the Amended Complaint, however, Express Scripts misleads this Court by failing to acknowledge that Plaintiff conferred with Express Scripts through respective counsel and could not agree on how to attach contracts that Express Scripts repeatedly deems "confidential" and demands be presented to this Court "under seal." *Ex. A.*

103.     This averment constitutes a statement of a legal position to which no response is required.  Consequently, the averment is deemed denied.  Pa. R. Civ. Proc. 1029(d).

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE,** Plaintiff IUOE Local 542 respectfully request the Court deny the Express Scripts' Entities Preliminary Objections to Plaintiff's Amended Complaint.

Respectfully submitted,

Dated: October 9, 2018

By:   *s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
Christina M. Philipp
*philipp@havilandhughes.com*
Haviland Hughes
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:    (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

31

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
Christina M. Philipp, Esquire (PA I.D. #92804)
*philipp@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
    *International Union of Operating Engineers Local 542*

**IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542** | |
| Plaintiff, | Civil Action No. 2018-14059 |
| v. | |
| **MALLINCKRODT ARD, INC.,** *et al.* | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I, Donald E. Haviland, Jr. hereby certify that on this 9th day of October, 2018, a true and correct copy of the foregoing Opposition to the Preliminary Objections of Defendants Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation was electronically filed, causing service to be made through the Court's ECF system as follows:

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

G. Patrick Watson, Esquire
Lindsay Sklar Johnson, Esquire
Bryan Cave Leighton Paisner, LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309

Herbert R. Giorgio, Jr., Esquire
Bryan Cave Leighton Paisner, LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner, LLP
1155 F. Street, N.W.
Washington, D.C.  20004

Daniel J. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner, Coleman &
Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

Joanne C. Lewers, Esquire
Victoria Andrews, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103-6996

Matthew M. Martino, Esquire
Evan Kreiner, Esquire
Michael Menitove, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

_s/ Donald E. Haviland, Jr._
Donald E. Haviland, Jr., Esq.

2

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT A

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Bill Platt**

| | |
|---|---|
| **From:** | Kreiner, Evan R [Evan.Kreiner@skadden.com] |
| **Sent:** | Monday, August 27, 2018 12:26 PM |
| **To:** | Bill Platt; Martino, Matthew M |
| **Cc:** | Menitove, Michael H; Don Haviland; 'Andrews, Victoria L.'; 'Lewers, Joanne C.' |
| **Subject:** | RE: [Ext] Express Scripts POs in Montgomery County |

[Adding ESI's local counsel, Joanne and Victoria]

Bill and Don,

It is our understanding that you can file the contracts and an unredacted version of the amended complaint under seal. Accordingly, if you fail to attach the contracts and file them under seal, we will object to the amended complaint for failure to conform to law or rule of court.  Please let us know if you would like to discuss.

Thanks,
Evan

**Evan R. Kreiner**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2491 | F: 917.777.2491
evan.kreiner@skadden.com

**From:** Bill Platt [mailto:platt@havilandhughes.com]
**Sent:** Monday, August 27, 2018 12:12 PM
**To:** Kreiner, Evan R (NYC); Martino, Matthew M (NYC)
**Cc:** Menitove, Michael H (NYC); Don Haviland
**Subject:** RE: [Ext] Express Scripts POs in Montgomery County

Evan,

Thank you.  We will not attach the Contract(s) to the Amended Complaint we are filing today given your position below. We have no way of filing this initial pleading "under seal" in Montgomery County Court.  If you choose to file POs to our Amended Complaint claiming that the pleading is deficient under Rule 1019 or otherwise (related to the our Contract claims), we will take this specific issue to the Court.

Thank you for the quick response.

I hope all is well otherwise.

Bill

**From:** Kreiner, Evan R [mailto:Evan.Kreiner@skadden.com]
**Sent:** Monday, August 27, 2018 11:10 AM
**To:** Bill Platt; Martino, Matthew M
**Cc:** Menitove, Michael H
**Subject:** RE: [Ext] Express Scripts POs in Montgomery County

Bill,

Pursuant to confidentiality provisions (quoted below) in the contracts referenced in Local 542's Complaint, those contracts and their terms are confidential and may not be disclosed "except as specifically contemplated by [the]

1

Agreement[s] or upon prior written consent." Accordingly, any discussion of the terms of those contracts and quotes from those contracts in an amended complaint must be redacted. In addition, if your client attaches those contracts as exhibits to an amended complaint, they must be filed under seal.

Confidentiality provisions:

- The PBM Agreement included as Appendix I to the February 2012 Umbrella Agreement between ESI and the Delaware Valley Health Care Coalition, Inc. states: "Each party agrees that the terms of this Agreement and information of the other party . . . will constitute confidential and proprietary information ('Confidential Information'). . . . Neither party will use the other's Confidential Information, or disclose it or this Agreement to any third party (other than Member attorneys and accountants), at any time during or after termination of this Agreement, except as specifically contemplated by this Agreement or upon prior written consent, which will not unreasonably be withheld." Section 4.2(a).

- The PBM Agreement between ESI and the International Union of Operating Engineers Welfare Fund of Eastern Pa., which was signed in April 2015, states: "Each party agrees that the terms of this Agreement and information of the other party . . . will constitute confidential and proprietary information ('Confidential Information'). . . . Neither party will use the other's Confidential Information, or disclose it or this Agreement to any third party (other than Member attorneys and accountants), at any time during or after termination of this Agreement, except as specifically contemplated by this Agreement or upon prior written consent, which will not unreasonably be withheld." Section 4.2(a).

Thanks,
Evan

**Evan R. Kreiner**
Associate
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Times Square | New York | 10036-6522
T: 212.735.2491 | F: 917.777.2491
evan.kreiner@skadden.com

**From:** Bill Platt [mailto:platt@havilandhughes.com]
**Sent:** Monday, August 27, 2018 10:03 AM
**To:** Martino, Matthew M (NYC); Kreiner, Evan R (NYC)
**Subject:** [Ext] Express Scripts POs in Montgomery County

Guys,

I hope you're well. I wanted to let you know that we are filing an amended Complaint today in the Local 542 action. In your POs, you objected to the Complaint because it failed to attach the Agreements that we allege were breached. That would be the PBM Agreement and will have to be attached to our filing to remedy the basis for your objection. Are you ok with that? I ask because you've repeatedly taken the position that these agreements are confidential.

