Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2018-14059 |
| MALLINCKRODT ARD, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS EXPRESS SCRIPTS HOLDING COMPANY'S,
EXPRESS SCRIPTS, INC.'S, CURASCRIPT, INC.'S, CURASCRIPT
SD'S, ACCREDO HEALTH GROUP, INC.'S, AND UNITED BIOSOURCE
CORPORATION'S PRELIMINARY OBJECTIONS TO THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ....................................................................................................................................4

I.     PLAINTIFF'S CLAIMS AGAINST THE EXPRESS SCRIPTS ENTITIES ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED PURSUANT TO PA. R. CIV. P. 1028(a)(4).................................................................................................4

        A.     Plaintiff Cannot Alter the Standard for a Demurrer................................................4

        B.     The UTPCPL Claim (Count I) Should Be Dismissed .............................................5

               1.     Plaintiff Identifies No Factual Allegation Suggesting That Any Express Scripts Entity Engaged in an Act Prohibited By the UTPCPL................................................................................................5

               2.     Plaintiff Identifies No Factual Allegation Suggesting That It Relied On Any Express Scripts Entity's Allegedly Prohibited Conduct to Its Detriment .............................................................................................6

        C.     The Negligent Misrepresentation Claim (Count II) Should Be Dismissed .............7

               1.     The Economic Loss Doctrine Bars the Negligent Misrepresentation Claim.........................................................................................................7

               2.     Plaintiff Identifies No Factual Allegation Suggesting a Misrepresentation or Justifiable Reliance.....................................................9

               3.     Plaintiff Identifies No Factual Allegation Suggesting That Any Express Scripts Entity Owed It a Duty of Care Relating to Acthar............9

        D.     The Aiding and Abetting/Conspiracy Claim (Count III) Should Be Dismissed.................................................................................................................9

        E.     The Unjust Enrichment Claim (Count IV) Should Be Dismissed ........................10

        F.     The Breach of Contract Claim (Count VI) Should Be Dismissed .........................11

        G.     The Promissory Estoppel Claim (Count VII) Should Be Dismissed.....................12

        H.     The Breach of the Implied Covenant Claim (Count VIII) Should Be Dismissed...............................................................................................................13

        I.     The Declaratory and Injunctive Relief Claim (Count IX) Should Be Dismissed...............................................................................................................13

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

II.      ALTERNATIVELY, PLAINTIFF'S CLAIMS AGAINST THE EXPRESS SCRIPTS ENTITIES FAIL TO CONFORM TO LAW OR RULE OF COURT AND SHOULD BE DISMISSED PURSUANT TO PA. R. CIV. P. 1028(a)(2) .............. 13

RELIEF SOUGHT ............................................................................................................................ 14

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# TABLE OF AUTHORITIES

## CASES

*412 North Front Street Associates v. Spector Gadon & Rosen, P.C.*,
    151 A.3d 646 (Pa. Super. 2016)..................................................................................4

*Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products, Inc.*,
    885 A.2d 1127 (Pa. Commw. 2005)..........................................................................8, 9

*Commonwealth v. TAP Pharmaceutical Products, Inc.*,
    36 A.3d 1197 (Pa. Commw. 2011).............................................................................7, 8

*Commonwealth v. TAP Pharmaceutical Products, Inc.*,
    94 A.3d 350 (Pa. 2014)...............................................................................................7, 8

*Feingold v. Hendrzak*,
    15 A.3d 937 (Pa. Super. 2011)....................................................................................4

*Green v. PNC Financial Services Group*,
    No. GD 13-020135, 2014 Pa. Dist. & Cnty. Dec. LEXIS 14024 (Pa. Ct. Com. Pl.
    Allegheny Cty. Feb. 28, 2014).....................................................................................11

*Hess v. Sexchick Poultry Services, Inc.*,
    83 Pa. D. & C.4th 289 (Pa. Ct. Com. Pl. Lancaster Cty. 2006)..................................11

*Khawaja v. RE/MAX Central*,
    151 A.3d 626 (Pa. Super. 2016)..................................................................................11

## RULES

Pa. R. Civ. P. 1028...................................................................................................2, 3, 4, 13

Pa. R. Civ. P. 1019.........................................................................................................3, 13, 14

