Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

|  |  |  |
|---|---|---|
| INTERNATIONAL UNION OF | ) | |
| OPERATING ENGINEERS LOCAL 542, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2018-14059 |
| | ) | |
| MALLINCKRODT ARD, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE TO PLEAD</u>

**To:**
Donald E. Haviland, Jr., Esquire
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

You are hereby notified to file a written response to the enclosed Answer to the Amended Complaint of Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation within twenty (20) days of the date of service hereof or a judgment may be entered against you.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Dated:  February 12, 2019          */s/ Joanne C. Lewers* _____

Joanne C. Lewers (ID No. 81195)
Victoria L. Andrews (ID No. 321143)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile (215) 988-2757
joanne.lewers@dbr.com
victoria.andrews@dbr.com

Matthew M. Martino (admitted *pro hac vice*)
Michael H. Menitove (admitted *pro hac vice*)
Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
matthew.martino@skadden.com
michael.menitove@skadden.com
evan.kreiner@skadden.com

*Attorneys for the Express Scripts Entities*

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 542, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2018-14059 |
| MALLINCKRODT ARD, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS EXPRESS SCRIPTS HOLDING COMPANY'S,
EXPRESS SCRIPTS, INC.'S, CURASCRIPT, INC.'S, CURASCRIPT
SD'S, ACCREDO HEALTH GROUP, INC.'S, AND UNITED BIOSOURCE
CORPORATION'S ANSWER TO THE AMENDED COMPLAINT**

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants Express Scripts Holding Company ("ESHC"), Express Scripts, Inc. ("ESI"), CuraScript, Inc., CuraScript SD,[1] Accredo Health Group, Inc. ("Accredo"), and United BioSource Corporation ("UBC")[2] (each, an "Express Scripts Entity" and collectively, the "Express Scripts Entities"),[3] hereby set forth the following Answer to the Amended Complaint filed by the International Union of Operating Engineers Local 542 ("Plaintiff").

## RESPONSE TO INTRODUCTION

1.  The Express Scripts Entities admit that Plaintiff has brought this action and that Plaintiff named as defendants Mallinckrodt ARD Inc., formerly known as Questcor Pharmaceuticals, Inc. ("Questcor") and Questcor's parent company, Mallinckrodt plc (collectively, "Mallinckrodt"), and the Express Scripts Entities.  The Express Scripts Entities also admit that CuraScript, Inc. is a wholly owned subsidiary of ESI, which is a wholly owned subsidiary of Express Scripts Holding Company; admit that Accredo Health Group, Inc. is a wholly owned indirect subsidiary of Medco Health Solutions, Inc., which is a wholly owned subsidiary of ESHC; and admit that ESHC acquired United BioSource Holdings, Inc. as a subsidiary in 2012 and sold United BioSource Holdings, Inc. in 2017.  The Express Scripts Entities deny the remaining allegations in paragraph 1.

2.  The Express Scripts Entities deny the allegations in paragraph 2 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Mallinckrodt markets, distributes, and sells H.P. Acthar® Gel ("Acthar") and holds itself out as the manufacturer of Acthar, and that Acthar is the only adrenocorticotropic

---

[1] The correct corporate name is Priority Healthcare Distribution, Inc.

[2] The Amended Complaint names UBC as a defendant, but that entity ceased to exist in approximately 2013 when UBC became United BioSource LLC.

[3] Plaintiff fails to refer to the Express Scripts Entities consistently throughout the Amended Complaint and on numerous occasions fails to refer to the appropriate Express Scripts Entity.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

hormone ("ACTH") product sold in the United States.  The fourth sentence of paragraph 2 states a legal conclusion to which no responsive pleading is necessary.

3.      The Express Scripts Entities deny the allegations in paragraph 3 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

4.      Paragraph 4 states legal conclusions to which no responsive pleading is necessary. To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 4 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

5.      Paragraph 5 states legal conclusions to which no responsive pleading is necessary. To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 5 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that the Federal Trade Commission ("FTC") filed a complaint against Mallinckrodt on January 18, 2017 ("FTC Complaint") and Retrophin, Inc. filed a complaint against Questcor in the United States District Court for the Central District of California on January 7, 2014 ("Retrophin Complaint").

6.      The Express Scripts Entities deny the allegations in paragraph 6.  Paragraph 6 also states legal conclusions to which no responsive pleading is necessary.

7.      The Express Scripts Entities deny the allegations in paragraph 7, except admit that Acthar is a specialty pharmaceutical, and that specialty pharmacy distributors ("SPDs") and specialty pharmacy providers ("SPPs") distribute Acthar.

8.      The Express Scripts Entities deny the allegations in paragraph 8, except admit that ESHC acquired CuraScript, Inc. in 2004, and that ESHC acquired Priority Healthcare Corporation in 2005 and combined it with CuraScript, Inc. (collectively, "CuraScript").

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9.     The Express Scripts Entities deny the allegations in the first and second sentences of paragraph 9 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that in 2007, CuraScript SD and Questcor signed an agreement to have CuraScript SD serve as Questcor's exclusive distributor of Acthar, but as of September 2017, CuraScript SD is no longer the exclusive distributor of Acthar.  The Express Scripts Entities deny the allegations in the third and fourth sentences of paragraph 9.

10.     The Express Scripts Entities deny the allegations in paragraph 10.

11.     The Express Scripts Entities deny the allegations in paragraph 11, except admit that Plaintiff paid the following amounts for four prescriptions for three adult patients: $26,095.28 for Patient 1's prescription filled on July 5, 2011; $60,846.04 for Patient 2's prescription filled on March 13, 2013; $32,180.68 for Patient 3's prescription filled on July 29, 2014; and $34,653.95 for Patient 3's prescription filled on July 9, 2015.  Paragraph 11 also states legal conclusions to which no responsive pleading is necessary.

