Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

You are hereby notified to plead to the enclosed New Matter within within twenty (20) days from service hereof or a default judgment may be entered against you.

By: _____
DANIEL J. SHERRY, ESQUIRE

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
BY:  DANIEL J. SHERRY, ESQUIRE
Attorney I.D. 21654
620 Freedom Business Center, Suite 300
King of Prussia, PA  19406
Telephone: 610/354-8250  Fax:  610/354-8299
djsherry@mdwcg.com
Attorney for Defendants Mallinckrodt ARD Inc.
and Mallinckrodt plc

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 | : | IN THE MONTGOMERY COUNTY COURT OF COMMON PLEAS |
| v. | : | |
| MALLINCKRODT ARD, INC., formerly known as QUESTCOR PHARMACEUTICALS, INC. | : | No. 2018-14059 |
| MALLINCKRODT PLC | : | |
| EXPRESS SCRIPTS HOLDING COMPANY | : | |
| EXPRESS SCRIPTS, INC. CURASCRIPT, INC. | : | |
| CURASCRIPT SD | : | |
| ACCREDO HEALTH GROUP, INC. | : | |
| and | : | |
| UNITED BIOSOURCE CORPORATION, now known as UNITED BIOSOURCE LLC., a wholly owned subsidiary of UNITED BIOSOURCE HOLDINGS, INC. | : | |

## DEFENDANTS MALLINCKRODT ARD INC. AND MALLINCKRODT PLC'S ANSWER TO PLAINTIFF'S AMENDED CIVIL ACTION COMPLAINT WITH NEW MATTER

1

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants Mallinckrodt ARD Inc. and Mallinckrodt plc (collectively, "Mallinckrodt" or "Mallinckrodt Defendants"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby submit the following Answer to Plaintiff International Union of Operating Engineers Local 542 ("Plaintiff")'s Amended Civil Action Complaint ("Complaint"), and in support thereof, aver as follows:

## RESPONSE TO "INTRODUCTION"[1]

1.      Admitted in part, denied in part. Admitted that Plaintiff brings this action against Mallinckrodt Defendants. The remaining averments in this paragraph are denied.

2.      Admitted in part, denied in part. Admitted that Mallinckrodt manufactures Acthar. To the extent that the averments in this paragraph are conclusions of law, no response is required. With regard to the remaining averments contained in the corresponding paragraph, after reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, the allegations are denied.

3.      Admitted in part, denied in part. Admitted that Questcor purchased Acthar from Aventis for $100,000. To the extent that the remaining averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied. The remaining averments in this paragraph are denied.

4.      Denied. Mallinckrodt Defendants deny any unlawful actions toward Plaintiff or that Plaintiff is entitled to any relief in this action. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

5.      Admitted in part, denied in part. Admitted that the Federal Trade Commission ("FTC") filed a complaint against Mallinckrodt. Admitted that Retrophin filed a complaint

---

[1] To the extent the headings in the Complaint are allegations to which a response is required, Mallinckrodt Defendants deny such allegations.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

against Questcor. To the extent that the remaining averments in this paragraph are conclusions of law, no response is required. To the extent that a response is required, the remaining averments in the corresponding paragraph are denied.

6.      Admitted in part, denied in part. Admitted that Plaintiff brought this case under Pennsylvania law. To the extent that the remaining averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

7.      Admitted in part, denied in part. Admitted that Acthar is not sold in retail pharmacies. Admitted that Acthar is distributed through specialty pharmacies. To the extent that the remaining averments in this paragraph are conclusions of law, no response is required. To the extent that a response is required, the remaining averments in the corresponding paragraph are denied.

8.      Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

9.      Admitted in part, denied in part. Admitted that in 2007 Mallinckrodt changed its distribution method for Acthar. To the extent that the remaining averments in this paragraph are conclusions of law, no response is required. The remaining averments in this paragraph are denied.

