Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542

vs.

MALLINCKRODT ARD INC FKA QUESTCOR PHARMACEUTICALS INC

NO.  2018-14059

## COVER SHEET OF MOVING PARTY

Date of Filing   February 19  2019

Moving Party   INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542

Counsel for Moving Party   DONALD E HAVILAND JR, Esq., ID: 66615; WILLIAM H PLATT II, Esq., ID: 83585

Document Filed (Specify)   MOTION TO COMPEL DISCOVERY

Matter is (Check One)   ☐ (Appealable)   ☐ (Interlocutory)

Discovery Needed   ☒ (Yes)   ☐ (No)

-------------------------------------------------------------------------------------------------

**CERTIFICATIONS** - Check **ONLY** if appropriate:

Counsel certify that they have conferred in a good faith effort to resolve the subject discovery dispute.
**(Required by Local Rule 208.2(e) on motions relating to discovery.)**

☒ (Yes)   ☐ (No)   ☐ (Not a Discovery Motion)

☐ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all parties involved in the case.
(If checked, skip Rule to Show Cause section below.)

By: _____
Counsel  for Moving Party

-------------------------------------------------------------------------------------------------

**RULE TO SHOW CAUSE** - Check **ONE** of the Choice Listed Below:

_____ Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing

an **answer** in the form of a **written response** at the **Office of the Prothonotary** on or before the

_____ day of _____, 20____

_____ Respondent is directed to show cause, in the form of a **written response**, why the attached Family

Court Discovery Motion is not entitled to the relief requested.  Rule Returnable and Argument the_____ day of

_____, 20____at **1:00 p.m. at 321 Swede Street, Norristown, Pa.**

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil Procedure

_____Rule Returnable at time of trial.

By: _____
Court Administrator

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

**[*PROPOSED*] ORDER**

AND, NOW, this _____ day of _____, 2019, upon consideration of the Plaintiff International Union of Operating Engineers Local 542's (**"*Plaintiff*"**) Motion to Compel Discovery, it is hereby ORDERED and DECREED that Defendants, Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation's (**"*ESI Defendants*"**) objections to Plaintiff's Requests for Production of Documents are STRICKEN and Defendants shall respond to Plaintiff's Requests for Production of Documents within FIFTEEN (15) calendar days or be subject to sanctions by this Court.

BY THE COURT,

_____, J.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF**<br>**OPERATING ENGINEERS LOCAL 542**<br><br>                    Plaintiff,<br><br>       v.<br><br>**MALLINCKRODT ARD, INC., *et al.***<br><br>                Defendants. | Civil Action No. 2018-14059 |

**PLAINTIFF INTERNATIONAL UNION OF OPERATING**
**ENGINEERS LOCAL 542'S MOTION TO COMPEL DISCOVERY**

Plaintiff, International Union of Operating Engineers Local 542 (**"*Plaintiff*"**), by and

through its undersigned counsel, hereby moves the Court to enter an Order pursuant to Pa.R.C.P.

4019 compelling Defendants Express Scripts Holding Company, Express Scripts, Inc.,

CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation

(**"*ESI Defendants*"**) to provide full and complete answers to and produce documents in response

to the Requests for Production of Documents by Plaintiff in this matter.  In support of this

Motion, Plaintiff avers as follows:

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1.      On January 8, 2019, this Court denied the ESI Defendants' Preliminary Objections to Plaintiff's Amended Complaint in their entirety.

2.      On January 16, 2019, Plaintiff served Requests for Production of Documents upon counsel for ESI Defendants by electronic and first-class mail.

3.      Pursuant to Pa.R.C.P. 4006(a)(2), Defendants' answers and objections to the Requests for Production of Documents were due on or before Friday, February 15, 2019.

4.      On February 15, 2019, the ESI Defendants served their Responses and Objections to Plaintiff IUOE Local 542's First Requests for Production of Documents. *A true and correct copy of the ESI Defendants' Responses and Objections to Plaintiff's Requests is attached hereto as Exhibit "A".*

5.      The ESI Defendants provided no documents.  Instead, they objected to each and every one of Plaintiff's 57 document requests in utter disregard for the Pennsylvania Rules of Civil Procedure.  These objections are improper for the below-stated reasons.

6.      First, the ESI Defendants "object" that, "[w]ithin a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce" documents responsive to Plaintiff's Requests.  *See, e.g.*, ESI Defendants' Responses to Request Nos. 1, 2, 3, 4, 5, 6, 7, 19, 20, 21, 22, 23, 29, 45, 48, 52, 53 and 55.  In other words, they ***admit*** that they have not even started looking for documents responsive to Plaintiff's Requests, but will  do so in the future only upon entry of a protective order that they have not requested of the plaintiff or sought by motion to the court.(emphasis added).

7.      This is improper for several reasons.  First, the Pennsylvania Rules require responding parties to conduct a reasonable search for documents "within thirty days" of being served with requests for production of documents.  Pa.R.C.P. 4009.12(a).  For a responding party

2

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

to take the position that it will not even begin to conduct a reasonable search for documents until some uncertain future date, contingent upon entry of an unrequested protective order by the court, would turn the mandate of the discovery rules on their head, and frustrate the dual purposes of "prevent[ing] surprise  and unfairness and [] allow[ing] a fair trial on the merits." *Dominick v. Hanson*, 2000 Pa. Super. 158, 753 A.2d 824, 826 (1999).

8.      In addition, the ESI Defendants have not moved for a Protective Order, as required by Pa.R.C.P. 4012.

9.      Second, the ESI Defendants object that, after "conduct[ing] a reasonable search", they will "produce non-privileged, non-protected documents in their possession, custody or control" relating to Plaintiff's Requests. *See, e.g.,* ESI Defendants' Responses to Request Nos. 2, 3, 6, 7, 19, 20, 21, 22, 23, 24, 25, 31, 33, 34, 37, 39, 41, 44, 47, 50 and 56.  However, they fail to any specific privilege as to any specific document, or categories of documents, as required by the Instructions in Plaintiff's Requests and the Pennsylvania discovery rules.  Further, they fail to explain their bases for seeking to withhold a broad category of "non-protected documents". Such sweeping, non-specific objections should be rejected as erecting improper impediments to the liberal discovery allowed in Pennsylvania. *See Office of the DA of Phila. v. Bagwell*, 155 A.3d 1119, 1138 (Pa. Cmwlth 2017)("Pennsylvania has a long history of liberal discovery in order to further the truth-determining process essential to the judicial system, prevent unfair surprises should the matter proceed to trial, enhance an attorney's ability to strongly and effectively advocate for a client, and enable the efficient operation of the judicial system.")

10.      Third, the ESI Defendants cite "undue burden" as a purported reason for their failure to produce documents in response to Plaintiff's Requests. *See, e.g.,* ESI Defendants' Responses to Request Nos. 6, 8 through 27, 29 through 40, 43 through 53, and 55 through 57.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

This is improper because a claim of undue burden must be premised upon actual grounds for such claim. Here, the ESI Defendants acknowledge that have not even begun to look for documents responsive to Plaintiff's Requests. Thus, any claim of "undue burden" is purely speculation when no reasonable search has occurred.

11. Plaintiff has in good faith attempted to meet and confer with counsel for the ESI Defendants, both prior to service of the objections and after they were served. ***See, e.g., email from W. Platt II to M. Martino which is attached hereto as Exhibit "B".*** The ESI Defendants, along with their co-defendants, promised to send plaintiff a proposed "case management order" to facilitate discovery weeks ago. No such proposal has been sent. They claim to require a protective order before producing documents. Plaintiff is not required to wait around until the ESI Defendants decide the time is ripe for discovery to begin. This Court denied the ESI Defendants' Preliminary Objection. The time for discovery is now.

12. Plaintiff requires an Order of this Court pursuant to Pa. R.C.P. 4019(a)(1)(i) compelling the Defendants to respond to the Requests for Production of Documents within 15 days of the attached Order.

