Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2018-14059 |
| MALLINCKRODT ARD, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS EXPRESS SCRIPTS**
**HOLDING COMPANY'S, EXPRESS SCRIPTS, INC.'S,**
**CURASCRIPT, INC.'S, CURASCRIPT SD'S, ACCREDO**
**HEALTH GROUP, INC.'S, AND UNITED BIOSOURCE CORP.'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation (collectively, the "Express Scripts Entities") respectfully submit the following Opposition to Plaintiff International Union of Operating Engineers Local 542's Motion to Compel Discovery (Dkt. 100, the "Motion to Compel").

In opposition to Plaintiff's Motion to Compel, the Express Scripts Entities state as follows:

1.      Admitted.

2.      Admitted in part and denied in part.  The Express Scripts Entities admit that Plaintiff served their counsel with Plaintiff's Request for Production of Documents Directed to

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

All Defendants (the "Requests for Production") by electronic mail on January 16, 2019.  The Express Scripts Entities deny the remaining averments in this paragraph because they lack sufficient knowledge or information to form a belief as to whether Plaintiff served the Requests for Production by first class mail on that date.  The Express Scripts Entities admit that they received the Requests for Production by mail on January 24, 2019.

3.      This paragraph contains a conclusion of law as to which no response is required.  To the extent a response is required, the Express Scripts Entities deny the averment in this paragraph.  Pennsylvania Rule of Civil Procedure 4006(a)(2) pertains to answers to written interrogatories.  Plaintiff has not served any written interrogatories in this case.

4.      The Express Scripts Entities admit that they served responses and objections to the Requests for Production (the "Responses and Objections") on February 15, 2019.  The document attached as Exhibit A to Plaintiff's Motion to Compel speaks for itself.

5.      Admitted in part and denied in part.  The Express Scripts Entities admit that they did not produce any documents to Plaintiff on February 15, 2019.  In the Responses and Objections, the Express Scripts Entities lodged specific objections to the Requests for Production in accordance with the Pennsylvania Rules of Civil Procedure, and agreed to produce documents in response to the majority of Plaintiff's requests pursuant to a reasonable search once the Court enters a confidentiality order.  The Express Scripts Entities deny the remaining averments in this paragraph.

6.      Denied.  In the Responses and Objections, the Express Scripts Entities agreed to produce documents in response to 35 requests "within a reasonable time period after the Court enters a suitable protective order" and subject to a "reasonable search" or "reasonable custodian and search term process."  (Mot. to Compel Ex. A (Responses and Objections to Requests Nos.

2

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1, 2, 3, 4, 5, 6, 7, 8, 15, 16, 19, 20, 21, 22, 23, 24, 25, 29, 31, 33, 34, 37, 39, 40, 43, 44, 45, 47, 48, 49, 50, 51, 53, 55, and 56).)  Additionally, before Plaintiff filed the Motion to Compel, the Express Scripts Entities offered to meet and confer regarding a protective order and custodian and search term process.  (Mot. to Compel Ex. B (Feb. 18, 2019 Email from M. Martino ("[A]s our responses to your requests make clear, we intend to produce documents subject to a protective order, as well as a custodian and search term process.  We are happy to meet and confer to discuss those items.")).)  Plaintiff then filed the Motion to Compel without responding to the Express Scripts Entities' offer to meet and confer to resolve any dispute.  (Feb. 15-Mar. 14, 2019 Email Chain between Plaintiff's and the Express Scripts Entities' Counsel, attached hereto as Exhibit 1; Mot. to Compel (filed Feb. 19, 2019).)

In order to begin producing confidential and custodial documents as soon as possible, the Express Scripts Entities have continued to attempt to engage Plaintiff in negotiating a stipulated confidentiality order and electronically stored information ("ESI") protocol since Plaintiff filed the Motion to Compel.  (*See, e.g.*, Exhibit 1 (Feb. 20, 2019 Email from M. Martino (asking whether Plaintiff was "available to meet and confer on a stipulated confidentiality order and a discovery protocol").)  And because many of the same documents will be produced in this action and a related federal litigation brought by Plaintiff's counsel (the "Rockford Litigation"), the Express Scripts Entities offered to use the same confidentiality order (Confidentiality Order, Rockford Litigation Dkt. No. 145, attached hereto as Exhibit 2) and ESI protocol (Agreed Order Establishing Production Protocol for Electronically Stored Information, Rockford Litigation Dkt. No. 158, attached hereto as Exhibit 3) entered—after considerable negotiation and court intervention—in the Rockford Ligation.  (Exhibit 1 (Feb. 22, 2019 Email from M. Martino).)  Plaintiff immediately rejected the Express Scripts Entities' proposal and committed to circulate

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

its own proposed confidentiality order the following week. (*Id.* (Feb. 22, 2019 Email from D. Haviland) ("We are not agreeable. We will send you our proposed order next week.").)

Nearly a month later, Plaintiff sent the Express Scripts Entities a revised version of the confidentiality order entered in the Rockford Litigation. (Mar. 7-Mar. 27, 2019 Email Chain between Plaintiff's and Defendants' Counsel, attached hereto as Exhibit 4 (Mar. 19, 2019 Email from B. Platt, excluding attachment).) The parties have since been discussing Plaintiff's proposed modifications to the confidentiality order entered in the Rockford Litigation, with the goal of submitting a fully stipulated confidentiality order to the Court. (Exhibit 4.)

Plaintiff did not respond to the Express Scripts Entities' offer to use the ESI protocol entered in the Rockford Litigation until March 27, 2019, after the Express Scripts Entities reminded Plaintiff that the proposal remained outstanding. (*See id.* (Mar. 27, 2019 Email from M. Martino; Mar. 27, 2019 Email from D. Haviland).) Plaintiff committed to respond to that proposal by March 29, 2019. (*Id.* (Mar. 27, 2019 Email from D. Haviland).)

7. This paragraph contains conclusions of law as to which no response is required. To the extent a response is required, the Express Scripts Entities deny the averments in this paragraph. The Responses and Objections comply with all applicable rules. The Express Scripts Entities have acted in good faith to respond to the Requests for Production and have repeatedly attempted to confer with Plaintiff to resolve any discovery dispute. *See Mountain View Condo. Owners' Ass'n v. Mountain View Assocs.*, 9 Pa. D & C.4th 81, 82-83 (Pa. Ct. Com. Pl. Chester Cty. 1991) ("[A] good-faith effort to respond to discovery can indeed take more time than allowed by the Rules of Civil Procedure as of course.").

8. The Express Scripts Entities admit that they have not moved the Court for a protective order. This paragraph also contains a conclusion of law as to which no response is

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

required.  To the extent a response is required, the Express Scripts Entities deny that they violated any rule by not unilaterally moving the Court for a confidentiality order before serving the Responses and Objections.  Unilaterally moving for such an order without first conferring with Plaintiff would violate Local Rule 208.2(e) and unnecessarily waste judicial resources.  As demonstrated by their persistent attempts to confer with Plaintiff, the Express Scripts Entities intended to (and continue to intend to) work with Plaintiff to submit to the Court a stipulated confidentiality order and expeditiously begin producing confidential documents shortly after serving the Responses and Objections.  (*See* Mot. to Compel Ex. B (Feb. 18 Email from M. Martino); Exhibit 1 (Feb. 20, 2019 Email from M. Martino; Feb. 22, 2019 Email from M. Martino); Exhibit 4 (Mar. 27, 2019 Email from M. Martino).)

9.     Admitted in part and denied in part.  This paragraph also contains conclusions of law as to which no response is required.  The Express Scripts Entities admit that they lodged specific objections to narrow the time and scope of the Requests for Production and agreed to produce documents in response to the majority of Plaintiff's requests pursuant to a reasonable search and within a reasonable time after the Court enters a confidentiality order.  Such responses and objections are proper.  *See MarkWest Liberty Midstream & Res., LLC v. Clean Air Council*, 71 A.3d 337, 340 & n.5 (Pa. Comwlth. 2013) (vacating in part order compelling production of documents containing confidential business information without restrictions where petitioner objected to production of those documents and only moved for protective order after parties failed to agree to stipulated protective order); *McGovern v. Hosp. Serv. Ass'n of N.E. Pa.*, 785 A.2d 1012, 1019-20 (Pa. Super. 2001) (holding that "[a]ppellants have not delayed proceedings by indicating that materials would be forthcoming" "if appropriate non-disclosure documents are executed" and "then filing objections").  The Express Scripts Entities deny the

Case# 2018-14059-106 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

remaining averments in this paragraph.

10.    Admitted in part and denied in part.  This paragraph also contains conclusions of law as to which no response is required.  The Express Scripts Entities admit that they objected to some of Plaintiff's document requests as unduly burdensome.  Plaintiff indiscriminately directed 57 expansive requests to all Defendants, requiring the production of "all [d]ocuments" and entire databases of information even tangentially related to broad subject matters spanning multiple corporate entities and covering nearly two decades.  Accordingly, the Express Scripts Entities lodged specific objections to narrow the time and scope of the Requests for Production.  Such objections are proper.  *See* Pa. R.C.P. 4009.11 official note (encouraging "[l]imitations as to time and scope" on document requests and "agreements between the parties" on issues related to the production of ESI); *see also* Pa. R.C.P. 4009.1, Explanatory Comment C (2012) ("Parties and courts may consider tools such as electronic searching, sampling, cost sharing, and non-waiver agreements to fairly allocate discovery burdens and costs."); 5 West's Pa. Prac., Discovery § 5:26 (stating unreasonable burden is one ground for sustaining objections to requests for production).  The Express Scripts Entities deny the remaining averments in this paragraph.

11.    Denied in part and admitted in part.  The Express Scripts Entities deny that Plaintiff attempted in good faith to meet and confer with the Express Scripts Entities before filing the Motion to Compel.  Plaintiff did not satisfy its Local Rule 208.2(e) obligation to confer or attempt to confer in good faith to resolve any dispute concerning the Responses and Objections before filing the Motion to Compel.  *See* Montgomery Cty. Local R. Civ. P. 208.2(e) (requiring parties filing "[a]ny motion relating to discovery" to "confer[] or attempt[] to confer with all interested parties in order to resolve the matter without court action").  Instead, the first business day after receiving the Responses and Objections, Plaintiff notified the Express Scripts

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Entities that it intended to move to compel discovery. (*See* Mot. to Compel Ex. B (Feb. 18, 2019 Email from B. Platt).) Plaintiff provided no basis for a potential motion to compel other than that "[n]o documents were produced." (*Id.*) Plaintiff then filed the Motion to Compel without responding to the Express Scripts Entities' offer to meet and confer to resolve any dispute. (*See* Exhibit 1.)

Moreover, Plaintiff has continued to show disregard for the Court's resources since filing the Motion to Compel. Notwithstanding that the parties are in the middle of a meet and confer process to resolve any dispute "without court action," Plaintiff has not withdrawn the Motion to Compel.

The Express Scripts Entities admit that they are fully prepared to begin the process of producing documents. Documents containing confidential information will be produced within a reasonable time after the Court enters a confidentiality order and rolling custodial document productions can begin after the parties agree to an ESI protocol to govern the custodian and search term process.

The Express Scripts Entities also admit that the Court overruled the Express Scripts Entities' preliminary objections and that the parties in this case have not yet exchanged a proposed case management order. The Express Scripts Entities deny the remaining averments in this paragraph.

12. Admitted in part and denied in part. The Express Scripts Entities admit that Plaintiff seeks an order from this Court pursuant to Pennsylvania Rule of Civil Procedure 4019(a)(1)(i) compelling the Express Scripts Entities to respond to the Requests for Production within 15 days of the order without objection. The Express Scripts Entities deny that such an order is necessary. The Express Scripts Entities also assert that an order entered pursuant to Rule

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4019(a)(1)(i) would be improper here because that Rule authorizes courts to make an appropriate order concerning written interrogatories. Plaintiff, however, has not served any interrogatories in this case and explicitly invoked Rules 4003 and 4009 in its Requests for Production. (*See* Requests for Production at 2, attached hereto as Exhibit 5.)

Moreover, an order granting Plaintiff's requested relief would be unwarranted. The Express Scripts Entities have not committed a discovery violation, have acted in good faith to respond to the Requests for Production, and have repeatedly attempted to confer with Plaintiff to resolve any discovery dispute. Plaintiff is the only party that has delayed negotiations regarding a confidentiality order and ESI protocol and has refused the Express Scripts Entities' reasonable offer to use the confidentiality order and ESI protocol from the Rockford Litigation.

Further, the requested relief would be grossly disproportionate to any purported discovery infraction. It would be drastic for the Court to strike all of the Express Scripts Entities' objections and grant Plaintiff's request for an order compelling the production of all documents responsive to the Requests for Production—including documents containing confidential business information and spanning two decades—before the Court enters a confidentiality order. Finally, it would be practically impossible to produce all documents responsive to Plaintiff's 57 voluminous Requests for Production in only fifteen days.

**WHEREFORE**, for the foregoing reasons and for the reasons set forth in the accompanying Memorandum of Law, the Express Scripts Entities respectfully request that this Court deny Plaintiff's Motion to Compel Discovery.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Dated:  March 29, 2019                    Respectfully submitted,

                                          By:  /s/ Joanne C. Lewers
                                          Joanne C. Lewers (ID No. 81195)
                                          Victoria L. Andrews (ID No. 321143)
                                          DRINKER BIDDLE & REATH LLP
                                          One Logan Square, Suite 2000
                                          Philadelphia, PA 19103-6996
                                          Telephone: (215) 988-2700

                                          Matthew M. Martino (admitted *pro hac vice*)
                                          Michael H. Menitove (admitted *pro hac vice*)
                                          Evan R. Kreiner (admitted *pro hac vice*)
                                          SKADDEN, ARPS, SLATE,
                                          MEAGHER & FLOM LLP
                                          Four Times Square
                                          New York, NY 10036
                                          Telephone: (212) 735-3000
                                          matthew.martino@skadden.com
                                          michael.menitove@skadden.com
                                          evan.kreiner@skadden.com

                                          *Attorneys for Defendants Express Scripts Holding*
                                          *Company, Express Scripts, Inc., CuraScript, Inc.,*
                                          *CuraScript SD, Accredo Health Group, Inc., and United*
                                          *BioSource Corporation*

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

Joanne C. Lewers hereby certifies that a true and correct copy of the foregoing Defendants Express Scripts Holding Company's, Express Scripts, Inc.'s, CuraScript, Inc.'s, CuraScript SD's, Accredo Health Group, Inc.'s, and United BioSource Corp.'s Opposition to Plaintiff's Motion to Compel Discovery was forwarded to the following via notification from the Montgomery Country Court of Common Pleas Electronic Filing system on March 29, 2019:

G. Patrick Watson, Esquire
Lindsay Sklar Johnson, Esquire
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner LLP
1155 F Street, N.W.
Washington, DC 20004

Matthew M. Martino, Esquire
Michael H. Menitove, Esquire
Evan R. Kreiner, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Herbert R. Giorgio, Jr., Esquire
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

Donald E. Haviland, Jr., Esquire
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

Daniel T. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

**Drinker Biddle & Reath LLP**

/s/ Joanne C. Lewers
Joanne C. Lewers

*Attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation*

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### IN THE COURT OF COMMON PLEAS
### FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 542, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2018-14059 |
| MALLINCKRODT ARD, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**[PROPOSED] ORDER DENYING PLAINTIFF INTERNATIONAL UNION OF**
**OPERATING ENGINEERS LOCAL 542'S MOTION TO COMPEL DISCOVERY**

AND NOW, this ___, day of _____, 2019, upon consideration of Plaintiff

International Union of Operating Engineers Local 542's Motion to Compel Discovery, and the

Express Scripts Entities' opposition thereto, **IT IS HEREBY ORDERED** that this Motion is

**DENIED**.

_____
                                                                                       J.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT 1

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| **From:** | Don Haviland |
| **To:** | Martino, Matthew M; Bill Platt |
| **Cc:** | Christina M. Philipp; Menitove, Michael H; Folger, Michael W; Kreiner, Evan R; Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L |
| **Subject:** | Re: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino |
| **Date:** | Thursday, March 14, 2019 6:51:32 PM |
| **Attachments:** | image001.png |

As I said, I'm out of the office in the am.

