Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 | |
| vs. | NO. 2018-14059 |
| MALLINCKRODT ARD INC FKA QUESTCOR PHARMACEUTICALS INC | |

## <u>COVER SHEET OF MOVING PARTY</u>

Date of Filing <u>October 03  2019</u>

Moving Party <u>EXPRESS SCRIPTS HOLDING COMPANY; EXPRESS SCRIPTS INC</u>

Counsel for Moving Party  <u>JOSEPH P WALSH, Esq., ID: 64352</u>

Document Filed (Specify)  <u>MOTION FOR PROTECTIVE ORDER</u>

Matter is: _ (Appealable)                     |  <u>X</u> (Interlocutory)

Discovery Needed: _ (Yes)                    |  _ (No)

If applicable, Civil Case Management Order Discovery Deadline: _____

-----------------------------------------------------------------------------------------

**CERTIFICATIONS -** Check **ONLY** if appropriate:

<u>X</u> Counsel certify that they have conferred in a good faith effort to resolve the subject
    <u>discovery</u> dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all
    parties involved in the case.  (If checked, skip Rule to Show Cause section below.)

By: <u>JOSEPH P. WALSH,</u>
<u>ESQUIRE</u>_____
                                Counsel for Moving Party

-----------------------------------------------------------------------------------------

**RULE TO SHOW CAUSE -** Check **ONE** of the Choices Listed Below:

_____ Respondent is directed to show cause why the moving party is not entitled to the relief
requested by filing an **answer** in the form of a **written response** at the **Office of the  Prothonotary** on or
before the                    day of                              20___.

_____ Respondent is directed to show cause, in the form of a **written response**, why the
attached Family Court Discovery Motion is not entitled to the relief requested.  Rule    Returnable and
Argument the                day of                          , 20___
at **1:00 p.m.**  at **321 Swede Street, Norristown, PA**.

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania
Rules of Civil Procedure.

_____ Rule Returnable at time of trial.

By:  _____

Revised 06.19

Court Administrator

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Revised 06.19

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

International Union of Operating Engineers
Local 542,

     v.

Mallinckrodt ARD, Inc. f/k/a Questcor
Pharmaceuticals, Inc.; Mallinckrodt PLC;
Express Scripts Holding Company; Express
Scripts, Inc.; CuraScript, Inc.; CuraScript SD;
Accredo Health Group, Inc. and United
BioSource Corporation n/k/a United
BioSource LLC, a wholly owned subsidiary of
United BioSource Holdings, Inc.

NO. 2018-14059

**[PROPOSED] PROTECTIVE ORDER**

AND NOW, this _____ day of _____, 2019, upon

consideration of the Motion for Protective Order, and any response thereto, it is hereby ORDERED

that the Motion is **GRANTED**.

It is further ORDERED that:

(1) The deposition of Rob Osborne shall take place in or near Orlando, Florida at a date
and time agreed to by the parties; and

(2) The deposition of Paul Grew shall take place in or near Buffalo, New York at a date
and time agreed to by the parties.

**BY THE COURT:**

_____

**STEVEN C. TOLLIVER, SR., J.**

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   **IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

2   International Union of Operating Engineers
    Local 542,

3           v.

4
    Mallinckrodt ARD, Inc. f/k/a Questcor
5   Pharmaceuticals, Inc.; Mallinckrodt PLC;
    Express Scripts Holding Company; Express          NO. 2018-14059
6   Scripts, Inc.; CuraScript, Inc.; CuraScript SD;
    Accredo Health Group, Inc. and United
7   BioSource Corporation n/k/a United
    BioSource LLC, a wholly owned subsidiary of
8   United BioSource Holdings, Inc.