Please let me know.

Bill

William H. Platt II
**Haviland Hughes** | **215-609-4661**
Ambler . Philadelphia . Lehigh Valley . Atlantic City

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email,

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================================

-------------------------------------------------------------------

This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==================================================================================

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
Christina M. Philipp, Esquire (PA I.D. #92804)
*philipp@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

**IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

**PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 542'S OMNIBUS MEMORANDUM OF LAW IN OPPOSITION
TO THE PRELIMINARY OBJECTIONS OF DEFENDANTS
<u>TO THE AMENDED COMPLAINT</u>**

Plaintiff, International Union of Operating Engineers Local 542 (***"Plaintiff"*** or ***"Local***

***542"***), by and through their undersigned counsel, hereby files this omnibus response in

Opposition to the Preliminary Objections filed by the Defendants Mallinckrodt ARD Inc. and

Mallinckrodt plc (collectively ***"Mallinckrodt"***) and Express Scripts Holding Company's

(***"ESHC"***), Express Scripts, Inc.'s (***"ESI"***), CuraScript, Inc.'s, CuraScript SD's, Accredo Health

1

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Group, Inc.'s (*"Accredo"*) and United BioSource Corporation's (*"UBC"*) (the movants are collectively referred to as *"Express Scripts"*) jointly filed Preliminary Objections (the *"POs"*).

   The POs should be denied for the reasons set forth in the detailed Oppositions filed contemporaneously herewith.

## **INTRODUCTION**

   In their Preliminary Objections to the Plaintiff's Amended Complaint, both Mallinckrodt and Express Scripts try to recast this case as one alleging antitrust.  They do so to try to pidgeon-hole this case into favorable jurisprudence.  However, because this case sounds in consumer fraud, it may not be dismissed.

   This overlapping argument by the defense demonstrates that the defense POs ignore the well-pleaded allegations of the 65-page Amended Complaint in order to try to garner dismissal, with prejudice.  Defendants present a false narrative to try to contradict the well-pleaded factual allegations of the Amended Complaint, which this Court must accept as true.  But this high-profile case deserves the opportunity to proceed to the discovery.  It was recently featured on CBS News' "60 Minutes".[1]  As here, the Defendants chose not to comment on the merits of the plaintiffs' claims, but to limit their responses to narrow issues, hoping the Court will ignore the forest for the trees.

   The "forest" of this case is that a 65-year old drug, Acthar, was purchased by Questcor from Pennsylvania-based Aventis in 2001 for $100,000.  The price to payors like Plaintiff Local 542 was then $40. By 2007, the price was raised to $25,000.  Today it costs over $40,000.  Questcor was sold to Mallinckrodt for nearly $6 billion.  This doesn't happen in America, unless companies cheat.

_____

[1] https://www.cbsnews.com/news/the-problem-with-prescription-drug-prices/

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mallinckrodt cheated. It was prosecuted by the FTC and paid $100 million in fines and settlement. It was ordered to divest the competitive product it acquired in violation of the federal antitrust laws. Then, Local 542 found out it was cheated. So, it sued in this Court.

There is no question that Mallinckrodt has engaged in one or more acts or practices that were "unfair or deceptive" in the language of the Pennsylvania UTPCPL. As a result, its POs should be denied.

Express Scripts accepted all "factual allegations in the Amended Complaint as true."[2] *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3. However, most of these allegations are ignored in Express Scripts' Preliminary Objections and the ones it accepts as true are presented to this Court out of order and at times arbitrarily so as to mischaracterize and recast the Plaintiff's well-pleaded Complaint. As a result, Plaintiff's claims against Express Scripts should proceed to discovery.

In its opening, perhaps as its only resort to challenge the Amended Complaint, Express Scripts labels Plaintiff's lawsuit "a copycat containing nearly identical allegations to federal class action antitrust litigation." Not so. Unfortunately, Express Scripts fails to disclose to this Court that it was aware of the pendency of this lawsuit because Plaintiff's counsel (on the Record in the Federal case) informed the United States District Court for the Northern District of Illinois that several other lawsuits were going to be filed. Despite the utter lack of relevance or justification, Express Scripts leads its Memorandum with references to the Federal Court Complaint and the Plaintiff's original complaint filed in this Court *as if they are somehow relevant* to this Court's determination of the sufficiency of the Amended Complaint ("Amended Complaint"). They are

---

[2] The Amended Complaint is 65 pages long and contains 248 paragraphs and hundreds of factual allegations.

3

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

not.[3] An amended pleading replaces the prior pleading. The Amended Complaint is being challenged and the other pleadings in this lawsuit or in other Courts should be disregarded entirely.

All of the entities described herein as Express Scripts played a specific role in the sale, distribution, delivery and administration of Acthar. The Amended Complaint contains numerous allegations of deception by Express Scripts which caused harm to Plaintiff. To assert otherwise is wrong. The Amended Complaint alleges that Express Scripts joined with Mallinckrodt[4] (collectively "Defendants") in acting collectively to maintain and enhance Mallinckrodt's monopoly power in the U.S. market for adrenocorticotropic hormone (ACTH) drugs in violation Pennsylvania law. While Express Scripts is one company, the Amended Complaint goes into great detail as to how the company operates through its subsidiary operations in effectuating the joint goal of the Defendants to limit distribution and raise prices for Acthar, to the substantial detriment of Express Scripts' direct customers, like Plaintiff.

The Amended Complaint also establishes that Plaintiff relied on Express Scripts' unlawful conduct to its detriment.

Finally, Express Scripts seeks to avoid liability for its breach of contract by urging an interpretation of the agreement it signed with Rockford that does not comport with the language or structure of the document. There is nothing vague or immaterial about the use of the phrase "cost containment" as part of the core "PBM Services" Express Scripts contracted to provide to Plaintiff.

---

[3] Express Scripts' attempt to ascribe some ulterior motive to Plaintiffs' amended pleading as well as its "last ditch effort" inferences also should be rejected. *ESI Br.* At 1-2.