## OTHER AUTHORITIES

Restatement (Second) of Torts § 552...........................................................................2, 7, 8

iii

## **PRELIMINARY STATEMENT**

In its omnibus opposition brief ("Opp."), Plaintiff fails to substantively respond to the Express Scripts Entities' arguments explaining why each claim in the Amended Complaint should be dismissed for multiple, independent reasons.[1] Indeed, Plaintiff focuses on allegations against Mallinckrodt—and its settlement of a lawsuit filed by the FTC—rather than identify any purported misconduct by an Express Scripts Entity. (*See, e.g.*, Opp. at 3, 12-13, 15-16.) With regard to the Express Scripts Entities, Plaintiff's principal argument is that its claims "should proceed to discovery" because the Express Scripts Entities "accepted all 'factual allegations in the Amended Complaint as true.'" (*Id.* at 3 (quoting Express Scripts Entities' Preliminary Objections ("POs") at 2 n.3).) But contrary to Plaintiff's contention, the Express Scripts Entities merely stated the standard applicable to demurrers and did not accept as true ***all*** of Plaintiff's allegations, including the numerous conclusory assertions in the Amended Complaint that are devoid of supporting factual allegations. In addition, Plaintiff relies on the equally meritless argument that this case "deserves the opportunity to proceed to the [*sic*] discovery" because "CBS News' '60 Minutes'" aired a story concerning the federal class action antitrust litigation that Plaintiff's counsel filed against Defendants on behalf of different clients. (*Id.* at 2.)[2] Plaintiff's reliance on these baseless contentions and its repeated failures to respond to the

---

[1] Throughout this brief, the Express Scripts Entities will use the abbreviations defined in their memorandum of law in support of their preliminary objections ("ESE Mem.").

[2] Plaintiff invokes media coverage of the *Rockford* Litigation as purported support for its claims in this case, while criticizing Defendants for referencing that action because of its "lack of relevance" here. (Opp. at 3.) In addition, Plaintiff's counsel apparently copied and pasted portions of their opposition to the Express Scripts Entities' motion to dismiss filed in the *Rockford* Litigation, inadvertently including an argument regarding their client in that action—the City of Rockford, Illinois—that has no applicability to this case. (*See id.* at 4 ("Express Scripts seeks to avoid liability for its breach of contract by urging an interpretation of the agreement it ***signed with Rockford*** that does not comport with the language or structure of the document." (emphasis added)).)

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Express Scripts Entities' arguments demonstrate that its claims against the Express Scripts Entities should be dismissed with prejudice.

Plaintiff's claims against the Express Scripts Entities are deficient under Pennsylvania Rule of Civil Procedure 1028(a)(4).  *First*, the UTPCPL claim should be dismissed because Plaintiff does not plead facts suggesting any deceptive or misleading act or statement by any Express Scripts Entity.  Not only does Plaintiff fail to identify any factual allegation supporting its assertions that the distribution and pricing of Acthar were somehow deceptive or misleading, but Plaintiff also fails to explain its own allegations in the Amended Complaint that the roles of the Express Scripts Entities in the distribution of Acthar were publicly disclosed, and that Mallinckrodt unilaterally sets the price of Acthar.  Moreover, the UTPCPL claim fails because Plaintiff does not allege facts suggesting that it relied on, let alone suffered damage resulting from its reliance on, any purported deceptive or misleading act or statement by an Express Scripts Entity.

*Second*, Plaintiff's negligent misrepresentation claim should be dismissed because it is barred by the economic loss doctrine.  While Plaintiff argues that its claim is subject to a narrow exception to the economic loss doctrine applicable to claims sounding under Section 552 of the Restatement (Second) of Torts, that exception cannot apply here because Plaintiff alleges no facts suggesting that any Express Scripts Entity's business is selling information about drugs.  In addition, Plaintiff does not allege facts suggesting that any Express Scripts Entity owed it a duty of care or made a false statement, or that Plaintiff relied on—or suffered damages as a result of its reliance on—any such statement.

*Third*, Plaintiff's aiding and abetting/conspiracy claim should be dismissed because it is predicated on the same deficient theories as its UTPCPL and negligent misrepresentation claims.

*Fourth*, Plaintiff's unjust enrichment claim fails because Plaintiff alleges that contractual agreements (i.e., the PBM Agreements) govern the relationship between Plaintiff and ESI, and express agreements preclude unjust enrichment claims under Pennsylvania law.