12.     Paragraph 12 states legal conclusions to which no responsive pleading is necessary.  The Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint, except admit that Plaintiff has brought this action and seeks declaratory and injunctive relief in the Amended Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

13.     Paragraph 13 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 13, except admit that Plaintiff has brought this action.

14.     Paragraph 14 states legal conclusions to which no responsive pleading is necessary.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

15.     Paragraph 15 states legal conclusions to which no responsive pleading is necessary.

16.     Paragraph 16 states legal conclusions to which no responsive pleading is necessary.

17.     The Express Scripts Entities deny the allegations in paragraph 17, except admit that Plaintiff and ESI entered into the Express Scripts, Inc. Pharmacy Benefit Management Agreement, effective as of June 1, 2015 ("PBM Agreement").

18.     Paragraph 18 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities admit that UBC's headquarters are located in Montgomery County, Pennsylvania, admit that Defendants transact business in Montgomery County, Pennsylvania, and deny the remaining allegations in paragraph 18.

## RESPONSE TO "THE PARTIES"

### Response to "Plaintiff"

19.     The Express Scripts Entities deny the allegations in paragraph 19 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

20.     The Express Scripts Entities deny the allegations in paragraph 20 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

21.     The Express Scripts Entities deny the allegations in the first sentence of paragraph 21 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The Express Scripts Entities deny the allegations in the second and third sentence of paragraph 21, except admit that Accredo dispensed Acthar to members of IUOE Local 542 and that IUOE Local 542 paid ESI for administrations of Acthar.

4

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

22.     The Express Scripts Entities deny that the Average Wholesale Price of Acthar was established by Defendants.  The Express Scripts Entities deny the remaining allegations in paragraph 22 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff paid the following amounts for four prescriptions of Acthar for three adult patients:  $26,095.28 for Patient 1's prescription filled on July 5, 2011; $60,846.04 for Patient 2's prescription filled on March 13, 2013; $32,180.68 for Patient 3's prescription filled on July 29, 2014; and $34,653.95 for Patient 3's prescription filled on July 9, 2015.

23.     The Express Scripts Entities deny the allegations in paragraph 23, except that Plaintiff paid ESI a total of $153,775.95 for four prescriptions of Acthar.

### Response to "Defendants"

24.     The Express Scripts Entities deny the allegations in paragraph 24 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

25.     The Express Scripts Entities deny the allegations in the first sentence of paragraph 25 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The Express Scripts Entities deny the allegations in the second sentence of paragraph 25, except admit that ESI provides pharmacy benefit management services; CuraScript SD provides specialty distribution services, but as of September 2017, CuraScript SD is no longer the exclusive distributor of Acthar; UBC provides customer service and reimbursement support for Acthar and is the operator of the Acthar Support and Access Program ("ASAP"); and Accredo provides specialty pharmacy services.

26.     The Express Scripts Entities deny the allegations in paragraph 26 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

27.     The Express Scripts Entities admit that Plaintiff states it refers to Mallinckrodt plc, Mallinckrodt ARD, and Questcor collectively as "Mallinckrodt" in the Amended Complaint.

28.     The Express Scripts Entities deny the allegations in paragraph 28, except admit that ESI and ESHC are Delaware Corporations with their offices located at 1 Express Way, Saint Louis, Missouri 63121.  The Express Scripts Entities also admit that Plaintiff states it refers to Express Scripts, Inc. and Express Scripts Holding Company collectively as "ESI" in the Amended Complaint.

29.     The Express Scripts Entities deny the allegations in paragraph 29, except admit that ESHC acquired CuraScript, Inc. in 2004, and that CuraScript, Inc. is a specialty pharmacy business that Accredo Heath Group, Inc. has owned and operated since it acquired the company in 2012.

30.     The Express Scripts Entities deny the allegations in paragraph 30, except admit that ESHC acquired Priority Healthcare Corporation in October 2005 and combined it with CuraScript, Inc., and that the combined entity became a specialty pharmacy and distribution company.  The Express Scripts Entities also admit that Priority Healthcare Corporation has done business as Priority Healthcare Corporation d/b/a CuraScript SD Specialty Distribution and is a Florida corporation with offices at 255 Technology Park, Lake Mary, Florida 32746.

31.     The Express Scripts Entities deny the allegations in paragraph 31, except admit that CuraScript SD's corporate headquarters are located at 255 Technology Park, Lake Mary, Florida 32746, and that in 2007, CuraScript SD and Questcor signed an agreement to have CuraScript SD serve as Questcor's exclusive distributor of Acthar, but as of September 2017, CuraScript SD is no longer the exclusive distributor of Acthar.  The Express Scripts Entities also

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

admit that Plaintiff purports to cite to the Acthar Start Form attached as Exhibit A to Plaintiff's Amended Complaint.

32.     The Express Scripts Entities deny the allegations in paragraph 32, except admit that Accredo Health Group, Inc. is a wholly owned indirect subsidiary of Medco Health Solutions, Inc., which is a wholly owned subsidiary of Express Scripts Holding Company.

33.     The Express Scripts Entities admit the allegations in paragraph 33.

34.     The Express Scripts Entities deny the allegations in paragraph 34, except admit that United BioSource LLC is a wholly owned subsidiary of United BioSource Holdings, Inc., a privately held corporation; admit that the interests of United BioSource Holdings, Inc. are held by and through various privately held intermediary entities, which are ultimately owned by private investment funds sponsored by and/or affiliated with Avista Capital Partners and individuals associated with Avista Capital Partners; admit that the Amended Complaint names as a defendant "United BioSource Corporation," which until approximately 2013 was a wholly owned indirect subsidiary of ESHC; and admit that in approximately 2013, United BioSource Corporation became United BioSource LLC, and United BioSource Corporation ceased to exist.