10.      Denied. The averments contained in the corresponding paragraph are averments to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

11.      Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12.     Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

## RESPONSE TO "JURISDICTION AND VENUE"

13.     Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

14.     Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

15.     Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

16.     Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

17.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

18.     Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

## RESPONSE TO "THE PARTIES"

## RESPONSE TO "PLAINTIFF"

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

19.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

20.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

21.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

22.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

23.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of the corresponding paragraph. The averments in the second sentence of the corresponding paragraph are denied.

## RESPONSE TO "DEFENDANTS"

24.     Admitted in part, denied in part. Admitted that Questcor purchased Acthar from Aventis for $100,000. Admitted that Mallinckrodt acquired Questcor on August 14, 2014. To the extent that the averments in this paragraph are conclusions of law, no response is required. With regard to the remaining averments contained in the corresponding paragraph, after reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, the allegations are denied.

25.     Admitted in part, denied in part. Admitted that Mallinckrodt manufactures Acthar. Denied that Mallinckrodt distributes or sells directly to patients. With regard to the remaining

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

averments contained in the corresponding paragraph, after reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, the allegations are denied.

26.      Admitted in part, denied in part. Admitted that Mallinckrodt plc is an Irish public limited company. Admitted that Mallinckrodt plc's principal executive office is located at 3 Lotus Park, The Causeway, Staines-Upon-Thames, Surrey TW18 3AG, United Kingdom. The remaining averments in the corresponding paragraph are denied.

27.      Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

28.      Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

29.      Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

30.      Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

31.      Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

32.      Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

33.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

34.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

35.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

36.     Admitted in part, denied in part. Admitted that Plaintiff attaches the Acthar Start Form as an exhibit to the Complaint. The form speaks for itself. The remaining averments in the corresponding paragraph are denied.

37.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

38.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

39.     Denied.

### RESPONSE TO "FACTUAL BACKGROUND"

40.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

41.     Denied.

### Response to "History of Acthar Development, Distribution and Pricing"

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

42.     Admitted that Acthar was approved in 1952 by the U.S. Food and Drug Administration ("FDA") for alcoholism and radiation sickness. Admitted that Acthar is currently approved for nineteen indications. With regard to whether Acthar was approved for poison ivy or radiation sickness in 1952, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations. The remaining allegations in the corresponding paragraph are denied.

43.     Admitted in part, denied in part. Admitted that Acthar is an adrenocorticotropic hormone. Admitted that Acthar was developed by Armour Pharmaceutical Company. Admitted that Hench and Kendall won the Nobel Prize in 1950 along with Tadeus Reichstein for "discoveries relating to the hormones of the adrenal cortex, their structure and biological effects". Admitted that Plaintiff quotes language from *Armour & Co. v. Wilson & Co.*, 274 F.2d 143, 145–146 (7th Cir. 1960). The opinion speaks for itself. The remaining allegations in the corresponding paragraph are denied.

44.     Admitted in part, denied in part.  Admitted that Plaintiff quotes language from *Armour & Co. v. Wilson & Co.*, 274 F.2d 143, 145–146 (7th Cir. 1960). The opinion speaks for itself. The remaining allegations in the corresponding paragraph are denied.

45.     Denied.

46.     Admitted in part, denied in part. Admitted that Questcor purchased Acthar from Aventis for $100,000. Admitted that Mallinckrodt acquired Questcor in 2014. The remaining averments in the corresponding paragraph are denied.

47.     Denied. The averments in the corresponding paragraph are legal conclusions to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

**Response to "Mallinckrodt Adopts a 'New Strategy' to Restrict
Acthar Distribution to Maintain and Enhance its Monopoly Power over Acthar
<u>Through a Misleading and Deceptive Arrangement with Express Scripts"</u>**

48.     Admitted in part, denied in part. Admitted that Acthar is a specialty pharmaceutical. The remaining averments in the corresponding paragraph are denied.