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Order compelling the Defendants to produce the required documents.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

Dated:  February 19, 2019

By:   *s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:    (215) 392-4400


*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

### IN THE COURT OF COMMON PLEAS
### FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

### CERTIFICATE OF SERVICE

I, Donald E. Haviland, Jr. hereby certify that on this 19th day of February, 2019, a true

and correct copy of the foregoing Motion to Compel Discovery was electronically filed causing

service to be made through the Court's ECF system as follows:

| | |
|---|---|
| G. Patrick Watson, Esquire<br>Lindsay Sklar Johnson, Esquire<br>Bryan Cave Leighton Paisner, LLP<br>One Atlantic Center, 14th Floor<br>1201 W. Peachtree Street, NW<br>Atlanta, GA 30309 | Herbert R. Giorgio, Jr., Esquire<br>Bryan Cave Leighton Paisner, LLP<br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, MO 63102 |

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner, LLP
1155 F. Street, N.W.
Washington, D.C.  20004

Daniel J. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406

Joanne C. Lewers, Esquire
Victoria Andrews, Esquire
Drinker Biddle & Reath, LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103-6996

Matthew M. Martino, Esquire
Evan Kreiner, Esquire
Michael Menitove, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

_s/ Donald E. Haviland, Jr._
Donald E. Haviland, Jr., Esq.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT A

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2018-14059 |
| MALLINCKRODT ARD, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS EXPRESS SCRIPTS HOLDING COMPANY'S, EXPRESS SCRIPTS, INC.'S, CURASCRIPT, INC.'S, CURASCRIPT SD'S, ACCREDO HEALTH GROUP, INC.'S, AND UNITED BIOSOURCE CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF IUOE LOCAL 542'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation (each independently and collectively referred to as, the "Express Scripts Entities"), by and through their undersigned counsel and pursuant to the Pennsylvania Rules of Civil Procedure, hereby respond and object to Plaintiff's First Requests for Production of Documents, served on January 16, 2019 addressed to all Defendants (the "Requests").

**GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated into each Specific Response and Objection below, whether or not expressly incorporated by reference in such response. Any agreements to produce are limited by the following General Objections. The Express Scripts Entities' failure to specify any General Objection in response to a particular

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Request is not intended to waive the General Objection.  Any present or future agreement to produce responsive documents, is not a representation that any such documents exist or are within the possession, custody, or control of any of the Express Scripts Entities.  Any future production pursuant to the Requests or otherwise is not to be construed as an admission that any Request is proper.

1.    Every Response is made without waiving or intending to waive, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of admissibility, competency, privilege, relevance or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent proceeding in this action or in any other action; and (b) the right at any time to revise, correct, add to, or clarify any of the Responses set forth herein.

2.    The Responses reflect only the present state of the Express Scripts Entities' investigation regarding the requested information.  The Express Scripts Entities therefore reserve the right to amend or supplement these Responses.

3.    Except where expressly stated, the Express Scripts Entities do not admit, adopt, or acquiesce to any factual or legal contention, assertion, or characterization contained in the Requests, or any definition therein, even where the Express Scripts Entities have not otherwise objected to a particular Request or definition, or have agreed (or in the future will agree) to provide documents or information responsive to a particular Request.  The Express Scripts Entities do not intend any incidental or implied admission by these Responses.

4.    Any statement or indication that one or more of the Express Scripts Entities is willing to or will produce documents in response to any of the Requests is limited to non-

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

privileged, responsive documents and is not intended to convey and should not be taken as an affirmation that such documents exist.

5.     The Express Scripts Entities object to the Requests on the grounds that they require the Express Scripts Entities to provide documents containing confidential business and/or other proprietary information, confidential employee information, and confidential patient information before the Court has entered a suitable protective order.  Unless ordered by the Court, the Express Scripts Entities will not produce any documents in response to any of the Requests until the Court has entered a suitable protective order.

6.     The Express Scripts Entities object to the Requests to the extent that they require the Express Scripts Entities to provide documents outside of their possession, custody, or control, or to seek documents in the possession of, or more readily available from, another Defendant or entity.  The Express Scripts Entities object to the Requests to the extent that they anticipate that the Express Scripts Entities will collect documents from third parties, including without limitation, medical providers, other PBMs, competitors, pharmacies, pharmaceutical pricing publishers, patients, third-party payors, or any Express Scripts Entities' agents, parents, subsidiaries, predecessors, successors, or affiliated entities that are not named as Defendants in this action.  Such Requests seek information outside of the Express Scripts Entities' control, impose an undue burden on the Express Scripts Entities, and are inconsistent with the obligations imposed by the Pennsylvania Rules of Civil Procedure.

7.     The Express Scripts Entities object to the Requests to the extent that they require the Express Scripts Entities to provide information and/or documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, the accountant-client privilege, or any other legally recognized privilege, immunity, or exemption

3

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

from or prohibition against disclosure of private information in discovery. Nothing contained in these Responses is intended to be or may be construed as a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or immunity. Any disclosure or production of work product, confidential material, attorney-client privileged material, or any material subject to any immunity from disclosure is not intended to be a waiver of any applicable privilege or protection and shall be deemed inadvertent.

8.      The Express Scripts Entities object to the Requests to the extent that they seek the production of materials subject to non-disclosure or confidentiality agreements with third parties, or materials the disclosure of which would violate the privacy interests of others. To the extent the Express Scripts Entities will produce such materials, they will do so after providing required notice to third parties and an opportunity for them to object to the production of the materials.

9.      The Express Scripts Entities object to the Requests on the grounds that they are overbroad and unduly burdensome because they require the Express Scripts Entities to produce documents created as early as January 1, 2001. The Express Scripts Entities are willing to meet and confer with Plaintiff to determine the relevant time period for discovery that is reasonably calculated to lead to the discovery of admissible evidence.

10.     The Express Scripts Entities object to the Requests on the grounds that they require the Express Scripts Entities to produce documents created after the date Plaintiff filed the Complaint in this lawsuit. The Express Scripts Entities will construe each of the Requests to seek only documents created before May 25, 2018.

11.     The Express Scripts Entities object to the Requests on the grounds that they are unduly burdensome to the extent that they seek discovery far broader than the amount in controversy warrants.

4

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12.      The Express Scripts Entities object to the Requests on the grounds that they seek discovery beyond the scope of this case, including, but not limited to, seeking discovery that has no connection to the Plaintiff, has no connection to Acthar, and has no relation to the location where the alleged acts occurred.

13.      The Express Scripts Entities also object to the Requests on the grounds that they are unduly burdensome to the extent that they:  (i) are duplicative, overlapping, or repetitive of one or more of the other Requests; (ii) seek information or documents that are equally obtainable through some other means that is more convenient, less burdensome, or less expensive; or (iii) require the Express Scripts Entities to provide documents that are publicly available, are a matter of public record, are within Plaintiff's files or possession, or documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities.

14.      The Express Scripts Entities object to the Requests where they seek "all Documents" or "all Communications" referring to, relating to, or regarding a particular topic over multiple years, on the grounds that they are overbroad and unduly burdensome.  The Express Scripts Entities are willing to search for, review, collect, and produce documents from a reasonable number of custodians and document locations, and after applying a reasonable list of search terms to documents obtained from those custodians and document locations.

15.      The Express Scripts Entities object to the Instructions and the Specifications for Document Productions set forth in Exhibit A to the Requests.  Any available, responsive document or information will be produced in a format consistent with how it is collected or maintained in the ordinary course of business, and consistent with the Pennsylvania Rules of Civil Procedure and other applicable law, or produced in a manner agreed to by the parties.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

16.     The Express Scripts Entities object to the Requests, including the Definitions and Instructions, to the extent that they seek to impose obligations upon the Express Scripts Entities other than the obligations imposed under the Pennsylvania Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS

1.     The Express Scripts Entities object to the definition of "Communicate" or "Communication" in Definition No. 4 because the inclusion of "any and all oral . . . transmissions of information," including "face-to-face meetings or discussions" and "telephone transmissions" is overbroad, unduly burdensome, and impractical.  Unless otherwise stated, the Express Scripts Entities will interpret "Communicate," "Communication," or "communication" to refer only to written transmissions of information.

2.     The Express Scripts Entities object to the definition of "Contract" in Definition No. 5 because it includes "drafts," which may be protected from disclosure by the attorney-client privilege, the common-interest privilege, and/or the work product doctrine.  The Express Scripts Entities will interpret "Contract" to refer only to documents that reflect an agreement, arrangement, or understanding between the Express Scripts Entities and another person or entity.

3.     The Express Scripts Entities object to the definition of "Defendants" or "Defendant" in Definition No. 6 because the inclusion, without limitation, of "the predecessors, successors, subsidiaries, parent(s), branches, departments, divisions, or affiliates" of the Defendants that are not themselves named as Defendants in this action is vague, overbroad, unduly burdensome, and irrelevant.  The Express Scripts Entities will interpret "Defendants" or "Defendant" to refer only to the Defendants in the above-captioned litigation.