Bill will get you a model for Pa, hopefully by the call.

Donald E. Haviland, Jr. Esquire

Managing Partner

Haviland Hughes

"We push back"

Ambler - Philadelphia

Atlantic City - Lehigh Valley

Proudly sent from my BlackBerry dumbphone.

**From:** Martino, Matthew M
**Sent:** Thursday, March 14, 2019 6:30 PM
**To:** Don Haviland; Bill Platt
**Cc:** Christina M. Philipp; Menitove, Michael H; Folger, Michael W; Kreiner, Evan R; Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

Don,

In advance of our call tomorrow regarding the UBC deposition you noticed in the IUOE Local 542 case, we also wanted to circle back on the below. Do you have a proposal with respect to a confidentiality order and/or a protocol for dealing with the search and collection of electronic documents/information? Happy to chat about it tomorrow on the call.

Thanks,

Matt

Matthew M. Martino
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square | New York | 10036-6522
T: 212.735.2402 | F: 917.777.2402
matthew.martino@skadden.com

**From:** Don Haviland [mailto:haviland@havilandhughes.com]
**Sent:** Friday, February 22, 2019 12:19 PM
**To:** Martino, Matthew M (NYC); Bill Platt
**Cc:** Christina M. Philipp; Menitove, Michael H (NYC); Folger, Michael W (NYC); Kreiner, Evan R (NYC); Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L (NYC)
**Subject:** Re: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

We are not agreeable.

We will send you our proposed order next week.

Donald E. Haviland, Jr. Esquire

Managing Partner

Haviland Hughes

"We push back"

Ambler - Philadelphia

Atlantic City - Lehigh Valley

Proudly sent from my BlackBerry dumbphone.

**From:** Martino, Matthew M
**Sent:** Friday, February 22, 2019 11:27 AM
**To:** Don Haviland; Bill Platt
**Cc:** Christina M. Philipp; Menitove, Michael H; Folger, Michael W; Kreiner, Evan R; Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

Don,

In light of the overlap in many of the factual allegations between the complaint in this case and that in the Rockford litigation, and thus the likely overlap in many discovery matters in both cases, we propose using the Rockford confidentiality order and ESI protocol in this litigation as well. Please let us know if you are agreeable to that and we can prepare parallel drafts of those stipulated/agreed orders for submission in the Pennsylvania action.

Thanks,

Matt

**Matthew M. Martino**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2402 | F: 917.777.2402**
**matthew.martino@skadden.com**

**From:** Don Haviland [mailto:haviland@havilandhughes.com]
**Sent:** Wednesday, February 20, 2019 3:49 PM
**To:** Martino, Matthew M (NYC); Bill Platt
**Cc:** Christina M. Philipp; Menitove, Michael H (NYC); Folger, Michael W (NYC); Kreiner, Evan R (NYC); Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L (NYC)
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

Matt,

Bill and most of our staff who lives north of the city left a bit early today in light of the snow.

Since I can walk to the office from my home, allow me to respond.

Kindly send us what you propose.

As you know, each state has a slightly different view of confidentiality, as well as privilege.

In Pennsylvania, we are governed by the Pansy case and its progeny. The courts are generally unfriendly to overreaching confidentiality orders the restrict public access and open trials.

In addition, in light of what Mallinckrodt did with its recent production – marking every, single document in the 2.1 million page FTC "Attorney's Eyes Only" – we intend to reign in the potential for abuse in all jurisdictions.

As for a "discovery protocol, again, we are unclear what you are proposing.

We prefer to proceed under the rules to obtain the needed discovery for the Operating Engineers case.

But, we will certainly consider anything you wish to propose.

Regards

Don

Donald E. Haviland, Jr., Esq.

Managing Member

*Haviland Hughes*

"We push back"

Ambler - Philadelphia

Atlantic City - Lehigh Valley

tel: 215-609-4661

fax: 215-392-4400



**From:** Martino, Matthew M [mailto:Matthew.Martino@skadden.com]
**Sent:** Wednesday, February 20, 2019 3:17 PM
**To:** Bill Platt
**Cc:** Don Haviland; Christina M. Philipp; Menitove, Michael H; Folger, Michael W; Kreiner, Evan R; Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

Bill,

Following up on the below, are you available to meet and confer on a stipulated confidentiality order and a discovery protocol? In light of the work we have already done in coming to agreement on those items in the Rockford litigation, I hope we are able to do the same here in short order. Please let us know.

Thanks,

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Matt

**Matthew M. Martino**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2402 | F: 917.777.2402**
**matthew.martino@skadden.com**

**From:** Martino, Matthew M (NYC)
**Sent:** Monday, February 18, 2019 11:06 AM
**To:** Bill Platt
**Cc:** Don Haviland; Christina M. Philipp; Menitove, Michael H (NYC); Folger, Michael W (NYC); Kreiner, Evan R (NYC); Lewers, Joanne C.; Andrews, Victoria L.; Petkovich, Morgan L (NYC)
**Subject:** Re: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino

Bill,

To be frank, I'm not even sure to what prior discussions you are referring. Are you referring to our discussions about trying to coordinate discovery here with the Rockford case? If so, we never stated a position in those discussions that we are refusing to produce documents. Instead, as our responses to your requests make clear, we intend to produce documents subject to a protective order, as well as a custodian and search term process. We are happy to meet and confer to discuss those items.

Thanks,

Matt

On Feb 18, 2019, at 10:43 AM, Bill Platt <platt@havilandhughes.com> wrote:

> Matt—we are in receipt of your objections to our client's Requests for Production of Documents in the above-referenced matter.
> No documents were produced.
> We are preparing a motion to compel. Is there any reason for us to meet and confer prior to our filing or does your client stand by its Response and prior discussions between the parties regarding discovery in this case?
> Thank you,
>
> Bill
> William H. Platt II
> **Haviland Hughes| 215-609-4661**
> Ambler . Philadelphia . Lehigh Valley . Atlantic City

> **From:** Petkovich, Morgan L [mailto:Morgan.Petkovich@skadden.com]
> **Sent:** Friday, February 15, 2019 9:20 PM
> **To:** Don Haviland; Bill Platt; Christina M. Philipp; 'DJSherry@MDWCG.com'
> **Cc:** Martino, Matthew M; Menitove, Michael H; Folger, Michael W; Kreiner, Evan R; Lewers, Joanne C.; 'Andrews, Victoria L.'
> **Subject:** IUOE Local 542 v. Mallinckrodt ARD, Inc.: R&Os to RFPs - On behalf of Matt Martino
>
> Counsel,
> Attached are the Express Scripts Entities' responses and objections to the requests for production of documents Plaintiff IUOE Local 542 served on all Defendants on January 16, 2019 in connection with the above-referenced matter.
> Regards,
> Morgan
> [On behalf of Matt Martino]
> **Morgan L. Petkovich**
> **Skadden, Arps, Slate, Meagher & Flom LLP**
> **Four Times Square | New York | 10036-6522**
> **T: 212.735.3634 | F: 917.777.3634 | M: 703.554.4363**
> **morgan.petkovich@skadden.com**
>
> ----------------------------------------------------------------------------------
> This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================

--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================

--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================

--------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

========================================================================

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT 2

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| **CITY OF ROCKFORD,** *et al.* | **Case No. 3:17-cv-50107** |
| Plaintiffs, | Honorable Frederick J. Kapala |
| v. | Magistrate Judge Iain D. Johnston |
| **MALLINCKRODT ARD INC.,** *et al.,* | |
| Defendants. | |
| | |
| **MSP RECOVERY CLAIMS, SERIES LLC**, *et al.,* | |
| Plaintiffs, | **Case No. 1:18-cv-00379** |
| v. | Honorable Frederick J. Kapala |
| **MALLINCKRODT ARD INC.,** | Magistrate Judge Iain D. Johnston |
| Defendants. | |

**CONFIDENTIALITY ORDER**

A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

1.     **Scope**.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Protected Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

Case 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**2.**     **Confidential Information and Attorneys' Eyes Only Information**.

( a )  Confidential Information.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) research, technical, commercial or financial information that the party has maintained as confidential; (c) medical information concerning any individual; (d) personal identity information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (f) personnel or employment records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

(b)  Attorneys' Eyes Only Information.  As used in this Order, "Attorneys' Eyes Only Information" means information designated as "ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER" by the producing party that is extremely sensitive Confidential Information, including other third-party data and trade secrets that a producing party reasonably believes might, if disclosed to another party's employees, officers, agents or directors, or to the producing party's competitors or customers, have an adverse economic impact on the producing party that could not be avoided by less restrictive means.

(c) Protected Information.  As used in this Order, "Protected Information" means any information that is either Confidential Information or Attorneys' Eyes Only Information as defined under this Order.

**3.**     **Designation**.

(a)     A party may designate a document as Confidential Information or Attorneys' Eyes Only Information for protection under this Order by placing or affixing the

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Information are not required to be marked.

(b)     The designation of a document as Confidential Information or Attorneys' Eyes Only Information is a certification by the disclosing party's attorney or a party appearing pro se that the document contains Protected Information as defined in this Order.[1]

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating

**4.** **Depositions**.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information (unless designated as Attorneys' Eyes Only Information during the deposition) until the expiration of the following: No later than the fourteenth (14th) day after the transcript is delivered to any party or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Protected Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Protected Information, unless otherwise ordered by the Court.

**5.** **Protection of Protected Information.**

(a)    General Protections.   Protected Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Protected Information may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b)    Limited Third-Party Disclosures of Confidential Information.   The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to

documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)     Counsel.   Counsel for the parties and employees of counsel who have responsibility for the action;

(2)     Parties.  Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     The Court and its personnel;

(4)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(5)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)     Consultants and Experts.   Consultants, investigators or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)     Witnesses at depositions.  During their depositions, witnesses in this action to whom disclosure is reasonably necessary.  Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8)     Author or recipient.  The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)     Others by Consent.   Other persons only by written consent of the producing party or upon order of the Court and on such

conditions as may be agreed or ordered.

(c)     Limited Third-Party Disclosures of Attorneys' Eyes Only

Information.  The parties and counsel for the parties shall not disclose or permit the disclosure

of any Attorneys' Eyes Only Information to any third person or entity except as set forth in

subparagraphs (1)-(9).  Subject to these requirements, the following categories of persons may

be allowed to review Attorneys' Eyes Only Information:

(1)     In-house attorneys from each entity party, who are involved only in providing legal advice to the party.  Each such in-house attorney must complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. At least three business days before disclosing any Attorneys' Eyes Only Information to the designated in-house attorneys, a party must disclose the in-house attorneys who will have access to the information, provide information reflecting the in-house attorney's position, duties and responsibilities, and provide an executed copy of the Acknowledgment of Understanding and Agreement to Be Bound;

(2)     Parties.  Individual parties and employees of a party who: (1) have no involvement in negotiating business terms or contracts with or involving Defendants, and (2) only to the extent counsel further determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)     Counsel.   Counsel for the parties and employees of counsel who have responsibility for the action;

(4)     The Court and its personnel;

(5)     Court Reporters and Recorders.  Court reporters and recorders engaged for depositions;

(6)     Contractors.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(7)     Author or recipient.  The author or recipient of the document (not

6

Case: 2:21-cv-00014-BMS Document #: 14-106 Filed: 02/16/21 Page 24 of 109

including a person who received the document in the course of litigation); and

(8)      Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Attorneys' Eyes Only Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Attorneys' Eyes Only Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. To the extent that there is any person in the deposition room who is not permitted to see Attorneys' Eyes Only Information, they will leave the room for any portion of the deposition in which such documents are being used in the examination.

(9)      Consultants and Experts. Consultants, investigators or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(d)      Use of Protected Information at Depositions, Hearings or Other Proceedings. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Information so that the other parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER."

(e)      Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**6.    Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Protected Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for that deposition testimony, unless otherwise ordered by the Court.

If a party designates a document as Protected Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Protected Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Protected Information.

**7.    Inadvertent or Inappropriate Disclosure of Information.**  The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding, including a litigation in federal or state court.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

A party that inadvertently produces a document it believes should be protected from discovery shall promptly after learning of the inadvertent production notify the other party or parties of the claim of privilege or other protection or immunity.  Upon such notice, the other

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

party or parties: (1) shall promptly sequester the specified information and any copies it has; (2) must not use or disclose the information until the claim is resolved; and (3) must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified. The parties will meet and confer within 5 days after notice is provided by the producing party to resolve the designation of the inadvertently disclosed information at issue. If the parties are unable to resolve the designation themselves, they may present the information to the Court under seal for a determination of the claim.

If a party receives a document that appears to be subject to an attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document and where it is reasonably apparent that the document was provided or made available through inadvertence, the receiving party should refrain from examining the document any more than is essential to ascertain if it is privileged, and shall promptly notify the producing party in writing that he or she possesses material that appears to be privileged. If the producing party requests return of the document in writing, the receiving party: (1) shall promptly sequester the specified information and any copies it has; (2) must not use or disclose the information until the claim is resolved; and (3) must take reasonable steps to retrieve the information if the receiving party disclosed it before ascertaining that the document appears to be privileged. The parties will meet and confer within 5 days after notice is provided by the producing party to resolve the designation of the inadvertently disclosed information at issue. If the parties are unable to resolve the designation themselves, they may present the information to the Court under seal for a determination of the claim.

The voluntary return or destruction of any materials under this section by the receiving party shall not preclude the receiving party from later moving the Court to compel their

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

production. Within a reasonable time after any claim of inadvertent production under this section is resolved, the producing party shall provide a privilege log for any materials deemed privileged.

If Protected Information or inadvertently produced information protected by the attorney-client privilege, work product protection or other privilege or immunity is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure himself or herself or by the person who was the recipient of such information.

8.  **Filing of Protected Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Protected Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2. The parties are reminded that documents that "influence or underpin a judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Baxter Int'l Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2014). Accordingly, if any sealed or redacted material influences or underpins the Court's decision on any issue, the relevant portions may be unsealed.

9.  **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10.  **Challenges by a Party to Designation as Protected Information**. The

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

designation of any material or document as Protected Information is subject to challenge by any party. The following procedure shall apply to any such challenge:

(a)     Meet and Confer.   A party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)     Judicial Intervention.    A party that elects to challenge a confidentiality  designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Order.

**11.     Action by the Court**.  Applications to the Court for an order relating to materials or documents designated Protected Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12.     Use of Protected Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, material or information at any trial or hearing.   A party that intends to present or that anticipates that another party may present Protected

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**13.    Protected Information Subpoenaed or Ordered  Produced in Other Litigation**.

(a)    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)    The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession,

custody or control Protected Information by the other party to this case.

**14.    Challenges by Members of the Public to Sealing Orders**.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**15.    Obligations on Conclusion of Litigation**.

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Protected Information, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the document containing such Protected Information has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party destroys such documents containing Protected Information and certifies the fact of such destruction to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)    Retention of Work Product and one set of Filed Documents.  Notwithstanding the above requirements to return or destroy documents, counsel may retain (1)

---

[2] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts for final expert reports.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

attorney work product, including an index that refers or relates to designated Protected Information so long as that work product does not duplicate verbatim substantial portions of Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**16. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**17. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Protected Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Right to Assert Other Objections.** Nothing herein shall be deemed to constitute a waiver of any objection a producing party may have to any request for production of documents or other requested discovery. Nothing herein shall prevent any party from objecting to production of documents or objecting to other discovery requests on any available grounds, or from seeking alternative protective orders from this Court.


19. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties and persons made subject to this Order by its terms.

So Ordered.