9

10                  **MOTION FOR PROTECTIVE ORDER**
11         **ON BEHALF OF DEFENDANT EXPRESS SCRIPTS, INC.**

12         1.      On September 17, 2019, Plaintiff International Union of Operating Engineers Local

13   542 noticed the depositions of current Express Scripts, Inc. ("Express Scripts") employees, Rob

14   Osborne and Paul Grew.[1]

15         2.      Plaintiff noticed Mr. Osborne's and Mr. Grew's depositions to take place at The

16   Beasley Firm, 1125 Walnut Street, Philadelphia, Pennsylvania 19107 on October 23 and 24, 2019,

17   respectively.

18         3.      Mr. Osborne currently lives and works in Orlando, Florida.

19         4.      Mr. Grew currently lives and works near Buffalo, New York.

20         5.      Express Scripts notified Plaintiff that it would pose an unreasonable annoyance,

21   burden, and expense for Mr. Osborne and Mr. Grew to appear for depositions in Philadelphia, and

22   asked that Plaintiff agree to take the depositions in or near the cities where Mr. Osborne and Mr.

23   Grew currently live and work.

24

25

26

27   _____

28      [1]  The notices of deposition for Mr. Osborne and Mr. Grew are attached as Exhibits A and B,
     respectively.

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

6.      On September 30, 2019, the parties met and conferred about the location of the noticed depositions but were unable to agree on where the depositions should take place, as Plaintiff refused to change the location of the depositions from Philadelphia.

7.      To avoid unreasonable annoyance, burden, and expense, and for good cause shown as set forth in the attached Memorandum of Law, Express Scripts now respectfully moves this Court to enter a Protective Order requiring the depositions of Mr. Osborne and Mr. Grew to take place in or near the cities where they reside or work—Orlando and Buffalo, respectively—at a date and time mutually agreed to by the parties, or in the alternative, requiring Plaintiff to pay for the expenses incurred by Mr. Osborne and Mr. Grew in traveling to Philadelphia.

DATED: October 3, 2019                Respectfully submitted,

*/s/ Joseph P. Walsh*
Joseph P. Walsh, Esq.
I.D. No. 64352
**WALSH PANCIO, LLC**
2028 North Broad Street
Lansdale, PA 19446-1004
Tel: (215) 368-8660
Fax: (215) 368-7990
joe@walshpancio.com

Michael J. Lyle, Esq. *(pro hac vice)*
Eric C. Lyttle, Esq. *(pro hac vice)*
Ethan C. Glass, Esq. *(pro hac vice)*
Meghan A. McCaffrey, Esq. *(pro hac vice)*
Michael D. Bonanno, Esq. *(pro hac vice)*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, NW
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikebonanno@quinnemanuel.com

***Counsel for Defendant Express Scripts, Inc.***

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

International Union of Operating Engineers            :
Local 542                                            :
                                                     :
   v.                                  :            NO.   2018-14059
                                                     :
Mallinckrodt Ard, Inc. f/k/a Questcor               :
Pharmaceuticals, Inc.; Mallinckrodt PLC; Express    :
Scripts Holding Company; Express Scripts, Inc.;     :
CuraScript, Inc.; CuraScript SD; Accredo Health     :
Group, Inc. and United BioSource Corporation n/k/a: :
United BioSource LLC, a wholly owned subsidiary     :
of United BioSource Holdings, Inc.                  :

## <u>CERTIFICATION OF SERVICE</u>

     I, Joseph P. Walsh, Esquire, Co-Counsel for Defendants, ***Express Scripts Holding Company,***

***Express Scripts, Inc., CuraScript, Inc, CuraScript SD, Accredo Health Group, Inc. and United***

***BioSource Corporation n/k/a United BioSource, LLC,*** do hereby certify that a true and correct

copy of Defendants' Motion for Protective Order, Proposed Order and Memorandum of Law and

were served upon the following counsel and unrepresented parties electronically by the E-Filing

System or by facsimile or United States First Class Mail if counsel or the unrepresented party does not

participate in E-Filing, on the date of the E-filing acceptance of the document.