[4] "Mallinckrodt" refers to Mallinckrodt ARD Inc., formally known as Questcor Pharmaceuticals, Inc. ("Questcor") and its parent company, Mallinckrodt plc. SAC ¶¶ 1, 21, 24-25.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

For these reasons, Express Scripts Motion to Dismiss should be denied.

## FACTUAL ALLEGATIONS

The Defendants provide a lengthy statement of "Factual Allegations" that largely quote from the Amended Complaint.  At times, however, the statements do not accurately reflect the averments of the Amended Complaint, and should be ignored in favor of the pleading.  This Court shall accept all well-pled facts as true in favor of the Plaintiff and therefore, Plaintiff incorporates the allegations contained in the Amended Complaint—many of which are referenced explicitly herein.  Express Scripts even went further and accepted as true all facts alleged in the Amended Complaint, even though no law requires it to do so. Those admissions alone support overruling Express Scripts' Preliminary Objections.

## LEGAL STANDARDS

In ruling on preliminary objections, the Court must accept well-pled facts as true.  *Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 26 (Pa. 2006).  The Court need not accept as true legal conclusions, unwarranted factual inferences, argumentative or conclusory allegations, or opinions. *Id.*  The standard of review in sustaining Preliminary Objections is that the Court ***must*** accept as true all well-pleaded material provided in the Plaintiff's Complaint and any reasonable inferences which may be drawn from those facts. *Reardon v. Allegheny College*, 2007 PA Super 160, 926 A.2d 477, 480 (Pa. Super. Ct. 2007).  Preliminary Objections are sustained ***only*** where they are clear from doubt.  *Id*.  It must appear that the law would not permit the plaintiff to recover based upon the facts averred in order for a case to be clear and free from doubt.  *Id.*

"The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Soto v. Nabisco, Inc.*, 2011 PA Super 249, 32 A.3d

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

787, 790 (Pa.Super. 2011). If there is any doubt, it should be resolved by overruling the

demurrer. *Mellon Bank N.A. v. Fabinyi*, 437 Pa. Super. 559, 650 A.2d 895 (Pa. Super. 1994).

Defendants attempt to re-caste Plaintiff's well-pleaded Amended Complaint. This is

improper, and should be rejected. *See County of Allegheny v. Commonwealth*, 507 Pa. 360, 372,

490 A.2d 402 (1985)("A demurrer can only be sustained where the complaint is clearly

insufficient to establish the pleader's right to relief. For the purpose of testing the legal

sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits

as true all well-pleaded, materials, relevant facts.")(citations omitted).

Defendants' Preliminary Objections are also unchanged from their original Preliminary

Objections, despite the multiple, clarifying changes made in Plaintiff's Amended Complaint,

Both Defendants Preliminary Objections miss the mark as they continue to argue issues – like

antitrust – clarified by the Amended Complaint. As a result, the Court should deny the

Preliminary Objections. *See, e.g., Allegheny Inst. Taxpayers Coalition v. Allegheny Reg'l Asset

Dist.*, 556 Pa. 102, 113, 727 A.2d 113, 119, n. 1 (1999)("If the amendment [of the complaint]

removes all of which the defendant has complained, the preliminary objections should be

withdrawn or dismissed by the court.")(brackets in original).[5]

To the extent Defendants seek to argue about the purported meaning of Plaintiff's

original pleading in relation to the amended pleading, such argument must be rejected as the only

operative pleading in this case is the Amended Complaint. *See, e.g., Brooks v. B&R Touring

Co.*, 2007 Pa. Super. 387, 939 A.2d 398 (2007)("filing of an amended complaint constitutes

---

[5] In the event finds that any of Defendants' Preliminary Objections should be sustained, leave to amend the Amended Complaint should be granted to address the Court's concerns. *See, e.g., Com. of Pa. Game Comm'n v. Hilliard*, 3 Pa. Cmwlth. 560, 562, 484 A.2d 326, 327 (1971)(allowing further amendment to amended complaint after preliminary objections granted).

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

'virtually a withdrawal of the first'")(*quoting Reichert v. TRW, Inc., Cutting Tools Div.*, 531 Pa. 193, 611 A.2d 1191, 1194 (1992)).

<u>**ARGUMENT**</u>

Preliminarily, both Express Scripts and Mallinckrodt seek to dismiss the following Counts of the Amended Complaint:

    a.    Count I—Pennsylvania's Unfair Trade Practices and Consumer Protection Law;

    b.    Count II—Negligent Misrepresentation;

    c.    Count III—Aiding and Abetting;

    d.    Count IV—Unjust Enrichment and

    e.    Count IX—Declaratory and Injunctive Relief

Mallinckrodt seek dismissal of the following Count independent of Express Scripts:

    a.    Count V—Unjust enrichment.

Express Scripts seek dismissal of the following Counts independent of Mallinckrodt:

    a.    Count VI—Express Scripts' Breach of the ESI PBM Agreement;

    b.    Count VII—Promissory Estoppel and

    c.    Count VIII—Express Scripts' Breach of the Implied Covenant of Good Faith and Fair Dealing.

This Memorandum will address each in the order above.

**I.    Plaintiff's Unfair Trade Practices and Consumer Protection Law Claims Are <u>Adequately Pled And Defendants' Objections Should Be Overruled.</u>**

The UTPCPL makes unlawful any "unfair methods of competition" and "unfair or deceptive practices, including the following, among others:

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities that they do not have or that a person has sponsorship, approval, status, affiliation or connection that he does not have;

(viii) Disparaging the goods, services or business of another by false or misleading representation of fact;

(xi) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding

73 P.S. § 201-2(4).

The Amended Complaint includes charges that Defendants engaged in unfair methods of competition and unfair or deceptive acts or practices as those terms are defined in Section 2(4) of the Law, UTPCPL, 73 P.S. § 201-2(4).