*Fifth*, Plaintiff cannot maintain its claim that ESI breached the PBM Agreements because it did not meet its burden to quote the full text of the relevant portions of the PBM Agreements or to attach those agreements to the Amended Complaint. In any event, the Amended Complaint does not plead facts suggesting that any Express Scripts Entity breached a contractual duty.

*Sixth*, Plaintiff's promissory estoppel claim should be dismissed because it is based on the same alleged contractual obligations and purported breaches as Plaintiff's deficient breach of contract claim.

*Seventh*, Plaintiff's implied covenant of good faith and fair dealing claim fails because no such cause of action exists under Pennsylvania law, and Plaintiff does not dispute that the dismissal of its breach of contract claim would doom its implied covenant claim.

*Eighth*, Plaintiff's claim for declaratory and injunctive relief should be dismissed because its underlying substantive claims fail.

Finally, in addition to the deficiencies identified above, Plaintiff's negligent misrepresentation, unjust enrichment, breach of contract, promissory estoppel, and implied covenant claims should be dismissed pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2) for failure to conform to Pennsylvania Rule of Civil Procedure 1019(i). Although each of these claims is based upon the PBM Agreements between Plaintiff and ESI, Plaintiff again failed to attach these agreements to the Amended Complaint—even after the Express Scripts Entities highlighted that failure in their preliminary objections to Plaintiff's original complaint. Plaintiff seeks to excuse its failure to attach the PBM Agreements, citing the Express

3

Scripts Entities' statements that the agreements are confidential and must be filed under seal. But tellingly, Plaintiff does not dispute that the PBM Agreements are confidential, or that Plaintiff could have filed them under seal—yet chose not to do so.

## ARGUMENT

I. **PLAINTIFF'S CLAIMS AGAINST THE EXPRESS SCRIPTS ENTITIES ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED PURSUANT TO PA. R. CIV. P. 1028(a)(4)**

A. **Plaintiff Cannot Alter the Standard for a Demurrer**

As further discussed below, each of Plaintiff's claims should be dismissed because the Amended Complaint does not "provide sufficient factual averments . . . to sustain a cause of action." *Feingold v. Hendrzak*, 15 A.3d 937, 942 (Pa. Super. 2011). Although Plaintiff concedes that on a demurrer the Court only "accept[s] all well-pled facts as true" (Opp. at 5), Plaintiff argues that the Express Scripts Entities' Preliminary Objections should be overruled because the Express Scripts Entities stated in a footnote that they "accept the factual allegations in the Amended Complaint as true only for purposes of their Preliminary Objections." (POs at 2 n.3; *see* Opp. at 3, 5, 22-23.) Plaintiff apparently contends that because that footnote omits the phrase "well-pleaded" before "factual allegations," the Court must accept as true all of Plaintiff's allegations—including conclusory allegations and those that draw unwarranted inferences from the factual allegations in the Amended Complaint. (*See* Opp. at 5.)

Plaintiff's argument is meritless and merely highlights its acknowledgement that its allegations are not "well-pleaded." Contrary to Plaintiff's suggestion, the Express Scripts Entities did not acquiesce to a lesser pleading standard, but simply recited the standard applicable to demurrers. Indeed, Pennsylvania courts have omitted the phrase "well-pleaded" from references to the standard applicable to demurrers. *See, e.g., 412 N. Front St. Assocs. v. Spector Gadon & Rosen, P.C.*, 151 A.3d 646, 656-57 (Pa. Super. 2016) (stating "'[a]ll material

4

facts set forth in the pleading . . . must be admitted as true'" and affirming grant of demurrer because "[a]ppellant's complaint [contains] . . . insufficient assertion of essential facts necessary to support legally viable claims of breach of contract and legal malpractice" (citation omitted)). Likewise, Plaintiff ignores the arguments throughout the Express Scripts Entities' Preliminary Objections and moving brief that Plaintiff failed to allege facts sufficient to support its claims. Moreover, and in any event, Plaintiff cites no authority to suggest that a movant can alter the legal standard for a demurrer.

Plaintiff's other arguments in opposition to the Express Scripts Entities' Preliminary Objections are similarly meritless, and all of its claims should be dismissed.