35.     The Express Scripts Entities admit the allegations in paragraph 35.

36.     The Express Scripts Entities deny the allegations in paragraph 36, except admit that Plaintiff cites to the Acthar Start Form attached as Exhibit A to Plaintiff's Amended Complaint.  That document refers to "Mallinckrodt ARD Inc., the distributor of Acthar ('Mallinckrodt'), and its agents, authorized designees, and contractors, including Mallinckrodt reimbursement support personnel and United BioSource Corporation ('UBC')."

37.     The Express Scripts Entities admit that Plaintiff states it refers to ESI, CuraScript, Accredo, and UBC collectively as "Express Scripts" in the Amended Complaint.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

38.     The Express Scripts Entities deny the allegations in paragraph 38, except admit that Plaintiff states it refers to Mallinckrodt and Express Scripts collectively as "Defendants" in the Amended Complaint.

39.     The Express Scripts Entities deny the allegations in paragraph 39.

## **RESPONSE TO "FACTUAL BACKGROUND"**

40.     The Express Scripts Entities deny the allegations in paragraph 40 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

41.     The Express Scripts Entities deny the allegations in paragraph 41 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### **Response to "History of Acthar Development, Distribution and Pricing"**

42.     The Express Scripts Entities deny the allegations in paragraph 42 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

43.     The Express Scripts Entities deny the allegations in paragraph 43 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff quotes from the decision, *Armour & Co. v. Wilson & Co.*, 274 F.2d 143 (7th Cir. 1960).

44.     The Express Scripts Entities deny the allegations in paragraph 44 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff quotes from the decision, *Armour & Co. v. Wilson & Co.*, 274 F.2d 143 (7th Cir. 1960).

45.     The Express Scripts Entities deny the allegations in paragraph 45 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

46.     The Express Scripts Entities deny the allegations in paragraph 46 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

47.     The Express Scripts Entities deny the allegations in paragraph 47 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that the FDA approved infantile spasms as an indication for Acthar in 2010.

### Response to "Mallinckrodt Adopts a 'New Strategy' to Restrict Acthar Distribution to Maintain and Enhance its Monopoly Power over Acthar Through a Misleading and Deceptive Arrangement with Express Scripts"

48.     The Express Scripts Entities deny the allegations in paragraph 48, except admit that Acthar is a specialty pharmaceutical.

49.     The Express Scripts Entities deny the allegations in paragraph 49 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

50.     The Express Scripts Entities deny the allegations in paragraph 50, except admit that Plaintiff quotes from the July 2, 2007 Questcor Pharmaceutical Product Alert attached as Exhibit B to Plaintiff's Amended Complaint.

51.     The Express Scripts Entities deny the allegations in paragraph 51.

52.     The Express Scripts Entities deny the allegations in paragraph 52, except admit that ESI provides pharmacy benefit management services; CuraScript SD provides specialty distribution services; UBC provides customer service and reimbursement support and is the operator of the ASAP; and Accredo provides specialty pharmacy services.

53.     The Express Scripts Entities deny the allegations in paragraph 53, except admit that UBC provides customer service and reimbursement support for Acthar and is the operator of the ASAP, and that Plaintiff cites to the Acthar Start Form attached as Exhibit A to Plaintiff's Amended Complaint.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

54.     The Express Scripts Entities deny the allegations in paragraph 54, except admit that Plaintiff cites to and quotes from the Acthar Start Form attached as Exhibit A to Plaintiff's Amended Complaint.

55.     The Express Scripts Entities deny the allegations in paragraph 55, except admit that Plaintiff cites to and quotes from the Acthar Start Form attached as Exhibit A to Plaintiff's Amended Complaint.

56.     The Express Scripts Entities deny the allegations in paragraph 56, except admit that UBC provides customer service and reimbursement support and is the operator of the ASAP, and that Plaintiff cites to and quotes from the Acthar Start Form attached as Exhibit A to Plaintiff's Amended Complaint.

57.     The Express Scripts Entities deny the allegations in paragraph 57.

58.     The Express Scripts Entities deny the allegations in paragraph 58.

59.     The Express Scripts Entities deny the allegations in paragraph 59, except admit that ESHC and ESI are in the business of pharmacy benefit management, and that Plaintiff quotes from the ESHC Annual Report on Form 10-K for the Fiscal Year Ending December 31, 2012.

60.     The Express Scripts Entities deny the allegations in paragraph 60, except admit that ESHC and ESI, together with their subsidiaries, provide integrated specialty services including pharmacy benefit management, specialty distribution, and specialty pharmacy, and that in the first sentence of paragraph 60, Plaintiff quotes from the Corporate Overview page on CuraScript SD's website.

61.     The Express Scripts Entities deny the allegations in paragraph 61, except admit that Plaintiff purports to quote from a page on UBC's website that states:  "Because UBC

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

provides comprehensive patient access and engagement services, we are uniquely qualified to integrate our industry-leading services into a Patient Access Center, or a 'hub' that serves as a centralized point of contact for your patients, caregivers and prescribers.  Our Patient Access Centers help patients navigate complex therapeutic journeys by providing patient-centric, high-touch care."

62.     The Express Scripts Entities deny the allegations in paragraph 62, except admit that Plaintiff purports to quote from CuraScript SD's website.

63.     The Express Scripts Entities deny the allegations in paragraph 63, except admit that Plaintiff purports to quote from CuraScript SD's website in the first and third sentences of paragraph 63.