49.     Admitted in part, denied in part. Admitted that Questcor purchased Acthar. Regarding the remaining averments in the corresponding paragraph, after reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

50.     Admitted in part, denied in part. Admitted that Plaintiff cites a document attached as Exhibit B to the complaint. The document speaks for itself. The remaining averments in the corresponding paragraph are denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Admitted in part, denied in part. Admitted that Plaintiff attaches the Acthar Start Form as an exhibit to the Complaint. The form speaks for itself. The remaining averments in the corresponding paragraph are denied.

57.     Denied.

58.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

59.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

60.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

61.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

62.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

63.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

64.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

65.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

66.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

67.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

68.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

69.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

74.     Denied.

75.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

76.     Denied.

77.     Admitted in part, denied in part. Admitted that Plaintiff cites language from a New York Times article. The article speaks for itself. The remaining allegations in the corresponding paragraph are denied.

### Response to "IUOE Local 542's PBM Contract with Express Scripts"

78.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

79.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

80.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

81.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

82.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

83.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

84.     Denied. To the extent the averments in the corresponding paragraph are not directed at Mallinckrodt Defendants, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments. The remaining averments in the corresponding paragraph are denied.

85.     Denied. The averments contained in the corresponding paragraph are averments to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied.

86.     Denied. The averments contained in the corresponding paragraph are averments to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied.

87.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

88.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied

89.     Denied.

## Response to "ESI and Daraprim"

Plaintiff's Second ¶ 88.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

Plaintiff's Second ¶ 89.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

90.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

91.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

## Response to "Acthar Pricing"

92.     Admitted in part, denied in part. Admitted that Questcor purchased Acthar from Aventis in 2001. The remaining averments in the corresponding paragraph are denied.

93.     Admitted in part, denied in part. Admitted that in 2007 Mallinckrodt changed its distribution method for Acthar. The remaining averments in this paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

94.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

95.     Admitted that Mallinckrodt acquired Questcor in 2014. Admitted that Questcor purchased Synacthen. The remaining allegations in the corresponding paragraph are denied.

96.     Denied.

**Response to "The Views of Express Scripts' Chief Medical Officer, Dr. Steve Miller, on Express Scripts' Market Power"**

97.     Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

98.     Denied.

99.     Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

100.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

101.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

102.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

103.    Admitted in part, denied in part. Admitted that Plaintiff quotes language from various online sources. With regard to the remaining allegations, after reasonable investigation,

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments, and therefore, the allegations are denied.

104.   Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

105.   Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

106.   Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

### Response to "The Mallinckrodt Synacthen Acquisition"

107.   Denied.

108.   Denied. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the last sentence of the corresponding paragraph. The remaining averments in the corresponding paragraph are denied.

109.   Denied.

110.   Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

111.   Denied.

112.   Denied.

113.   Denied.

### Response to "The FTC Complaint Against Mallinckrodt"

114.   Admitted in part, denied in part. Admitted that the FTC filed a complaint against Mallinckrodt on January 18, 2017. The remaining averments in the corresponding paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

115.    Admitted in part, denied in part. Admitted that Plaintiff quotes the FTC Complaint. The complaint speaks for itself. The remaining allegations in the corresponding paragraph are denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Admitted in part, denied in part. Admitted that Plaintiff cites a quote from a New York Times article. The article speaks for itself. The remaining allegations in the corresponding paragraph are denied.

120.    Admitted in part, denied in part. Admitted that Plaintiff includes the Comparison of 5 Year Cumulative Total Return graph from Questcor's 10-K for the fiscal year ending December 31, 2007 in the corresponding paragraph. The graph speaks for itself. The remaining averments in the corresponding paragraph are denied.

121.    Denied. The averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied.

122.    Denied. Denied that Acthar has 100% of share of the market for ACTH drugs in the United States. The remaining averments contained in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the corresponding allegations are denied.