4.     The Express Scripts Entities object to the definition of "Document" or "Discoverable Item" in Definition No. 7 on the grounds that it is overbroad and unduly

6

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

burdensome to the extent it imposes obligations on the Express Scripts Entities to which they are not bound. The Express Scripts Entities will interpret "Document," "document," or "Discoverable Item" consistent with their obligations under the Pennsylvania Rules of Civil Procedure.

5.      The Express Scripts Entities object to the definition of "Government Entity" in Definition No. 10 because the inclusion of "any legislative or investigative . . . representative" is vague, overbroad, and unduly burdensome. The Express Scripts Entities will interpret "Government Entity" to refer only to any federal or state agency or legislative or investigative body.

6.      The Express Scripts Entities object to the definitions of "Identify" and "Identity" in Definition Nos. 11, 12, 13, and 14 on the grounds that they are overbroad and unduly burdensome to the extent they impose obligations on the Express Scripts Entities to which they are not bound. The Express Scripts Entities will interpret "Identify" and "Identity" consistent with their obligations under the Pennsylvania Rules of Civil Procedure.

7.      The Express Scripts Entities object to the definition of "Meeting" in Definition No. 18 because the inclusion of "any . . . encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not" is overbroad and unduly burdensome. The Express Scripts Entities will interpret the definition of "Meeting" to be consistent with ordinary colloquial usage of the noun.

8.      The Express Scripts Entities object to the definition of "Referring to," "Relating to," or "Regarding" in Definition No. 24 because the inclusion of "reflect," "deal with," "pertain to," and "otherwise involve" is vague, overbroad, and unduly burdensome. The Express Scripts

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Entities will interpret "Referring to," "Relating to," or "Regarding" to mean relating to in a substantial and direct way.

9.      The Express Scripts Entities object to the definition of "Relevant Time Period" in Definition No. 25 because "the time period covered by the operative complaint in this case" is vague, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case.  The Express Scripts Entities are willing to meet and confer with Plaintiff to determine the relevant time period for discovery that is proportionate to the needs of this case.

10.     The Express Scripts Entities object to the definition of "You," "Your," or "Your Company" in Definition No. 29 because the inclusion, without limitation, of "the predecessors, successors, subsidiaries, parent(s), branches, departments, divisions, or affiliates" of the recipient of the Requests that are not named as Defendants in this action is vague, overbroad, unduly burdensome, and irrelevant.  The Express Scripts Entities also object to the definition of "You," "Your," or "Your Company" in Definition No. 29 to the extent it includes Mallinckrodt ARD Inc., formerly known as Questcor Pharmaceuticals, Inc., or Mallinckrodt plc because the Express Scripts Entities respond and object to the Requests only on behalf of the Express Scripts Entities. The Express Scripts Entities will interpret "You," "Your," or "Your Company" to refer only to the Express Scripts Entities.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS

The Express Scripts Entities respond as follows to the Requests, incorporating each of the General Responses and Objections into each of the Express Scripts Entities' Specific Responses and Objections as if fully rewritten therein.

REQUEST FOR PRODUCTION NO. 1:

Please produce all subpoenas, document requests or other discovery **served by or on, or issued by or to, You by or to any Government Entity** Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all requests made in the matter of *Federal Trade Commission et. al. v. Mallinckrodt ARD Inc., et. al.*, Civil Action No. 1:17-cv-00120, Dist. of Columbia ("*FTC Case*").

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The Express Scripts Entities object to this Request on the grounds that the term "discovery" is vague and will therefore interpret "discovery" to refer to discovery requests. Subject to this objection, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce any subpoenas, document requests, or other discovery requests served by or on, or issued by or to, the Express Scripts Entities by or to any Government Entity relating to the manufacture, distribution, pricing, marketing, or sale of Acthar, including any such requests made in the *FTC Case*.

REQUEST FOR PRODUCTION NO. 2:

Please produce, in the form or order produced to said Government Entity, **all Documents previously produced by You** in response to any request or subpoena from any Government Entity Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all documents produced by You in the *FTC Case*.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

The Express Scripts Entities object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other

9

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

proprietary information or confidential information of non-party individuals before the Court has entered a suitable protective order.  Subject to this objection, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the manufacture, distribution, pricing, marketing, or sale of Acthar that the Express Scripts Entities produced to any Government Entity in response to any request or subpoena.

REQUEST FOR PRODUCTION NO. 3:

Please produce, in the form or order produced, **all Documents previously produced to You** from any Government Entity Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all documents produced to You in the *FTC Case*.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

The Express Scripts Entities object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information or confidential information of non-party individuals before the Court has entered a suitable protective order.  Subject to this objection, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-protected documents in their possession, custody, or control, if any, that any Government Entity previously produced to the Express Scripts Entities relating to the manufacture, distribution, pricing, marketing, or sale of Acthar.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all transcripts of testimony, Including transcriptions of formal or informal proceedings, hearings, interviews, or depositions, written statements or testimony, affidavits, and summaries of any such testimony, given by You or Your Employee(s) to any Government Entity Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all such documents in the *FTC Case*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Express Scripts Entities object to this Request to the extent that it requires the

Express Scripts Entities to provide Documents containing confidential business and/or other

proprietary information or confidential information of non-party individuals before the Court has

entered a suitable protective order.  The Express Scripts Entities also object to this Request to the

extent it requests Documents that may be protected from disclosure by the attorney-client

privilege, the common-interest privilege, and/or the work product doctrine.  The Express Scripts

Entities further object to this Request on the grounds that the term "written statements" is vague.

Finally, the Express Scripts Entities object to this Request on the grounds that it requires the

production of Documents duplicative of those sought by Request No. 2 to the extent that it

requests "all Documents previously produced by You in response to any request or subpoena

from any Government Entity Referring or Relating to the manufacture, distribution, pricing,

marketing, or sale of Acthar, Including all Documents produced by You in the *FTC Case*."

Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the

Express Scripts Entities will conduct a reasonable search and produce transcripts or affidavits in

their possession, custody, or control, if any, containing testimony given by the Express Scripts

Entities or their employees to any Government Entity relating to the manufacture, distribution,

pricing, marketing, or sale of Acthar.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 5:

Please produce all subpoenas, document requests or other discovery **served by or on, or issued by or to, You by or to any private party** in any litigation involving the manufacture, distribution, pricing, marketing, or sale of Acthar, Including not limited to all requests made in the following matters:  (a) *Retrophin, Inc. v. Questcor Pharmaceuticals Inc.*, No. 8:14-CV-00026-JLS (JPR), C.D.Cal. ("*Retrophin Case*"); (b) *In re Questcor Pharmaceuticals, Inc. Securities Litig.*, No. 8:12-cv-01623-DMG (JPR), C.D.Cal. ("*Questcor Securities Case*"); (c) *Patricia A. Shenk v. Mallinckrodt PLC and Mark Trudeau*, No. 1:17-cv-00145, Dist. of Columbia, and all related cases, including but not limited to cases brought by Amalgamated Bank, State Teachers Retirement System of Ohio, ("*Mallinckrodt Securities Case*"); (d) *Barry Franks v. Mallinckrodt Enterprises LLC, et. al.*, Case No. 3:16-cv-07300-RS, N.D.Cal. ("*Franks Case*"); and (e) *Rasvinder Dhaliwal v. Mallinckrodt PLC a/k/a Mallinckrodt Pharmaceuticals, et. al.*, Case 1:18-cv-03146-VSB, S.D.N.Y. ("*Dhaliwal Case*").

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

The Express Scripts Entities object to this Request on the grounds that the term

"discovery" and the phrase "any litigation involving the manufacture, distribution, pricing,

marketing, or sale of Acthar" are vague.  Subject to this objection, the Express Scripts Entities

respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the

Express Scripts Entities will conduct a reasonable search and produce any subpoenas, document

requests, or other discovery requests served by or on, or issued by or to, the Express Scripts

Entities by or to any private party, relating to the manufacture, distribution, pricing, marketing,

or sale of Acthar, if any, in the *Retrophin Case*, *Questcor Securities Case*, *Mallinckrodt*

*Securities Case*, *Franks Case*, and *Dhaliwal Case*.