_____

The Honorable Iain D. Johnston

U.S. Magistrate Judge

Dated:  May 21, 2018

WE SO MOVE and agree to abide by the terms of this Order:

**Counsel for Plaintiffs CITY OF ROCKFORD and ACUMENT GLOBAL TECHNOLOGIES, INC. (Case No. 3:17-cv-50107)**

*s/ Donald E. Haviland, Jr.*

Donald E. Haviland, Jr.
haviland@havilandhughes.com
William H. Platt II
platt@havilandhughes.com
HAVILAND HUGHES
201 South Maple Avenue, Suite 110
Ambler, PA 19002
(215) 609-4661

Kerry F. Partridge
kerry.partridge@rockfordil.gov
Ifeanyi C. Mogbana
Ifeanyi.mogbana@rockfordil.gov
425 East State Street
Rockford, IL 61104-1068
(779) 348-7154

Peter J. Flowers
pjf@meyers-flowers.com
Jonathan P. Mincieli
jpm@meyers-flowers.com
MEYERS & FLOWERS, LLC
3 North Second Street, Suite 300
St. Charles, IL 60174
(630) 232-6333

**Counsel for Plaintiffs MSP RECOVERY CLAIMS, SERIES LLC; MAO-MSO RECOVERY II, LLC; MSP RECOVERY, LLC; and MSPA CLAIMS 1, LLC (Case No. 1:18-cv-00379)**

*s/ David M. Hundley*

David M. Hundley, of Counsel
dhundley@pbclawfirm.com
PENDLEY, BAUDIN & COFFIN, LLP
516 N. Ogden Ave #134

Chicago IL 60642-6421
(312) 212-3343

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Christopher L. Coffin
ccoffin@pbclawfirm.com
PENDLEY, BAUDIN & COFFIN, LLP
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
T: (504) 355-0086

R. Brent Wisner
rbwisner@baumhedlundlaw.com
Michael L. Baum
mbaum@baumhedlundlaw.com
Adam M. Foster
afoster@baumhedlundlaw.com
Pedram Esfandiary
pesfandiary@baumhedlundlaw.com
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
(310) 207-3233

**Counsel for Defendants MALLINCKRODT plc and MALLINCKRODT ARD INC.**

*s/ Scott Collins Sullivan*
Scott Collins Sullivan
ssullivan@wilmac.com
WILLIAMS MCCARTHY LLP
120 West State St.
P.O. Box 219
Rockford, IL 61105-0219
(815) 987-8900

G. Patrick Watson
patrick.watson@bclplaw.com
Lindsay Sklar Johnson
lindsay.johnson@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., NW
Atlanta, GA 30309
(404) 572-6600

Rebecca A. Nelson
ranelson@bclplaw.com
Herbert R. Giorgio, Jr.
herb.giorgio@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000

Philip D. Bartz
philip.bartz@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, N.W.
Washington, DC 20004
(202) 508-6000

**Counsel for Defendants EXPRESS SCRIPTS HOLDING COMPANY, EXPRESS SCRIPTS, INC., CURASCRIPT, INC., ACCREDO HEALTH GROUP, INC., and UNITED BIOSOURCE CORPORATION**

*s/ Matthew M. Martino*
Matthew M. Martino
matthew.martino@skadden.com
Robert A. Fumerton
robert.fumerton@skadden.com
Patrick G. Rideout
patrick.rideout@skadden.com

Michael H. Menitove
michael.menitove@skadden.com
Evan R. Kreiner
evan.kreiner@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Four Times Square
New York, NY 10036
(212) 735-3000

Amy Van Gelder
amy.vangelder@skadden.com

SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, IL 60606
(312) 407-070

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ATTACHMENT A

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| **CITY OF ROCKFORD,** *et al.* | |
| Plaintiffs, | **Case No. 3:17-cv-50107** |
| v. | Honorable Frederick J. Kapala |
| **MALLINCKRODT ARD INC.,** *et al.,* | Magistrate Judge Iain D. Johnston |
| Defendants. | |

| | |
|---|---|
| **MSP RECOVERY CLAIMS, SERIES LLC**, *et al.,* | |
| Plaintiffs, | **Case No. 1:18-cv-00379** |
| v. | Honorable Frederick J. Kapala |
| **MALLINCKRODT ARD INC.,** | Magistrate Judge Iain D. Johnston |
| Defendants. | |

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____in the above-captioned action and attached

hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned

submits to the jurisdiction of the United States District Court for the Northern District of Illinois

in matters relating to the Confidentiality Order and understands that the terms of the

Confidentiality Order obligate him/her to use materials designated as Protected Information

strictly in accordance with the Order and solely for the purposes of the above-captioned action,

and not to disclose any such Protected Information to any other person, firm or concern.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT 3

Case #: 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| **CITY OF ROCKFORD**, *et al.* <br>         Plaintiffs, <br><br>   v. <br><br> **MALLINCKRODT ARD INC.,** *et al.*, <br>         Defendants. | **Case No. 3:17-cv-50107** <br> Honorable Frederick J. Kapala <br> Magistrate Judge Iain D. Johnston |
| **MSP RECOVERY CLAIMS, SERIES LLC**, *et al.*, <br>         Plaintiffs, <br><br>   v. <br><br> **MALLINCKRODT ARD INC.,** <br>         Defendants. | **Case No. 1:18-cv-00379** <br> Honorable Frederick J. Kapala <br> Magistrate Judge Iain D. Johnston |

### AGREED ORDER ESTABLISHING PRODUCTION PROTOCOL FOR ELECTRONICALLY STORED INFORMATION

This matter has been brought before the Court by the parties in the above-captioned litigation and the parties through counsel have agreed to the form and entry of this Order establishing a protocol for the production of documents in this matter. The procedures and protocols outlined herein govern the production of Electronically Stored Information ("ESI," as defined below) by a party during the pendency of this litigation as described in Federal Rules of Civil Procedure 26, 33, 34, 37 and 45. The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout this case on electronic discovery issues. Furthermore, the Parties acknowledge the spirit of the Seventh Circuit's ESI Pilot Program and agree to adhere to its Principles.

## I.      PURPOSE

This Stipulated Order ("Order") will govern the discovery and use of ESI in this case as a supplement to the Federal Rules of Civil Procedure, and any other applicable local orders and

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

rules. The parties each reserve the right to seek exceptions, amendments, or modifications to this Order from the Court for good cause shown.

## II.     COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

## III.    E-DISCOVERY LIAISONS

Each party will identify an E-discovery Liaison who will be primarily responsible for meeting and conferring concerning ESI. Each E-discovery Liaison will:

a.      be knowledgeable about the party's e-discovery efforts;

b.      be, or have reasonable access to those who are, familiar with the party's electronic systems and capabilities in order to explain those systems and answer relevant questions; and

c.      be, or have reasonable access to those who are, knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues, and relevant information retrieval technology, including search methodology.

Each party will notify the other of any changes of its designated E-discovery Liaison.

## IV.    EXCHANGE OF ESI-RELATED INFORMATION

Within 60 days of the entry of this Agreed Order, the parties agree to exchange in writing the information listed in items (a) through (e) below. The parties agree and understand that their respective responses are based on their knowledge and understanding as of the date of the response, and each party agrees to amend or supplement its responses in a timely manner if it learns that in some material respect its response is incomplete or incorrect:

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

a.     A preliminary list of custodians (including current employees, former employees and any other individuals or companies) likely to have discoverable information, including job title and a brief description of job responsibilities for each individual, and a general description of the devices and/or storage systems on which the custodian's ESI is located;

b.     A general description of any other systems for electronic communications and ESI storage ("non-custodial sources") that may contain discoverable information;

c.     A general description or, at the party's option, a copy of the party's operative document retention policies, throughout the relevant time period, pertaining to any electronic communications and or/ESI storage system(s) that may contain discoverable information;

d.     A description of any potentially discoverable ESI that the party is aware of having been lost or destroyed;

e.     A description of any potentially discoverable ESI that the party contends is inaccessible or only of limited accessibility and, hence, not producible by that party without undue burden and/or expense, including:

    i.    the reasons for the party's contention regarding accessibility; and

    ii.   the proposed capture and retrieval process available (if any) for identification and/or recovery of the information deemed inaccessible (including cost estimates if readily available).

Case 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## V. PARTIES' AGREED TO TERMS

### A. Scope

1. As used in this Agreed Order, the term ESI means discoverable documents and data existing in electronic form consistent with Fed. R. Civ. P. 34(a), including e-mail, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after export by the responding party into a reasonably usable form, and other reasonably accessible electronically stored information relevant to the claim(s) or defense(s) of any party subject to discovery pursuant to Fed. R. Civ. P. 26(b)(1).

2. Nothing in this Agreed Order shall supersede the provisions of any Court-approved Protective Order entered in this case.

3. The parties agree that the following sources of information are presumed to be inaccessible[1] and are not required to be preserved or produced unless and until a specific need for such information has been shown.

    a. Deleted, slack, fragmented, or unallocated data on hard drives, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Back-up data that is substantially duplicative of data that are more accessible elsewhere.

---

[1] Sources of information that do not appear on this list may also be inaccessible.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

     e.    Server, system or network logs.

     f.    Electronic data (e.g. email, calendars, contact data, notes, and text messages) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), *provided that a copy of all such electronic data is routinely saved elsewhere* (such as on a server, laptop, desktop computer, or "cloud" storage).

4.    Within a reasonable period of time after receiving requests for document production, the producing party shall conduct a reasonable and good faith search for ESI that is responsive to the requests for document production, or portions thereof, for which the producing party has agreed or been ordered to produce responsive documents. ESI which is neither privileged nor otherwise protected shall be timely reviewed and, if responsive to a request for document production, or portion thereof, produced in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court and the guidelines herein.

5.    ESI Search: The parties will discuss and attempt to reach an agreement on search methodologies with the goal of limiting the scope of review for production, minimizing the need for motion practice, and facilitating production in accordance with the deadlines set by the Court or agreed upon by the parties. The parties anticipate that they will agree on search terms, date restrictions, and custodian restrictions. The documents on which the search terms hit and that are within the date and custodian restrictions are referred to as the "Review Set."

     a.  Search Terms:

         1.    Prior to implementing search terms, the producing party will provide a list of proposed search terms to the requesting party and the parties will meet and confer regarding any additional terms proposed by

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the requesting party. Once an initial list of terms is agreed upon, the producing party will provide a search term hit list or hit report after global de-duplication. The list or report should include the number of documents that hit on each term, the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list (including families). The parties will use the report to modify terms, if necessary.

2.      If a party disputes a specific term as being overly broad, the producing party can agree to review a statistically valid sample  of documents from that term to determine if the term is returning mostly responsive documents.  The producing party agrees to share the results of that review and any responsive documents so that the parties can make an informed decision regarding modifications to the specific term in dispute.

3.      If the parties are unable to resolve disputes over search terms through the meet and confer process, the parties will submit the dispute to the Court in the form of a joint discovery letter or report, with a discussion of the relevance and/or burden associated with the search terms in dispute.

4.      The producing party agrees to quality check the data that does not hit on any terms (the Null Set) by selecting a statistically random sample of documents from the Null Set.  The size of the statistically random sample shall be calculated using a confidence level of 95% and a

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

margin of error of 2%. If responsive documents are found during the Null Set review, the producing party agrees to produce the responsive documents separate and apart from the regular production. The parties will then meet and confer to determine if any additional terms, or modifications to existing terms, are needed to ensure substantive, responsive documents are not missed.

b. Technology Assisted Review: Prior to using predictive coding, also known as technology assisted review ("TAR"), for the purpose of identifying or culling the documents to be reviewed or produced, the producing party will notify the opposing party with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies or alternatives. This discussion will include:

1. Whether any culling measures were taken prior to the application of TAR. If key terms are used, then the protocol above would apply to that part of the process;

2. The vendor being used to manage the application of the technology;

3. The method(s) used to derive the seed or exemplar set;

4. The method for validating the computer decisions; and

5. The measures taken to check the quality of the computer decisions.

6. Once the Review Set is segregated for review, each party will then determine the best method to review those hits for responsiveness and privilege – either manually or using

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

technology assisted review – and shall inform the other party of which method(s) it chooses to use. If the party chooses TAR, the subsection b. above will apply.

**B. Processing/Production Instructions**

    1.     A summary of processing and production standards is attached as Exhibit A.

    2.     **Files Not Processed.** At the time of processing, electronic documents shall be compared to the list of common non-user-generated files maintained by the National Institute of Standards and Technology (NIST) and any files that are contained on the most current version of the NIST list shall not be processed. Container files should have their contents extracted during processing, but the container files themselves do not need to be produced unless so ordered by the Court. Embedded images may be extracted if responsive to a Request. Reasonable requests to have a document containing an embedded object reprocessed to extract the embedded object or provided in native format will be accommodated pursuant to Fed. R.Civ.P. 26(b)(2).

    3.     **TIFF/JPG Format.** ESI, other than the data identified in Section B.4 below, shall be produced electronically in black and white, single-page Group 4 TIFF images that reflects how the source document would have appeared if it were printed via an attached printer. Parties will accommodate reasonable requests to provide a color version (in single page JPG format) if the receiving party determines that color is necessary to understand the document. However, the parties note that documents where this is more likely to matter (PowerPoints and Excel spreadsheets) are being produced natively.

    4.     **Native Format:** Spreadsheets, audio/visual files, and presentation (e.g., PowerPoint) files will be produced in their native format unless redacted, in which instance, they will be produced in TIFF (or JPG if color). A TIFF placeholder indicating the document was provided in native format, along with the Bates Number and confidentiality should accompany

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the database record.  If database files are not legible in their native format, the parties will meet and confer on how to run reports from the database to produce data in a meaningful manner.

5.     **Structured Data:** Parties agree to meet and confer with regard to the production of data from structured data sources, including databases, after the producing party has shared certain information about the structured data sources as detailed in the attached Exhibit A.

6.     **Proprietary Software Required:**  If documents can be processed, but not imaged and viewed without proprietary software, the parties agree to meet and confer with regard to the best method for production.

7.     **Duplicate Production Not Required.**  A party producing ESI in electronic form need not produce the duplicate document in paper format.  A producing party may de-duplicate the documents globally, across custodians, provided that it is possible to identify (in the metadata load file) all custodians of the document.   However, attachments to e-mails shall not be eliminated from the parent e-mail regardless of whether or not the attachment is a duplicate of another electronic document (i.e., de-dupe at the parent level).

8.     If the parties are using e-mail threading to aid review, the parties must nonetheless produce all relevant and non-privileged emails contained in that thread.

9.     **Document Unitization/Families.**  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file or computer of the producing party or shall be documented in a load file or otherwise electronically tracked.

10.     **Metadata.**  To the extent that any of the metadata fields listed in Paragraph 6 of Exhibit A are available for the electronic document, the producing party will produce those metadata fields to the requesting party.  For paper documents, the metadata set forth on Exhibit

Case# 2018-14059-10S Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

A, Paragraph 7 shall be produced to the extent available. If a party requests additional metadata about a particular document, the parties agree to meet and confer as to whether and how such a request can be accommodated.

11. **Extracted Text/OCR.** Full extracted text and/or Optical Character Recognition ("OCR") text shall be produced for all documents as described in Exhibit A, Paragraph 4. OCR is not an acceptable substitute for native text extraction for non-redacted documents. Note that Paragraph 4 requires slipsheets indicating that a document is being withheld because it is privileged or not responsive to be OCR'd.

12. **Load files.** The producing party shall provide an .opt load file to accompany the images and a .dat file as described in Exhibit A, Paragraph 5.

13. **Bates Numbering.** Each page of a produced document produced in TIFF/JPG format shall have a legible, unique page identifier (Bates Number) electronically "burned" onto the image at a location that does not obliterate, conceal or interfere with information from the source document. Any native file shall be renamed to be a single Bates Number and the original file name shall be produced in the metadata load file.

14. **Confidentiality Designation.** Responsive documents produced shall be stamped with the appropriate confidentiality designation at a location that does not obliterate or obscure information from the source document in accordance with the Protective Order in this case. Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

15. **Production Media.** The producing party shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Media"). Each piece of Production Media shall be assigned a production number or other unique identifying label corresponding to the date of the production of documents on the Production Media (e.g., "Plaintiffs Production Sept. 15 2018") as well as the sequence of the material in that production wave (e.g. "-00001", "-00002"). For example, if the production comprises document images on three DVDs, the producing party may label each DVD in the following manner "Plaintiffs Production Sept. 15 2018-00001", Plaintiffs Production Sept. 15 2018-00002", Plaintiffs Production Sept. 15 2018-0003". Additional information that shall be identified on the physical Production Media includes: (1) text referencing that it was produced in <u>City of Rockford v. Mallinckrodt, Case No. 3:17 CV 50107</u> (2) the Bates Number range of the materials contained on the Production Media; and (3) the confidentiality designation(s) if the documents qualify for confidential treatment pursuant to the terms of the Protective Order in this matter. The parties may also agree to produce documents via a secure FTP site in lieu of producing the documents on physical media.