     ***Attorneys for Plaintiff:***
     Donald E. Haviland, Jr., Esquire
     William H. Platt, II, Esquire
     *Haviland Hughes*
     201 South Maple Way, Suite 110
     Ambler, PA 19002
     haviland@havilandhughes.com
     platt@havilandhughes.com

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

***Attorneys and Pro Hac Vice Attorneys for Mallinckrodt Defendants:***
Daniel T. Sherry, Esquire
Wendy J. Bracaglia, Esquire
*Marshall, Dennehey, Warner, Coleman & Goggin*
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406
djsherry@mdwcg.com
wjbracaglia@mdwcg.com

Sonia K. Pfaffenroth, Esq.
Adam Pergament, Esq.
Laura Shores, Esq.
Ryan Z. Watts, Esq.
Matthew M. Wolf, Esq.
*Arnold & Porter LLP*
601 Massachusetts Avenue NW
Washington, DC 20001
sonia.pfaffenroth@arnoldporter.com
adam.pergament@arnoldporter.com
laura.shores@arnoldporter.com
ryan.watts@arnoldporter.com
matthew.wolf@arnoldporter.com

***Co-Attorneys for Defs. Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc, CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation n/k/a United BioSource, LLC:***

Eric Lyttle, Esq.
Ethan Glass, Esq.
Meghan McCaffrey, Esq.
Michael Lyle, Esq.
Michael Bonanno, Esq.
*Quinn Emanuel Urquhart & Sullivan LLP*
1300 I Street NW
Suite 900
Washington, DC 20005
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikelyle@quinnemanuel.com
mikebonanno@quinnemanuel.com

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WALSH PANCIO, LLC**

BY: _____

Joseph P. Walsh, Esquire
I.D. No. 64352
***Co-Attorney for Defendants, Express Scripts Holding
Company, Express Scripts, Inc., CuraScript, Inc,
CuraScript SD, Accredo Health Group, Inc. and United
BioSource Corporation n/k/a United BioSource, LLC***
2028 North Broad Street
Lansdale, PA  19446-1004
(215) 368-8660; fax: (215) 368-7990
joe@walshpancio.com

Dated : 10/3/2019

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Exhibit A

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002                          *Counsel for Plaintiff,*
(215) 609-4661 Telephone                  *International Union of Operating Engineers*
(215) 392-4400 Facsimile                  *Local 542*

**IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>       Plaintiff,<br><br>  v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>       Defendants. | Civil Action No. 2018-14059<br><br>**SECOND NOTICE OF DEPOSITION AND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |

TO: **Rob Osborne, VP Pharma Trade Relations**
   **Express Scripts; Accredo; CuraScript SD**
   c/o Joseph P. Walsh, Esq.
   Walsh Pancio LLC
   2028 North Broad Street
   Lansdale, PA 19446

   Eric C. Lyttle, Esq.
   Ethan C. Glass, Esq.
   Meghan A. McCaffrey, Esq.
   Michael J. Lyle, Esq.
   Michael Bonanno, Esq.
   Quinn Emanuel Urquhart & Sullivan, LLP
   1300 I Street, NW
   Washington D.C.  20005

   **PLEASE TAKE NOTICE** that, pursuant to Rule 4007.1 *et seq.* of the Pennsylvania

Rules of Civil Procedure, **YOU ARE HEREBY COMMANDED** to attend and give testimony

before the above named Court by way of deposition upon oral examination before a notary

1

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

public or some other officer authorized by law to administer oaths in the above-captioned matter on **October 23, 2019, at 9:00 a.m.**, and continuing thereafter from day to day until completed, at The Beasley Firm, 1125 Walnut Street, Philadelphia, Pennsylvania 19107 (or at such other time, or at such other place, as counsel and the witness agree upon).  The testimony will be recorded stenographically and/or by videotape.