A.      **Defendants' Conduct Was Unfair and Deceptive**.

The Amended Complaint details Mallinckrodt's conduct, from taking a 65-year old, orphan drug that cost only $40 to purchase in 2001, to a blockbuster product (in terms of revenue generated) by the time Local 542 had members take the drug, costs Plaintiff hundreds of thousands of dollars.   Mallinckrodt paid $5.9 billion to acquire the one-product company Questcor in 2014, when Questcor only paid $100,000 to acquire Acthar in 2001.  Am. Cmplt. at ¶¶ 3, 24, 46, 96.  Mallinckrodt got there by adopting a "new strategy", focused not on improving Acthar, but only on exclusive distribution, marketing and pricing to increase by sales and sales

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

revenue.  Am. Cmplt. at ¶¶ 9, 48-77, 92-93, 128.  Importantly, Mallinckrodt's selected exclusive distributor, Express Scripts – which is the same company with whom Local 542 contracted to **save** costs on prescription drugs – conspired and agreed with Mallinckrodt to **raise** the price of Acthar to the exorbitant levels paid by Plaintiff.  Express Scripts did so, even as its Chief Medical Officer, Steve Miller, admitted last year that Acthar was not worth what Express Scripts and Mallinckrodt were charging Local 542 for it.  Am. Cmplt. at ¶¶ 100-101, 169.  As a result, Local 542 paid over $150,000 for a drug that cost only a few thousand dollars before the Defendants embarked on a strategy to commit consumer fraud and make exorbitant profits at the expense of Local 542.  Am. Cmplt. at ¶¶ 22-23.

The unfair and deceptive acts and practices which underlie the Defendants' scheme to price gouge and profiteer are detailed in Count I, alleging multiple violations of the Pennsylvania CPL.  *See* Am. Cmplt. Count I.  The details of such conduct are also woven throughout the Amended Complaint, as discussed above.

As alleged in Paragraph 167 of the Amended Complaint, Defendants engaged in the following unfair and deceptive acts or practices, which violate the aforesaid provisions of the UTPCPL:

> a.  By entering into the exclusive distribution arrangement described herein in 2007, and not disclosing the same to IUOE Local 542, Defendants engaged in deceptive acts and made misrepresentations to Plaintiff's efforts to contain costs for specialty drugs like Acthar, and then sending bills for Acthar which charged the artificially inflated prices which Defendants agreed amongst themselves to charge Plaintiff.  This caused at least a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval and/or certification of Acthar sold by Mallinckrodt, misrepresented the same, and/or constituted fraudulent or deceptive conduct which created a likelihood of confusion or a misunderstanding by Plaintiff.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b.      Defendants conspired and agreed to adopt the above-described ASAP program and the ASAP form (Exhibit "A" hereto) in 2007, and to maintain the Program and form through 2011-2015 (when Plaintiff paid for Acthar), in order to mislead and deceive IUOE Local 542 and its beneficiaries about Express Scripts' direct role as the "hub" of patient care as it concerns the medical conditions for which Acthar is indicated, and to bypass Plaintiff's efforts to contain and reduce costs for specialty drugs.

c.      Starting in July 2007, Mallinckrodt issued a misleading and deceptive announcement about its new distribution strategy, but the announcement failed to disclose that more than pharmacy distribution was being handed over to Express Scripts; all aspects of distribution, pricing and product sales were now being handled by Express Scripts, and its wholly-owned subsidiaries, as part of a "hub" of services for which Mallinckrodt contracted.

d.      Express Scripts made material misrepresentations and engaged in deception about its contractual relationships with Mallinckrodt and the real reasons for the exorbitant Acthar price increases between August 2007 and 2015.  In 2007, when asked directly about the huge price increase, Dr. Miller of Express Scripts' misled and deceived the public by claiming "[t]he increase was a manufacturing decision.  I can't comment on it."  In truth, it was a joint decision by Defendants, reflected in contracts between them.

e.      Express Script's Dr. Miller and Express Scripts remained silent about the truth about Acthar's "value" for years, so that Express Scripts could continue to charge false, misleading and excessive prices for Acthar to payors like Plaintiff.  In fact, it was not until the spring of 2017 – 6 years after Plaintiff made its first payment for Acthar—that Express Scripts admitted Acthar was not worth the price Express Scripts and Mallinckrodt were charging for it. That year, ESI's Senior Vice President of Supply Chain and Specialty Pharma, Everett Neville, stated, "I don't think [Acthar is] a very great [drug] – it's a pretty poor drug with a very limited need and certainly [ESI's Chief Medical Officer, Dr,] Steve[Miller] could comment."  Mr. Neville went on to say, "I think [Dr. Miller] and I both would agree, and I think everybody in our company would agree, that [Acthar] is vastly overpriced for the value.".  Mr. Neville stated that he "personally told [Mallinckrodt's] management team that their drug is hugely overpriced and that he "know[s] [Dr. Miller] has as well."  In the same public setting, Dr. Miller stated, "[i]f you look at the data, the indications for the drug are . . . in the compendium, it's listed under a lot of indications, its real use should be very, very limited.

10

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

It's an old drug. There's better products in the marketplace and so we're going to continue to be very vigilant in our utilization management." These revelations came far too late to save Plaintiff from being overcharged for Acthar, and demonstrate that Defendants conspired and agreed to commit acts or practices in violation all of the above-described sub-sections of 73 Pa. Stat. Ann. §§201. For instance, Express Scripts misled Plaintiff and deceived Plaintiff about its approval of Acthar and the benefits of Acthar as a valuable specialty drug "worth" what it and Mallinckrodt were charging, in relation to other drugs and treatments (in violation of subsections (ii), (v), (vii), (viii)).

f.      Defendants misled and deceived IUOE Local 542 and the public about their direct relationship, their joint decision to raise the prices of Acthar, and the lack of value of Acthar for the prices being charged, in order to intentionally and deceptively charge false, misleading and excessive prices for Acthar, during the period between 2007 (when they entered into their exclusive distribution arrangement), through 2013 (when Mallinckrodt acquired Synacthen in 2013 and Express Scripts did nothing about it), and up to at least 2017 when Express Scripts began to tell the truth. Express Scripts then offered discounts off the inflated prices of Acthar which were far less than the discounts offered for either brands or generics, while failing to disclose the truth about the pricing disparity for Acthar (even with the discounts), thereby misleading Plaintiff as to the reasons for, existence of, or amounts of the Acthar price reductions, in violation of sub-section (xi).

g.      Defendants acts or practices, including the failures to act and to speak the truth in the face of false, misleading and deceptive statements about Acthar's pricing, distribution and value, constitute "other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding, in violation of sub-section (xxi).