**B.     The UTPCPL Claim (Count I) Should Be Dismissed**

**1.     Plaintiff Identifies No Factual Allegation Suggesting That Any Express Scripts Entity Engaged in an Act Prohibited By the UTPCPL**

As Plaintiff acknowledges, to state a claim under the UTPCPL, it must allege facts suggesting that Defendants engaged in one of the unfair or deceptive trade practices enumerated in the statute. (*See* Opp. at 7-8.) Plaintiff's UTPCPL claim fails because it has not done so. (ESE Mem. at 8-12.) Specifically, Plaintiff alleges no facts suggesting deceptive conduct related to CuraScript's distribution of Acthar or UBC's operation of ASAP—i.e., any act or statement by any Express Scripts Entity that concealed or was otherwise misleading as to either of these relationships. (*Id.* at 9-10.) Nor does it allege any facts suggesting deceptive conduct related to Acthar price increases or value, or ESI's provision to Plaintiff of discounts off AWP. (*Id.* at 10-12.) To the contrary, the Amended Complaint highlights that Defendants ***publicly disclosed*** Questcor's exclusive distribution agreement with CuraScript and the agreement with UBC concerning ASAP, that Mallinckrodt unilaterally sets the price of Acthar, and that Plaintiff paid the discounted price for Acthar agreed to in its PBM Agreements with ESI. (*Id.* at 9-12 & n.8.)

5

Rather than respond to the Express Scripts Entities' arguments or explain how its factual allegations suggest deceptive or misleading conduct, Plaintiff simply repeats its insufficient and conclusory allegations. (*See* Opp. at 9-12.) Plaintiff likewise baldly denies that CuraScript's exclusive distribution of Acthar and UBC's operation of ASAP were publicly disclosed (*see id.* at 13), but fails to address the Amended Complaint's allegations to the contrary. Plaintiff also repeats its baseless, conclusory assertions that the Express Scripts Entities "conspired and agreed with Mallinckrodt to *raise* the price of Acthar," that ESI did not "push[] back against [Acthar] price increases," and that the ASAP form was somehow an attempt "to bypass payment protections [Plaintiff] had put in place with Express Scripts." (*Id.* at 9, 12.)[3] The Express Scripts Entities have already explained why these allegations do not suggest deceptive or misleading conduct (*see* ESE Mem. at 8-12), and the UTPCPL claim should be dismissed for those reasons.

2. **Plaintiff Identifies No Factual Allegation Suggesting That It Relied On Any Express Scripts Entity's Allegedly Prohibited Conduct to Its Detriment**

Plaintiff does not dispute that its UTPCPL claim requires factual allegations suggesting it justifiably relied on conduct prohibited by the UTPCPL, and that it suffered harm resulting from that reliance. Plaintiff's UTPCPL claim fails because it does not even allege that it read, heard, or was otherwise aware of—let alone relied on—any purportedly deceptive statement made by an Express Scripts Entity. (ESE Mem. at 13.) Moreover, Mallinckrodt's alleged monopoly—not any alleged misconduct by an Express Scripts Entity—is the only conceivable cause of the "inflated" (AC ¶ 84) prices for Acthar. (ESE Mem. at 14.)

---

[3] Plaintiff also cites portions of the Amended Complaint that detail *Mallinckrodt's* decision to acquire Synacthen, which led the FTC to sue *Mallinckrodt*—not any Express Scripts Entity—for violations of antitrust law. (*See* Opp. at 12 (citing AC ¶¶ 107-13); ESE Mem. at 5 & n.6.)

6

Again, Plaintiff fails to respond to the Express Scripts Entities' arguments, but instead merely states that it "alleges both reliance and causation, as required where required." (Opp. at 13.) This conclusory assertion is incorrect for the reasons stated in the Preliminary Objections, and Plaintiff's UTPCPL claim should thus be dismissed for this reason too.

C. **The Negligent Misrepresentation Claim (Count II) Should Be Dismissed**

1. **The Economic Loss Doctrine Bars the Negligent Misrepresentation Claim**

Plaintiff does not dispute that its negligent misrepresentation claim is based only on an alleged economic loss, and that this claim can survive a demurrer only if it fits within the narrow *Bilt-Rite* exception to the economic loss doctrine. Instead, Plaintiff wrongly asserts that "[t]he economic loss doctrine does not bar [its] claims for negligent misrepresentation premised upon violations of section 552 of the Restatement (Second) of Torts." (Opp. at 19 (citing *Commonwealth v. TAP Pharm. Prods., Inc.*, 36 A.3d 1197, 1277 (Pa. Commw. 2011), *order vacated*, 94 A.3d 350 (Pa. 2014)).)