64.     The Express Scripts Entities deny the allegations in paragraph 64, except admit that Accredo provides specialty pharmacy services.

65.     The Express Scripts Entities deny the allegations in paragraph 65, except admit that Plaintiff purports to quote an unidentified UBC executive in the third sentence of paragraph 65.

66.     The Express Scripts Entities admit the allegations in the first sentence of paragraph 66.  The Express Scripts Entities deny the allegations in the second sentence of paragraph 66, except admit that Accredo's staff is comprised of a team of specialty-trained pharmacists, nurses, patient care advocates, social workers, and insurance coordinators.

67.     The Express Scripts Entities deny the allegations in paragraph 67, except admit that Accredo provides specialty pharmacy services.

68.     The Express Scripts Entities deny the allegations in paragraph 68, except admit that Accredo provides specialty pharmacy services.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

69.     The Express Scripts Entities deny the allegations in paragraph 69.

70.     The Express Scripts Entities deny the allegations in paragraph 70 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that ESI provides pharmacy benefit management services; CuraScript SD provides specialty distribution services; UBC provides customer service and reimbursement support and is the operator of ASAP; and Accredo provides specialty pharmacy services.  The Express Scripts Entities also admit that Accredo dispensed Acthar to members of IUOE Local 542, and that Plaintiff cites to and quotes from the July 2, 2007 Questcor Pharmaceutical Product Alert attached as Exhibit B to Plaintiff's Amended Complaint, and that Plaintiff purports to cite to and quotes from the Acthar Start Form attached as Exhibit A to Plaintiff's Amended Complaint.

71.     The Express Scripts Entities deny the allegations in paragraph 71.

72.     The Express Scripts Entities deny the allegations in paragraph 72, except admit that UBC signed an agreement with Questcor to provide customer service and reimbursement support for Acthar.

73.     The Express Scripts Entities deny the allegations in paragraph 73 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff and ESI entered into the PBM Agreement for ESI to provide pharmacy benefit management services to Plaintiff, as a member of the Delaware Valley Health Care Coalition, Inc. ("DVHCC"), and that the PBM Agreement identifies Acthar as a "specialty product" and defines terms for payment, claims reimbursement amounts, and administrative fees.

74.     The Express Scripts Entities deny the allegations in paragraph 74.

75.     The Express Scripts Entities deny the allegations in paragraph 75.

76.     The Express Scripts Entities deny the allegations in paragraph 76.

12

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

77.     The Express Scripts Entities deny the allegations in paragraph 77 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff quotes an article published by the New York Times, purportedly quoting Steve Cartt.

### Response to "IUOE Local 542's PBM Contract with Express Scripts"

78.     The Express Scripts Entities deny the allegations in paragraph 78 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that ESI entered into an Umbrella Agreement with DVHCC as of February 1, 2012 ("Umbrella Agreement") and has agreed to subsequent amendments to that agreement.  The Express Scripts Entities also admit that Plaintiff and ESI have entered into contracts related to pharmacy benefit management services since at least 2003.

79.     The Express Scripts Entities deny the allegations in paragraph 79, except admit that Plaintiff and ESI entered into the PBM Agreement in accordance with the terms of the Umbrella Agreement, that the PBM Agreement was effective as of June 1, 2015 for an initial term of three years, and that Plaintiff and ESI previously entered into a PBM Agreement that was effective as of June 1, 2010.  The Express Scripts Entities also admit that Plaintiff and ESI agreed to a first amendment to the PBM Agreement, effective June 1, 2015, and a second amendment to the PBM Agreement, effective April 1, 2017.

80.     The Express Scripts Entities deny the allegations in paragraph 80, except admit that ESI offers pharmacy benefit management services, products, and programs for consideration by all clients, including Plaintiff, and that Plaintiff and ESI entered into the PBM Agreement.

81.     The Express Scripts Entities deny the allegations in paragraph 81, except admit that Plaintiff and ESI entered into the PBM Agreement.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

82.     The Express Scripts Entities deny the allegations in paragraph 82, except admit that Plaintiff contracted with ESI to provide certain reimbursement rates for Acthar, and that Acthar was listed as a "specialty product" in the PBM Agreement effective as of June 1, 2010 and the PBM Agreement effective as of June 1, 2015.  The Express Scripts Entities also admit the allegations in the fourth sentence of paragraph 82.  The Express Scripts Entities admit that Plaintiff quotes from the PBM Agreement in the sixth sentence of paragraph 82.

83.     The Express Scripts Entities deny the allegations in paragraph 83.

84.     The Express Scripts Entities deny the allegations in paragraph 84.

85.     The Express Scripts Entities deny the allegations in paragraph 85.

86.     The Express Scripts Entities deny the allegations in paragraph 86.

87.     The Express Scripts Entities deny the allegations in paragraph 87.

88.     The Express Scripts Entities admit the allegations in paragraph 88.

89.     The Express Scripts Entities deny the allegations in paragraph 89.

## Response to "ESI and Daraprim"

88.     The Express Scripts Entities deny the allegations in paragraph 88 (under the heading, "ESI and Daraprim") because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.[4]

89.     The Express Scripts Entities deny the allegations in paragraph 89 (under the heading "ESI and Daraprim"), except admit that ESI partnered with Imprimis Pharmaceuticals to offer patients access to a lower-cost alternative to Daraprim.

90.     The Express Scripts Entities deny the allegations in paragraph 90, except admit that Plaintiff quotes language from the cited article published on the lab.express-scripts.com.

---

[4] The paragraph numbering in Plaintiff's Amended Complaint restarts at 88 following the heading "ESI and Daraprim" on page 24.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

91.     The Express Scripts Entities deny the allegations in the second sentence of paragraph 91, except admit the allegations in the first sentence of paragraph 91.