123.    Admitted in part, denied in part. Admitted that Plaintiff cites a quote from a transcript of an April 7, 2014 Securities and Exchange Commission investor conference call. The transcript speaks for itself. Denied that the allegations in the corresponding paragraph accurately reflect the transcript. The remaining allegations in the corresponding paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

124.    Admitted in part, denied in part. Admitted that Plaintiff cites a quote from a SeekingAlpha.com article. The article speaks for itself. The remaining allegations in the corresponding paragraph are denied.

125.    Denied.

### Response to "Mallinckrodt Engaged in Unfair and Deceptive Conduct By Acquiring the Only Competitor Drug, Synacthen"

126.    Denied.

127.    Denied.

128.    Admitted in part, denied in part. Admitted that in 2007 Mallinckrodt changed its distribution method for Acthar. Admitted that Questcor entered a distribution agreement with Express Scripts Inc. The remaining allegations in the corresponding paragraph are denied.

129.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

130.    Denied.

131.    Denied.

132.    Denied.

### Response to "Other Bidders Planned to Use Synacthen to Challenge Acthar's Monopoly"

133.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

134.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

### Response to "The Value of the Synacthen Assets"

135.    Denied.

17

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

136.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

137.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

### Response to "Questcor Disrupted the Synacthen Bidding Process"

138.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

139.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

140.    Denied.

141.    Admitted in part, denied in part. Admitted that Questcor signed an agreement with Novartis on June 11, 2013. The agreement speaks for itself. The remaining allegations in the corresponding paragraph are denied.

142.    Denied.

### Response to "The Lawsuit Between Retrophin and Questcor for Questcor's Antitrust Violations"

143.    Admitted in part, denied in part. Admitted that Retrophin filed a lawsuit against Questcor in January 2014. The attached complaint speaks for itself. The remaining allegations in the corresponding paragraph are denied.

144.    Admitted in part, denied in part. Admitted that Plaintiff cites to certain paragraphs from the Retrophin Complaint. The remaining averments in the corresponding paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

145.   Denied.

146.   Denied.

147.   Admitted in part, denied in part. Admitted that Mallinckrodt settled the Retrophin lawsuit for $15.5 million. Admitted that Retrophin bid $16 million to purchase Synacthen from Novartis. The remaining allegations in the corresponding paragraph are denied.

**Response to "Mallinckrodt's Acquisition of Synacthen Harmed Consumers, like Plaintiff"**

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

**Response to "Mallinckrodt settles with the FTC"**

152.   Admitted in part, denied in part. Admitted that the FTC issued a press release on January 18, 2017. The press release speaks for itself. The remaining averments in the corresponding paragraph are denied. Mallinckrodt Defendants object to ¶¶ 152-165 in their entirety on the basis that they improperly cite the FTC complaint.

153.   Admitted in part, denied in part. Admitted that the FTC issued a press release on January 18, 2017. The press release speaks for itself. As further response, Plaintiff inaccurately quotes the press release. The remaining averments in the corresponding paragraph are denied.

154.   Denied.

155.   Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

156.   Admitted in part, denied in part. Admitted that Plaintiff cites a quote from a New York Times article. The article speaks for itself. The remaining allegations in the corresponding paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

157.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

158.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

159.    Denied. Mallinckrodt Defendants deny any manipulation or unlawful actions toward Plaintiff. With regard to the remaining averments in the corresponding paragraph, after reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to these averments, and therefore, the allegations are denied.

160.    Admitted in part, denied in part. Admitted that Plaintiff cites a quote from a Cannaccord Genuity Growth Conference Transcript. The transcript speaks for itself. The remaining allegations in the corresponding paragraph are denied.

161.    Denied.

162.    Admitted in part, denied in part. Admitted that Mallinckrodt issued a press release on January 18, 2017. The press release speaks for itself. The remaining allegations in the corresponding paragraph are denied.

163.    Admitted in part, denied in part. Admitted in part, denied in part. Admitted that Mallinckrodt issued a press release on January 18, 2017. The press release speaks for itself. As further response, Plaintiff inaccurately quotes the press release. The remaining allegations in the corresponding paragraph are denied.