REQUEST FOR PRODUCTION NO. 6:

Please produce **all Documents previously produced by You** in or Related to any private party in litigation involving Acthar, Including but not limited to all documents produced by You in the *Retrophin Case*, *Questcor Securities Case*, *Mallinckrodt Securities Case*, *Franks Case* and *Dhaliwal Case*.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of all Documents the Express Scripts Entities produced in or related to any private party in any litigation involving Acthar, without limitation to documents that are relevant to the issues in this case.  The Express Scripts Entities also object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information or confidential information of private individuals before the Court has entered a suitable protective order. Finally, the Express Scripts Entities object to this Request on the grounds that the phrases "in or Related to any private party in litigation" and "litigation involving Acthar" are vague.  Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the manufacture, distribution, pricing, marketing, or sale of Acthar that the Express Scripts Entities produced to any private party in the *Retrophin Case*, *Questcor Securities Case*, *Mallinckrodt Securities Case*, *Franks Case* and *Dhaliwal Case*.

REQUEST FOR PRODUCTION NO. 7:

Please produce **all Documents previously produced to You** in or Related to any private party in litigation involving Acthar, Including but not limited to all documents produced by You in the *Retrophin Case*, *Questcor Securities Case*, *Mallinckrodt Securities Case*, *Franks Case* and *Dhaliwal Case*.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7</u>:

The Express Scripts Entities object to this Request because it inconsistently asks for documents "produced to You," including documents "produced by You." The Express Scripts Entities will interpret this Request to seek documents previously produced to the Express Scripts Entities. The Express Scripts Entities also object to this Request on the grounds that the phrases "in or Related to any private party in litigation" and "litigation involving Acthar" are vague. Subject to this objection, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the manufacture, distribution, pricing, marketing, or sale of Acthar that any private party previously produced to the Express Scripts Entities in the *Retrophin Case*, *Questcor Securities Case*, *Mallinckrodt Securities Case*, *Franks Case*, and *Dhaliwal Case*.

<u>REQUEST FOR PRODUCTION NO. 8</u>:

Please produce all transcripts of testimony, Including transcriptions of formal or informal proceedings, hearings, interviews, or depositions, written statements or testimony, affidavits, and summaries of any such testimony, given by You or Your Employee(s) to any private party in litigation involving Acthar, Including but not limited to all documents produced by You in the *Retrophin Case*, *Questcor Securities Case*, *Mallinckrodt Securities Case*, *Franks Case* and *Dhaliwal Case*.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "all transcripts of testimony . . . given by You or Your Employee(s) to any private party in litigation involving Acthar," without limitation to testimony that is relevant to the issues in this case. The Express Scripts Entities also

14

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information or confidential information of non-party individuals before the Court has entered a suitable protective order. The Express Scripts Entities further object to this Request to the extent it requests Documents that may be protected from disclosure by the attorney-client privilege, the common-interest privilege, and/or the work product doctrine.  Finally, the Express Scripts Entities object to this Request on the grounds that the phrase "litigation involving Acthar" is vague.  Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce transcripts containing testimony relating to the manufacture, distribution, pricing, marketing, or sale of Acthar given by the Express Scripts Entities or their employees to any private party, if any, in the *Retrophin Case*, *Questcor Securities Case*, *Mallinckrodt Securities Case*, *Franks Case* and *Dhaliwal Case*.

REQUEST FOR PRODUCTION NO. 9:

Please produce all Documents Regarding any submissions **Sent by You to or to You from** the Office of Inspector General, United States Department of Health and Human Services with Regard to Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents Regarding any submissions," rather than the submissions themselves, when the submissions themselves, if any, contain the information sought.  The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because submissions to or from the Office of Inspector General, United States Department of Health and Human Services are unrelated to the claims or issues alleged in

15

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the Amended Complaint.  The Express Scripts Entities also object to this Request on the grounds that the phrase "all Documents Regarding any submissions" is vague.

<u>REQUEST FOR PRODUCTION NO. 10</u>:

Please produce all Documents assembled by You for any purpose as part of any internal investigation into complaints, claims, external investigations by other Persons or lawsuits, involving the manufacture, distribution, marketing, promotion, pricing and/or sales practices Regarding Acthar, Including but not limited to presentations to Your senior executives and/or Board of Directors and/or investors and all resulting minutes or resolutions.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "all Documents assembled by You," over multiple years, even those tangentially related to the subject matter of the Request.  The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' internal investigations are unrelated to the claims or issues alleged in the Amended Complaint.  The Express Scripts Entities also object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of information in discovery.  The Express Scripts Entities further object to this Request on the grounds that the term "assembled" is vague.  Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request No. 12.

16

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 11:

Please produce all Documents Related to Your regulatory compliance program(s), Including but not limited to Your training of Employees and sales representatives and Your Communications to and from Your Employees and sales representatives Regarding regulatory compliance in the promotion and sale of Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "all Documents Related to Your regulatory compliance program(s)," without limitation to programs relating to regulatory compliance in the promotion and sale of Acthar.  The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' regulatory compliance program(s) are unrelated to the claims or issues alleged in the Amended Complaint.  The Express Scripts Entities further object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of information in discovery.  Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request No. 14.

REQUEST FOR PRODUCTION NO. 12:

Please produce all Documents concerning the nature and scope of any internal investigations conducted by You Including but not limited to those conducted by internal or external personnel and/or attorneys Referring or Relating to distribution, marketing, pricing and sales practices pertaining to Acthar, and the results of the same.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

17

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

admissible evidence because it requires the production of "all Documents concerning the nature and scope of any internal investigations conducted by You," without limitation to internal investigations related to the distribution, marketing, pricing, and sales practices for Acthar. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' internal investigations are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of information in discovery. The Express Scripts Entities further object to this Request on the grounds that the phrase "nature and scope of any internal investigations" is vague. Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request No. 10.

REQUEST FOR PRODUCTION NO. 13:

Please produce all Documents Referring or Relating to any complaints raised by Your Employee(s) Regarding the distribution, marketing, pricing and sales practices pertaining to Acthar, and any responses thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of any and all "complaints ... Regarding the distribution, marketing, pricing and sales practices pertaining to Acthar," without limitation to documents that are relevant to the issues in this case. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because any complaints raised by Express Scripts Entities' employees are unrelated to the claims or issues

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

alleged in the Amended Complaint. The Express Scripts Entities object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of information in discovery. The Express Scripts Entities further object to this Request on the grounds that the phrase "any complaints" is vague. Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request Nos. 10 and 12.

REQUEST FOR PRODUCTION NO. 14:

Please produce all Documents reflecting any reprimand, discipline, retraining or other action taken with respect to any Employee or sales representative of Your company concerning their non-compliance with any corporate compliance or other company policy or procedure Regarding the distribution, marketing, pricing and sales practices pertaining to Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "all Documents," even those tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because any reprimand, discipline, retraining, or other action with respect to any employee or sales representative of the Express Scripts Entities is unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities further object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of

19

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

information in discovery.  Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request No. 11.

REQUEST FOR PRODUCTION NO. 15:

Please produce all Acthar Support and Access Program forms submitted or Sent by You during the Relevant Period, referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests Acthar Support and Access Program forms relating to Plaintiff or any of Plaintiff's beneficiaries because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities.  The Express Scripts Entities also object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential information of non-party individuals before the Court has entered a suitable protective order.  Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request No. 16.  Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected Acthar Support and Access Program forms in their possession, custody, or control, if any, referring or relating to Plaintiff or Plaintiff's beneficiaries that the Express Scripts Entities submitted or sent.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 16:

Please produce all Acthar Support and Access Program forms submitted or Sent to You during the Relevant Period, referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests Acthar Support and Access Program forms relating to Plaintiff or any of Plaintiff's beneficiaries because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities. The Express Scripts Entities also object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential information of non-party individuals before the Court has entered a suitable protective order. Subject to this objection, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected Acthar Support and Access Program forms in their possession, custody, or control, if any, submitted or sent by the Express Scripts Entities and referring or relating to Plaintiff or Plaintiff's beneficiaries.

REQUEST FOR PRODUCTION NO. 17:

Please produce any and all database(s) and Documents You maintained as part of the Acthar Support and Access Program during the Relevant Period, referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

admissible evidence because it requires the production of "all database(s) and Documents You

maintained as part of the Acthar Support and Access Program," over multiple years, without

limitation to information relating to Plaintiff or Plaintiff's beneficiaries.  The Express Scripts

Entities object to this Request on the grounds that it is overbroad and unduly burdensome

because the databases the Express Scripts Entities maintained as part of the Acthar Support and

Access Program are unrelated to the claims or issues alleged in the Amended Complaint.  The

Express Scripts Entities also object to this Request to the extent that it requires the Express

Scripts Entities to provide Documents containing confidential information of non-party

individuals before the Court has entered a suitable protective order.  Finally, the Express Scripts

Entities object to this Request on the grounds that it requires the production of Documents

duplicative of those sought by Request Nos. 15 and 16.