16.     **Security.**  All parties shall make reasonable efforts to ensure that productions are free from viruses and that any copy of a production on physical media is encrypted. Any copies made of the production for internal use should also be encrypted or stored on a computer system that requires a password to access.

## C. Privilege

1.     **Privilege Logs.**  A party withholding documents based on one or more claims of privilege will produce a privilege log within 60 days after producing the documents pursuant to the specific production request. If supplemental production of documents occurs under Rule 26(e), a privilege log will be provided simultaneously with that supplemental production. . The parties may modify the deadlines for production of the privilege logs by agreement.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

When there is a chain of privileged e-mails contained within one record, the producing party need only include one entry on the privilege log for the entire e-mail chain, and need not log each e-mail contained in the chain separately, provided that the description of the e-mail chain is accurate as to all e-mails in the chain.

If a "family" of documents is entirely privileged, each document in the family shall be listed on the privilege log separately, and the family relationship shall be indicated on the log. In the event a "family" of documents exists that contains both privileged and non-privileged documents, the parties agree that the privileged documents in the family may be replaced with a slipsheet indicating, "Privileged Document Withheld." The withheld document will be logged and the remaining non-privileged documents in the "family" will be produced. The Bates Number of the slipsheet for the document withheld in this manner will be provided.

Documents produced in a redacted format shall be logged as well, unless the basis for a redaction is included with the redaction label on the face of the produced document.

Privileged Attorney Client communications with in-house or outside counsel after the date the action was commenced do not need to be logged. In addition, a party's privileged communications with its outside counsel advising that party on other litigation or investigatory matters, whether before or after the date the action was commenced, do not need to be logged. In the event there is a privileged email to either in house or outside counsel dated after the date that this litigation commenced, and that has attachments to it that are responsive, non-duplicative, and not privileged in and of themselves, it is acceptable to produce those documents as though they were loose documents without any reference to the fact that they were part of an email family sent to counsel.

2. **Disclosure of Privileged Information.** Should any party produce privileged ESI the producing party shall so notify the receiving party in writing after discovering the production, and the receiving party shall promptly sequester the document and all copies of it. If the parties are using a review database, the privileged document should be replaced with a slipsheet indicating the document was sequestered pending the resolution of the issue. Where applicable, the parties do not need to remove any copies that may remain on server backups after deletion from the active computer system. The parties will meet and confer as to how to handle the original production containing the privileged document, i.e., whether the original production may be maintained with the privileged document or whether the producing party will provide a replacement production with a slipsheet inserted where the privileged document was located. Within a reasonable period of time thereafter, in accordance with the Protective Order, the party claiming privilege must furnish information to the requesting party supporting its claim of privilege.

3. **Non Waiver of Privilege Under F.R.E. 502(d).** The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Agreed Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). However, nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of its own documents, ESI, or information (including metadata), for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing herein shall limit the receiving party from arguing that the document is not in fact privileged, in accordance with the Protective Order. Rather, this

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-106 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

paragraph is intended only to prohibit arguing that the document has lost its privilege due to production.

## D. Timing and Sequencing of Electronic Discovery

The parties will proceed with the production of ESI in a timely manner consistent with time considerations to be developed by the parties and the Court. The parties shall meet and confer to arrange an orderly production of ESI. Rolling productions are encouraged and will be discussed by the parties as they meet and confer.

## E. Exceptions to Protocol

If the forms of production allowed by this protocol present an undue burden or cost for a producing party, the parties shall meet and confer to agree on a reasonable, alternative form of production. Any party may file a motion to seek individual relief from this protocol.

## F. Costs of Production

Each party will presumptively bear its own costs of production. However, the parties reserve the right to seek cost shifting, and/or to object to any proposed cost-shifting, as appropriate at a later time. Nothing in this Agreed Order is intended or should be interpreted as affecting, in any way, a parties' rights to seek reimbursement for costs associated with the collection, review, and/or production of documents as allowed by law.

## G. Discovery, Admissibility and Objections

1. Nothing in this Agreed Order shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at the appropriate time.

2. Nothing in this Agreed Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and/or ESI.

3.      Nothing in this Agreed Order is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the parties or third parties to object to a subpoena.

## H. Authenticity

Nothing in this Agreed Order shall be construed to affect the authenticity or admissibility of any document or data. All objections to the authenticity or admissibility of any document or data are preserved and may be asserted at any time.

## I. Third-Party Production

1.      A party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this Agreed Order with the subpoena and state that the parties to the litigation have requested that third parties produce documents in accordance with the specifications set forth herein.

2.      The Issuing Party is responsible for producing any documents obtained under a subpoena to all other parties.

3.      The Issuing Party shall produce to all other parties the documents obtained under a subpoena in the format in which such documents are received by the Issuing Party.

4.      If the non-party production is not Bates-stamped, to the extent feasible and not unreasonably cost-prohibitive, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other parties.

Date: August 14, 2018          By: _____

Iain D. Johnston
United States Magistrate Judge

15

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Counsel for MSP Plaintiffs**

/s/ Pedram
Esfandiary_____
Pedram Esfandiary
R. Brent Wisner
Michael L. Baum
Adam M. Foster
BAUM, HEDLUND, ARISTEI &
GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
Tel: (310) 207-3233
rbwisner@baumhedlundlaw.com
mbaum@baumhedlundlaw.com
afoster@baumhedlundlaw.com
pesfandiary@baumhedlundlaw.com

David M. Hundley, Of Counsel
PENDLEY, BAUDIN & COFFIN, LLP
516 N. Ogden Ave #134
Chicago IL 60642-6421
dhundley@pbclawfirm.com

Christopher L. Coffin
PENDLEY, BAUDIN & COFFIN, LLP

1515 Poydras Street, Suite 1400 New
Orleans, LA 70112
Tel: (504) 355-0086
ccoffin@pbclawfirm.com

**COUNSEL FOR PLAINTIFFS,**
**CITY OF ROCKFORD, ACUMENT**
**GLOBAL TECHNOLOGIES, INC. AND**
**THE CLASS**

*s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*(admitted pro hac vice)*
*haviland@havilandhughes.com*

**COUNSEL FOR DEFENDANTS**
**MALLINCKRODT plc and**
**MALLINCKRODT ARD INC.**

*s/ Scott Collins Sullivan*
Scott Collins Sullivan
Williams McCarthy LLP
120 West State St.
P.O. Box 219
Rockford, IL 61105-0219
(815) 987-8900
ssullivan@wilmac.com

G. Patrick Watson
Lindsay Sklar Johnson
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., NW
Atlanta, GA 30309
(404) 572-6600
patrick.watson@bclplaw.com
lindsay.johnson@bclplaw.com

Rebecca A. Nelson
Herbert R. Giorgio, Jr.
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
ranelson@bclplaw.com
herb.giorgio@bclplaw.com

Philip D. Bartz
Bryan Cave Leighton Paisner LLP
1155 F Street, N.W.
Washington, DC 20004
(202) 508-6000
philip.bartz@bclplaw.com

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| William H. Platt II<br>*(admitted pro hac vice)*<br>platt@havilandhughes.com<br>**HAVILAND HUGHES**<br>201 South Maple Avenue, Suite 110<br>Ambler, PA 19002<br>T: 215-609-4661<br>F: 215-392-4400<br><br>Peter J. Flowers<br>(IL Attorney ID No. 06210847)<br>*pjf@meyers-flowers.com*<br>Jonathan P. Mincieli<br>(IL Attorney ID No. 06274091)<br>*jpm@meyers-flowers.com*<br>**MEYERS & FLOWERS, LLC**<br>3 North Second Street, Suite 300<br>St. Charles, IL 60174<br>T: 630-232-6333<br>F: 630-845-8982<br><br>Kerry F. Partridge<br>*kerry.partridge@rockfordil.gov*<br>Ifeanyi C. Mogbana<br>*Ifeanyi.mogbana@rockfordil.gov*<br>425 East State Street<br>Rockford, IL 61104-1068<br>T: 779-348-7154<br>F: 815-967-9649 | |
| | /s/ Matthew M. Martino<br>Matthew M. Martino (admitted *pro hac vice*)<br>Robert A. Fumerton (admitted *pro hac vice*)<br>Patrick G. Rideout (admitted *pro hac vice*)<br>Michael H. Menitove (admitted *pro hac vice*)<br>Evan R. Kreiner (admitted *pro hac vice*)<br>SKADDEN, ARPS, SLATE, MEAGHER &<br>FLOM LLP<br>Four Times Square<br>New York, NY 10036<br>Telephone: (212) 735-3000<br>Facsimile: (212) 735-2000 |

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

matthew.martino@skadden.com
robert.fumerton@skadden.com
patrick.rideout@skadden.com
michael.menitove@skadden.com
evan.kreiner@skadden.com

Amy Van Gelder
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
155 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-8567
amy.vangelder@skadden.com

*Attorneys for Defendants Express Scripts
Holding Company, Express Scripts, Inc.,
CuraScript, Inc., Accredo Health Group,
Inc., and United BioSource Corporation*

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## EXHIBIT A

1. **PROCESSING INSTRUCTIONS**
   - Common system files as defined by the NIST library (http://www.nsrl.nist.gov/), need not be produced
   - Container files (zips/psts) should have their contents extracted during processing, and the container files themselves do not need to be processed/produced
   - Embedded documents do not need to be extracted (although upon request may need to be provided)
   - De-duplication method: Parties may de-duplicate stand-alone documents or entire document families (at the parent level) globally using MD5 or SHA-1 Hash value matching so long as duplicate custodians and duplicate custodian file paths are identified

2. **IMAGES:**
   - Single Page Group IV TIFF files for black and white images. Where color is specifically requested, single page JPG files for color images. Image Resolution at least 300 DPI
   - File Naming Convention: Match Bates Number
   - Insert Placeholder image for files produced in Native form (see Section 3, below), or that are withheld for Privilege or Relevance (see Section 8 and Section 9, below)
   - Bates Numbers & Confidentiality designations shall be placed in a location that does not obscure in formation from the source document.

3. **NATIVE PRODUCTION:**
   - Spreadsheet and presentation file types (If redactions are required, files may be produced in Tiff if black and white or JPG if color)
   - Databases and other structured data will be produced as specified in the designated section below.
   - Audio/Video Media File Types
   - File types that cannot be processed without proprietary software may be initially produced in native format and/or withheld while the parties meet and confer as to another method of production
   - File types that can be processed, but not imaged/viewed may either be produced in native format with metadata, or withheld while the parties meet and confer as to another method of production
   - File name should be a single bates number. If document is confidential, the confidentiality designation should be included in the file name as well, if possible.

4. **FULL TEXT EXTRACTION / OCR:**
   - Produce full extracted text for all file types (Redacted text will not be produced)
   - Re-OCR documents produced with a slip-sheet indicating that a document is being withheld because it is privileged or not responsive, so that the slipsheet is searchable.
   - Production format: Document level text, not page level text
   - File Naming Convention: Match Beg Bates Number

11774931.3

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5. **LOAD FILE SPECIFICATIONS:**
   - **Images Load File**: Opticon OPT file
   - **Metadata Load File**: Concordance DAT file with field header information added as the first line of the file. Export using Concordance default delimiters.
   - **Extracted TEXT (see section 3):** Reference File Path to TEXT file in DAT file
   - **Native Files Produced (see Section 2):** Reference File Path to Native file in DAT file

6. **ESI PRODUCTION METADATA FIELDS:**
   - **BegBates**: Beginning Bates Number
   - **EndBates**: Ending Bates Number
   - **BegAttach**: Beginning Bates number of the first document in an attachment range
   - **EndAttach**: Ending Bates number of the last document in attachment range
   - **Page Count**: Page Count
   - **Custodian**: Name of the Custodian of the File(s) Produced – Last Name, First Name format
   - **DupCustNames**: Custodian information for documents that were not processed because of duplicate status
     - **The above two fields may also be combined into one ALL CUSTODIAN field if desired**.
   - **FileName**: Filename of the original digital file name
   - **File Ext:** File Extension
   - **File Size:** File Size
   - **Native File**: Path and filename to produced Native file (see section 2)
   - **EmailSubject**: Subject line extracted from an email message
   - **Title**: Title field extracted from the metadata of a non-email document
   - **Author**: Author field extracted from the metadata of a non-email document
   - **Subject**: Subject field extracted from the metadata of a non-email document
   - **From**: From field extracted from an email message
   - **To**: To or Recipient field extracted from an email message
   - **Cc**: CC or Carbon Copy field extracted from an email message
   - **BCC**: BCC or Blind Carbon Copy field extracted from an email message
   - **DateRcvd**: Received date of an email message (mm/dd/yyyy format)
   - **TimeRcvd**: Received time of an email message
   - **DateSent**: Sent date of an email message (mm/dd/yyyy format)
   - **TimeSent**: Sent time of an email message
   - **DateCreated**: Date that a file was created (mm/dd/yyyy format)
   - **TimeCreated**: Time that a file was created
   - **DateModified**: Modification date(s) of a non-email document
   - **TimeLastMod**: Time that a file was last modified
   - **MD5:** MD5 hash value generated by creating a binary stream of the file
   - **SHA-1:** SHA-1 hash value generated by creating a binary stream of the file

- **DocType**: Record type description of the file (e.g., email, email attachment, calendar item, etc.)
- **ExtractedText**: File path to Extracted Text/OCR File
- **Confidentiality**: Indicates if a document has been designated under the Protective Order
- **Redacted** (to indicate the reason a document has a redaction), to the extent feasible
- **Original Location Path** (where the documents was stored in the normal course of business), to the extent feasible
- **Email Folder path** (where the email was stored in the normal course of business), to the extent feasible
- **Meeting Start Date** (Calendar Entries Only)
- **Meeting Start Time** (Calendar Entries Only)
- **Conversation Index**, to the extent feasible

7. **PAPER DOCUMENTS METADATA FIELDS:**
   - **BegBates**: Beginning Bates Number
   - **EndBates**: Ending Bates Number
   - **Custodian**: Name of the Custodian of the File(s) Produced – Last Name, First Name format

8. **PRODUCTION OF DATABASES AND OTHER STRUCTURED DATA**
   - Generally, data from databases should be produced in a mutually agreeable data exchange format. To determine the data that is relevant to the document requests, a list of databases and systems used to manage relevant data should be provided with the following information:
     - Database Name
     - Type of Database
     - Software Platform
     - Software Version
     - Business Purpose
     - Users
     - Size in Records
     - Size in Gigabytes
     - A List of Standard Reports
     - Database Owner or Administrator's Name
     - Field List
     - Field Definitions (including field type, size and use)
   - Upon review of the list, the parties agree to meet and confer regarding the data to be produced from each source, if any, and the form(s) of the production thereof.

9. **FAMILY, EMAIL THREADING, NEAR DUPLICATES**
   - Forwards to counsel of documents after the litigation has commenced are not a true family, and the attachments may be produced as though they were loose documents
   - All responsive emails in an email thread must be produced, even if the party is using threading to aid review

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

11774931.3

## 10. PRIVILEGE

- Only log last email in chain, provided description is accurate as to entire chain.
- Log each document in a family separately if all docs in family are privileged and note family relationship on log
- If family is mixed privileged and non-privileged, produce non-privileged documents and provide a slipsheet indicating "Privileged Document Withheld" for the privileged document and indicate bates number of slipsheet on the log
- Include redacted documents on log, noting the beg bates number of the document
- Do not log communications with in-house or outside counsel after date the action commenced.
- Do not log any communications with outside counsel of record or other counsel advising on this matter or other litigation or investigatory matters.