*You are also required to bring with you and produce at the same time and place, pursuant to Pa.R.C.P. No. 4007.1 and Pa.R.C.P. No. 4009.1 et seq., all the documents, materials, books, papers and other tangible things in your possession or control identified in Exhibit "A," attached hereto.*

Failure to appear or comply with the notice shall subject you to the penalties provided by law.

Respectfully submitted,

Dated:  September 17, 2019

By:  s/ Donald E. Haviland, Jr.
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
HAVILAND HUGHES
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:    (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

2

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**EXHIBIT "A"**

Documents to be produced:

1.      Documents in your possession, custody or control relating to the negotiation of any contracts, agreements or other arrangements or understandings between any Express Scripts Entity" (as defined in Defendants' Answer to the Complaint), including Curascript and/or any subsidiary (including Healthbridge, United BioSource and/or Accredo) and Mallinckrodt ARD f/k/a Questcor Pharmaceuticals, Inc., relating to the manufacturer, distribution, promotion, sale or prescription of Acthar, including any of the agreements produced by Express Scripts in this lawsuit.

2.      Documents in your possession, custody or control relating to your knowledge of, involvement in or the formation and conduct the "Acthar Support & Access Program" (or the "A.S.A.P.").

3.      Documents in your possession, custody or control relating to any changes in the prices of Acthar including, the Average Wholesale Price ("AWP"), Wholesale Acquisition cost ("WAC"), list price, ex-factory price, or other prices.

4.      Documents in your possession, custody or control relating to a "suitable price" and/or a "competitive price" for Acthar.

5.      All written communications (regardless of the electronic or paper media or form) between you and any individual employed by Express Scripts (or any subsidiary company), United BioSource, or BioSolutia during the relevant time period 2006 through 2014.

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Exhibit B

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002                              *Counsel for Plaintiff,*
(215) 609-4661 Telephone                      *International Union of Operating Engineers*
(215) 392-4400 Facsimile                      *Local 542*

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059<br><br>**NOTICE OF DEPOSITION AND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |

TO:     **Paul J. Grew, MBA, RPh, Senior Director, National Labor Div.**
        **Express Scripts; Accredo; CuraScript SD**
        c/o Joseph P. Walsh, Esq.
        Walsh Pancio LLC
        2028 North Broad Street
        Lansdale, PA 19446

        Eric C. Lyttle, Esq.
        Ethan C. Glass, Esq.
        Meghan A. McCaffrey, Esq.
        Michael J. Lyle, Esq.
        Michael Bonanno, Esq.
        Quinn Emanuel Urquhart & Sullivan, LLP
        1300 I Street, NW
        Washington D.C.  20005

**PLEASE TAKE NOTICE** that, pursuant to Rule 4007.1 *et seq.* of the Pennsylvania

Rules of Civil Procedure, **YOU ARE HEREBY COMMANDED** to attend and give testimony

before the above named Court by way of deposition upon oral examination before a notary

1

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

public or some other officer authorized by law to administer oaths in the above-captioned matter on **October 24, 2019, at 9:00 a.m.**, and continuing thereafter from day to day until completed, at The Beasley Firm, 1125 Walnut Street, Philadelphia, Pennsylvania 19107 (or at such other time, or at such other place, as counsel and the witness agree upon).  The testimony will be recorded stenographically and/or by videotape.

*You are also required to bring with you and produce at the same time and place, pursuant to Pa.R.C.P. No. 4007.1 and Pa.R.C.P. No. 4009.1 et seq., all the documents, materials, books, papers and other tangible things in your possession or control identified in Exhibit "A," attached hereto.*

Failure to appear or comply with the notice shall subject you to the penalties provided by law.

Respectfully submitted,

Dated:  September 17, 2019

By:  _s/ Donald E. Haviland, Jr._
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:    (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**EXHIBIT "A"**

Documents to be produced:

1.      Documents in your possession, custody or control relating to the Plaintiff in this case, including all communications with or concerning the Plaintiff.

2.      Documents in your possession, custody or control relating to the Delaware Valley Healthcare Coalition ("DVHCC"), including all communications with or concerning the DVHCC.