Am. Cmplt ¶167.

Plaintiff's Amended Complaint contains detailed, non-conclusory averments of fact concerning Defendants' unfair, deceptive and fraudulent conduct, which appear throughout the Amended Complaint. *See* Amended Complaint at ¶¶ 6 ("concealing from IUOE Local 542 the true costs for Acthar through undisclosed, direct contractual agreements between Mallinckrodt

and Express Scripts…, charging inflated prices for Acthar, and collecting the money from Plaintiff for such prices…"), 48-75 (describing the "new strategy" to deceive), 83 (deceptively listing Acthar as "available at participating pharmacies"), 97-106 (describing the "manufacturing decision" to "vastly overprice[]" Acthar based on fraudulent and deceptive claims of "value"), 107-113 (fraudulent and deceptive scheme to acquire Synacthen to prevent competition in ACTH market and raise the prices for Acthar), 166-175.

Mallinckrodt argues its conduct is "ordinary business practices".

It is not an *ordinary business practice* to raise the prices of 65-year-old orphan drug 1,000s of percents, from $40 to $40,000. *See* Amended Complaint at ¶¶ 93, 96, 153, 156, 160. Ordinary businesses in America do not have that power, unless they cheat.

It is not an *ordinary business practice* for a one-product company like Questcor to enter into an exclusive distribution agreement with the largest payor representative in the country, and then raise the prices for that lone product to exorbitant levels without the same largest payor representative pushing back against such price increases for the benefit of their contracted payor clients. *See* Amended Complaint at ¶¶50-77, 81-83, 93, 97-106, 161. It was far from ordinary for Questor to embark on a "new strategy" six years after acquiring Acthar, a strategy that involve direct sales and marketing and sales to patients and doctors the ASAP Program, and directly marketing to patients and doctors using the Acthar Start Form to bypass payment protections Local 542 had put in place with Express Scripts to save money on high priced drugs. Amended Complaint ¶¶ 8, 35, 47-75, and Exhibit "A" to Amended Complaint (Acthar Start Form).

The Court must wonder why Mallinckrodt takes the time to complain about the fact Local 542 was not permitted by Express Scripts' claims of confidentiality to attach its contract with

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Express Scripts to the Amended Complaint,[6] for purposes of its breach of contract claims against Express Scripts but <u>not</u> Mallinckrodt, but Mallinckrodt makes no mention of the Acthar Start Form – its own form – attached as Exhibit "A" to the Am. Cmplt. which forms the basis of Plaintiff's UTPCPL claims against it.

It is not an *ordinary business practice* for a company to be sued by its competitor, and then settle for nearly the same amount of money the competitor would have *paid* for a competitive product. *See* Amended Complaint at ¶¶111, 126,141-142, 143-147.

*Ordinary* businesses are not prosecuted by the federal government, but then choose to settle [rather than defend themselves and fight], paying $100 million for conduct they supposedly did not commit. *See* Am. Cmplt. at ¶¶114-125, 145-147, 152-165.

Plaintiff specifically denies that "Defendants publically disclosed the existence" of their unlawful conduct, as Mallinckrodt contends contrary to the well-pleaded allegations of the Amended Complaint. *See* Am. Cmplt. at ¶¶6, 9, 50, 111, 183, 192-201.

Both Defendants argue Plaintiff fails to plead reliance and causation. Not so. Plaintiff alleges both reliance and causation, as required where required. *See* Am. Cmplt. at ¶¶ 10-11, 180-182, 186-187, 189-191, 230.

Mallinckrodt also makes the baseless legal argument the Local 542 does not have standing to sue under the UTPCPL. Mallinckrodt ignores the fact the UTPCPL defines a

---

[6] As discussed below, in response to Mallinckrodt's "Preliminary Objection pursuant to PA.R.Civ.Proc. 1028(a)(2) (at paragraphs 55 – 58 below), in Plaintiff's response to the Preliminary Objections filed by Express Scripts, Plaintiff attaches the communications of its counsel with counsel for Express Scripts as to the issue of the contract. This Court will see the problem Express Scripts has created, wanting the supposed confidential contract filed of record in the absence of a protective order, which the parties have negotiated in the federal court case. The matter will have to be resolved by the Court on motions practice.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

"person" as including entities like Local 542, and that Pennsylvania courts have long held that union funds have standing to sue drug companies under the UTPCPL.

The term "person" is defined by the UTPCPL as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities." 73 Pa. Stat. § 201-2(2).

In a case involving multiple union funds suing Pennsylvania-based Cephalon for its drug Actiq, the Eastern District of Pennsylvania court wrote on this subject as follows:

> As discussed in *Am. Fed'n of State County and Mun. Employees v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-cv-5904, 2010 U.S. Dist. LEXIS 23181, 2010 WL 891150, *3-4 (E.D. Pa. 2010) ("AFSCME"), Pennsylvania courts have taken a longstanding position of validating third party payor claims against drug manufacturers under the UTPCPL:
>
> "Pennsylvania courts, however, have long recognized the ability of third-party trusts and associations to assert UTPCPL claims on behalf of their constituent members based on the statute's broad definition of 'person.' Section 201-9.2(a) of the UTPCPL permits a private action for the recovery of damages for '[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money ... as a result of ... [any] act or practice declared unlawful by this act ....' The UTPCPL defines "person" as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities." In addition, the 'purpose' requirement of § 201-9.2(a) focuses on whether the final consumer uses the product for personal, family or household use, not whether the third-party entity personally uses the product or merely purchases it. Furthermore, the court determined that because third party payors purchased the prescription drug in question on behalf of their members, and such drugs were purchased for personal, family and household use, plaintiff payors had the right to bring their claims under the UTPCPL."

*AFSCME v. Cephalon, Inc. (In re Actiq Sales & Mktg. Practices Litig.)*, 790 F.Supp. 2d 313, 326-327 (E.D.Pa. 2011)(citations omitted).