Plaintiff ignores that the *Bilt-Rite* exception does not apply to defendants like the Express Scripts Entities that supply information that is merely ancillary to the products or services they sell. (ESE Mem. at 16-17.)[4] Accordingly, the economic loss doctrine bars Plaintiff's negligent misrepresentation claim. (*Id.* at 17.)

Moreover, the lone case Plaintiff cites in support of its argument, *TAP Pharmaceuticals*, is inapposite for multiple reasons. *First*, that case concerned pharmaceutical manufacturers reporting what they represented to be the average wholesale prices of their drugs to third-party compendia that published that pricing information. *See TAP Pharm.*, 36 A.3d at 1210. Here,

---

[4] Contrary to Plaintiff's assertion, there is no factual allegation suggesting that UBC or any Express Scripts Entity "'sell[s]' information about drugs." (Plaintiff's Opposition to the Express Scripts Entities' POs at ¶ 49.)

7

there is no factual allegation that any Express Scripts Entity reported the AWP of Acthar to any entity. Plaintiff alleges that the PBM Agreements included AWP as a benchmark for the reimbursement rate it paid for Acthar (*see* ESE Mem. at 19), not that an Express Scripts Entity reported the AWP of Acthar to Plaintiff or any other entity.

**Second**, unlike in *TAP Pharmaceuticals*, Plaintiff here has not alleged facts suggesting that any Express Scripts Entity supplied false information. In that case, the plaintiffs alleged that pharmaceutical manufacturers "knowingly inflated [a] self-reported AWP for inclusion in a pharmaceutical publication upon which the Commonwealth relied," and that these inflated AWPs "in some cases reflected a price hundreds of times higher than what would constitute an actual average wholesale price." *Commonwealth ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1132 (Pa. Commw. 2005). Here, by contrast, Plaintiff alleges that the actual AWPs of Acthar were high, not that any Defendant reported a figure as the AWP of Acthar that was not in fact the AWP of Acthar. Thus, Plaintiff has not alleged a misrepresentation or that it suffered damage as a result of its justifiable reliance on a misrepresentation, and the *Bilt-Rite* exception for claims sounding under Section 552 cannot apply. (ESE Mem. at 17.)

**Third**, and in any event, the Commonwealth Court's statement that the economic loss doctrine did not bar the negligent misrepresentation claim against the pharmaceutical manufacturers, *see TAP Pharm.*, 36 A.3d at 1277, is dictum. It was unnecessary to the court's decision denying the plaintiffs' motions for judgment notwithstanding the verdict or for a new trial on the negligent misrepresentation claim. In addition, that dictum was not reviewed by the Supreme Court when it vacated the Commonwealth Court's order. *See Commonwealth v. TAP Pharm. Prods., Inc.*, 94 A.3d 350 (Pa. 2014). Indeed, the dictum is contrary to the many post-*Bilt-Rite* decisions refusing to apply the *Bilt-Rite* exception to defendants that supply information

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

that is ancillary to the products or services they sell. (*See* ESE Mem. at 16.)

      2.    **Plaintiff Identifies No Factual Allegation Suggesting a Misrepresentation or Justifiable Reliance**

The Amended Complaint alleges four purported misrepresentations, each of which is insufficient to support its negligent misrepresentation claim. (ESE Mem. at 18-20.) In its opposition, Plaintiff presents argument concerning only one of those purported misrepresentations—that "Defendants misrepresented the 'average wholesale prices' of Acthar." (Opp. at 18.) But as discussed above (*see supra* pp. 7-8), Plaintiff does not allege facts suggesting that any Defendant quoted an AWP of Acthar, let alone an AWP that was not accurate. And the factual allegations in the portions of the Amended Complaint that Plaintiff cites do not suggest any such statement. (*See* Opp. at 18.)