### Response to "Acthar Pricing"

92.     The Express Scripts Entities deny the allegations in paragraph 92 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

93.     The Express Scripts Entities deny the allegations in the first sentence of paragraph 93 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The Express Scripts Entities deny the allegations in the second sentence of paragraph 93.

94.     The Express Scripts Entities deny the allegations in paragraph 94 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

95.     The Express Scripts Entities deny the allegations in paragraph 95 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

96.     The Express Scripts Entities deny the allegations in paragraph 96 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein. Paragraph 96 also states legal conclusions to which no responsive pleading is necessary.

### Response to "The Views of Express Scripts' Chief Medical Officer, Dr. Steve Miller, on Express Scripts' Market Power"

97.     The Express Scripts Entities deny the allegations in paragraph 97, except admit that Plaintiff quotes an article published by the New York Times, purportedly quoting Steve Miller.

98.     The Express Scripts Entities deny the allegations in paragraph 98.

99.     The Express Scripts Entities deny the allegations in paragraph 99, except admit that ESI provides pharmacy benefit management services; CuraScript SD provides specialty

15

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee =$0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

distribution services; UBC provides customer service and reimbursement support and is the operator of the ASAP; and Accredo provides specialty pharmacy services.

100. The Express Scripts Entities deny the allegations in paragraph 100, except admit that Plaintiff purports to quote Everett Neville.

101. The Express Scripts Entities deny the allegations in paragraph 101, except admit that Plaintiff purports to quote Dr. Miller.

102. The Express Scripts Entities deny the allegations in paragraph 102.

103. The Express Scripts Entities deny the allegations in paragraph 103, except admit that Plaintiff quotes from various online sources, purportedly quoting Dr. Miller.

104. The Express Scripts Entities deny the allegations in paragraph 104.

105. The Express Scripts Entities deny the allegations in paragraph 105.

106. The Express Scripts Entities deny the allegations in paragraph 106.

### Response to "The Mallinckrodt Synacthen Acquisition"

107. The Express Scripts Entities deny the allegations in paragraph 107 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

108. The Express Scripts Entities deny the allegations in paragraph 108 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

109. The Express Scripts Entities deny the allegations in paragraph 109 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

110. The Express Scripts Entities deny the allegations in paragraph 110 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

111. The Express Scripts Entities deny the allegations in the first five sentences of paragraph 111 because they lack knowledge or information sufficient to form a belief as to the

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

truth of the allegations therein.  The Express Scripts Entities deny the allegations in the last sentence of paragraph 111.

112.    The Express Scripts Entities deny the allegations in paragraph 112.

113.    The Express Scripts Entities deny the allegations in the first sentence of paragraph 113 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The Express Scripts Entities deny the allegations in the second sentence of paragraph 113.

### Response to "The FTC Complaint Against Mallinckrodt"

114.    The Express Scripts Entities admit that Plaintiff cites to the FTC Complaint filed against Mallinckrodt on January 18, 2017 ("FTC Complaint"), attached as Exhibit C to Plaintiff's Amended Complaint.  The remainder of Paragraph 114 states legal conclusions to which no responsive pleading is necessary.

115.    The Express Scripts Entities admit that Plaintiff quotes from the FTC Complaint, attached as Exhibit C to Plaintiff's Amended Complaint.

116.    The Express Scripts Entities deny the allegations in the second and third sentences of paragraph 116 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The first sentence of paragraph 116 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in the first sentence of paragraph 116 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

117.    The Express Scripts Entities deny the allegations in paragraph 117 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

118.    The Express Scripts Entities deny the allegations in paragraph 118 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

119.    The Express Scripts Entities deny the allegations in paragraph 119 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

120.    The Express Scripts Entities deny the allegations in paragraph 120 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

121.    Paragraph 121 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 121.

122.    The Express Scripts Entities admit the allegations in the second sentence of paragraph 122.  The first sentence of paragraph 122 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in the first sentence of paragraph 122.

123.    The Express Scripts Entities deny the allegations in paragraph 123 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote Don Bailey.  Paragraph 123 also states legal conclusions to which no responsive pleading is necessary.

124.    The Express Scripts Entities deny the allegations in paragraph 124 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote Don Bailey.

125.    Paragraph 125 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 125.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Response to "Mallinckrodt Engaged in Unfair and Deceptive**
**Conduct By Acquiring the Only Competitor Drug, Synacthen"**

126.    The Express Scripts Entities deny the allegations in paragraph 126 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

127.    The Express Scripts Entities deny the allegations in paragraph 127 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

128.    The Express Scripts Entities deny the allegations in paragraph 128, except admit

that in 2007, CuraScript SD and Questcor signed an agreement to have CuraScript SD serve as

Questcor's exclusive distributor of Acthar, but as of September 2017, CuraScript SD is no longer

the exclusive distributor of Acthar.