164.    Admitted in part, denied in part. Admitted that the FTC issued a press release on July 14, 2017. The press release speaks for itself. Denied that the allegations in the corresponding paragraph accurately reflect the press release. The remaining averments in the corresponding paragraph are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

165.    Admitted in part, denied in part. Admitted that Mallinckrodt issued a press release on January 18, 2017. The press release speaks for itself. Denied that the allegations in the corresponding paragraph accurately reflect the press release. The remaining allegations in the corresponding paragraph are denied.

## RESPONSE TO COUNT I
### Pennsylvania Unfair Trade Practices and Consumer Protection Law

166.    Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

167.    Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

168.    Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

169.    Denied.

170.    Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

171.    Denied.

172.    Denied.

173.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

174.    Denied.

175.    Denied. Mallinckrodt Defendants deny any unlawful actions toward Plaintiff or that Plaintiff is entitled to any relief in this action.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

## RESPONSE TO COUNT II
### Negligent Misrepresentation

176. Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

177. Denied.

178. Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

179. Denied.

180. Denied.

181. Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

182. Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

183. Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

188.   Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the allegations are denied.

189.   Admitted in part, denied in part. Admitted that Mallinckrodt manufactures Acthar. With regard to the remaining averments contained in the corresponding paragraph, after reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, the allegations are denied

190.   Denied.

191.   Denied.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

## RESPONSE TO COUNT III
### Aiding and Abetting/Conspiracy

192.   Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

## RESPONSE TO COUNT IV
### Unjust Enrichment

202.    Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

203.    Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

204.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

205.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

206.    Denied. After reasonable investigation, Mallinckrodt Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph, and therefore, the averments in this paragraph are denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

### RESPONSE TO COUNT V
### Unjust Enrichment

212.    Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

213.    Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

214.    Denied.

215.    Denied.

216.    Denied.

217.    Denied.

218.    Denied.

219.    Denied.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

### RESPONSE TO COUNT VI
### Breach of the ESI PBM Agreement

220.    Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

221.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

222.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

223.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

224.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

225.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

## RESPONSE TO COUNT VII
### Promissory Estoppel

226.     Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

227.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

228.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

229.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

230.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

231.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

### RESPONSE TO COUNT VIII
### Breach of the Implied Covenant of Good Faith and Fair Dealing

232.     Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein.

233.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

234.     Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

235.    Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

236.    Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

237.    Denied. The averments in the corresponding paragraph are allegations to which no responsive pleading is required. To the extent a response is deemed required by the Mallinckrodt Defendants, the allegations are denied.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

## RESPONSE TO COUNT IX
### Declaratory and Injunctive Relief

238.    Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were set forth fully at length herein. The averments in the corresponding paragraph are denied.

239.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

240.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

241.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

242.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

243.    Denied. Mallinckrodt Defendants deny any unlawful actions toward Plaintiff or that Plaintiff is entitled to any relief in this action. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

244.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

245.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

246.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

247.    Denied. To the extent that the averments in this paragraph are conclusions of law, no response is required. To the extent a response is deemed required, the corresponding allegations are denied.

248.    Denied. The averments in the corresponding paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, the allegations are denied.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE,** Mallinckrodt Defendants hereby request that this Honorable court dismiss Plaintiff's Complaint with prejudice and award attorneys' fees and costs to Mallinckrodt Defendants. Mallinckrodt Defendants also request further relief as may be appropriate under the circumstances.

## RESPONSE TO "PRAYER FOR RELIEF"

249.   Mallinckrodt Defendants deny that they are liable for damages or any other relief prayed for in the Complaint.

## RESPONSE TO "JURY DEMAND"

250.   Mallinckrodt Defendants admit that Plaintiff demands a trial by jury.

251.   To the extent the headings or subheadings in Plaintiff's Complaint may be construed as averments, Mallinckrodt Defendants deny these allegations pursuant to Pa. R.C.P. 1029.