REQUEST FOR PRODUCTION NO. 18:

Please produce any and all database(s) and Documents of all Medical Provider
information referring or relating to any medical provider who treated any of Plaintiff's
beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

The Express Scripts Entities object to this Request on the grounds that it is overbroad,

unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence because it requests "all database(s) and Documents of all Medical Provider

information referring or relating to any medical provider who treated any of Plaintiff's

beneficiaries," over multiple years, without limitation to documents relating to Plaintiff's

beneficiaries who purchased Acthar.  The Express Scripts Entities object to this Request on the

grounds that it is overbroad and unduly burdensome because Medical Providers and the Express

Scripts Entities' interactions with Medical Providers are unrelated to the claims or issues alleged

in the Amended Complaint.  The Express Scripts Entities also object to this Request to on the

22

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

grounds that it is overbroad and unduly burdensome to the extent it seeks the production of

Documents outside of the Express Scripts Entities' possession, custody, or control.  Finally, the

Express Scripts Entities object to this Request on the grounds that the term "Medical Provider

information" is vague.

REQUEST FOR PRODUCTION NO. 19:

Please produce any and all database(s) and Documents that Include payment information
referring or relating to any payments made by Plaintiff or any of Plaintiff's beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

The Express Scripts Entities object to this Request on the grounds that it is overbroad,

unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence because it requests "all database(s) and Documents that Include payment

information referring or relating to any payments made by Plaintiff or any of Plaintiff's

beneficiaries," over multiple years, without limitation to information relating to payments

Plaintiff or any of Plaintiff's beneficiaries made to the Express Scripts Entities relating to

prescriptions for Acthar.  The Express Scripts Entities also object to this Request on the grounds

that it is overbroad and unduly burdensome to the extent that it requests information relating to

payments Plaintiff or any of Plaintiff's beneficiaries made because it seeks the production of

Documents within Plaintiff's files or possession, or Documents that are otherwise equally

available to Plaintiff as to the Express Scripts Entities.  The Express Scripts Entities object to this

Request to the extent that it requires the Express Scripts Entities to provide Documents

containing confidential information of non-party individuals before the Court has entered a

suitable protective order.  The Express Scripts Entities further object to this Request on the

grounds that the term "payment information" is vague.  Finally, the Express Scripts Entities

object to this Request on the grounds that it requires the production of Documents duplicative of

those sought by Request Nos. 21, 52, and 53.  Subject to these objections, the Express Scripts

Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the

Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-

protected documents in their possession, custody, or control, if any, sufficient to show the

payments Plaintiff or Plaintiff's beneficiaries made to the Express Scripts Entities relating to

prescriptions for Acthar.

REQUEST FOR PRODUCTION NO. 20:

Please produce any and all database(s) and Documents that Include billing information
referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

The Express Scripts Entities object to this Request on the grounds that it is overbroad,

unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence because it requests "all database(s) and Documents that Include billing

information referring or relating to Plaintiff or any of Plaintiff's beneficiaries," over multiple

years, without limitation to information relating to bills the Express Scripts Entities sent to

Plaintiff or any of Plaintiff's beneficiaries relating to prescriptions for Acthar.  The Express

Scripts Entities also object to this Request on the grounds that it is overbroad and unduly

burdensome to the extent that it requests bills the Express Scripts Entities sent to Plaintiff or

Plaintiff's beneficiaries because it seeks the production of Documents within Plaintiff's files or

possession, or Documents that are otherwise equally available to Plaintiff as to the Express

Scripts Entities.  The Express Scripts Entities further object to this Request to the extent that it

requires the Express Scripts Entities to provide Documents containing confidential information

of non-party individuals before the Court has entered a suitable protective order.  Finally, the

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Express Scripts Entities object to this Request on the grounds that the term "billing information" is vague. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-protected documents in their possession, custody, or control, if any, sufficient to show the amounts billed to Plaintiff or Plaintiff's beneficiaries relating to prescriptions for Acthar.

REQUEST FOR PRODUCTION NO. 21:

Please produce any and all database(s) and Documents that Include payor information referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all database(s) and Documents that Include payment information referring or relating to any payments made by Plaintiff or any of Plaintiff's beneficiaries," over multiple years, without limitation to information relating to payments Plaintiff or any of Plaintiff's beneficiaries made to the Express Scripts Entities relating to prescriptions for Acthar. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests information relating to payments Plaintiff or any of Plaintiff's beneficiaries made because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities. The Express Scripts Entities object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential information of non-party individuals before the Court has entered a suitable protective order. The Express Scripts Entities further object to this Request on the

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

grounds that the term "payor information" is vague.  Finally, the Express Scripts Entities object
to this Request on the grounds that it requires the production of Documents duplicative of those
sought by Request Nos. 19, 52, and 53.  Subject to these objections, the Express Scripts Entities
respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the
Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-
protected documents in their possession, custody, or control, if any, sufficient to show any
payments Plaintiff or any of Plaintiff's beneficiaries made to the Express Scripts Entities relating
to prescriptions for Acthar.

REQUEST FOR PRODUCTION NO. 22:

Please produce any and all database(s) and Documents that Include shipping and
shipment information referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

The Express Scripts Entities object to this Request on the grounds that it is overbroad,
unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of
admissible evidence because it requests "all database(s) and Documents" even tangentially
related to the subject matter of the Request over multiple years, without limitation to information
relating to the Express Scripts Entities' shipment of Acthar for Plaintiff or any of Plaintiff's
beneficiaries.  The Express Scripts Entities also object to this Request on the grounds that the
phrase "shipping and shipment information" is vague.  Finally, the Express Scripts Entities
object to this Request on the grounds that it requires the production of Documents duplicative of
those sought by Request No. 23.  Subject to these objections, the Express Scripts Entities
respond as follows:

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-protected documents in their possession, custody, or control, if any, sufficient to show records of the Express Scripts Entities' shipments of Acthar for Plaintiff or any of Plaintiff's beneficiaries.

<u>REQUEST FOR PRODUCTION NO. 23</u>:

Please produce all Documents and records of the distribution and sale of Acthar, Including distribution of free Acthar (maintained pursuant to internal practice, the Prescription Drug Marketing Act, § 21 U.S.C. 301, *et seq.*, other federal or state laws, or otherwise) to any medical provider who treated any of Plaintiffs beneficiaries with Acthar, Including customer invoices, activity reports on drug sales, sales call notes, and any other periodic sales reports or summaries that Identify patient and payor names and addresses and the prices, quantities, purchase volumes, rebates, price or other discounts, and any other sales terms and conditions provided to patients of these providers.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 23</u>:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible because it requests "all Documents and records" even tangentially related to the "distribution and sale of Acthar" over multiple years. The Express Scripts Entities also object to this Request on the grounds that, to the extent that it requests any relevant information, it requires the production of Documents duplicative of those sought by other Requests. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce non-privileged, non-protected documents in their possession, custody, or control, if any, sufficient to show records of the distribution and sale of Acthar to Plaintiff or Plaintiff's beneficiaries.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 24:

Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent to You** from patients in Pennsylvania regarding the Acthar Support and Access Program.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "any and all Communications" that "patients in Pennsylvania" sent to the Express Scripts Entities regarding the Acthar Support and Access Program, without limitation to communications Plaintiff or Plaintiff's beneficiaries sent to the Express Scripts Entities. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests the Express Scripts Entities' communications with Plaintiff's beneficiaries because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities. Finally, the Express Scripts Entities object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential information of non-party individuals before the Court has entered a suitable protective order. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, that Plaintiff or Plaintiff's beneficiaries sent to the Express Scripts Entities regarding the Acthar Support and Access Program.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

<u>REQUEST FOR PRODUCTION NO. 25</u>:

Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent from You** to patients in Pennsylvania regarding the Acthar Support and Access Program.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25</u>:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "all Communications" that the Express Scripts Entities sent "patients in Pennsylvania" regarding the Acthar Support and Access Program, without limitation to communications that the Express Scripts Entities sent Plaintiff or Plaintiff's beneficiaries.  The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests the Express Scripts Entities' communications with Plaintiff's beneficiaries because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities.  Finally, the Express Scripts Entities also object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential information of non-party individuals before the Court has entered a suitable protective order.  Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, that the Express Scripts Entities sent Plaintiff or Plaintiff's beneficiaries regarding the Acthar Support and Access Program.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 26:

Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent to You** from any and all third parties with whom You shared patient information about Pennsylvania patients and their receipt, use and/or payment for Acthar obtained through the Acthar Support and Access Program or otherwise.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "all Communications" that "any and all third parties with whom You shared patient information about Pennsylvania patients and their receipt, use and/or payment for Acthar" sent to the Express Scripts Entities, without limitation to communications that are relevant to the issues in this case. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because their Communications with third parties are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities further object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential information of non-party individuals before the Court has entered a suitable protective order. Finally, the Express Scripts Entities further object to this Request on the grounds that the phrase "shared patient information" is vague.