## 11. PRODUCTION MEDIA

- If produced on physical media, the media must be labeled with case name, date of production, bates range, and any applicable confidentiality designation. The production must be encrypted and/or the drive itself must have a password on it.
- Alternatively, a secure FTP site may be used for transmission of productions.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT 4

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| From: | Don Haviland |
|---|---|
| To: | Martino, Matthew M; Bill Platt; Folger, Michael W; Kreiner, Evan R; Stephanie Dise |
| Cc: | Lewers, Joanne C.; Andrews, Victoria L.; Menitove, Michael H; Petkovich, Morgan L; "herb.giorgio@bclplaw.com"; "Patrick.watson@bclplaw.com"; "lindsay.johnson@bclplaw.com"; "Philip.bartz@bclplaw.com"; "djsherry@mdwcg.com"; "Wendy J. Bracaglia" |
| Subject: | RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al. |
| Date: | Wednesday, March 27, 2019 12:37:22 PM |
| Attachments: | image001.png |

Matt,

I believe I said we would consider the Rockford Order and that we were generally ok with it, but we wanted to review it in conjunction with the status of the Rockford case and the subject Confidentiality Order.

Now that we have a Case Management Order in Rockford, and are moving ahead on Confidentiality, we will get back to you by Friday with any issue we have with using the Order in PA.

Donald E. Haviland, Jr., Esq.

Managing Member

*Haviland Hughes*

"We push back"

Ambler - Philadelphia

Atlantic City - Lehigh Valley

tel: 215-609-4661

fax: 215-392-4400



**From:** Martino, Matthew M [mailto:Matthew.Martino@skadden.com]
**Sent:** Wednesday, March 27, 2019 12:29 PM
**To:** Don Haviland; Bill Platt; Folger, Michael W; Kreiner, Evan R; Stephanie Dise
**Cc:** 'Joanne.lewers@dbr.com'; 'Victoria.andrews@dbr.com'; Menitove, Michael H; Petkovich, Morgan L; 'herb.giorgio@bclplaw.com'; 'Patrick.watson@bclplaw.com'; 'lindsay.johnson@bclplaw.com'; 'Philip.bartz@bclplaw.com'; 'djsherry@mdwcg.com'; 'Wendy J. Bracaglia'
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Don,

We agree we do not want to delay, which is why we asked you for the authority last Friday and only heard back from you today after we followed up. We will take a look at what you sent and get back to you on the Confidentiality Order. We also have not heard back from you on our proposal to use in the PA case the ESI protocol from the Rockford litigation. Please let us know if you agree to that and we can change the caption and get it on file in PA.

Thanks,

Matt

**Matthew M. Martino**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2402 | F: 917.777.2402**
**matthew.martino@skadden.com**

**From:** Don Haviland [mailto:haviland@havilandhughes.com]
**Sent:** Wednesday, March 27, 2019 12:12 PM
**To:** Bill Platt; Folger, Michael W (NYC); Kreiner, Evan R (NYC); Martino, Matthew M (NYC); Stephanie Dise
**Cc:** 'Joanne.lewers@dbr.com'; 'Victoria.andrews@dbr.com'; Menitove, Michael H (NYC); Petkovich, Morgan L (NYC); 'herb.giorgio@bclplaw.com'; 'Patrick.watson@bclplaw.com'; 'lindsay.johnson@bclplaw.com'; 'Philip.bartz@bclplaw.com'; 'djsherry@mdwcg.com'; 'Wendy J. Bracaglia'
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Mike,

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The Order in Pa keyed off a similar ruling in the federal MDL where the Court *sua sponte* limited confidentiality designations to "current" commercially sensitive information. See attached.

Let us know when you have a response to our proposed Order as we do not want to delay the Express Scripts document production.

Thanks

Donald E. Haviland, Jr., Esq.

Managing Member

*Haviland Hughes*

*"We push back"*

Ambler - Philadelphia

Atlantic City - Lehigh Valley

tel: 215-609-4661

fax: 215-392-4400



---

**From:** Bill Platt
**Sent:** Wednesday, March 27, 2019 11:49 AM
**To:** Folger, Michael W; Kreiner, Evan R; Martino, Matthew M; Don Haviland; Stephanie Dise
**Cc:** 'Joanne.lewers@dbr.com'; 'Victoria.andrews@dbr.com'; Menitove, Michael H; Petkovich, Morgan L; 'herb.giorgio@bclplaw.com'; 'Patrick.watson@bclplaw.com'; 'lindsay.johnson@bclplaw.com'; 'Philip.bartz@bclplaw.com'; 'djsherry@mdwcg.com'; 'Wendy J. Bracaglia'
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Hi Mike,

Attached is a decision issued by the Pennsylvania Commonwealth Court addressing the 5-year presumption you inquired about.


Thanks,

Bill

---

**From:** Folger, Michael W [mailto:Michael.Folger@skadden.com]
**Sent:** Wednesday, March 27, 2019 11:06 AM
**To:** Bill Platt; Kreiner, Evan R; Martino, Matthew M; Don Haviland; Stephanie Dise
**Cc:** 'Joanne.lewers@dbr.com'; 'Victoria.andrews@dbr.com'; Menitove, Michael H; Petkovich, Morgan L; 'herb.giorgio@bclplaw.com'; 'Patrick.watson@bclplaw.com'; 'lindsay.johnson@bclplaw.com'; 'Philip.bartz@bclplaw.com'; 'djsherry@mdwcg.com'; 'Wendy J. Bracaglia'
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Bill,

Just wanted to follow up on my email from Friday, below. Can you share with us the orders and/or case law that served as the basis for the five-year presumption added into the protective order you proposed?

Thanks,

Mike

---

**From:** Folger, Michael W (NYC)
**Sent:** Friday, March 22, 2019 2:44 PM
**To:** 'Bill Platt'; Kreiner, Evan R (NYC); Martino, Matthew M (NYC); Don Haviland; Stephanie Dise
**Cc:** Joanne.lewers@dbr.com; Victoria.andrews@dbr.com; Menitove, Michael H (NYC); Petkovich, Morgan L (NYC); herb.giorgio@bclplaw.com; Patrick.watson@bclplaw.com; lindsay.johnson@bclplaw.com; Philip.bartz@bclplaw.com; djsherry@mdwcg.com; Wendy J. Bracaglia
**Subject:** RE: [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Bill,

Thank you for sending this proposal. We have been working through it, and we noticed that in paragraph 2(a) and (b), you have added a presumption that documents older than five years do not contain sensitive commercial

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

information. This presumption is not present in the Rockford Confidentiality Order.

I know you and Don mentioned that you based your proposal on some other model confidentiality orders and potentially some Pennsylvania case law. Could you please send the orders and/or case law you based this presumption along so we can review and discuss with our clients?

Thank you,

Mike

---

**From:** Bill Platt [mailto:platt@havilandhughes.com]
**Sent:** Tuesday, March 19, 2019 3:18 PM
**To:** Kreiner, Evan R (NYC); Martino, Matthew M (NYC); Don Haviland; Stephanie Dise
**Cc:** Joanne.lewers@dbr.com; Victoria.andrews@dbr.com; Menitove, Michael H (NYC); Folger, Michael W (NYC); Petkovich, Morgan L (NYC); herb.giorgio@bclplaw.com; Patrick.watson@bclplaw.com; lindsay.johnson@bclplaw.com; Philip.bartz@bclplaw.com; djsherry@mdwcg.com; Wendy J. Bracaglia
**Subject:** [Ext] RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Evan,

Please see the attached proposed Protective Order. Once you had a chance to review it, let us know your thoughts and we can get it filed.

Thank you,

Bill

---

**From:** Kreiner, Evan R [mailto:Evan.Kreiner@skadden.com]
**Sent:** Tuesday, March 19, 2019 6:52 AM
**To:** Martino, Matthew M; Don Haviland; Bill Platt; Stephanie Dise
**Cc:** Joanne.lewers@dbr.com; Victoria.andrews@dbr.com; Menitove, Michael H; Folger, Michael W; Petkovich, Morgan L; herb.giorgio@bclplaw.com; Patrick.watson@bclplaw.com; lindsay.johnson@bclplaw.com; Philip.bartz@bclplaw.com; djsherry@mdwcg.com; Wendy J. Bracaglia
**Subject:** RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Don and Bill,

We have yet to receive the draft confidentiality agreement you mentioned on Friday's call. Please send it at your earliest convenience.

Thanks,

Evan

**Evan R. Kreiner**
**Associate**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2491 | F: 917.777.2491**
**evan.kreiner@skadden.com**

---

**From:** Martino, Matthew M (NYC)
**Sent:** Friday, March 15, 2019 7:47 PM
**To:** Don Haviland; Bill Platt; 'Stephanie Dise'
**Cc:** Joanne.lewers@dbr.com; Victoria.andrews@dbr.com; Menitove, Michael H (NYC); Folger, Michael W (NYC); Kreiner, Evan R (NYC); Petkovich, Morgan L (NYC); herb.giorgio@bclplaw.com; Patrick.watson@bclplaw.com; lindsay.johnson@bclplaw.com; Philip.bartz@bclplaw.com; djsherry@mdwcg.com; Wendy J. Bracaglia
**Subject:** RE: IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

All,

Thank you for meeting and conferring this afternoon regarding the UBC deposition you noticed in the above-referenced case. As requested, we prepared a summary of the agreement we reached regarding the UBC deposition:

> Local 542 agrees that it will adjourn the deposition currently noticed for March 25, 2019 until a date on or near May 15, 2019, provided that UBC offers a witness (or witnesses) to be deposed as a corporate designee for UBC at that time. UBC's corporate designee will be prepared to testify to at least matters 1 and 2 in Local 542's Notice of Deposition, with the understanding that UBC may need to provide a corporate designee to testify regarding matters 3 and 4 at a later date.

In addition to that agreement regarding the deposition, we discussed facilitating the start of document discovery in the IUOE Local 542 case. To that end, you told us that you will provide a draft confidentiality agreement for our

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

review on Monday, and we will reach out to our client to gather organizational charts for the Express Scripts Entities that may inform our discussions regarding custodians.

Best regards,

Matt

**Matthew M. Martino**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**Four Times Square | New York | 10036-6522**
**T: 212.735.2402 | F: 917.777.2402**
**matthew.martino@skadden.com**

**From:** Stephanie Dise [mailto:dise@havilandhughes.com]
**Sent:** Thursday, March 07, 2019 5:20 PM
**To:** Joanne.lewers@dbr.com; Victoria.andrews@dbr.com; Martino, Matthew M (NYC); Kreiner, Evan R (NYC)
**Cc:** Don Haviland; Bill Platt; djsherry@mdwcg.com; Wendy J. Bracaglia; herb.giorgio@bclplaw.com; Patrick.watson@bclplaw.com; lindsay.johnson@bclplaw.com; Philip.bartz@bclplaw.com
**Subject:** [Ext] IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.

Counsel,

Please see the attached correspondence and Notice of Deposition.

Thank you.

**Stephanie A. Dise, Pa.C.P.**
**Paralegal**

Haviland Hughes | 215-609-4661

Ambler | Philadelphia | Lehigh Valley | Atlantic City

CONFIDENTIALITY NOTICE: This Email and any attachments thereto are intended for the exclusive use of the addressee. The information contained herein may be privileged, confidential or otherwise exempt from disclosure by applicable laws, rules or regulations. If you have received this Email in error and are not the intended recipient, you are hereby placed on notice that any use, distribution, copying or dissemination of this communication is strictly prohibited. If you have received this in error please notify the sender immediately at 215-609-4661 and delete this Email and any attachments immediately. Thank you for your anticipated cooperation.

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=============================================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=============================================================================

-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

====================================================================

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT 5

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. No. 66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. No. 83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br>1375 Virginia Drive, Suite 102<br>Fort Washington, PA 19034<br>                  Plaintiff,<br><br>    v.<br><br>**MALLINCKRODT ARD, INC.**<br>***formally known as***<br>**QUESTCOR PHARMACEUTICALS, INC.**<br>675 McDonnell Blvd.<br>Hazelwood, MO  63042<br><br>**MALLINCKRODT PLC**<br>3 Lotus Park, the Causeway<br>Staines-upon-Thames,<br>Surrey, TW18 3 AG<br><br>**EXPRESS SCRIPTS HOLDING COMPANY**<br>1 Express Way<br>St. Louis, MO  63121<br><br>**EXPRESS SCRIPTS, INC.**<br>1 Express Way<br>St. Louis, MO  63121<br><br>**CURASCRIPT, INC.**<br>6272 Lee Vista Boulevard<br>Orlando, FL 32822 | **Civil Action No.: 2018-14059**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**CURASCRIPT SD**
255 Technology Park
Lake Mary, FL 32746

**ACCREDO HEALTH GROUP, INC.**
1640 Century Center Parkway
Memphis, TN  38134

*and*

**UNITED BIOSOURCE CORPORATION,**
*now known as* **UNITED BIOSOURCE LLC,**
*a wholly owned subsidiary of* **UNITED**
**BIOSOURCE HOLDINGS, INC.**
920 Harvest Drive
Blue Bell, PA 19422

Defendants.

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO ALL DEFENDANTS

Plaintiff, International Union of Operating Engineers Local 542, by and through its

undersigned counsel, hereby requests, pursuant to Rules 4003.1 and 4009.1, and 4009.11 of the

Pennsylvania Rules of Civil Procedure ("Rules"), the Defendants to respond to each of the

following Requests for Production of Documents.

## DEFINITIONS

As used herein, the following terms are defined as indicated:

1.       "Acthar" means the human prescription drug with the proprietary name "H.P.

Acthar" approved by the Food and Drug Administration ("FDA") under Application Number

NDA022432 and presently sold with the product NDC of 630004-8710, in whatever quantity and

form it is or has been sold, and under whatever NDC or other FDA registration it has been sold.

2.       "Actual average wholesale price" means the actual price at which wholesalers,

distributors or other intermediate sellers sell drugs obtained from manufacturers to their direct

2

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

customers, including pharmacies, medical providers, hospitals and even patients, as in the case of certain specialty drugs. Actual average wholesale price includes the net price paid, including all forms of discounts, rebates, chargebacks or other reductions in the net price paid.

3.  "Average Wholesale Price" or "AWP" means the price for drugs as periodically published by several pharmaceutical industry compendia over the relevant time period, including the Drug Topics Red Book (the "Red Book"), American Druggist First DataBank Annual Directory of Pharmaceuticals ("First DataBank"), Essential Directory of Pharmaceuticals (the "Blue Book"), and Medi-Span's Master Drug Database ("Medi-Span").

4.  "Communicate" or "Communication" means, without limitation, any and all oral or written transmissions of information (in the form of facts, discussions, ideas, inquiries, or otherwise) from one Person to another, Including correspondence, presentations, any exchange of written or recorded information, face-to-face meetings or discussions, or electronic, facsimile or telephone transmissions.

5.  "Contract" means any and all Documents or Communications that reflect an agreement, arrangement, or understanding between You and another Person, Including, but not limited to, all final Contracts, final amendments to Contracts, drafts of Contracts, and drafts of amendments to Contracts.

6.  "Defendants" or "Defendant" means the Defendants identified as parties to the above-captioned litigation and the predecessors, successors, subsidiaries, parent(s), branches, departments, divisions, or affiliates of any of the foregoing companies, Including, without limitation, any organization or entity in which Defendants have management or controlling interests, together with all present and former directors, officers, employees, agents,

3

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

representatives or any other Persons acting, or purporting to act, on behalf of the above Identified Persons or entities.

7.      "Document" or "Discoverable Item", whether singular or plural, is used in a comprehensive sense as contemplated by the Pennsylvania Rules of Civil Procedure, and includes, without limitation, the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attaché documents, annotations, marks, transmission notations, or highlighting of any kind) of any kind of material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, whether handwritten, typed, printed or otherwise produced, which writings or other documents may consist of letters, correspondence, e-mails, texts, or other electronic communications described below, memoranda, reports, studies, analyses, legal pleadings, papers, agreements, Contracts, notes, notebooks, laboratory notebooks, appointment books, calendars, diaries, travel records, notes and/or summaries of telephone conversations, personal conversations, interviews, and meetings, compilations, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including, without limitation, manufacturing, engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, presentations, statements, invoices, minutes of meetings, Communications, electronic or computer-transmitted messages viewed via monitor or screen, tape recordings, telegrams, mailgrams, facsimile transmissions (including conformations thereof), or any other tangible materials.  A draft or a non-identical copy is a separate Document or Discoverable Item within the meaning of these

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

terms.