3.      Documents in your possession, custody or control relating to third party payor ("TPP"), other than the Plaintiff (including union funds, employers, municipalities, etc.), including any communications with such TPP, concerning the price, cost or value of specialty drugs, including Acthar.

4.      Documents in your possession, custody or control relating to Acthar.

5.      Documents in your possession, custody or control relating to the price or cost of Acthar.

6.      Documents in your possession, custody or control relating to the price or cost of specialty drugs, and their value for the treatment of disease.

7.      Documents in your possession, custody or control relating to the FDA-approved uses and doses of Acthar.

8.      Documents in your possession, custody or control relating to unapproved uses and doses of Acthar.

9.      Documents in your possession, custody or control relating to the mode of action of Acthar for the treatment of disease.

10.     Documents in your possession, custody or control relating to drugs other than Acthar used to treat the following diseases: infantile spasms, multiple sclerosis, nephrology syndrome and rheumatoid arthritis.

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   **IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

2   International Union of Operating Engineers
    Local 542,

3        v.

4
    Mallinckrodt ARD, Inc. f/k/a Questcor
5   Pharmaceuticals, Inc.; Mallinckrodt PLC;
    Express Scripts Holding Company; Express          NO. 2018-14059
6   Scripts, Inc.; CuraScript, Inc.; CuraScript SD;
    Accredo Health Group, Inc. and United
7   BioSource Corporation n/k/a United
    BioSource LLC, a wholly owned subsidiary of
8   United BioSource Holdings, Inc.

9

10
    <u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EXPRESS SCRIPTS, INC.'S**</u>
11   <u>**MOTION FOR PROTECTIVE ORDER**</u>

12          Defendant Express Scripts, Inc. ("Express Scripts"), by its undersigned counsel, moves for

13   a Protective Order pursuant to Pa. R. Civ. P. 4012(a)(2) requiring the depositions of current Express

14   Scripts' employees, Rob Osborne and Paul Grew, take place in or near the cities where they reside

15   or work—in Orlando, Florida and near Buffalo, New York, respectively.  In support, Express Scripts

16   states:

17   **I.       FACTUAL AND PROCEDURAL BACKGROUND**

18          On June 26, 2019, Plaintiff unilaterally noticed the deposition of Rob Osborne for July 24,

19   2019 in Philadelphia without asking or conferring with Express Scripts about his availability.  On

20   July 17, 2019, Express Scripts informed Plaintiff that Mr. Osborne was not available for deposition

21   on the noticed date.  On July 18, 2019, Express Scripts offered to make Mr. Osborne available for

22   deposition at a mutually-agreeable date, time, and location.

23          On August 7, 2019, Plaintiff wrote Express Scripts regarding Mr. Osborne's deposition.  In

24   response, Express Scripts proposed several dates for Mr. Osborne's deposition, including October

25   23, 2019.  The parties did not discuss a location for the deposition.  Over a month later, on September

26   17, 2019, without having further conferred with Express Scripts, Plaintiff unilaterally served an

27   amended notice of deposition for Mr. Osborne for October 23, 2019 in Philadelphia.  The same day,

28

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1  Plaintiff noticed for the first time the deposition of Paul Grew for October 24, 2019 in Philadelphia.
2  The parties had not previously discussed any deposition of Mr. Grew.

3  Mr. Osborne resides in Orlando, Florida, where he works remotely as Vice President for
4  Pharma and Biotech Trade Relations for Express Scripts.  Mr. Grew resides near Buffalo, New
5  York, where he works remotely as a Senior Director for Express Scripts.  Both witnesses have
6  significant supervisory responsibilities at Express Scripts that go beyond the matters at issue in this
7  case.