Undersigned counsel for Local 542 successfully prosecuted the UTPCPL claims of self-funded Commonwealth entities who reimbursed the prescription drugs of their beneficiaries all the way through trial. In 2005, the Commonwealth Court agreed that third party payors have

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

standing to sue under the UTPCPL. *See Com. v. TAP Pharm. Indus. Ltd., et. al.*, 885 A.2d 1127, 1142-42 (Pa. Cmwlth. 2005). Mallinckrodt fails to mention or discuss this binding precedent.

### B.     No Antitrust Claim is Pled.

Local 542 specifically denies that it seeks to bring any antitrust claim in this lawsuit, as charged by Defendants. In fact, the language Mallinckrodt quotes from paragraph 112 of the Amended Complaint – relating to Mallinckrodt's ability to "maintain and enhance its monopoly power" by its acquisition of Synacthen – was directly alleged and proven by the Federal Trade Commission ("FTC") in its Complaint filed against Mallinckrodt, as described at Am. Cmplt. ¶¶ 114-125. *See* FTC Complaint at Exhibit "C" to the Am. Cmplt. Mallinckrodt chose to settle these charges of antitrust, rather than fight them. Am. Cmplt. ¶¶ 152-165. But the fact that Mallinckrodt was prosecuted for antitrust by the FTC, and chose to settle, does not change the fact that Plaintiff here seeks to hold Mallinckrodt accountable for its unfair and deceptive conduct under Pennsylvania law, as described at Am. Cmplt. ¶¶ 126-132, and elsewhere.

Consistent with its theme of trying to re-caste this case as an antitrust action, Mallinckrodt cites two antitrust cases which are inapposite to the case at bar, because they unsuccessfully sought to establish antitrust conduct as "unfair and deceptive" under the UTPCPL. *See In re Niaspan Antitrust Litig.*, 42 F.Supp. 3d 735 (E.D.Pa. 2014) and *In re Lidoderm Antitrust Litig.*, 103 F.Supp. 3d 1155 (N.D.Cal. 2015). These cases are inapposite.

It is noteworthy that nowhere does Plaintiff allege any claim for antitrust, under either federal law or Pennsylvania common law. *Cf. XF Enterprises, Inc. v. BASF Corp.*, 47 Pa. D&C 4th 147, 150 (Pa. Com. Pl. Phila. Cty. 2000)(granting defense preliminary objections as to claim for violations of Pennsylvania antitrust laws). It is specifically denied that Plaintiff "copied …

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

allegations of a federal antitrust and RICO class action" pending in federal court. Obviously, since Local 542 suffered injuries due to the Mallinckrodt's same conduct which caused injury to other payors throughout the country, including the City of Rockford in the federal action, there is necessarily factual overlap in the statement of the claims against Mallinckrodt. However, Plaintiff's well-pleaded Amended Complaint makes no claim for antitrust or RICO, as the plaintiffs in federal court allege. Plaintiff's claims here are brought exclusively under Pennsylvania state law.

Mallinckrodt's attempt to re-caste Plaintiff's well-pleaded Amended Complaint here should be rejected. *See County of Allegheny v. Commonwealth*, 507 Pa. 360, 372, 490 A.2d 402 (1985)("A demurrer can only be sustained where the complaint is clearly insufficient to establish the pleader's right to relief. For the purpose of testing the legal sufficiency of the challenged pleading a preliminary objection in the nature of a demurrer admits as true all well-pleaded, materials, relevant facts.")(citations omitted).

Mallinckrodt continues to erroneously label this case as "antitrust" in order to pigeonhole it into favorable, but inapposite, antitrust jurisprudence. The purported "antitrust buzzwords" that Mallinckrodt seized upon in its original Preliminary Objections have been removed. With such removal, Mallinckrodt has no colorable basis to continue to argue that Plaintiff's Amended Complaint claims antitrust. *See Tagliaterra v. State Police*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 878 (Ct. Com. Pl. Northampton Cty. June 30, 2010) at * 20 ("Defendants could only have supposed that an amended pleading was likely to be filed at some point, [so] Defendants cannot fairly complain that they are either surprised or prejudiced by the elimination of claims against them.") It's time to focus on what this case is about; not what Mallinckrodt wants it to be about. The Preliminary Objections premised on this argument should be denied.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## II.    Plaintiff's Negligent Misrepresentation Claim Is Adequately Pled and Express Scripts' Objections Should Be Overruled.

The elements of misrepresentation or fraud are: (1) a misrepresentation; (2) that is made knowingly, or if innocently made relates to a matter material to the transaction; (3) where the maker of the misrepresentation intended that the recipient will be induced to act by virtue of the misrepresentation; (4) the recipient justifiably relied upon the misrepresentation; and (5) damage to the recipient is the proximate result. *Gibbs v. Ernst*, 538 Pa. 193, 207-8, 647 A.2d 882, 889 (1994) (citing *W. Page Keating, Prosser and Deaton on the Law of Torts* § 105 (5th ed. 1984)).

The requirements for pleading a claim for negligent misrepresentation under Pennsylvania law have been satisfied.  *See* Am. Cmplt. Count II; *see also, Com. v. TAP*, 36 A.3d 1197, 1277 (Pa. Cmwlth. 2011), *vacated and remanded on other grounds*, 626 Pa. 25, 94 A.3d 364 (2014)(noting that "the application of this Section [552 of the Restatement], within the drug-pricing context, appears to be an issue of first impression in Pennsylvania", but holding that it applies to claims of a third-party payor, like Local 542, against a prescription drug company, like Mallinckrodt).

In making the blanket statement that Plaintiff's Count II "fails to allege facts establishing that Mallinckrodt made a negligent misrepresentation", Mallinckrodt's Preliminary Objection is strikingly similar to the one rejected by the Commonwealth Court in *Koken v. Steinberg*, 825 A.2d 723, 731 (Pa. Cmwlth. 2003), wherein the objecting defendant "cynically ignores fifty previous paragraphs of the Complaint that exhaustively detail the elements necessary to constitute fraudulent misrepresentation", as defined by the Supreme Court in *Porreco v. Porreco*, 571 Pa. 61, 811 A.2d 566, 570 (2002).  Here, Count II of the Amended Complaint is preceded by *more than* 50 paragraphs detailing Mallinckrodt's fraudulent misrepresentations about the value of its Acthar at the high prices charged, through the ASAP Program and otherwise.