      3.    **Plaintiff Identifies No Factual Allegation Suggesting That Any Express Scripts Entity Owed It a Duty of Care Relating to Acthar**

Plaintiff does not dispute that its negligent misrepresentation claim requires factual allegations suggesting that an Express Scripts Entity owed it a duty of care. (*See* ESE Mem. at 17-18.) Plaintiff attempts to base the duty element of its negligent misrepresentation claim on its baseless contention that the Express Scripts Entities made an affirmative misrepresentation concerning the AWP of Acthar. (*See* Opp. at 18-19 ("'[W]e believe the Amended Complaint could very well establish this as a case of disclosure,'" which would not require Plaintiff "'to establish that the Defendants had a duty to disclose the true nature of the published AWP.'" (quoting *TAP Pharm.*, 885 A.2d at 1138)).) Thus, Plaintiff's failure to sufficiently allege any such misrepresentation (*see supra* pp. 7-8) also requires that its negligent misrepresentation claim be dismissed for failure to adequately plead the existence of a duty of care.

D.    **The Aiding and Abetting/Conspiracy Claim (Count III) Should Be Dismissed**

Plaintiff does not dispute that its aiding and abetting/conspiracy claim depends on its

9

UTPCPL and negligent misrepresentation claims. Because Plaintiff has not sufficiently alleged either of those claims, its aiding and abetting/conspiracy claim should be dismissed. (ESE Mem. at 20-21.)

Nevertheless, Plaintiff argues that the aiding and abetting/conspiracy claim against the Express Scripts Entities is sufficient because it only requires a tortious act by either the Express Scripts Entities or Mallinckrodt. (Opp. at 20.) This assertion is irrelevant, however, because the UTPCPL and negligent misrepresentation claims against both Mallinckrodt and the Express Scripts Entities overlap (*see* AC ¶ 196 (aiding and abetting/conspiracy claim based on "a common design pursuant to which Defendants carried out their tortious acts of negligently misrepresenting the truth about Acthar and their exclusive arrangements, and the acts or practices in violation of the UTPCPL")), and thus fail against all Defendants for the reasons the Express Scripts Entities have previously identified (*see* ESE Mem. at 21 ("[T]hese claims should be dismissed because Plaintiff has not alleged a viable claim under the UTPCPL or for negligent misrepresentation."); *see also id.* at 9 ("Plaintiff does not allege any act or statement by any Defendant concealing" CuraScript's exclusive distribution of Acthar or UBC's operation of ASAP)).

E.  **The Unjust Enrichment Claim (Count IV) Should Be Dismissed**

A plaintiff cannot recover for unjust enrichment when an express agreement governs its relationship with the defendant. (ESE Mem. at 21.) Notwithstanding its allegations that the PBM Agreements govern its relationship with ESI, Plaintiff contends—without explanation—that it would be premature to dismiss its unjust enrichment claim. (Opp. at 21.)[5]

---

[5] Plaintiff does not argue that it brings a tort-based unjust enrichment claim, which would fail for the reasons discussed in the Express Scripts Entities' moving brief. (ESE Mem. at 20-21.)

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Contrary to Plaintiff's assertion, it is a proper and efficient use of judicial resources to grant a demurrer to an unjust enrichment claim for which the plaintiff cannot recover because it alleges that an express agreement governs the parties' relationship. (ESE Mem. at 21); *see also Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 633 (Pa. Super. 2016) (affirming grant of demurrer to unjust enrichment claim because the complaint "acknowledged the undisputed fact that [plaintiff] entered into a written Agreement with RE/MAX"); *Hess v. Sexchick Poultry Servs., Inc.*, 83 Pa. D. & C.4th 289, 297 (Pa. Ct. Com. Pl. Lancaster Cty. 2006) (granting demurrer to unjust enrichment claim because "'the existence of the written agreement . . . confine[s plaintiffs] to a contract remedy and preclude[s] a claim of quasi-contract'" (alterations in original) (quoting *Villoresi v. Femminella*, 856 A.2d 78, 85 (Pa. Super. 2004))).[6] This is particularly true where, as here, the unjust enrichment claim is based on a purported breach of the same alleged obligation as the breach of contract claim. (*See* AC ¶ 205 (in unjust enrichment claim, stating Plaintiff expected ESI would provide "cost containment"); *id.* ¶ 223 (in breach of contract claim stating ESI "fail[ed] to provide cost containment").) Thus, Plaintiff's unjust enrichment claim should be dismissed.