129.    The Express Scripts Entities deny the allegations in paragraph 129 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130.    The Express Scripts Entities deny the allegations in paragraph 130 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

131.    The Express Scripts Entities deny the allegations in paragraph 131 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

132.    The Express Scripts Entities deny the allegations in paragraph 132 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Response to "Other Bidders Planned to Use Synacthen to Challenge Acthar's Monopoly"**

133.    The Express Scripts Entities deny the allegations in paragraph 133 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

134.    The Express Scripts Entities deny the allegations in paragraph 134 because they

lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Response to "The Value of the Synacthen Assets"**

135.     The Express Scripts Entities deny the allegations in paragraph 135 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

136.     The Express Scripts Entities deny the allegations in paragraph 136 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

137.     The Express Scripts Entities deny the allegations in paragraph 137 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Response to "Questcor Disrupted the Synacthen Bidding Process"**

138.     The Express Scripts Entities deny the allegations in paragraph 138 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

139.     The Express Scripts Entities deny the allegations in paragraph 139 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

140.     The Express Scripts Entities deny the allegations in paragraph 140 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

141.     The Express Scripts Entities deny the allegations in paragraph 141 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

142.     The Express Scripts Entities deny the allegations in paragraph 142 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Response to "The Lawsuit Between Retrophin and Questcor
for Questcor's Antitrust Violations"**

143.     The Express Scripts Entities admit that Plaintiff cites to a complaint filed against Questcor in the United States District Court for the Central District of California on January 7, 2014 ("Retrophin Complaint"), attached as Exhibit D to Plaintiff's Amended Complaint.  The

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

remainder of Paragraph 143 states legal conclusions to which no responsive pleading is necessary.

144.     The Express Scripts Entities admit that Plaintiff quotes from the Retrophin Complaint, attached as Exhibit D to Plaintiff's Amended Complaint.

145.     The Express Scripts Entities deny the allegations in paragraph 145 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

146.     The Express Scripts Entities deny the allegations in paragraph 146 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

147.     The Express Scripts Entities deny the allegations in paragraph 147 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Response to "Mallinckrodt's Acquisition of Synacthen Harmed Consumers, like Plaintiff"**

148.     The Express Scripts Entities deny the allegations in the first two sentences of paragraph 148 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The Express Scripts Entities deny the allegations in the third sentence of paragraph 148.

149.     The Express Scripts Entities deny the allegations in paragraph 149 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

150.     The Express Scripts Entities deny the allegations in paragraph 150 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

151.     The Express Scripts Entities deny the allegations in the first three sentences of paragraph 151 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The Express Scripts Entities deny the allegation in the fourth sentence of paragraph 151.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## Response to "Mallinckrodt settles with the FTC"

152.    The Express Scripts Entities admit that on January 18, 2017, the FTC made the announcement that Plaintiff alleges in paragraph 152.

153.    The Express Scripts Entities admit that Plaintiff purports to quote from the FTC's January 18, 2017 announcement.

154.    The Express Scripts Entities deny the allegations in paragraph 154 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

155.    The Express Scripts Entities deny the allegations in paragraph 155 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

156.    The Express Scripts Entities deny the allegations in paragraph 156 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote Don Bailey.

157.    The Express Scripts Entities deny the allegations in paragraph 157 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

158.    The Express Scripts Entities deny the allegations in paragraph 158 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

159.    The Express Scripts Entities deny the allegations in paragraph 159 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

160.    The Express Scripts Entities deny the allegations in the first two sentences of paragraph 160 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote Don Bailey.  The Express Scripts Entities deny the allegations in the third sentence of paragraph 160.

161.    The Express Scripts Entities deny the allegations in paragraph 161.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

162.    The Express Scripts Entities deny the allegations in paragraph 162 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote a press release Mallinckrodt issued.

163.    The Express Scripts Entities deny the allegations in paragraph 163 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote a press release Mallinckrodt issued.

164.    The Express Scripts Entities deny the allegations in paragraph 164 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote from an FTC announcement.

165.    The Express Scripts Entities deny the allegations in paragraph 165 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Plaintiff purports to quote from a press release Mallinckrodt issued.

## RESPONSE TO COUNT I v. ALL DEFENDANTS
### ("Pennsylvania Unfair Trade Practices and Consumer Protection Law")

166.    The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

167.    Paragraph 167 states legal conclusions to which no responsive pleading is necessary.

168.    Paragraph 168 states legal conclusions to which no responsive pleading is necessary.

169.    The Express Scripts Entities deny the allegations in paragraph 169, including each subpart.

170.    Paragraph 170 states legal conclusions to which no responsive pleading is necessary.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

171.    The Express Scripts Entities deny the allegations in paragraph 171, except admit that Plaintiff seeks damages in the Amended Complaint.  Paragraph 171 also states legal conclusions to which no responsive pleading is necessary.

172.    The Express Scripts Entities deny the allegations in paragraph 172.

173.    The Express Scripts Entities deny the allegations in paragraph 173, except admit that Plaintiff seeks relief in the Amended Complaint.

174.    The Express Scripts Entities deny the allegation in paragraph 174.

175.    The Express Scripts Entities deny the allegations in paragraph 175, except admit that Plaintiff seeks damages in the Amended Complaint.

Responding to the unnumbered WHEREFORE paragraph following paragraph 175, the Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

## RESPONSE TO COUNT II v. ALL DEFENDANTS
### ("Negligent Misrepresentation")

176.    The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

177.    The Express Scripts Entities deny the allegations in paragraph 177.

178.    Paragraph 178 states legal conclusions to which no responsive pleading is necessary.

179.    The Express Scripts Entities deny the allegations in paragraph 179.

180.    The Express Scripts Entities deny the allegations in the first and second sentences of paragraph 180 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The Express Scripts Entities deny the allegations in the third

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

sentence of paragraph 180, except admit that the PBM Agreement identifies Acthar as a "specialty product."

181.    The Express Scripts Entities deny the allegations in paragraph 181, except admit that the PBM Agreement identifies Acthar as a "specialty product."

182.    Paragraph 182 states legal conclusions to which no responsive pleading is necessary. To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 182.

183.    The Express Scripts Entities deny the allegations in the first, third, and fourth sentences of paragraph 183, except admit that ESHC and ESI are in the business of pharmacy benefit management. The Express Scripts Entities deny the allegations in the second sentence of paragraph 183 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein. Paragraph 183 also states legal conclusions to which no responsive pleading is necessary.