252.   To the extent Mallinckrodt Defendants have failed to respond to allegations in Plaintiffs Complaint, Mallinckrodt Defendants deny these allegations pursuant to Pa. R.C.P. 1029.

## NEW MATTER

253.   Mallinckrodt Defendants hereby incorporate by reference the foregoing paragraphs as if the same were fully set forth herein at length.

254.   Plaintiff has failed to state a cause of action upon which relief can be granted.

255.   Plaintiff's claims are barred by the statute of limitations.

256.   Mallinckrodt Defendants at all times acted lawfully, prudently and reasonably and in the exercise of good faith.

257.   Plaintiff's alleged damages and/or losses were the result of the actions and or omissions of Plaintiff or other persons and/or entities other than Mallinckrodt Defendants.

258.   Mallinckrodt Defendants owed no duty to Plaintiff.

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

259.   Mallinckrodt Defendants breached no duty owed to Plaintiff.

260.   No act or omission of Mallinckrodt Defendants was the proximate or legal cause of any damages to Plaintiff.

261.   The conduct attributed to Mallinckrodt Defendants, which has been denied, did not cause or contribute to the injuries and damages in the Complaint.

262.   The injuries and damages described in the Complaint were not foreseeable to Mallinckrodt Defendants.

263.   Plaintiff may have failed to mitigate alleged damages and/or losses.

264.   Mallinckrodt Defendants had no notice, actual or constructive of tortious activity of any kind allegedly perpetrated by co-defendant.

265.   Mallinckrodt Defendants reserve the right to amend this Answer with New Matter to assert any defenses disclosed during discovery over the course of litigation in this action.

**WHEREFORE,** Mallinckrodt demands judgment in their favor against Plaintiff International Union of Operating Engineers Local 542.

Respectfully submitted,
MARSHALL DENNEHEY WARNER COLEMAN
AND GOGGIN


BY: _/s/ Daniel J. Sherry_
　　　DANIEL J. SHERRY, ESQUIRE
　　　Attorney for Defendants, Mallinckrodt
　　　ARD Inc. and Mallinckrodt plc

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**MARSHALL, DENNEHEY, WARNER**
**COLEMAN & GOGGIN**
BY: DANIEL J. SHERRY, ESQUIRE
Attorney I.D. 21654
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
Telephone: 610/354-8250  Fax: 610/354-8299
djsherry@mdwcg.com

Attorney for Defendants, Mallinckrodt ARD Inc.
and Mallinckrodt plc

---

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 | : | IN THE MONTGOMERY COUNTY COURT OF COMMON PLEAS |
| | : | |
| v. | : | |
| | : | |
| MALLINCKRODT ARD, INC., formerly known as QUESTCOR PHARMACEUTICALS, INC. | : | No. 2018-14059 |
| | : | |
| MALINCKRODT PLC | : | |
| | : | |
| EXPRESS SCRIPTS HOLDING COMPANY | : | |
| | : | |
| EXPRESS SCRIPTS, INC. CURASCRIPT, INC. | : | |
| | : | |
| CURASCRIPT SD | : | |
| | : | |
| ACCREDO HEALTH GROUP, INC. | : | |
| | : | |
| and | : | |
| | : | |
| UNITED BIOSOURCE CORPORATION, now known as UNITED BIOSOURCE LLC., a wholly owned subsidiary of UNITED BIOSOURCE HOLDINGS, INC. | : | |
| | : | |

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the Public Access Policy of the

Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that

Case# 2018-14059-98 Docketed at Montgomery County Prothonotary on 02/12/2019 3:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

required filing confidential information and documents differently than on-confidential

information and documents.

MARSHALL DENNEHEY WARNER COLEMAN
AND GOGGIN

BY: /s/ *Daniel J. Sherry*
       DANIEL J. SHERRY, ESQUIRE
       Attorney for Defendants, Mallinckrodt
       ARD Inc. and Mallinckrodt plc