REQUEST FOR PRODUCTION NO. 27:

Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent from You** to any and all third parties with whom You shared patient information about Pennsylvania patients and their receipt, use and/or payment for Acthar obtained through the Acthar Support and Access Program or otherwise.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

admissible evidence because it requires the production of "all Communications" that the Express

Scripts Entities sent "any and all third parties with whom You shared patient information about

Pennsylvania patients and their receipt, use and/or payment for Acthar," without limitation to

communications that are relevant to the issues in this case.  The Express Scripts Entities also

object to this Request on the grounds that it is overbroad and unduly burdensome because their

Communications with third parties are unrelated to the claims or issues alleged in the Amended

Complaint.  The Express Scripts Entities further object to this Request to the extent that it

requires the Express Scripts Entities to provide Documents containing confidential information

of non-party individuals before the Court has entered a suitable protective order.  Finally, the

Express Scripts Entities further object to this Request on the grounds that the phrase "shared

patient information" is vague.

REQUEST FOR PRODUCTION NO. 29:[1]

Please produce any and **all Contracts or agreements** between You and third parties, including any other Defendant named herein, with whom you shared any information about Pennsylvania patients and their receipt, use and/or payment for Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

The Express Scripts Entities object to this Request on the grounds that it is overbroad,

unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

admissible evidence because it requires the production of "all Contracts or agreements between

You and third parties," which are unrelated to the claims or issues alleged in the Amended

Complaint.  The Express Scripts Entities also object to this Request to the extent that it requires

the Express Scripts Entities to provide Documents containing confidential business and/or other

proprietary information before the Court has entered a suitable protective order.  Finally, the

---

[1] Plaintiff failed to include a Request No. 28.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Express Scripts Entities object to this Request on the grounds that the phrase "shared any information about Pennsylvania patients" is vague. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce contracts, amendments to contracts, and extensions of contracts between or among Defendants relating to Acthar.

REQUEST FOR PRODUCTION NO. 30:

Please produce any and **all Contracts or agreements** between You and any Medical Provider with whom you shared or exchanged any information about Pennsylvania patients and their receipt, use and/or payment for Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requires the production of "all Contracts or agreements between You and any Medical Provider" over multiple years, without limitation to contracts or agreements that are relevant to the issues in this case. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome because contracts or agreements between the Express Scripts Entities and any Medical Provider are unrelated to the claims or issues alleged in the Amended Complaint. Finally, the Express Scripts Entities object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information before the Court has entered a suitable protective order.

REQUEST FOR PRODUCTION NO. 31:

Please produce all Documents that comprise, evidence, Refer or Relate to **any method, practice, policy or strategy** You or others proposed, considered, have used or now use for setting or determining price(s) for Acthar, Including, without limitation, Average Wholesale

32

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it requires the production of Documents relating to any method, practice, policy, or strategy "others proposed, considered, have used or now use for setting or determining price(s) for Acthar" because it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. Finally, the Express Scripts Entities object to this Request on the grounds that the terms "comprise," "evidence," and "other prices" are vague. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to any method, practice, policy, or strategy the Express Scripts Entities or other Defendants proposed, considered, have used, or now use for setting or determining price(s) for Acthar.

REQUEST FOR PRODUCTION NO. 32:

Please produce all Documents that comprise, evidence, Refer or Relate to **any change in the price of Acthar**, Including but not limited to Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests information that is publicly available because it seeks the production of Documents that are equally available to Plaintiff as to the Express Scripts Entities. The Express Scripts Entities further object to this Request on the grounds that the terms "comprise," "evidence," and "other prices" are vague. Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request Nos. 31, 33, 34, 35, and 36. Subject to these objections, the Express Scripts Entities respond as follows:

The Express Scripts Entities are willing to meet and confer with Plaintiff to determine if this Request seeks relevant documents that would not be produced in response to any of Plaintiff's other Requests.

REQUEST FOR PRODUCTION NO. 33:

Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or representations to consumers, payors or patients** about the pricing of Acthar, Including but not limited to Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of

34

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

admissible evidence because it requests "all Documents" even tangentially related to any Communications or representations to consumers, payors, or patients about the pricing of Acthar, over multiple years, without limitation to communications or representations from the Express Scripts Entities to Plaintiff's beneficiaries.  The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests Communications or representations made to Plaintiff or Plaintiff's beneficiaries because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities.  The Express Scripts Entities further object to this Request on the grounds that the terms "comprise," "evidence," and "other prices" are vague.  Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request Nos. 31 and 32.  Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the Express Scripts Entities' communications or representations to Plaintiff or Plaintiff's beneficiaries about the pricing of Acthar.

REQUEST FOR PRODUCTION NO. 34:

Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications to You from consumers, payors or patients** about the pricing of Acthar, Including but not limited to Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Documents" even tangentially related to any Communications or representations to the Express Scripts Entities from consumers, payors, or patients about the pricing of Acthar, over multiple years, without limitation to Plaintiff's beneficiaries' communications or representations to the Express Scripts Entities. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests Communications from or representations made by Plaintiff or Plaintiff's beneficiaries because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities. The Express Scripts Entities further object to this Request on the grounds that the terms "comprise," "evidence," and "other prices" are vague. Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request No. 32. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to Plaintiff or Plaintiff's beneficiaries' communications or representations to the Express Scripts Entities about the pricing of Acthar.

REQUEST FOR PRODUCTION NO. 35:

Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or representations with Medical Providers** about the pricing of Acthar.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Documents" even tangentially related to any Communications or representations with Medical Providers, over multiple years, without limitation to the Express Scripts Entities' communications with or representations to Medical Providers. The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because Communications with or representations to Medical Providers are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities further object to this Request on the grounds that the terms "evidence" and "comprise" and the phrase "representations with Medical Providers" are vague. Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request Nos. 26, 27, and 32.

REQUEST FOR PRODUCTION NO. 36:

Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or representations with any Pharmacies, Including Specialty Pharmacies**, about the pricing of Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Documents" even tangentially related to any Communications or representations with any pharmacies, over multiple years, without limitation

37

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

to the Express Scripts Entities' communications with or representations to pharmacies. The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because Communications with or representations to Pharmacies are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities further object to this Request on the grounds that the terms "evidence" and "comprise" and the phrase "representations with any Pharmacies" are vague. Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request Nos. 26, 27, and 32.

REQUEST FOR PRODUCTION NO. 37:

Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or Meetings** between You and any other Defendant(s) Relating to the pricing of Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities further object to this Request on the grounds that the terms "comprise" and "evidence" are vague. Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request No. 39. Subject to these objections, the Express Scripts Entities respond as follows:

38

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to communications or meetings between the Express Scripts Entities and any other Defendant relating to the pricing of Acthar.

REQUEST FOR PRODUCTION NO. 38:

Please produce all Documents that comprise, evidence, Refer or Relate to **any Meetings or Communications between You and any actual or potential competitor(s)** Referring or Relating to the pricing of Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years.  The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because any Meetings or Communications between the Express Scripts Entities and any actual or potential competitor(s) are unrelated to the claims or issues alleged in the Amended Complaint.  The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control.   The Express Scripts Entities further object to this Request on the grounds that the terms "comprise" and "evidence" and the phrase "actual or potential competitor(s)" are vague.  Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request No. 39.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 39:

Please produce all Documents **taken to, received or distributed at, or prepared in connection (including notes) with or during any Meeting or telephonic Communication** attended by You and any Defendant(s) or actual or potential competitor(s), at which Meeting or telephonic Communications there was any discussion of the pricing of Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities object to this Request to the extent it seeks Documents taken to, received or distributed at, or prepared in connection with or during any Meeting or telephonic Communication between the Express Scripts Entities and any actual or potential competitor(s) on the grounds that it is overbroad and unduly burdensome because any Meeting or telephonic Communication between the Express Scripts Entities and any actual or potential competitor(s) is unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities object to producing Documents "taken to" any meeting as overbroad and irrelevant. The Express Scripts Entities also object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests Documents relating to meetings or telephonic Communications at which there was "any discussion of the pricing of Acthar," no matter how insubstantial. The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities further object to this Request on the grounds that the phrase "actual or potential competitor(s)" is vague. Finally, the Express Scripts Entities object to this Request to the extent

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

that it requires the production of Documents duplicative of those sought by Request Nos. 37 and 38. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, that the Express Scripts Entities received or distributed at, or prepared in connection with or during any meeting or telephonic communication the Express Scripts Entities and any other Defendant attended, during which there was discussion of the pricing of Acthar.