In addition, Documents or Discoverable Items Include any compilations, data, files or information created, stored or retained in electronic format, Including electronic communications. These Documents or Discoverable Items are often Referred to as "electronic data" or "electronically stored information" ("ESI"), which means the original and any non-identical copies of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes, instructions, comments or remarks, program change logs and activity listings of electronic mail receipts and/or transmittals; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines, electronic mail, operating systems, source codes for all types, programming languages, linkers, and compilers peripheral drivers, PRF files batch files, ASCII files, and any miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data exists as active files, deleted files, file fragments, compressed files, archives, or in automated or manually created back-up files. Electronic data also includes any item stored in computer memory, on computer disk, or in computer chips, including, but not limited to, EPROM, PROM, RAM, and ROM, hard discs, floppy discs, CD-ROM, Bernoulli Boxes and their equivalent, magnetic tape of all types, microfiche, punched media, solid state drive, network attached storage or in any other vehicle for digital data storage and/or transmittal, whether on-site or stored in off-site, cloud-based, colo-located, or third-party storage systems. The term electronic data also includes the file, folder tabs, and/or container and labels appended to or associated with, any physical storage device associated with each original and/or copy.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

By way of example, "electronic data" or "ESI" Include, but are not limited to, digital Communications (such as email, text, MMS, iMessage, BBM (aka Blackberry Messenger), WhatsApp, Viber, LINE, Telegram, Signal, Google Hangouts, Allo, voxer, Facebook Messenger, Snapchat, WeChat, Wickr Me, Chatsecure, Threema, SilentPhone, Kik, etc.), word processing Documents, spreadsheets, computer application data, image files, sound recordings, videos, animations, databases, contact and relationship data (such as vCards), calendar data, diary application data, online access data (such as browser history, temporary internet files, or cookies), presentations (such as PowerPoint files), network access logs, server activity logs, project management application data (such as SharePoint, Campfire, or Slack), computer aided design files, social media application data (such as Facebook, Twitter, or LinkedIn), geolocation data (such as iOS "Frequent Locations" data), backup, and archival files.

Further, Documents or Discoverable Items Include tangible things that may be admissible evidence.

8. "Drug" or "Prescription Drug" means a human prescription drug as defined and used by the United States Food and Drug Administration in its National Drug Code Directory.

9. "Each" means each and every; "every" means each and every.

10. "Government Entity" means, without limitation, any federal agency, legislative or investigative body or representative, Including the Federal Trade Commission, the Food and Drug Administration, the United States Department of Justice, the United States Attorney's Office, any federal grand jury, any Congressional committee, any agency, investigative or representative body of any state or other political subdivision, Including a state or local grand jury or state professional board or similar entity, or any foreign investigative body.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

11.     "Identify" and "Identity" when Referring to Documents mean to give the Bates number or, if the Document has no number, to the extent known, the:

      a.     type of Document (e.g., letter, Contract, memorandum, email);

      b.     general subject matter of the Document;

      c.     date of the Document;

      d.     author(s), addressee(s), and recipient(s) of the Document; and

      e.     custodian of the Document.

12.     "Identify" and "Identity" when Referring to a Person mean to give, to the extent known, the entity's full name and present or last known address, and, in addition, when Referring to a natural Person, his or her present or last known place of employment.

13.     "Identify" and "Identity" when Referring to a thing means to give, to the extent known, a full description of the thing, Including, if applicable its make, model, and serial number, and its present or last known address or location.

14.     "Identify" and "Identity" when Referring to an event means to give the name of the event, its date, time, and location, Identify the participants in the event, and to describe the event in reasonable detail.

15.     "Including" means Including, but not limited to.

16.     "Labeler Code" means the first 4 or 5 digit numeric identifier at the beginning of the National Drug Code as assigned by the Food and Drug Administration for each pharmaceutical product sold by pharmaceutical drug companies.

17.     "Medical Provider" or "Provider" means, without limitation, doctors, nurses, nurse practitioners, physician assistants, residents, and others who provide medical care to

7

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

patients, Including prescription drugs, as well as facilities and institutions through which they provide such care, Including, but not limited to, hospitals, clinics, public or private medical offices and the like.

18.   "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more Persons for any purpose, whether planned, arranged, scheduled or not.

19.   "National Drug Code" or "NDC" means the unique three-segment number used to identify drug products as required by the Drug Listing Act of 1972.

20.   "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B,"

You should produce all information about A and all information about B, as well as all information about A and B. (In other words, "or" should be read as "and/or").

21.   "Person" means, without limitation, any natural Person, corporation, partnership, proprietorship, joint venture, association, governmental body (Including, without limitation, any Government Entity defined herein), insurance entity, any group, or any other form of public or private business, non-business or legal entity.

22.   "Pharmaceutical Pricing Publisher" or "Pharmaceutical Pricing Publication" means any pharmaceutical industry publisher or service which reports or publishes prices of prescription drugs, Including Acthar, or any pharmaceutical industry publication in which prices of prescription drugs, Including Acthar, are reported or published, such as Red Book, First Data Bank, Medi-Span, etc.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

23.    "Pharmacy" or "Pharmacies" means, without limitation, the pharmacy, pharmacist, and others who purchase and/or dispense prescription drugs through pharmacies, Including via mail order, specialty or retail pharmacies.

24.    "Referring to," "Relating to," or "Regarding" mean, without limitation, the concepts:  Refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

25.    "Relevant Time Period" means the time period covered by the operative complaint in this case, and includes the period specified in Instruction No. 1 below, unless otherwise indicated.

26.    "Sent" shall mean to transmit by any means, Including, but not limited to, electronically, via facsimile, or via any type of mail or delivery service.

27.    "Wholesale Acquisition Cost" or "WAC" means the price at which a manufacturer of pharmaceutical products sells its products to its direct customers, whether referred to by the company as the list price or otherwise.

28.    "Wholesaler" means any entity that purchases pharmaceutical products from You for sale to other entities, and Include such entities as AmerisourceBergen (and its predecessors), Cardinal and McKesson.

29.    "You," "Your" or "Your Company" means the recipient of these Requests who is a party to the above-captioned action, and Includes any Person responding to these Requests on behalf of said party, Including any and all predecessors, successors, subsidiaries, parents, branches, departments, divisions or affiliates, Including without limitation, any organization or

9

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

entity in which You have management or controlling interests, together with all present and former directors, officers, Employees, agents, representatives, or any other Person acting, or purporting to act, on behalf of the above Identified Persons or entities.

30.     The singular Includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the past tense Includes the present tense and vice-versa.

### INSTRUCTIONS

1.     Unless a different period is specified, these Document Requests relate to the period of January 1, 2001 through the present (the ***"Relevant Time Period"***) or any part thereof.

2.     Pursuant to the Rules, these Document Requests shall be deemed to be continuing in nature so that if You, Your directors, officers, Employees, agents, representative or any Persons acting, or purporting to act on behalf of You, subsequently discover or obtain possession, custody or control of any Document previously requested or required to be produced, You shall promptly make such Document available.

3.     In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your directors, officers, agents, Employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, Employees, representatives or investigators.

4.     In producing Documents, You are requested to produce the original of each Document requested together with all non-identical copies and drafts of that Document. If the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

10

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5.      If any requested Document or thing cannot be produced in full, You are to produce it to the extent possible, indicating which Document, or portion of that Document, is being withheld, and the reason that Document is being withheld.

6.      A request for each Document that "Refers to" or "Relates to" a subject matter extends to each Document that constitutes, contains, mentions, discusses, supports, modifies, contradicts, criticizes, concerns, describes, records, reports, or reflects that subject matter, or that was prepared in connection with, arises from, or is or has been collected, recorded, examined, or considered by, for, or on behalf of, any present or former agent, representative, officer, Employee, attorney, board, committee or subcommittee, or any other Person acting or purporting to act on Your behalf in Relation to the subject matter specified.

7.      Documents not otherwise responsive to these Document Requests shall be produced if such Documents mention, discuss, Refer to, or explain the Documents that are called for by these Document Requests, or if such Documents are attached to Documents called for by these Document Requests, and constitutes routing slips, transmittal memoranda, cover sheets or letter, comments, evaluations or similar materials.

8.      Unless otherwise specified herein, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.

9.      If Documents are maintained in files or folders, copies of said files or folders or other such Identifying label information shall be produced.

10.      Documents shall be produced in such fashion as to Identify the department, branch or office in which they were located and, where applicable, the natural Person in whose possession they were found and the business address of each Document's custodian(s).

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

11.     Documents attached to each other should not be separated.

12.     If a Document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to Identify the Document and state the details concerning its loss.

13.     In responding to these Document Requests You are to Include Documents (a) obtained from witnesses who gave information to any Government Entity; (b) that constitute, or Refer or Relate to summaries of testimony or other statements made in connection with any Government Entity proceedings or investigations; or (c) obtained on Your behalf by counsel in preparing for testimony or interview before any Government Entity.

14.     If You claim the attorney-client privilege or any other privilege or the protection of the work-product or any other doctrine for any Document, provide a detailed privilege log that contains at least the following information for each Document that You have withheld:

    a.     The date of the Document;

    b.     Each and every author of the Document;

    c.     Each and every Person who prepared or participated in the preparation of the Document;

    d.     each and every Person who received the Document;

    e.     each and every Person from whom the Document was received;

    f.     the present location of the Document and all copies thereof;

    g.     each and every Person having custody or control of the Document and all copies thereof; and

    h.     sufficient information concerning the Document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The privilege log shall be produced as a spreadsheet in either the .XLS, .XLSX, or .CSV formats.

15.     Unless a different period is specified, these Document Requests Relate to the time period between January 1, 2001 and the present ("Relevant Period"), or any part thereof. Responsive Documents Include those that were prepared, Sent, dated, received, in effect, or otherwise came into existence at any time on or after January 1, 2001 through the present, or any part thereof.

16.     Unless otherwise agreed, ESI should be produced in the following manner:

      a.    *Production* – ESI shall be produced through a secure transfer method, which may Include electronic media, such as a CD-ROM, DVD, or external hard drive.

      b.    *Production format* - ESI shall be produced as described with the Specification for Document Productions, appended to these requests as Exhibit A.

17.     The singular should be read to Include the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and verbs should read to mean all possible conjugations.  As an example, the past tense Includes the present tense and vice versa.

18.     Plaintiff reserves its right to supplement these Interrogatories or to serve additional Interrogatories in the future.

13

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## DOCUMENT REQUESTS

**REQUEST NO. 1.**    Please produce all subpoenas, document requests or other discovery **served by or on, or issued by or to, You by or to any Government Entity** Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all requests made in the matter of *Federal Trade Commission et. al. v. Mallinckrodt ARD Inc., et. al.*, Civil Action No. 1:17-cv-00120, Dist. of Columbia ("*FTC Case*").

**REQUEST NO. 2.**    Please produce, in the form or order produced to said Government Entity, **all Documents previously produced by You** in response to any request or subpoena from any Government Entity Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all documents produced by You in the *FTC Case*.

**REQUEST NO. 3.**    Please produce, in the form or order produced, **all Documents previously produced to You** from any Government Entity Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all documents produced to You in the *FTC Case*.

**REQUEST NO. 4.**    Please produce all transcripts of testimony, Including transcriptions of formal or informal proceedings, hearings, interviews, or depositions, written statements or testimony, affidavits, and summaries of any such testimony, given by You or Your Employee(s) to any Government Entity Referring or Relating to manufacture, distribution, pricing, marketing, or sale of Acthar, Including all such documents in the *FTC Case*.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/19 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 5.**   Please produce all subpoenas, document requests or other discovery **served by or on, or issued by or to, You by or to any private party** in any litigation involving the manufacture, distribution, pricing, marketing, or sale of Acthar, Including not limited to all requests made in the following matters:

    a. *Retrophin, Inc. v. Questcor Pharmaceuticals Inc.*, No. 8:14-CV-00026-JLS (JPR), C.D.Cal. ("*Retrophin Case*");

    b. *In re Questcor Pharmaceuticals, Inc.* Securities Litig., No. 8:12-cv-01623-DMG (JPR), C.D.Cal. ("*Questcor Securities Case*");

    c. *Patricia A. Shenk v. Mallinckrodt PLC and Mark Trudeau*, No. 1:17-cv-00145, Dist. of Columbia, and all related cases, including but not limited to cases brought by Amalgamated Bank, State Teachers Retirement System of Ohio, ("*Mallinckrodt Securities Case*");

    d. *Barry Franks v. Mallinckrodt Enterprises LLC, et. al.*, Case No. 3:16-cv-07300-RS, N.D.Cal. ("*Franks Case*"); and

    e. *Rasvinder Dhaliwal v. Mallinckrodt PLC a/k/a Mallinckrodt Pharmaceuticals, et. al.*, Case 1:18-cv-03146-VSB, S.D.N.Y. ("*Dhaliwal Case*").

**REQUEST NO. 6.**   Please produce **all Documents previously produced by You** in or Related to any private party in litigation involving Acthar, Including but not limited to all documents produced by You in the *Retrophin Case, Questcor Securities Case, Mallinckrodt Securities Case, Franks Case and Dhaliwal Case.*

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 7.**    Please produce **all Documents previously produced to You** in or Related to any private party in litigation involving Acthar, Including but not limited to all documents produced by You in the *Retrophin Case, Questcor Securities Case, Mallinckrodt Securities Case, Franks Case and Dhaliwal Case*.

**REQUEST NO. 8.**    Please produce all transcripts of testimony, Including transcriptions of formal or informal proceedings, hearings, interviews, or depositions, written statements or testimony, affidavits, and summaries of any such testimony, given by You or Your Employee(s) to any private party in litigation involving Acthar, Including but not limited to all documents produced by You in the *Retrophin Case, Questcor Securities Case, Mallinckrodt Securities Case, Franks Case and Dhaliwal Case*.

**REQUEST NO. 9.**    Please produce all Documents Regarding any submissions **Sent by You to or to You from** the Office of Inspector General, United States Department of Health and Human Services with Regard to Acthar.

**REQUEST NO. 10.**   Please produce all Documents assembled by You for any purpose as part of any internal investigation into complaints, claims, external investigations by other Persons or lawsuits, involving the manufacture, distribution, marketing, promotion, pricing and/or sales practices Regarding Acthar, Including but not limited to presentations to Your senior executives and/or Board of Directors and/or investors and all resulting minutes or resolutions.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 11.**   Please produce all Documents Related to Your regulatory compliance program(s), Including but not limited to Your training of Employees and sales representatives and Your Communications to and from Your Employees and sales representatives Regarding regulatory compliance in the promotion and sale of Acthar.

**REQUEST NO. 12.**   Please produce all Documents concerning the nature and scope of any internal investigations conducted by You Including but not limited to those conducted by internal or external personnel and/or attorneys Referring or Relating to distribution, marketing, pricing and sales practices pertaining to Acthar, and the results of the same.

**REQUEST NO. 13.**   Please produce all Documents Referring or Relating to any complaints raised by Your Employee(s) Regarding the distribution, marketing, pricing and sales practices pertaining to Acthar, and any responses thereto.

**REQUEST NO. 14.**   Please produce all Documents reflecting any reprimand, discipline, retraining or other action taken with respect to any Employee or sales representative of Your company concerning their non-compliance with any corporate compliance or other company policy or procedure Regarding the distribution, marketing, pricing and sales practices pertaining to Acthar.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 15.**   Please produce all Acthar Support and Access Program forms submitted or **Sent by You** during the Relevant Period, referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

**REQUEST NO. 16.**   Please produce all Acthar Support and Access Program forms submitted or **Sent to You** during the Relevant Period, referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

**REQUEST NO. 17.**   Please produce any and all database(s) and Documents You maintained as part of the Acthar Support and Access Program during the Relevant Period, referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

**REQUEST NO. 18.**   Please produce any and all database(s) and Documents of all Medical Provider information referring or relating to any medical provider who treated any of Plaintiff's beneficiaries.