8  On September 26, 2019, Express Scripts responded to Plaintiff's notices, confirming that
9  both witnesses would be available for deposition on the dates noticed, but that neither were located
10  in or would be available in Philadelphia on those dates.  On September 30, 2019, the parties met and
11  conferred regarding Plaintiff's notices, but Plaintiff refused to change the location of the depositions
12  from Philadelphia.

13  **II.      LEGAL STANDARD**

14  The time and place of a deposition are not matters over which the noticing party has
15  exclusive control.  "[A] party . . . from whom deposition is sought" may move for a protective order
16  to protect itself "from unreasonable annoyance, embarrassment, oppression, burden or expense."
17  Pa. R. Civ. P. 4012.  For good cause, the court may make an order limiting the deposition to
18  "specified terms and conditions, including a designation of the time and place."  *Id.*  Protective
19  orders are appropriate in order to prevent a noticing party from forcing witnesses to travel from
20  other states and subjecting them to "unreasonable annoyance, burden, and expense."  *J.A. Reinhardt*
21  *& Co. Inc. v. Stettz*, 35 Pa. D. & C. 4th 558, 566 (Pa. Com. Pl. Dec. 13, 1996).

22  **III.      ARGUMENT**

23  The Court should enter a Protective Order requiring the depositions of Mr. Osborne and Mr.
24  Grew take place in or near the cities where they reside or work—Orlando, Florida and Buffalo, New
25  York, respectively—to avoid unreasonable annoyance, burden, and expense.

26  Mr. Osborne has significant and wide-ranging responsibilities in his role as Vice President
27  of Pharma and Biotech Trade Relations at Express Scripts.  Forcing Mr. Osborne to travel nearly
28  1,000 miles from Orlando to testify in Philadelphia on October 23 would require flights and

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   overnight stays that take him away from his normal business responsibilities for two or more days.

2   This represents an unreasonable annoyance, burden, and expense for Mr. Osborne.

3         Likewise, Mr. Grew's responsibilities as a Senior Director at Express Scripts and his location

4   near Buffalo make it unreasonably annoying, burdensome, and expensive to require him to travel

5   hundreds of miles and miss two or more days of work to testify in Philadelphia on October 24.

6         The burden that conducting these depositions in Philadelphia would impose is particularly

7   unreasonable in light of the broader Acthar-related litigation in which this case is situated.  This is

8   not a typical case involving parties who are located in Pennsylvania, or even involving an out-of-

9   state witness. Plaintiff's counsel has filed related litigation with overlapping claims against the same

10  parties in federal and state courts inside and outside of Pennsylvania, including in Illinois, Maryland,

11  and Tennessee.  Plaintiff's counsel has appeared for hearings, filed motions, and conducted

12  discovery in these out-of-state jurisdictions, and the parties have agreed to the use and coordination

13  of discovery and depositions across cases. *City of Rockford v. Mallinckrodt ARD, Inc.*, Civ. No. 17-

14  cv-50107 (N.D. Ill.), Mar. 15, 2019 Joint Proposed Discovery Plan at 4-5, ECF No. 199 ("To the

15  extent feasible, the parties will endeavor to ensure that witnesses deposed in the above-captioned

16  matters will not be deposed a second time in a Related Matter, or vice versa."); *id.* at Sept. 20, 2019

17  Status Hr'g Tr. at 6, ECF No. 273 (Plaintiff's counsel stating that "we certainly want to coordinate

18  the effort in Philadelphia with this court").  Express Scripts informed Plaintiff that, per the parties'

19  agreement, it would make Mr. Osborne and Mr. Grew available for deposition only once, across all

20  cases.