17

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Among other things, Plaintiff alleges that Defendants misrepresented the "average wholesale prices" of Acthar. *See, e.g*, Am. Complt. ¶¶ 22 ("IUOE paid the listed amounts based on the Average Wholes Price ("AWP") as established by Defendants), 82 (contract "rates have been determined by ESI to be based on the "average wholesale price" or AWP for the drugs), 83 ("This exclusive arrangement has caused the AWP-based prices for Acthar to increase each year, including at the exorbitant amounts described herein"), 84 ("Defendants have agreed to additional Acthar prices increases leading to the inflated prices paid by Plaintiff form 2011-2015"), 86 (Express Scripts "conspired and agreed with Mallinckrodt to raise the AWP in 2007"), 179 ("in setting the AWP-based prices for Acthar … Defendants made material misrepresentations…. Defendants called these prices 'average wholesale prices [] when they knew they were not").

The Commonwealth Court has held such a claim is viable. *See generally, Com. v. TAP Pharm. Indus. Ltd., et. al.*, 885 A.2d 1127, 1138 (Pa. Cmwlth. 2005)(denying preliminary objections and holding "the Amended Complaint does aver that, in reporting the AWPs to the publishing compendia, the Defendants were making representations that these figures reflected real, fact-based average wholesale prices. Further evidentiary exploration may show that the medical community and others who rely upon the published AWP have a reasonable expectation that the AWP represents a figure close to a real average wholesale price that the publisher prints with only the expectation of such being the case. Accordingly, contrary to the Defendants' characterization of the AWP being a case of non-disclosure, we believe the Amended Complaint could very well establish this as a case of disclosure rather than non-disclosure, with the former not requiring the Commonwealth to establish that the Defendants had a duty to

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

disclose the true nature of the published AWP. Accordingly, we need not address the Defendants' arguments that the Commonwealth failed to aver necessary facts showing a duty to disclose.")

Defendants are wrong that economic loss doctrine bars Plaintiff's claim. The economic loss doctrine does not bar Plaintiff's claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts. *See Com. v. TAP*, 36 A.3d at 1277 ("we hold that the economic loss rule does not apply to claims of negligent misrepresentation sounding under Section 552", quoting *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 483-84, 866 A.2d 270, 288 (2005)).

## III.   Plaintiff's Aiding and Abetting/Conspiracy Claim Is Adequately Pled and Express Scripts' Objections Should Be Overruled.

"Civil conspiracy occurs when two or more persons combine or agree intending to commit an unlawful act or do an otherwise lawful act by unlawful means." *Brown v. Blaine*, 833 A.2d 1166, 1173, n.16 (Pa. Cmwlth. 2003). A party asserting such a claim is required to aver "material facts which will either directly or inferentially establish elements of conspiracy." *Id.* at 1173. The Court in *Brown* noted that, in addition to alleging the combination above, a plaintiff must allege facts supporting a claim for conspiracy, namely that (1) the persons combine with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose, (2) that an overt act in furtherance of the common purpose has occurred, and (3) the plaintiff has incurred actual legal damage. *Id.* at 1173, n.16 (citing *McKeeman v. Corestates Bank, N.A.*, 2000 PA Super 117, 751 A.2d 655 (Pa. Super. 2000)).

Defendants' completely misapprehend this claim. Aiding and abetting allows Plaintiff to hold Defendants liable "for harm caused to [Local 542] arising from the tortuous conduct of another." In this case, the "other" is Express Scripts, in the case of Mallinckrodt, and Mallinckrodt, in the case of Express Scripts. Express Scripts includes all its subsidiary

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

companies, UBC, Curascript and/or Accredo.   Mallinckrodt is an alleged co-conspirator with *these* companies for *their* unlawful conduct, not "an underlying tortuous act … by Mallinckrodt", as alleged.

In citing the *Cummins* case, Mallinckrodt conceded that the torts of concert of action and aiding and abetting – being based on the Restatement – relate to the wrongful conduct of another. Yet Mallinckrodt erroneously argues about a claimed lack of wrongful conduct *on its part*, as opposed to Express Scripts.  *See Cummins v. Firestone Tire & Rubber Co.*, 344 Pa. Super. 9, 21, 495 A.2d 963, 969 (1985)(describing the standards for aiding and abetting as set forth in §876 of the Restatement (Second) of Torts).   Aiding and abetting is properly pleaded where, as here, Mallinckrodt is alleged to have given substantial assistance to Express Scripts and its subsidiary companies in the tortuous breach of their duties to Local 542.

Plaintiff alleges facts sufficient to support claims for multiple violations of the UTPCPL (Count I) and negligent misrepresentation (Count II) as against both Mallinckrodt and Express Scripts, either of which is sufficient to support a claim against the other for aiding and abetting. Because Defendants do not allege or prove otherwise in its Preliminary Objections, their objections fail as a matter of law.

## IV. Plaintiff's Unjust Enrichment Claim Is Adequately Pled and Express Scripts' Objections Should Be Overruled.

Unjust Enrichment is an equitable doctrine.  *Styer v. Hugo*, 422 Pa. Super. 262, 619 A.2d 347 (Pa. Super. 1993), affirmed, 535 Pa. 610, 637 A.2d 276 (1994).   Under the doctrine, the law implies that a contract exists when a party is found to have been unjustly enriched; the doctrine requires the offending party to pay the plaintiff the value of the benefit he has conferred on the defendant.  *Mitchell v. Moore*, 1999 PA Super 77, 729 A.2d 1200 (Pa. Super. 1999), petition for allowance of appeal denied, [**19] 561 Pa. 698, 751 A.2d 192 (2000).   A party alleging that a

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

defendant has been unjustly enriched must establish the following: (1) plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) acceptance and retention by the defendant of the benefits, under the circumstances, would make it inequitable for the defendant to retain the benefit without paying for the value of the benefit. *Styler*, 619 A.2d at 350. Further, a defendant need not have accepted and appreciated the benefit intentionally; instead, the focus remains on the question of whether the defendant has been unjustly enriched. *Torchia v. Torchia*, 346 Pa. Super. 229, 499 A.2d 581 (Pa. Super. 1985). Additionally, the plaintiff bears the burden of establishing either that the defendant wrongfully secured the benefit or passively received a benefit that it would be unconscionable to retain. *Id.*

However, while it is not inappropriate for a Defendant to get a case dismissed via Preliminary Objections "out of the starting gate", the theory that unjust enrichment is not available when there is a "contract" is "premature and that theory "must wait a full development of the facts." *Green v. Pnc Fin. Servs. Grp.*, No. GD 13-020135, 2014 Pa. Dist. & Cnty. Dec. LEXIS 14024, at *4 (C.P. Allegheny Feb. 28, 2014).