### F.     The Breach of Contract Claim (Count VI) Should Be Dismissed

Plaintiff does not dispute that its breach of contract claim requires factual allegations suggesting a contractual duty and a breach of that duty. (*See* ESE Mem. at 21.) Plaintiff also does not dispute that to sufficiently allege a contractual duty, it must provide the full text of the contract or, at minimum, all relevant provisions. (*See id.* at 21-22.) Nevertheless, Plaintiff seeks

---

[6] The case Plaintiff cites for the proposition that granting preliminary objections on this ground would be premature is inapposite because in that case defendants' counsel "asserted there was no contract." *Green v. PNC Fin. Servs. Grp.*, No. GD 13-020135, 2014 Pa. Dist. & Cnty. Dec. LEXIS 14024, at *2 (Pa. Ct. Com. Pl. Allegheny Cty. Feb. 28, 2014). Here, it is undisputed that the PBM Agreements governed the relationship between Plaintiff and ESI.

to maintain its claim simply by repeating its baseless argument that the preliminary objections should be overruled because the Express Scripts Entities "'accept[ed] the factual allegations in the Amended Complaint as true.'" (Opp. at 22 (quoting POs at 2 n.3).)[7]

But Plaintiff cannot avoid the fatal deficiencies in its Amended Complaint. Plaintiff did not adequately allege a contractual duty because it did not quote in full the relevant portions of the PBM Agreements or attach the PBM Agreements to the Amended Complaint. (ESE Mem. at 22-23.) In addition, Plaintiff's assertions that ESI breached contractual duties by: (1) "fail[ing] to provide cost containment services" (AC ¶ 223) because it purportedly "'agreed with Mallinckrodt to inflate the AWPs for Acthar'" (Opp. at 22 (quoting AC ¶ 223)) and (2) "divert[ing] monies from Plaintiff that should have been paid as rebates" (*id.*) are unsupported by factual allegations (ESE Mem. at 22-23), and Plaintiff does not explain how its factual allegations could support a contrary inference.

Finally, Plaintiff does not contest that a breach of contract claim against any Express Scripts Entity other than ESI should be dismissed because ESI is the only Express Scripts Entity that allegedly has a contractual relationship with Plaintiff. (*See id.* at 23.)

### G.     The Promissory Estoppel Claim (Count VII) Should Be Dismissed

Plaintiff does not dispute that its promissory estoppel claim should be dismissed if its breach of contract claim fails. (*See* ESE Mem. at 23-24.) Because Plaintiff's breach of contract claim should be dismissed for the reasons that the Express Scripts Entities have previously identified, the promissory estoppel claim should likewise be dismissed. (*Id.*)

---

[7] The only substantive argument Plaintiff raises on its breach of contract claim concerns a different contract between ESI and a different plaintiff—the City of Rockford—in a different case. (*See* Opp. at 4 ("Express Scripts seeks to avoid liability for its breach of contract by urging an interpretation of the agreement it signed **with Rockford** . . . ." (emphasis added)).) As noted above (*see supra* p. 1 n.2), Plaintiff's counsel appears to have inadvertently copied this argument verbatim from a brief filed in the *Rockford* Litigation.

12

**H.     The Breach of the Implied Covenant Claim (Count VIII) Should Be Dismissed**

Plaintiff's implied covenant claim should be dismissed because under Pennsylvania law, there is no independent cause of action for such a claim. (ESE Mem. at 24.) Although Plaintiff contends that "Pennsylvania law implies a duty of good faith and fair dealing on all contracts" (Opp. at 23), it cites no authority for the proposition that there is an independent cause of action for breach of the implied covenant. Moreover, Plaintiff does not dispute that dismissal of its breach of contract claim would mandate dismissal of the implied covenant claim.

**I.     The Declaratory and Injunctive Relief Claim (Count IX) Should Be Dismissed**

Plaintiff's claim for declaratory and injunctive relief fails because Plaintiff has not sufficiently alleged any of its substantive claims. (ESE Mem. at 24-25.) And Plaintiff does not dispute that its declaratory and injunctive relief claim fails if its underlying claims are dismissed.