184.    The Express Scripts Entities deny the allegations in paragraph 184.

185.    The Express Scripts Entities deny the allegations in paragraph 185.

186.    The Express Scripts Entities deny the allegations in paragraph 186.

187.    The Express Scripts Entities deny the allegations in paragraph 187.

188.    Paragraph 188 states legal conclusions to which no responsive pleading is necessary.

189.    The first and third sentences of paragraph 189 state legal conclusions to which no responsive pleading is necessary. To the extent a response is required, the Express Scripts Entities deny the allegations in the first and third sentences of paragraph 189, except admit that ESHC and ESI are in the business of pharmacy benefit management. The Express Scripts

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Entities deny the allegations in the second sentence of paragraph 189 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, except admit that Mallinckrodt markets, distributes, and sells Acthar and holds itself out as the manufacturer of Acthar.

190.    The Express Scripts Entities deny the allegations in paragraph 190.  Paragraph 190 also states legal conclusions to which no responsive pleading is necessary.

191.    The Express Scripts Entities deny the allegations in paragraph 191.

Responding to the unnumbered WHEREFORE paragraph following paragraph 191, the Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

### RESPONSE TO COUNT III v. ALL DEFENDANTS
#### ("Aiding and Abetting/Conspiracy")

192.    The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

193.    The Express Scripts Entities deny the allegations in paragraph 193.

194.    The Express Scripts Entities deny the allegations in paragraph 194, including each subpart.

195.    The Express Scripts Entities deny the allegations in paragraph 195.

196.    The Express Scripts Entities deny the allegations in paragraph 196.

197.    The Express Scripts Entities deny the allegations in paragraph 197.

198.    The Express Scripts Entities deny the allegations in paragraph 198.

199.    The Express Scripts Entities deny the allegations in paragraph 199.

200.    The Express Scripts Entities deny the allegations in paragraph 200.

201.    The Express Scripts Entities deny the allegations in paragraph 201.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Responding to the unnumbered WHEREFORE paragraph following paragraph 201, the Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

### RESPONSE TO COUNT IV v. EXPRESS SCRIPTS AND MALLINCKRODT ("Unjust Enrichment")

202.    The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

203.    Paragraph 203 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 203.

204.    The Express Scripts Entities deny the allegations in paragraph 204, except admit that Plaintiff and ESI entered into the PBM Agreement.

205.    The Express Scripts Entities deny the allegations in paragraph 205.  Paragraph 205 also states legal conclusions to which no responsive pleading is necessary.

206.    The Express Scripts Entities deny the allegations in paragraph 206.  Paragraph 206 also states legal conclusions to which no responsive pleading is necessary.

207.    The Express Scripts Entities deny the allegations in paragraph 207.

208.    The Express Scripts Entities deny the allegations in paragraph 208.

209.    The Express Scripts Entities deny the allegations in paragraph 209.

210.    The Express Scripts Entities deny the allegations in paragraph 210.

211.    The Express Scripts Entities deny the allegations in Paragraph 211.

Responding to the unnumbered WHEREFORE paragraph following paragraph 211, the Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## RESPONSE TO COUNT V v. MALLINCKRODT
### ("Unjust Enrichment")

212.   The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

213.   Count V is pled as to Mallinckrodt only, and thus the allegations in paragraph 213 require no answer from the Express Scripts Entities.

214.   Count V is pled as to Mallinckrodt only and thus the allegations in paragraph 214 require no answer from the Express Scripts Entities, but the Express Scripts Entities deny the allegations in paragraph 214.

215.   Count V is pled as to Mallinckrodt only and thus the allegations in paragraph 215 require no answer from the Express Scripts Entities, but the Express Scripts Entities deny the allegations in the first clause of paragraph 215 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and deny the allegations in the second clause of paragraph 215.

216.   Count V is pled as to Mallinckrodt only and thus the allegations in paragraph 216 require no answer from the Express Scripts Entities, but the Express Scripts Entities deny the allegations in paragraph 216 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein.

217.   Count V is pled as to Mallinckrodt only and thus the allegations in paragraph 217 require no answer from the Express Scripts Entities, but the Express Scripts Entities deny the allegations in the first and second clauses of paragraph 217 because they lack knowledge or information sufficient to form a belief as to the truth of the allegations therein, and deny the allegations in the third and fourth clauses of paragraph 217.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

218.    Count V is pled as to Mallinckrodt only and thus the allegations in paragraph 218 require no answer from the Express Scripts Entities, but the Express Scripts Entities deny the allegations in paragraph 218.  Paragraph 218 also states legal conclusions to which no responsive pleading is necessary.

219.    Count V is pled as to Mallinckrodt only and thus the allegations in paragraph 219 require no answer from the Express Scripts Entities.

Count V is pled as to Mallinckrodt only and thus the allegations in the unnumbered WHEREFORE paragraph following paragraph 219 require no answer from the Express Scripts Entities.

## RESPONSE TO COUNT VI v. EXPRESS SCRIPTS
### ("Breach of the ESI PBM Agreement")

220.    The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

221.    Paragraph 221 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 221.

222.    Paragraph 222 states legal conclusions to which no responsive pleading is necessary.

223.    The Express Scripts Entities deny the allegations in paragraph 223.

224.    The Express Scripts Entities deny the allegations in paragraph 224.

225.    The Express Scripts Entities deny the allegations in paragraph 225.

Responding to the unnumbered WHEREFORE paragraph following paragraph 225, the Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**RESPONSE TO COUNT VII v. EXPRESS SCRIPTS**
**("Promissory Estoppel")**

226.    The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

227.    Paragraph 227 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 227.

228.    Paragraph 228 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 228.

229.    The Express Scripts Entities deny the allegations in paragraph 229.

230.    The Express Scripts Entities deny the allegations in paragraph 230.

231.    The Express Scripts Entities deny the allegations in paragraph 231.

Responding to the unnumbered WHEREFORE paragraph following paragraph 231, the Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

**RESPONSE TO COUNT VIII v. EXPRESS SCRIPTS**
**("Breach of the Implied Covenant of Good Faith and Fair Dealing")**

232.    The Express Scripts Entities hereby incorporate each of the foregoing and following paragraphs as if fully set forth herein.