REQUEST FOR PRODUCTION NO. 40:

Please produce all Documents prepared by You, any Defendant, competitor, or a third party, that **analyze, evaluate or summarize** information Referring or Relating to the costs to develop, produce, manufacture, distribute or sell Acthar.

RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities further object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests information that is publicly available because it seeks the production of Documents that are equally available to Plaintiff as to the Express Scripts Entities. Finally, the Express Scripts Entities object to this Request on the grounds that the terms "analyze," "evaluate," and "summarize" are vague. Subject to these objections, the Express Scripts Entities respond as follows:

41

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the costs of developing, producing, manufacturing, distributing, or selling Acthar.

REQUEST FOR PRODUCTION NO. 41:

Please produce all Communications **from You** to Pharmaceutical Pricing Publishers Regarding Acthar during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

The Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request No. 43.  Subject to this objection, the Express Scripts Entities respond as follows:

The Express Scripts Entities are willing to meet and confer with Plaintiff to determine if this Request seeks relevant documents that would not be produced in response to Request No. 43.

REQUEST FOR PRODUCTION NO. 42:

Please produce all Communications **to You** from Pharmaceutical Pricing Publishers Regarding Acthar during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

The Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request No. 44.  Subject to this objection, the Express Scripts Entities respond as follows:

The Express Scripts Entities are willing to meet and confer with Plaintiff to determine if this Request seeks relevant documents that would not be produced in response to Request No. 44.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 43:

Please produce all Documents that **You Sent** to Pharmaceutical Pricing Publishers Regarding Acthar during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities also object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request No. 41. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the price of Acthar that the Express Scripts Entities sent to Pharmaceutical Pricing Publishers.

REQUEST FOR PRODUCTION NO. 44:

Please produce all Documents that the Pharmaceutical Pricing Publishers **Sent to You** Regarding Acthar during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities also object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request No. 42. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will

produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to Acthar that Pharmaceutical Pricing Publishers sent to the Express Scripts Entities.

<u>REQUEST FOR PRODUCTION NO. 45:</u>

Please produce that comprise, evidence, Refer or Relate to any Contract, agreement or understanding, formal or informal, or any joint actions or activities, with any pharmacy benefit manager with Regard to the manufacture, distribution, prescription, pricing, promotion, marketing, sale or reimbursement of Acthar sold in Pennsylvania.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 45:</u>

The Express Scripts Entities object to this Request because it is unclear as to what types of Documents are being requested.

To the extent the Request intended to seek "Documents," the Express Scripts Entities object to the Request that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information before the Court has entered a suitable protective order.  The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks Documents relating to the Express Scripts Entities' contracts, agreements, understandings, or joint actions or activities with any third-party pharmacy benefit manager ("PBM") because the Express Scripts Entities' engagements with any third-party PBM are unrelated to the claims or issues alleged in the Amended Complaint.  The Express Scripts Entities further object to this Request to the extent it seeks Documents relating to the Express Scripts Entities' contracts, agreements, understandings, or joint actions or activities with any PBM other than those applicable to Plaintiff.  Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request Nos. 46 and 47.  Subject to these objections, the Express Scripts Entities respond as follows:

44

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce contracts, amendments to contracts, and extensions of contracts relating to Acthar, if any, between ESI and any one of the other Express Scripts Entities.

REQUEST FOR PRODUCTION NO. 46:

Please produce all Communications Relating to the negotiation of Contracts with any PBMs with Regard to Acthar sold in Pennsylvania.

RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Communications" even tangentially related to the subject matter of the Request over multiple years, without limitation to the Express Scripts Entities' communications or the Express Scripts Entities' contracts with other PBMs. The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' negotiations of contracts with third-party PBMs, if any, are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities further object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information before the Court has entered a suitable protective order. Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request Nos. 45 and 47.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

<u>REQUEST FOR PRODUCTION NO. 47</u>:

Please produce all Documents Relating to the negotiation of Contracts with PBMs with Regard to Acthar sold in Pennsylvania, including all drafts of such contracts.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 47</u>:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years, without limitation to the Express Scripts Entities' contracts with other PBMs. The Express Scripts Entities object to this Request to the extent it seeks Documents relating to the negotiation of contracts with third-party PBMs on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' negotiation of contracts with third-party PBMs, if any, are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information before the Court has entered a suitable protective order. The Express Scripts Entities further object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of information in discovery. Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request Nos. 45 and 46. Subject to these objections, the Express Scripts Entities respond as follows:

46

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the negotiation of any contracts relating to Acthar sold in Pennsylvania between ESI and any one of the other Express Scripts Entities.

REQUEST FOR PRODUCTION NO. 48:

Please produce all Contracts with third party payors with Regard to the prescription, distribution, sale or reimbursement of Acthar sold in Pennsylvania.

RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities also object to this Request to the extent it seeks contracts with third-party payors other than Plaintiff on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' contracts with third-party payors other than Plaintiff are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities further object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information before the Court has entered a suitable protective order. Finally, the Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests the Express Scripts Entities' contracts with Plaintiff because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities. Subject to these objections, the Express Scripts Entities respond as follows:

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce the Express Scripts Entities' contracts with Plaintiff relating to the prescription, distribution, sale, or reimbursement of Acthar sold in Pennsylvania.

REQUEST FOR PRODUCTION NO. 49:

Please produce all Communications Relating to Contracts with third party payors with Regard to the prescription, distribution, sale or reimbursement of Acthar sold in Pennsylvania.

RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Communications" even tangentially related to the subject matter of the Request over multiple years, without limitation to the Express Scripts Entities' communications or the Express Scripts Entities' contracts with third-party payors. The Express Scripts Entities object to this Request to the extent it seeks Communications relating to contracts with third-party payors other than Plaintiff on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' contracts with third-party payors other than Plaintiff are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities further object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information before the Court has entered a suitable protective order. Finally, the Express Scripts Entities object to this Request to

48

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the extent that it requires the production of Documents duplicative of those sought by Request No. 50. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce communications relating to the Express Scripts Entities' contracts with Plaintiff regarding the prescription, distribution, sale, or reimbursement of Acthar sold in Pennsylvania.

REQUEST FOR PRODUCTION NO. 50:

Please produce all Documents Relating to the negotiation of Contracts with third party payors with Regard to Acthar sold in Pennsylvania, including all drafts of such contracts.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years, without limitation to the Express Scripts Entities' contracts with Plaintiff. The Express Scripts Entities also object to this Request to the extent it seeks Documents relating to the negotiation of contracts with third-party payors other than Plaintiff on the grounds that it is overbroad and unduly burdensome because the Express Scripts Entities' contracts with third-party payors other than Plaintiff are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities further object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities also object to this Request to the extent that it requires the Express Scripts Entities to provide Documents containing confidential business and/or other proprietary information before the Court has entered a suitable protective order. The Express Scripts

49

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Entities further object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of information in discovery. Finally, the Express Scripts Entities object to this Request to the extent that it requires the production of Documents duplicative of those sought by Request No. 49. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the negotiation of the Express Scripts Entities' contracts with Plaintiff regarding the prescription, distribution, sale, or reimbursement of Acthar sold in Pennsylvania.

REQUEST FOR PRODUCTION NO. 51:

Please produce transactional data sufficient to show sales of Acthar in Pennsylvania through PBMs for each year during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks the production of Documents outside of the Express Scripts Entities' possession, custody, or control. The Express Scripts Entities also object to this Request to the extent it seeks transactional data related to sales of Acthar unconnected to Plaintiff on the grounds that it is overbroad and unduly burdensome because transactional data related to sales of Acthar unconnected to Plaintiff is unrelated to the claims or issues alleged in the Amended Complaint. Finally, the Express Scripts Entities object to this Request on the grounds that the phrase "through PBMs" is vague.