**REQUEST NO. 19.**   Please produce any and all database(s) and Documents that Include payment information referring or relating to any payments made by Plaintiff or any of Plaintiff's beneficiaries.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 20.**   Please produce any and all database(s) and Documents that Include billing information referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

**REQUEST NO. 21.**   Please produce any and all database(s) and Documents that Include payor information referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

**REQUEST NO. 22.**   Please produce any and all database(s) and Documents that Include shipping and shipment information referring or relating to Plaintiff or any of Plaintiff's beneficiaries.

**REQUEST NO. 23.**   Please produce all Documents and records of the distribution and sale of Acthar, Including distribution of free Acthar (maintained pursuant to internal practice, the Prescription Drug Marketing Act, § 21 U.S.C. 301, *et seq.,* other federal or state laws, or otherwise) to any medical provider who treated any of Plaintiff's beneficiaries with Acthar, Including customer invoices, activity reports on drug sales, sales call notes, and any other periodic sales reports or summaries that Identify patient and payor names and addresses and the prices, quantities, purchase volumes, rebates, price or other discounts, and any other sales terms and conditions provided to patients of these providers.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 24.**   Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent to You** from patients in Pennsylvania regarding the Acthar Support and Access Program.

**REQUEST NO. 25.**   Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent from You** to patients in Pennsylvania regarding the Acthar Support and Access Program.

**REQUEST NO. 26.**   Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent to You** from any and all third parties with whom You shared patient information about Pennsylvania patients and their receipt, use and/or payment for Acthar obtained through the Acthar Support and Access Program or otherwise.

**REQUEST NO. 27.**   Please produce any and all Communications, Including but not limited to email, letters, telephonic records, texts, facsimiles, and notes, **Sent from You** to any and all third parties with whom You shared patient information about Pennsylvania patients and their receipt, use and/or payment for Acthar obtained through the Acthar Support and Access Program or otherwise.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 29.**   Please produce any and **all Contracts or agreements** between You and third parties, including any other Defendant named herein, with whom you shared any information about Pennsylvania patients and their receipt, use and/or payment for Acthar.

**REQUEST NO. 30.**   Please produce any and **all Contracts or agreements** between You and any Medical Provider with whom you shared or exchanged any information about Pennsylvania patients and their receipt, use and/or payment for Acthar.

**REQUEST NO. 31.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any method, practice, policy or strategy** You or others proposed, considered, have used or now use for setting or determining price(s) for Acthar, Including, without limitation, Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

**REQUEST NO. 32.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any change in the price of Acthar,** Including but not limited to Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 33.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or representations to consumers, payors or patients** about the pricing of Acthar, Including but not limited to Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

**REQUEST NO. 34.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications to You from consumers, payors or patients** about the pricing of Acthar, Including but not limited to Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

**REQUEST NO. 35.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or representations with Medical Providers** about the pricing of Acthar.

**REQUEST NO. 36.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or representations with any Pharmacies, Including Specialty Pharmacies,** about the pricing of Acthar.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 37.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any Communications or Meetings** between You and any other Defendant(s) Relating to the pricing of Acthar.

**REQUEST NO. 38.**   Please produce all Documents that comprise, evidence, Refer or Relate to **any Meetings or Communications between You and any actual or potential competitor(s)** Referring or Relating to the pricing of Acthar.

**REQUEST NO. 39.**   Please produce all Documents **taken to, received or distributed at, or prepared in connection (including notes) with or during any Meeting or telephonic Communication** attended by You and any Defendant(s) or actual or potential competitor(s), at which Meeting or telephonic Communications there was any discussion of the pricing of Acthar.

**REQUEST NO. 40.**   Please produce all Documents prepared by You, any Defendant, competitor, or a third party, that **analyze, evaluate or summarize** information Referring or Relating to the costs to develop, produce, manufacture, distribute or sell Acthar.

**REQUEST NO. 41.**   Please produce all Communications **from You** to Pharmaceutical Pricing Publishers Regarding Acthar during the relevant time period.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 42.**   Please produce all Communications **to You** from Pharmaceutical Pricing Publishers Regarding Acthar during the relevant time period.

**REQUEST NO. 43.**   Please produce all Documents that **You Sent** to Pharmaceutical Pricing Publishers Regarding Acthar during the relevant time period.

**REQUEST NO. 44.**   Please produce all Documents that the Pharmaceutical Pricing Publishers **Sent to You** Regarding Acthar during the relevant time period.

**REQUEST NO. 45.**   Please produce that comprise, evidence, Refer or Relate to any Contract, agreement or understanding, formal or informal, or any joint actions or activities, with any pharmacy benefit manager with Regard to the manufacture, distribution, prescription, pricing, promotion, marketing, sale or reimbursement of Acthar sold in Pennsylvania.

**REQUEST NO. 46.**   Please produce all Communications Relating to the negotiation of Contracts with any PBMs with Regard to Acthar sold in Pennsylvania.

24

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 47.**   Please produce all Documents Relating to the negotiation of Contracts with PBMs with Regard to Acthar sold in Pennsylvania, including all drafts of such contracts.

**REQUEST NO. 48.**   Please produce all Contracts with third party payors with Regard to the prescription, distribution, sale or reimbursement of Acthar sold in Pennsylvania.

**REQUEST NO. 49.**   Please produce all Communications Relating to Contracts with third party payors with Regard to the prescription, distribution, sale or reimbursement of Acthar sold in Pennsylvania.

**REQUEST NO. 50.**   Please produce all Documents Relating to the negotiation of Contracts with third party payors with Regard to Acthar sold in Pennsylvania, including all drafts of such contracts.

**REQUEST NO. 51.**   Please produce transactional data sufficient to show sales of Acthar in Pennsylvania through PBMs for each year during the relevant time period.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 52.**   Please produce transactional data sufficient to show reimbursements of Acthar by third party payors in Pennsylvania for each year during the relevant time period.

**REQUEST NO. 53.**   Please produce Documents sufficient to show the rates reimbursement of Acthar in Pennsylvania by third party payors for each year during the relevant time period.

**REQUEST NO. 54.**   Please produce all Documents discussing, Referring or Relating to Your policies or practices concerning the retention, destruction, disposal or preservation of Documents during the relevant time period.

**REQUEST NO. 55.**   Please produce, for the relevant time period, directories, organizational charts or other documents, sufficient to show the organization or inter-relation of each division, department, unit or subdivision of Your company and all management personnel in Your company who had any responsibility with respect to the manufacture, distribution, pricing, marketing, or sale of Acthar, Including, without limitation, officers, directors, managers, supervisors, team leaders and committee chairs.

**REQUEST NO. 56.**   Please produce all Documents that comprise, evidence, Refer or Relate to Your marketing, business and/or strategic plans Regarding Acthar, Including but not limited to, forecasts, projections, financials and periodic reports.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**REQUEST NO. 57.**  Please produce all Documents Referring, Relating to or reflecting Your financial reserves for litigation and investigations Regarding Acthar.

Date:   January 16, 2019                                     Respectfully submitted,

                                                            By:   *s/ Donald E. Haviland, Jr.*
                                                                  Donald E. Haviland, Jr.
                                                                  *haviland@havilandhughes.com*
                                                                  William H. Platt II
                                                                  Haviland Hughes
                                                                  201 South Maple Avenue, Suite 110
                                                                  Ambler, PA 19002
                                                                  Phone: (215) 609-4661
                                                                  Fax:  (215) 392-4400

                                                                  *Counsel for Plaintiff,*
                                                                  *International Union of Operating*
                                                                  *Engineers Local 542*

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## EXHIBIT A

### SPECIFICATIONS FOR DOCUMENT PRODUCTIONS

**Production Format**

1.  Images - documents should be produced as Single-page, 300 dpi, Group IV black and white TIFs or Single-page color JPGs.

2.  Metadata should be produced in a text file using Concordance standard delimiters as follows:

    a.  Column/Field Separator - ASCII 020 or ¶

    b.  Quote/Text Qualifier - ASCII 254 or þ

    c.  Newline/Line Break - ASCII 174 or ®

    d.  Multi-Value - ASCII 059 or ;

    e.  Nested Values - ASCII 092 or \

3.  Dates should be YYYYMMDD (no slashes or hyphens) or MM/DD/YYYY and must be consistent across all date fields in the load file.  Dates and Times should be in the same field.

4.  Searchable text of entire document must be provided for every record, at the document level.  Extracted text or OCR should be provided in separate *.txt file on a document level with the *.txt filename matching the Control Number or Bates Number assigned to the first page of the document.

5.  The image load file format should be in Opticon format as follows:

    a.  The Opticon load file is a page-level, image cross-reference load file, with each line representing one image. The sequence of information should be:
    [alias],[volume],[path],[doc_boundary],[folder_break],[break],[pages]
    ABC1234567,Vol001,d:\images\Vol001\000\ABC1234567.tif,Y,,,2
    ABC1234568,Vol001,d:\images\Vol001\000\ABC1234568.tif,,,,
    ABC1234569,Vol001,d:\images\Vol001\000\ABC1234569.tif,Y,,,1

6.  Emails:  E-mail families should be produced in full. Parent emails should be produced with the attachments immediately following the parent e-mail so that the records are numbered sequentially. Any family member withheld for privilege should be produced in redacted form with the appropriate bates number(s).

7.  Spreadsheets:  Spreadsheets and database files should be produced in their native format with a placeholder image.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Metadata**

The following metadata should be provided to the extent it is available:

Begin Document Number

End Document Number

Begin Attach Number (first page of the first document in an attach range)

End Attach Number (last page of the last document in an attach range)

Text (extracted text or ocr of a document)

Email From

Email To

Email CC

Email BCC

Email Subject

Date Sent – for emails

Date Received - for emails

Date Modified – for electronic files

Date Created – for electronic files

File Name – for electronic files

Author – for electronic files if available

Pages – number of pages in a document

Message ID

MD5 Hash

Custodian

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS
## FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF<br>OPERATING ENGINEERS LOCAL 542,<br><br>Plaintiff,<br><br>v.<br><br>MALLINCKRODT ARD, INC., *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2018-14059 |

## MEMORANDUM OF LAW IN
## SUPPORT OF DEFENDANTS EXPRESS SCRIPTS
## HOLDING COMPANY'S, EXPRESS SCRIPTS, INC.'S,
## CURASCRIPT, INC.'S, CURASCRIPT SD'S, ACCREDO
## HEALTH GROUP, INC.'S, AND UNITED BIOSOURCE CORP.'S
## <u>OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY</u>

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 3

ARGUMENT ......................................................................................................................... 5

I.      PLAINTIFF'S MOTION TO COMPEL DISCOVERY SHOULD BE DENIED ............. 5

      A.      Plaintiff Did Not Satisfy Its Obligation to Confer or Make a Good Faith Effort to Confer in Order to Resolve This Dispute Without Court Action Before Filing This Motion ......................................................................... 5

      B.      The Express Scripts Entities' Objections Comply with the Pennsylvania Rules of Civil Procedure .................................................................................. 6

      C.      Plaintiff's Requested Relief Is Unwarranted ................................................ 8

CONCLUSION .................................................................................................................... 10

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                   <u>Page</u>

*Madlyn & Leonard Abramson Center for Jewish Life v. Novitsky*,
    No. 2933 EDA 2016, 2017 WL 3328127 (Pa. Super. Aug. 4, 2017) ................................5

*MarkWest Liberty Midstream & Resources, LLC v. Clean Air Council*,
    71 A.3d 337 (Pa. Comwlth. 2013) .........................................................................7

*McGovern v. Hospital Service Ass'n of Northeastern Pennsylvania*,
    785 A.2d 1012 (Pa. Super. 2001).....................................................................7, 8, 9

*Mountain View Condominium Owners' Ass'n v. Mountain View Associates*,
    9 Pa. D. & C.4th 81 (Pa. Ct. Com. Pl. Chester Cty. 1991) .................................7

*Sharp v. Travelers Personal Security Insurance Co.*,
    36 Pa. D. & C.5th 521, 2014 WL 8863084 (Pa. Ct. Com. Pl. Lackawanna
    Cty. 2014) ...........................................................................................................10


<u>Statutes and Rules</u>

Pa. R.C.P. 4003 ..........................................................................................................9

Pa. R.C.P. 4005 ..........................................................................................................9

Pa. R.C.P. 4009 ..........................................................................................................9

Pa. R.C.P. 4019 ..........................................................................................................8

Pa. R.C.P. 4019(a)(1)(i) ..........................................................................................8, 9

Pa. R.C.P. 4009.11 official note...............................................................................6

Pa. R.C.P. 4009.1, Explanatory Comment C (2012) ...............................................6

Montgomery Cty. Local R.C.P. 208.2(e).............................................................1, 5,
                                                              6, 8


<u>Other Authorities</u>

Charles B. Gibbons, *Discovery Practice* § 5:26
    (West's Pa. Prac. Series, vol. 5, 1996 & Supp. 2018) .......................................7

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation (collectively, the "Express Scripts Entities") respectfully submit this Memorandum of Law in Support of their Opposition to Plaintiff International Union of Operating Engineers Local 542's Motion to Compel Discovery (Dkt. 100, the "Motion to Compel").

## PRELIMINARY STATEMENT

Plaintiff's Motion to Compel is premature and meritless.  The Express Scripts Entities timely served responses and objections (the "Responses and Objections") that identify for which of Plaintiff's 57 document requests—or portions thereof—the Express Scripts Entities will produce responsive documents and specify why the Express Scripts Entities object to certain document requests.  As the Responses and Objections make clear, the Express Scripts Entities are fully prepared to begin the process of producing documents.  Documents containing confidential information will be produced within a reasonable time after the Court enters a confidentiality order and rolling custodial document productions can begin after the parties agree to an electronically stored information ("ESI") protocol to govern the custodian and search term process.  In order to begin producing confidential and custodial documents as soon as possible and because many of the same documents will be produced in this action and a related federal litigation brought by Plaintiff's counsel (the "Rockford Litigation"), the Express Scripts Entities have offered to use the same confidentiality order and ESI protocol entered—after considerable negotiation and court intervention—in the Rockford Litigation.

Nevertheless, rather than attempt to confer to resolve any dispute concerning the Responses and Objections without court action, Plaintiff filed the Motion to Compel.  This Motion should be denied for multiple reasons. *First*, Plaintiff's Motion violates Local Rule 208.2(e) because Plaintiff did not confer or attempt to confer with the Express Scripts Entities to

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

resolve any discovery dispute before filing the Motion to Compel. Plaintiff's decision to file the Motion to Compel without first attempting to confer is not respectful of court resources given that the Motion to Compel could have been avoided had Plaintiff engaged the Express Scripts Entities, which have offered to use the confidentiality order and ESI protocol from the Rockford Litigation. Indeed, since Plaintiff filed the Motion to Compel and after persistent requests from the Express Scripts Entities, Plaintiff has recently begun to discuss modifying the confidentiality order and ESI protocol from the Rockford Litigation for use in this action. In spite of this, Plaintiff has not withdrawn the Motion to Compel.

*Second*, even if Plaintiff had attempted to confer in good faith, the Express Scripts Entities' Responses and Objections are proper. The Express Scripts Entities lodged specific objections to the requests for production to narrow the time and scope of the broad requests, and agreed to produce documents in response to 35 requests pursuant to a reasonable search once the Court enters a confidentiality order.

*Third*, in addition to being unnecessary for the foregoing reasons, an order striking the Responses and Objections and compelling complete production of volumes of documents and information responsive to Plaintiff's requests for production in just fifteen days would be unwarranted. The Express Scripts Entities' Responses and Objections comply with the Pennsylvania Rules of Civil Procedure and the Express Scripts Entities have attempted to work with Plaintiff's counsel to commence the production of documents. The requested relief would be grossly disproportionate to any purported discovery infraction and it would be practically impossible for the Express Scripts Entities to comply with an order granting such relief. For all these reasons, the Court should deny the Motion.