21        Discovery in this case will likely be used in jurisdictions and cases located throughout the

22  United States in forums that Plaintiff's counsel has purposely availed itself of in order to bring this

23  case and others.  This is not mere speculation.  Plaintiff's counsel already has used documents

24  produced in response to orders from this Court in order to file cases in other jurisdictions, and cited

25  to a deposition in this case as support for discovery requests in the *City of Rockford* matter.  Thus,

26  this is not just a deposition that will be taken and used in a Pennsylvania state court case exclusively,

27  but rather discovery that will likely be used in litigating across multiple jurisdictions.  Given

28  Plaintiff's counsel's choice to file related litigation in multiple other jurisdictions and to try to use

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

discovery in this case in those other jurisdictions, it is not unreasonable to ask that Plaintiff's counsel take depositions outside of Pennsylvania.  It is far more reasonable—not to mention less of a burden—for Plaintiff's counsel to take the depositions of Mr. Osborne and Mr. Grew where they reside or work, rather than for Mr. Osborne and Mr. Grew to travel to Philadelphia and miss several days of work.  The expense to Plaintiff is also minimal, as Plaintiff's counsel likely seeks to recover tens of millions of dollars in damages (if not more) across the cases filed in this and other jurisdictions.

In sum, the annoyance, burden, and expense of forcing Mr. Osborne and Mr. Grew to be deposed in Philadelphia far outweighs any potential harm in requiring Plaintiff to take the depositions of Mr. Osborne and Mr. Grew in or near the cities where they reside or work.  Courts have found similar burdens to be unreasonable and warranting a protective order, such as when a party sought to force a Toronto-based witness to be deposed in Pittsburgh.  *Davis v. Pennzoil Co.*, 38 Pa. D. & C. 2d 289, 294 (Pa. Com. Pl. 1965).  Express Scripts therefore respectfully requests that the Court enter a Protective Order requiring Plaintiff to depose Mr. Osborne and Mr. Grew in or near Orlando and Buffalo, respectively, at a date and time mutually agreed to by the parties.

In the alternative, if Mr. Osborne and Mr. Grew are required to travel to Philadelphia for their depositions, the Court should require Plaintiff to pay for the expenses they incur.  *See Econ Mktg. Inc. v. Side II Assocs. Ltd.*, 17 Pa. D. & C. 4th 341, 346–47 (Pa. Com. Pl. 1992), *aff'd sub nom. Econ v. Side II Assoc.*, 432 Pa. Super. 695, 635 A.2d 210 (1993) (requiring noticing party to pay for travel expenses of party employee who lived in Minnesota).

## IV.   <u>CONCLUSION</u>

WHEREFORE, Express Scripts respectfully requests that the Court set the places of deposition for Mr. Osborne and Mr. Grew in accordance with the attached proposed Protective Order.

Case# 2018-14059-167 Docketed at Montgomery County Prothonotary on 10/03/2019 9:53 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1  DATED: October 3, 2019                          Respectfully submitted,

2                                                  /s/ Joseph P. Walsh

3                                                  Joseph P. Walsh, Esq.
                                                   I.D. No. 64352
4                                                  **WALSH PANCIO, LLC**
                                                   2028 North Broad Street
5                                                  Lansdale, PA 19446-1004
                                                   Tel: (215) 368-8660
6                                                  Fax: (215) 368-7990
7                                                  joe@walshpancio.com

8                                                  Michael J. Lyle, Esq. *(pro hac vice)*
                                                   Eric C. Lyttle, Esq. *(pro hac vice)*
9                                                  Ethan C. Glass, Esq. *(pro hac vice)*
                                                   Meghan A. McCaffrey, Esq. *(pro hac vice)*
10                                                 Michael D. Bonanno, Esq. *(pro hac vice)*
11                                                 **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
                                                   1300 I Street, NW
12                                                 Washington, DC 20005
                                                   Tel: (202) 538-8000
13                                                 Fax: (202) 538-8100
14                                                 mikelyle@quinnemanuel.com
                                                   ericlyttle@quinnemanuel.com
15                                                 ethanglass@quinnemanuel.com
                                                   meghanmccaffrey@quinnemanuel.com
16                                                 mikebonanno@quinnemanuel.com

17                                                 ***Counsel for Defendant Express Scripts, Inc.***

18

19

20

21

22

23

24

25

26

27

28