Plaintiff expressly avers that it provided benefits directly to Mallinckrodt, by and through its exclusive agent, Express Scripts. Am. Cmplt. at ¶¶6, 73, 206-208, 214-216. Plaintiff also alleges that retention of such exorbitant payments for Acthar would be unjust, in light of the lack of value for the medication and the unconscionable price increase from $40 in 2001 to over $40,000 today. Am. Cmplt. at ¶¶ 6, 11, 41, 45, 92, 153, 202-211.

Furthermore, Local 542 received Acthar directly from Mallinckrodt via its direct distribution arrangement with Plaintiff's PBM, Express Scripts. Am. Cmplt. at ¶¶ 21, 25, 48, 52-55, 59. Mallinckrodt directly communicated with Local 542 beneficiaries about their receipt and use of Acthar through both the ASAP Program and the Acthar Start Form. Am. Cmplt. at ¶¶ 25,

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

52, 55, 70-72 and Exhibit "A". Indeed, Mallinckrodt required Local 542 beneficiaries to sign its Acthar Start Form, authorizing the payments for Acthar Local 542 ultimately made. Mallinckrodt has no basis for its factual assertion that Local 542 "is an indirect purchaser." Strict proof thereof is required.

Thus, Plaintiff's Amended Complaint at Count IV states a claim for unjust enrichment against Mallinckrodt.

### A.      Declaratory or Injunctive Relief Claim

Defendants' Preliminary Objection claims Plaintiff cannot recover for alleged future harm. But, Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar. Such claim is cognizable under Pennsylvania law. "[A]n injunction can issue to restrain conduct based on prior unlawful conduct". *Commonwealth v. TAP Pharm. Prods.*, 36 A.3d 1112, 1172 (Pa. Cmwlth. 2011). Thus, the objection should be denied.

### B.      The Breach of Contract Claim

Express Scripts did "accept the factual allegations in the Amended Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3. As such, ESI admits that it "agreed with Mallinckrodt to inflate the AWPs for Acthar in violation of the letter and spirit of the contract" and (2) "diverted monies from Plaintiff that should have been paid as rebates." Am. Complt. at ¶223. Contrary to Express Scripts' claim, Plaintiff did allege it received less than it was entitled to in rebates. *See* Am. Cmplt. at ¶¶ 87-89, 223, 236. The breach of contract claim should proceed.

### C.      The Promissory Estoppel Claim

Paragraph 229 alleged Express Scripts' failure to fulfill its representations and promises, express and implied. Express Scripts did "accept the factual allegations in the Amended

Complaint as true." *See Express Scripts' Preliminary Objections to the Amended Complaint*, p. 2, footnote 3. As such, it accepts: (a) all promises it made under the ESI PBM Agreement; (b) that Plaintiff relied on those promises to its detriment; (c). It is denied that Plaintiff's claim is limited, as Express Scripts suggests. The Preliminary Objection should be denied.

### D.       Breach of the Implied Covenant Claim

The covenant of good faith and fair dealing is implied in every contract at law in Pennsylvania. Express Scripts contends otherwise. Pennsylvania law implies a duty of good faith and fair dealing in all contracts at law. *See Toy v. Metro. Life Ins. Co.,* 593 Pa. 20, 37, 928 A.2d 186, 197 (2007)(the implied covenant of good faith and fair dealing "is part of every contract, and which provides that neither party to a contract will do anything to injure the right of the other to receive the benefits of their agreement."). The Preliminary Objection should be denied.

### E.       The Declaratory and Injunctive Relief Claim

Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar. Such claim is cognizable under Pennsylvania law. Plaintiff is seeking relief for the potential future harm of additional beneficiaries who may be prescribed Acthar. Such claim is cognizable under Pennsylvania law. "[A]n injunction can issue to restrain conduct based on prior unlawful conduct". *Commonwealth v. TAP Pharm. Prods.,* 36 A.3d 1112, 1172 (Pa. Cmwlth. 2011).

## V.       Preliminary Objections Pursuant to Pa. R. Civ. P. 1028(A)(2) for Failure to Conform to a Rule Of Court

Mallinckrodt fails to demonstrate how the Plaintiff's breach of contract claim against Express Scripts, Mallinckrodt's co-defendant but a separate party represented by separate counsel, relates to it for purpose of its Preliminary Objection for the alleged failure to attached

23

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-85 Docketed at Montgomery County Prothonotary on 10/10/2018 9:43 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the Express Scripts contract to the Amended Complaint. As a result, Mallinckrodt has no standing to assert a preliminary objection under Rule 1028(a)(2) for Plaintiff's alleged failure to comply with Pa.R.Civ.Proc. 1019(i) and this Preliminary Objection should be denied.

As for Express Scripts' claim, Express Scripts misleads this Court by failing to acknowledge that Plaintiff conferred with Express Scripts through respective counsel and could not agree on how to attach contracts that Express Scripts repeatedly deems "confidential" and demands be presented to this Court "under seal." *Ex. A.*

## CONCLUSION

Plaintiff IUOE Local 542 respectfully request this Court deny the Defendants' Preliminary Objections to Plaintiff's Amended Complaint.

Respectfully submitted,

Dated: October 9, 2018

By:   *s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
Christina M. Philipp
*philipp@havilandhughes.com*
Haviland Hughes
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:   (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

24