**II.    ALTERNATIVELY, PLAINTIFF'S CLAIMS AGAINST THE EXPRESS SCRIPTS ENTITIES FAIL TO CONFORM TO LAW OR RULE OF COURT AND SHOULD BE DISMISSED PURSUANT TO PA. R. CIV. P. 1028(a)(2)**

Plaintiff's negligent misrepresentation, unjust enrichment, breach of contract, promissory estoppel, and implied covenant claims are all based upon at least one of the PBM Agreements between ESI and Plaintiff, and should be dismissed because Plaintiff failed to attach these agreements as required by Pa. R. Civ. P. 1019(i). (ESE Mem. at 25-26.) Plaintiff does not dispute that its breach of contract claim is based upon the PBM Agreements or explain how its other common law causes of action—each of which relies on the PBM Agreements purportedly to establish necessary elements of those claims (*id.*)—are not based upon those agreements. (*See* Plaintiff's Opposition to the Express Scripts Entities' POs at ¶ 101.) Plaintiff also does not dispute that Pa. R. Civ. P. 1019(i) requires plaintiffs to attach to a complaint written agreements

13

upon which their claims are based.

Rather, Plaintiff impermissibly attempts to circumvent the explicit requirements of Pa. R. Civ. P. 1019(i) by arguing that it "could not agree [with opposing counsel] on how to attach contracts that Express Scripts repeatedly deems 'confidential' and demands be presented to this Court 'under seal.'" (Opp. at 24.) Notably, Plaintiff does not dispute that the PBM Agreements are confidential, that their confidentiality provisions would require them to be filed under seal, or that Plaintiff could have filed them under seal. And Plaintiff cites no authority that would permit it to ignore the explicit requirements of Pa. R. Civ. P. 1019(i) simply because the PBM Agreements would have to be filed under seal.

Moreover, in their preliminary objections to the original complaint, the Express Scripts Entities reminded Plaintiff that if it intended to attach the PBM Agreements to an amended complaint, those agreements should be filed under seal. (ESE Mem. at 26 n.14) Nevertheless, the correspondence Plaintiff attaches to its opposition demonstrates that—notwithstanding that the Express Scripts Entities had raised this issue three weeks prior in their preliminary objections to the original complaint—Plaintiff's counsel waited until the morning the Amended Complaint was due to "confer[]" with Express Scripts' counsel regarding this issue, and then contended it could not file under seal in Montgomery County Court (a meritless argument that Plaintiff does not raise in its opposition).

Accordingly, Plaintiff's last-ditch effort to excuse its refusal to attach the PBM Agreements to the Amended Complaint cannot salvage the claims that are based upon these agreements from dismissal for failure to conform to Pa. R. Civ. P. 1019(i).

## RELIEF SOUGHT

For the foregoing reasons and those raised in the Preliminary Objections, the Express Scripts Entities respectfully request that the Court sustain their Preliminary Objections and

14

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

dismiss all claims against them in the Amended Complaint with prejudice.

Dated: October 19, 2018

Respectfully submitted,

By: /s/ Joanne C. Lewers
Joanne C. Lewers (ID No. 81195)
Victoria L. Andrews (ID No. 321143)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile (215) 988-2757

Matthew M. Martino (admitted *pro hac vice*)
Michael H. Menitove (admitted *pro hac vice*)
Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
matthew.martino@skadden.com
michael.menitove@skadden.com
evan.kreiner@skadden.com

*Attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation, now known as United BioSource LLC*

Case# 2018-14059-88 Docketed at Montgomery County Prothonotary on 10/19/2018 3:32 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

Joanne C. Lewers hereby certifies that a true and correct copy of the foregoing Reply Memorandum of Law in Support of Defendants Express Scripts Holding Company's, Express Scripts, Inc.'s, Curascript, Inc.'s, Curascript SD's, Accredo Health Group, Inc.'s, and United BioSource Corporation's Preliminary Objections to the Amended Complaint was forwarded to the following via notification from the Montgomery Country Court of Common Pleas Electronic Filing system on October 19, 2018:

G. Patrick Watson, Esquire
Lindsay Sklar Johnson, Esquire
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner LLP
1155 F Street, N.W.
Washington, DC 20004

Matthew M. Martino, Esquire
Michael H. Menitove, Esquire
Evan R. Kreiner, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Herbert R. Giorgio, Jr., Esquire
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

Donald E. Haviland, Jr., Esquire
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

Daniel T. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

**Drinker Biddle & Reath LLP**

/s/ Joanne C. Lewers
Joanne C. Lewers

*Attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation, now known as United BioSource LLC*