233.    Paragraph 233 states legal conclusions to which no responsive pleading is necessary.

234.    Paragraph 234 states legal conclusions to which no responsive pleading is necessary.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

235.    Paragraph 235 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 235.

236.    The Express Scripts Entities deny the allegations in paragraph 236.

237.    The Express Scripts Entities deny the allegations in paragraph 237.

Responding to the unnumbered WHEREFORE paragraph following paragraph 237, the Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

**RESPONSE TO COUNT IX v. EXPRESS SCRIPTS AND MALLINCKRODT**
**("Declaratory and Injunctive Relief")**

238.    Paragraph 238 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 238.

239.    Paragraph 239 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 239, except admit that Plaintiff seeks declaratory and injunctive relief in the Amended Complaint.

240.    Paragraph 240 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 240.

241.    Paragraph 241 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 241.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

242.     Paragraph 242 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 242.

243.     Paragraph 243 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 243.

244.     Paragraph 244 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 244.

245.     Paragraph 245 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 245.

246.     Paragraph 246 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 246.

247.     Paragraph 247 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 247.

248.     Paragraph 248 states legal conclusions to which no responsive pleading is necessary.  To the extent a response is required, the Express Scripts Entities deny the allegations in paragraph 248.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## RESPONSE TO "PRAYER FOR RELIEF"

249.     The Express Scripts Entities deny that they are liable to Plaintiff for damages or any other relief prayed for in the Amended Complaint.

## RESPONSE TO "JURY DEMAND"

250.     The Express Scripts Entities admit that Plaintiff demands a trial by jury.

## NEW MATTER

251.     Pursuant to Pennsylvania Rule of Civil Procedure 1030, and without assuming or admitting that they have the burden of proof or the burden of persuasion with respect to any of these matters, the Express Scripts Entities assert the following New Matter against Plaintiff.  The Express Scripts Entities dispute that Plaintiff is entitled to any relief whatsoever and reserve the right to rely upon any of the following New Matter or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.

252.     Plaintiff fails to plead facts sufficient to state a claim upon which relief may be granted.

253.     The applicable statutes of limitations bar Plaintiff's claims to the extent Plaintiff seeks recovery based on payments for Acthar or other acts that fall outside of each claim's respective limitations period.

254.     Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or laches because Plaintiff unreasonably delayed in bringing suit.

255.     The economic loss doctrine bars Plaintiff from recovering under the negligent misrepresentation claim (Count II).

256.     Plaintiff did not attach the PBM Agreement to the Amended Complaint.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

257.    Plaintiff did not attach any agreement between Plaintiff and any Express Scripts Entity to the Amended Complaint.

258.    Thus, the Amended Complaint fails to conform to the Pennsylvania Rules of Civil Procedure because Plaintiff did not attach the agreements on which Plaintiff bases its claims for negligent misrepresentation, unjust enrichment, breach of contract, promissory estoppel, and breach of the implied covenant of good faith and fair dealing.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the Express Scripts Entities demand judgment against Plaintiff as follows:

(1)  Deny any and all relief requested in the Amended Complaint;

(2)  For costs of suit incurred and for reasonable attorneys' fees; and

(3)  Awarding Defendants such other relief as the Court deems just and proper.


Dated:  February 12, 2019

Respectfully submitted,

By: /s/ Joanne C. Lewers
Joanne C. Lewers (ID No. 81195)
Victoria L. Andrews (ID No. 321143)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
joanne.lewers@dbr.com
victoria.andrews@dbr.com

Matthew M. Martino (admitted *pro hac vice*)
Michael H. Menitove (admitted *pro hac vice*)
Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
matthew.martino@skadden.com
michael.menitove@skadden.com
evan.kreiner@skadden.com

*Attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation, now known as United BioSource LLC*

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Urmila Paranjpe Baumann, hereby state that the facts set forth in the attached document are true and correct to the best of my knowledge, information, and belief.  I also acknowledge that I make this statement subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated:  February 12, 2019

Urmila Paranjpe Baumann,
Assistant General Counsel, Litigation
Express Scripts

Case# 2018-14059-97 Docketed at Montgomery County Prothonotary on 02/12/2019 5:30 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

Joanne C. Lewers hereby certifies that a true and correct copy of the foregoing Answer of

Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc.,

CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation to the Amended

Complaint was served on the following via notification from the Montgomery County Court of

Common Pleas Electronic Filing system and/or email on February 12, 2019:

G. Patrick Watson, Esquire
Lindsay Sklar Johnson, Esquire
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner LLP
1155 F Street, N.W.
Washington, DC 20004

Matthew M. Martino, Esquire
Michael H. Menitove, Esquire
Evan R. Kreiner, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Herbert R. Giorgio, Jr., Esquire
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63l02

Donald E. Haviland, Jr., Esquire
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

Daniel T. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

**Drinker Biddle & Reath LLP**

By: /s/ Joanne C. Lewers
Joanne C. Lewers

*Attorneys for Defendants Express Scripts Holding Company,*
*Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo*
*Health Group, Inc., and United BioSource Corporation, now*
*known as United BioSource LLC*