50

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

REQUEST FOR PRODUCTION NO. 52:

Please produce transactional data sufficient to show reimbursements of Acthar by third party payors in Pennsylvania for each year during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because reimbursements for Acthar by third-party payors other than Plaintiff are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests data sufficient to show reimbursements of Acthar by Plaintiff because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce claims data sufficient to show reimbursements of Acthar that Plaintiff paid to the Express Scripts Entities.

REQUEST FOR PRODUCTION NO. 53:

Please produce Documents sufficient to show the rates reimbursement of Acthar in Pennsylvania by third party payors for each year during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

The Express Scripts Entities object to this Request to the extent it seeks Documents relating to reimbursement rates for Acthar in Pennsylvania by third-party payors other than Plaintiff on the grounds that it is overbroad and unduly burdensome because reimbursement rates for Acthar applicable to third-party payors other than Plaintiff are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities also object to this Request on the grounds that it is overbroad and unduly burdensome to the extent that it requests

51

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Documents sufficient to show the reimbursement rates of Acthar by Plaintiff because it seeks the production of Documents within Plaintiff's files or possession, or Documents that are otherwise equally available to Plaintiff as to the Express Scripts Entities.  The Express Scripts Entities further object to this Request on the grounds that the phrase "rates reimbursement of Acthar . . . by third party payors" is vague.  Finally, the Express Scripts Entities object to this Request on the grounds that it requires the production of Documents duplicative of those sought by Request Nos. 48 and 52.  Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce documents sufficient to show the Acthar reimbursement rates that the Express Scripts Entities provided Plaintiff.

REQUEST FOR PRODUCTION NO. 54:

Please produce all Documents discussing, Referring or Relating to Your policies or practices concerning the retention, destruction, disposal or preservation of Documents during the relevant time period.

RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Documents discussing, Referring or Relating to Your policies or practices concerning the retention, destruction, disposal or preservation of Documents during the relevant time period," which are unrelated to the claims or issues alleged in the Amended Complaint.

REQUEST FOR PRODUCTION NO. 55:

Please produce, for the relevant time period, directories, organizational charts or other documents, sufficient to show the organization or inter-relation of each division, department, unit or subdivision of Your company and all management personnel in Your company who had any responsibility with respect to the manufacture, distribution, pricing, marketing, or sale of Acthar,

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Including, without limitation, officers, directors, managers, supervisors, team leaders and committee chairs.

RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome to the extent it requires the Express Scripts Entities to create Documents not maintained in the ordinary course of business. Subject to this objection, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order, the Express Scripts Entities will conduct a reasonable search and produce existing directories and/or organizational charts maintained in the ordinary course of business identifying individuals involved in the manufacture, distribution, pricing, marketing, or sale of Acthar.

REQUEST FOR PRODUCTION NO. 56:

Please produce all Documents that comprise, evidence, Refer or Relate to Your marketing, business and/or strategic plans Regarding Acthar, Including but not limited to, forecasts, projections, financials and periodic reports.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

The Express Scripts Entities object to this Request on the grounds that it is overbroad and unduly burdensome because it requests "all Documents" even tangentially related to the subject matter of the Request over multiple years. The Express Scripts Entities also object to this Request on the grounds that the terms "comprise" and "evidence" are vague. Subject to these objections, the Express Scripts Entities respond as follows:

Within a reasonable time period after the Court enters a suitable protective order and subject to a reasonable custodian and search term process, the Express Scripts Entities will produce non-privileged, non-protected documents in their possession, custody, or control, if any, relating to the Express Scripts Entities' marketing, business, and/or strategic plans for Acthar.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

<u>REQUEST FOR PRODUCTION NO. 57</u>:

Please produce all Documents Referring, Relating to or reflecting Your financial reserves for litigation and investigations Regarding Acthar.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 57</u>:

The Express Scripts Entities object to this Request on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence because it requests "all Documents Referring, Relating to or reflecting Your financial reserves for litigation and investigations Regarding Acthar," which are unrelated to the claims or issues alleged in the Amended Complaint. The Express Scripts Entities also object to this Request on the grounds that it requires the Express Scripts Entities to provide information and/or Documents protected from disclosure by the attorney-client privilege, the common-interest privilege, the work product doctrine, or any other legally recognizable privilege against disclosure of information in discovery.

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Dated:  February 15, 2019


By: */s/ Matthew M. Martino*

Matthew M. Martino (admitted *pro hac vice*)
Michael H. Menitove (admitted *pro hac vice*)
Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
matthew.martino@skadden.com
michael.menitove@skadden.com
evan.kreiner@skadden.com

Joanne C. Lewers (ID No. 81195)
Victoria L. Andrews (ID No. 321143)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile (215) 988-2757
joanne.lewers@dbr.com
victoria.andrews@dbr.com

*Attorneys for Defendants Express Scripts Holding*
*Company, Express Scripts, Inc., CuraScript, Inc.,*
*CuraScript SD, Accredo Health Group, Inc., and*
*United BioSource Corporation, now known as*
*United BioSource LLC*

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>CERTIFICATE OF SERVICE</u>

Matthew M. Martino hereby certifies that a true and correct copy of the foregoing

Responses and Objections of Defendants Express Scripts Holding Company, Express Scripts,

Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource

Corporation to Plaintiff IUOE Local 542's First Requests for Production of Documents was

served via e-mail on the following counsel of record for Plaintiff on February 15, 2019:

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
Christina M. Philipp, Esquire (PA I.D. #92804)
*philipp@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

Daniel J. Sherry
*DJSherry@MDWCG.com*
PA Bar No. 21654
**Marshall Dennehey Warner Coleman & Goggin**
620 Freedom Business Center
Suite 300
King of Prussia, PA. 19406

### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Matthew M. Martino*
     Matthew M. Martino

*Attorneys for Defendants Express Scripts Holding Company,
Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo
Health Group, Inc., and United BioSource Corporation, now
known as United BioSource LLC*

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT B

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Stephanie Dise**

| | |
|---|---|
| **From:** | Bill Platt |
| **Sent:** | Tuesday, February 19, 2019 10:07 AM |
| **To:** | Stephanie Dise |
| **Subject:** | FW: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino |

**From:** Martino, Matthew M [mailto:Matthew.Martino@skadden.com]
**Sent:** Monday, February 18, 2019 11:06 AM
**To:** Bill Platt
**Cc:** Don Haviland; Christina M. Philipp; Menitove, Michael H; Folger, Michael W; Kreiner, Evan R; Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L
**Subject:** Re: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

Bill,

To be frank, I'm not even sure to what prior discussions you are referring.  Are you referring to our discussions about trying to coordinate discovery here with the Rockford case?  If so, we never stated a position in those discussions that we are refusing to produce documents.  Instead, as our responses to your requests make clear, we intend to produce documents subject to a protective order, as well as a custodian and search term process.  We are happy to meet and confer to discuss those items.

Thanks,
Matt

On Feb 18, 2019, at 10:43 AM, Bill Platt <platt@havilandhughes.com> wrote:

> Matt—we are in receipt of your objections to our client's Requests for Production of Documents in the
> above-referenced matter.
>
> No documents were produced.
>
> We are preparing a motion to compel.  Is there any reason for us to meet and confer prior to our filing
> or does your client stand by its Response and prior discussions between the parties regarding discovery
> in this case?
>
> Thank you,
>
> Bill
>
> William H. Platt II
> **Haviland Hughes** | **215-609-4661**
> Ambler . Philadelphia . Lehigh Valley . Atlantic City

**From:** Petkovich, Morgan L [mailto:Morgan.Petkovich@skadden.com]
**Sent:** Friday, February 15, 2019 9:20 PM
**To:** Don Haviland; Bill Platt; Christina M. Philipp; 'DJSherry@MDWCG.com'
**Cc:** Martino, Matthew M; Menitove, Michael H; Folger, Michael W; Kreiner, Evan R; Lewers, Joanne C.;

'Andrews, Victoria L.'
**Subject:** IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

Counsel,

Attached are the Express Scripts Entities' responses and objections to the requests for production of documents Plaintiff IUOE Local 542 served on all Defendants on January 16, 2019 in connection with the above-referenced matter.

Regards,
Morgan

[On behalf of Matt Martino]

**Morgan L. Petkovich**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**Four Times Square | New York | 10036-6522**
**T: 212.735.3634 | F: 917.777.3634 | M: 703.554.4363**
**morgan.petkovich@skadden.com**

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=================================================================================
=========

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=================================================================================

Case# 2018-14059-100 Docketed at Montgomery County Prothonotary on 02/19/2019 2:19 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.