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## BACKGROUND

On May 25, 2018, Plaintiff filed this action based on nearly identical factual allegations as those in the Rockford Litigation—*City of Rockford v. Mallinckrodt ARD Inc.*, No. 3:17-cv-50107 (N.D. Ill.)—a case Plaintiff's counsel filed in federal court in April 2017. Since Plaintiff's counsel filed the Rockford Litigation, the federal court has entered a confidentiality order (Opp'n Ex. 2 (Rockford Litigation Dkt. 145)) and an ESI protocol (Opp'n Ex. 3 (Rockford Litigation Dkt. 158)), each of which was negotiated by Plaintiff's and Defendants' counsel and required court intervention.

In this case, on January 16, 2019, Plaintiff served Plaintiff's Request for Production of Documents (the "Requests for Production"). On February 15, 2019, the Express Scripts Entities timely served the Responses and Objections, which contained specific objections to each of Plaintiff's 57 document requests. In the Responses and Objections, the Express Scripts Entities committed to produce documents in response to the majority of Plaintiff's requests pursuant to a reasonable search and within a reasonable time after the Court enters a confidentiality order. (*See* Mot. to Compel Exs. A-B.)

On February 18, 2019—the next business day after Plaintiff received the Responses and Objections—Plaintiff notified the Express Scripts Entities that it was "preparing a motion to compel" and asked whether "there [was] any reason for us to meet and confer prior to [its] filing." (Mot. to Compel Ex. B (Feb. 18, 2019 Email from B. Platt).) Less than thirty minutes later, the Express Scripts Entities replied: "[A]s our responses to your requests make clear, we intend to produce documents subject to a protective order, as well as a custodian and search term process. We are happy to meet and confer to discuss those items." (Mot. to Compel Ex. B (Feb. 18, 2019 Email from M. Martino).) Plaintiff did not reply to that email. (Opp'n Ex. 1.) Instead,

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiff filed the Motion to Compel the next day.  (*See* Mot. to Compel (filed Feb. 19, 2019).)

Since Plaintiff filed the Motion to Compel, the Express Scripts Entities have continued to attempt to engage Plaintiff in negotiating a stipulated confidentiality order and ESI protocol.  For example, on February 20, 2019, the Express Scripts Entities emailed Plaintiff to ask whether Plaintiff was "available to meet and confer on a stipulated confidentiality order and a discovery protocol."  (Opp'n Ex. 1 (Feb. 20, 2019 Email from M. Martino).)  On February 22, 2019, the Express Scripts Entities emailed Plaintiff:  "In light of the overlap in many of the factual allegations between the complaint in this case and that in the Rockford litigation, and thus the likely overlap in many discovery matters in both cases, we propose using the Rockford confidentiality order and ESI protocol in this litigation as well."  (Opp'n Ex. 1 (Feb. 22, 2019 Email from M. Martino).)  Without explanation, Plaintiff rejected the Express Scripts Entities' proposals:  "We are not agreeable."  (Opp'n Ex. 1 (Feb. 22, 2019 Email from D. Haviland).)

After committing to circulate a draft in February 2019, Plaintiff did not propose a confidentiality order to use in this action until March 19, 2019 when it sent a revised version of the confidentiality order entered in the Rockford Litigation.  (*Id.*; Opp'n Ex. 4 (Mar. 19, 2019 Email from B. Platt).)  The parties have since been discussing Plaintiff's proposed modifications to the confidentiality order entered in the Rockford Litigation, with the goal of submitting a fully stipulated confidentiality order to the Court.  (Opp'n Ex. 4.)  Moreover, Plaintiff did not respond to the Express Scripts Entities' offer to use the ESI protocol entered in the Rockford Litigation until March 27, 2019, after the Express Scripts Entities reminded Plaintiff that the proposal remained outstanding.  (*See id.* (Mar. 27, 2019 Email from M. Martino; Mar. 27, 2019 Email from D. Haviland).)  Plaintiff committed to respond to that proposal by March 29, 2019.  (*Id.* (Mar. 27, 2019 Email from D. Haviland).)

4

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## ARGUMENT

## I.   PLAINTIFF'S MOTION TO COMPEL DISCOVERY SHOULD BE DENIED

### A.   Plaintiff Did Not Satisfy Its Obligation to Confer or Make a Good Faith Effort to Confer in Order to Resolve This Dispute Without Court Action Before Filing This Motion

Local Rule 208.2(e) requires parties filing "[a]ny motion relating to discovery" to "confer[] or attempt[] to confer with all interested parties in order to resolve the matter without court action."  Montgomery Cty. Local R. Civ. P. 208.2(e).  Accordingly, a motion to compel discovery should be denied if the moving party does not attempt to confer in good faith to resolve a discovery dispute.  *See Madlyn & Leonard Abramson Ctr. for Jewish Life v. Novitsky*, No. 2933 EDA 2016, 2017 WL 3328127, at *5, *7 (Pa. Super. Aug. 4, 2017) (reversing trial court's decision granting motion for discovery sanctions where movant did not comply with Local Rule 208.2(e) because it "failed to establish it made a good faith effort to resolve the dispute before filing the motion").

Here, Plaintiff did not attempt in good faith to confer with the Express Scripts Entities to resolve any dispute concerning the Responses and Objections before filing the Motion to Compel.  Instead, the first business day after receiving the Responses and Objections, Plaintiff notified the Express Scripts Entities that it intended to move to compel discovery.  Plaintiff provided no basis for a potential motion to compel other than, "No documents were produced." (Mot. to Compel Ex. B (Feb. 18, 2019 Email from B. Platt).)  Plaintiff then filed the Motion to Compel without responding to the Express Scripts Entities' offer to meet and confer to resolve any dispute.  (*See* Opp'n Ex. 1.)  Accordingly, Plaintiff did not satisfy its Local Rule 208.2(e) obligation to confer or attempt in good faith to confer before filing the Motion to Compel, and the Court should deny this Motion for that reason alone.

The Court should deny the Motion to Compel for the additional reason that Plaintiff has

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

continued to show disregard for the Court's resources since filing the Motion to Compel.  Even

after Plaintiff ignored the Express Scripts Entities' initial offer to confer, the Express Scripts

Entities have persistently attempted to confer with Plaintiff to resolve any dispute concerning the

Responses and Objections.  (Mot. to Compel Ex. B (Feb. 18, 2019 Email from M. Martino);

Opp'n Ex. 1 (Feb. 20, 2019 Email from M. Martino; Feb. 22, 2019 Email from M. Martino).)

The Express Scripts Entities have also offered a straightforward, reasonable proposal to hasten

document production—that the parties submit to the Court the confidentiality order and ESI

protocol that Plaintiff's counsel negotiated and the federal court entered in the Rockford

Litigation.  (Opp'n Ex. 1 (Feb. 22, 2019 Email from M. Martino).)  Yet it took Plaintiff nearly a

month to propose edits to the confidentiality order entered in the Rockford Litigation and

Plaintiff has only committed to respond to the Express Scripts Entities' offer to use the ESI

protocol entered in the Rockford Litigation by March 29, 2019.  (Opp'n Ex. 1 (Feb. 22, 2019

Email from D. Haviland); Opp'n Ex. 4 (Mar. 19, 2019 Email from B. Platt).)  If Plaintiff's intent

was to receive documents quickly, Plaintiff would have at least engaged in this discussion at an

earlier date.  In any event, notwithstanding that the parties are in the middle of a meet and confer

process to resolve any dispute "without court action," Plaintiff has not withdrawn the Motion to

Compel.

**B.    The Express Scripts Entities' Objections**
     **<u>Comply with the Pennsylvania Rules of Civil Procedure</u>**

Even if Plaintiff had followed Local Rule 208.2(e), the Motion to Compel should be

denied because the Responses and Objections comply with all applicable rules.  The

Pennsylvania Rules of Civil Procedure explicitly encourage "[l]imitations as to time and scope"

on document requests and "agreements between the parties" on issues related to the production

of ESI.  Pa. R.C.P. 4009.11 official note; *see also* Pa. R.C.P. 4009.1, Explanatory Comment C

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(2012) ("Parties and courts may consider tools such as electronic searching, sampling, cost sharing, and non-waiver agreements to fairly allocate discovery burdens and costs."); 5 West's Pa. Prac., Discovery § 5:26 (stating unreasonable burden is one ground for sustaining objections to requests for production). Further, "a good-faith effort to respond to discovery can indeed take more time than allowed by the Rules of Civil Procedure as of course." *Mountain View Condo. Owners' Ass'n v. Mountain View Assocs.*, 9 Pa. D & C.4th 81, 82-83 (Pa. Ct. Com. Pl. Chester Cty. 1991).

Plaintiff's Requests for Production are overreaching and unduly burdensome. Plaintiff indiscriminately directed 57 expansive requests to all Defendants, requiring the production of "all [d]ocuments" and entire databases of information even tangentially related to broad subject matters spanning multiple corporate entities and covering nearly two decades. Accordingly, the Express Scripts Entities lodged specific objections to narrow the time and scope of the Requests for Production, and ***agreed to produce documents in response to 35 requests*** "within a reasonable time period after the Court enters a suitable protective order" and subject to a "reasonable search" or "reasonable custodian and search term process." (Mot. to Compel Ex. A (Responses and Objections to Requests Nos. 1, 2, 3, 4, 5, 6, 7, 8, 15, 16, 19, 20, 21, 22, 23, 24, 25, 29, 31, 33, 34, 37, 39, 40, 43, 44, 45, 47, 48, 49, 50, 51, 53, 55, and 56).) Such responses and objections are proper and the Motion to Compel should thus be denied. *See MarkWest Liberty Midstream & Res., LLC v. Clean Air Council*, 71 A.3d 337, 340 & n.5 (Pa. Comwlth. 2013) (vacating in part order compelling production of documents containing confidential business information without restrictions where petitioner objected to production of those documents and only moved for protective order after parties failed to agree to stipulated protective order); *McGovern v. Hosp. Serv. Ass'n of N.E. Pa.*, 785 A.2d 1012, 1019-20 (Pa. Super. 2001) (holding

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

that "[a]ppellants have not delayed proceedings by indicating that materials would be forthcoming" "if appropriate non-disclosure documents are executed" and "then filing objections").

Moreover, contrary to Plaintiff's assertion (*see* Mot. to Compel ¶ 8), the Express Scripts Entities did not violate any rule by not unilaterally moving the Court for a confidentiality order before serving the Responses and Objections. Indeed, unilaterally moving for such an order without first conferring with Plaintiff would—like the Motion to Compel—violate Local Rule 208.2(e) and unnecessarily waste judicial resources. Accordingly, as demonstrated by their persistent attempts to confer with Plaintiff, the Express Scripts Entities intended to (and continue to intend to) work with Plaintiff to submit to the Court a stipulated confidentiality order and expeditiously begin producing confidential documents shortly after serving the Responses and Objections.

## C.     Plaintiff's Requested Relief Is Unwarranted

When considering a motion pursuant to Pennsylvania Rule of Civil Procedure 4019, trial courts should consider the following factors: "(1) the nature and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; and (4) the ability to cure the prejudice." *McGovern*, 785 A.2d at 1019. For any discovery violation, "the sanction must fit the crime." *Id.*

Each of the above factors favors denying the Motion to Compel. *First*, for the reasons discussed above (*see supra* Section I.B), the Express Scripts Entities have not committed a discovery violation to sanction. Moreover, the Express Scripts Entities have not violated any court orders.[1]   *See McGovern*, 785 A.2d at 1019 ("In the majority of cases where sanctions have

---

[1] Plaintiff seeks relief pursuant to Pennsylvania Rule of Civil Procedure 4019(a)(1)(i). (Mot. to

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

been imposed, there almost universally first has been a violation of one or more court orders.").

**Second**, the Express Scripts Entities have acted in good faith to respond to the Requests for Production and have repeatedly attempted to confer with Plaintiff to resolve any discovery dispute. (Mot. to Compel Ex. B (Feb. 18, 2019 Email from M. Martino); Opp'n Ex. 1 (Feb. 20, 2019 Email from M. Martino; Feb. 22, 2019 Email from M. Martino).)

**Third**, the Express Scripts Entities' conduct is appropriate and has in no way prejudiced Plaintiff. *See McGovern*, 785 A.2d at 1020 (vacating order granting motion to compel, finding "no prejudice to the opposing party" where appellants indicated willingness to produce discoverable materials if appropriate non-disclosure documents were executed and later filed objections). Moreover, Plaintiff is the only party that has delayed negotiations regarding a confidentiality order and ESI protocol and has refused the Express Scripts Entities' reasonable offer to use the confidentiality order and ESI protocol from the Rockford Litigation. (*See* Opp'n Ex. 4 (Mar. 19, 2019 Email from B. Platt); Opp'n Ex. 1 (Feb. 22, 2019 Email from M. Martino; Feb. 22, 2019 Email from D. Haviland).)

**Fourth**, the relief Plaintiff seeks would be disproportionate to any unintentional discovery violation. Even if the Court overrules certain objections in the Responses and Objections, it would be drastic for the Court to strike all objections and grant Plaintiff's request for an order compelling the production of all documents responsive to the Requests for Production—including documents containing confidential business information and spanning

---

Compel ¶ 12.) Rule 4019(a)(1)(i) authorizes courts to make an appropriate order if "a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005." However, Plaintiff has not served any interrogatories in this case and explicitly invoked Rules 4003 and 4009 in its Requests for Production. (*See* Opp'n Ex. 5 at 2.) It is therefore unclear what discovery violation Plaintiff alleges and under what authority Plaintiff moves for sanctions. Plaintiff's motion is improper for this reason, too.

9

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

two decades—before the Court enters a confidentiality order.  *Cf., e.g., Sharp v. Travelers Personal Sec. Ins. Co.*, 36 Pa. D. & C.5th 521, 2014 WL 8863084, at *1 (Pa. Ct. Com. Pl. Lackawanna Cty. 2014) (requiring execution of a confidentiality agreement "[a]s a condition to [certain] discovery").  This relief would be particularly disproportionate given that Plaintiff has not identified any objection to any individual document request that purportedly violates the Pennsylvania Rules of Civil Procedure.  In addition, it would be practically impossible to comply with Plaintiff's proposed order—i.e., to produce all documents responsive to Plaintiff's 57 voluminous Requests for Production in only fifteen days.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's Motion to Compel.

Dated:  March 29, 2019

Respectfully submitted,

By: /s/ Joanne C. Lewers
Joanne C. Lewers (ID No. 81195)
Victoria L. Andrews (ID No. 321143)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700

Matthew M. Martino (admitted *pro hac vice*)
Michael H. Menitove (admitted *pro hac vice*)
Evan R. Kreiner (admitted *pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036
Telephone: (212) 735-3000
matthew.martino@skadden.com
michael.menitove@skadden.com
evan.kreiner@skadden.com

*Attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation*

10

Case# 2018-14059-105 Docketed at Montgomery County Prothonotary on 03/29/2019 1:53 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CERTIFICATE OF SERVICE

Joanne C. Lewers hereby certifies that a true and correct copy of the foregoing Memorandum of Law in Support of Defendants Express Scripts Holding Company's, Express Scripts, Inc.'s, CuraScript, Inc.'s, CuraScript SD's, Accredo Health Group, Inc.'s, and United BioSource Corp.'s Opposition to Plaintiff's Motion to Compel Discovery was forwarded to the following via notification from the Montgomery Country Court of Common Pleas Electronic Filing system on March 29, 2019:

G. Patrick Watson, Esquire
Lindsay Sklar Johnson, Esquire
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree Street, NW
Atlanta, GA 30309

Philip D. Bartz, Esquire
Bryan Cave Leighton Paisner LLP
1155 F Street, N.W.
Washington, DC 20004

Matthew M. Martino, Esquire
Michael H. Menitove, Esquire
Evan R. Kreiner, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Herbert R. Giorgio, Jr., Esquire
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

Donald E. Haviland, Jr., Esquire
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

Daniel T. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406

**Drinker Biddle & Reath LLP**

/s/ Joanne C. Lewers
Joanne C. Lewers

*Attorneys for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc., and United BioSource Corporation*