Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| International Union of Operating Engineers | : |
| Local 542 | : |
| | : |
| v. | :   NO.   2018-14059 |
| | : |
| Mallinckrodt Ard, Inc. f/k/a Questcor | : |
| Pharmaceuticals, Inc.; Mallinckrodt PLC; Express | : |
| Scripts Holding Company; Express Scripts, Inc.; | : |
| CuraScript, Inc.; CuraScript SD; Accredo Health | : |
| Group, Inc. and United BioSource Corporation n/k/a: | |
| United BioSource LLC, a wholly owned subsidiary | : |
| of United BioSource Holdings, Inc. | : |

## <u>ORDER</u>

**AND NOW**, this            day of                            , 2019, upon consideration of

Plaintiff's Motion to Compel Depositions, and any Responses thereto, it is hereby ORDERED and

DECREED that:

1.      Plaintiff's Motion to Compel, ECF No. 169, is **DENIED.**

2.      Express Scripts' Motion for a Protective Order, ECF No. 167, setting the places of

deposition for Mr. Osborne and Mr. Grew, in accordance with the Proposed Order attached to

Express Scripts' Motion for Protective Order, is **GRANTED**.

**BY THE COURT:**

_____

                                                                                    J.

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1

**IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

2

International Union of Operating Engineers
Local 542,

3

   v.

4

5

Mallinckrodt ARD, Inc. f/k/a Questcor
Pharmaceuticals, Inc.; Mallinckrodt PLC;
Express Scripts Holding Company; Express

6

Scripts, Inc.; CuraScript, Inc.; CuraScript SD;
Accredo Health Group, Inc. and United

7

BioSource Corporation n/k/a United
BioSource LLC, a wholly owned subsidiary of

8

United BioSource Holdings, Inc.

NO. 2018-14059

9

10

**DEFENDANT EXPRESS SCRIPTS' RESPONSE TO**

11

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

12

  Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc.,

13

CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation (collectively,

14

"Express Scripts"), by its undersigned counsel, hereby respond to Plaintiff International Union of

15

Operating Engineers Local 542's Motion to Compel Discovery, ECF No. 169, as follows:

16

  1.  Admitted.

17

  2.  Express Scripts has no knowledge regarding this statement, which is not supported

18

by any citation.  Therefore, it is denied.

19

  3.  Express Scripts admits that counsel for Express Scripts informed Plaintiff's counsel

20

that Mr. Osborne was not available for the noticed deposition on July 17, 2019.

21

  4.  Express Scripts admits that, in response to Express Scripts' email regarding Mr.

22

Osborne's availability, Plaintiff's counsel stated:  "Evan, he is [available].  We know he is

23

in Philadelphia next week.  That you waited until now to say he is not is likely sanctionable.

24

If you don't agree to produce him as noticed, we will file an emergency Motion with the

25

Court."  Express Scripts further responds that it later informed Plaintiff's Counsel:

26

  You unilaterally noticed Mr. Osborne for deposition on July 24, 2019.  You
did so without asking about or conferring with Express Scripts regarding Mr.

27

Osborne's availability.  Had you done so, Express Scripts would have
confirmed that Mr. Osborne was not available for deposition in Philadelphia

28

on July 24.  As you are aware, Mr. Osborne resides in Orlando, Florida, not

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Philadelphia, Pennsylvania.  He happened to be in Philadelphia July 22 for what even you concede was an entirely "unrelated" professional obligation—namely, the World Congress' 6th Annual Patient Support Services and HUB Design Summit.  Mr. Osborne spoke at the first panel, on the first day of the conference.  It lasted one hour.  After that panel concluded, Mr. Osborne headed to the airport, where he boarded a flight to San Francisco for work meetings from Tuesday, July 22 through Thursday, July 24.  Mr. Osborne was not, therefore, available for deposition on the date you noticed and counsel for Express Scripts properly notified you of the same.  That said, we are willing to meet and confer with you to find a mutually agreeable date and location for Mr. Osborne's deposition, consistent with our proposal discussed in greater detail below."

Pl. Ex. F.  Express Scripts otherwise denies this paragraph.

5.    Express Scripts admits that local counsel, Mr. Joseph Walsh, responded as reflected in Exhibit D.   Express Scripts otherwise denies Plaintiff's characterization of the correspondence.

6.    Denied.  Mr. Osborne was not scheduled to be in Philadelphia on July 24th, the date Plaintiff noticed his deposition.  Rather, he was in Philadelphia on July 22 for a professional obligation at the World Congress' 6th Annual Patient Support Services and HUB Design Summit, where Mr. Osborne spoke on the first panel.  As Express Scripts informed Plaintiff's Counsel, Mr. Osborne left the conference after his appearance on the panel, in order to make a flight to San Francisco, CA where he had meetings scheduled on July 23rd and July 24th.  *See* Pl. Ex. F.  Plaintiff's counsel never conferred with Express Scripts about Mr. Osborne's availability before serving its notice.  Had he done so, Express Scripts would have informed him that Mr. Osborne was not available on the July 24th.

7.    Express Scripts admits that a deposition of a witness from United BioSource took place at the Montgomery County Courthouse on June 13, 2019.  Express Scripts otherwise denies this paragraph.

8.    Denied.  Express Scripts did not "refuse to appear."  Rather, Plaintiff's counsel agreed on July 18th that Mr. Osborne's July 24th deposition would be rescheduled, obviating any need for Express Scripts to seek a protective order or otherwise appear for the noticed deposition.  *See* Pl. Ex. D at 1 (asking Express Scripts to provide alternative dates for Mr. Osborne's deposition).

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9.     Denied.  Plaintiff's counsel agreed on July 18th that Mr. Osborne's July 24th deposition would be rescheduled, obviating any need for Mr. Osborne to appear for deposition or for Express Scripts to seek a protective order.  *See* Pl. Ex. D at 1 (asking Express Scripts to provide alternative dates for Mr. Osborne's deposition).

10.     Admitted.  Express Scripts further states that Exhibit D reflects Plaintiff's counsel's agreement to reschedule Mr. Osborne's July 24th deposition for a later date.

11.     Denied.  As to the first sentence, Express Scripts expressly stated that the parties would have to "meet and confer to find a mutually agreeable date ***and location*** for Mr. Osborne's deposition," preserving its right to object to any location proposed through the meet and confer process.  Pl. Ex. D at 2 (emphasis added).  As to the second sentence, Plaintiff's counsel agreed on July 18th that Mr. Osborne's July 24th deposition would be rescheduled, obviating any need for Express Scripts to seek a protective order at that time.  *See* Pl. Ex. D at 1 (asking Express Scripts to provide alternative dates for Mr. Osborne's deposition).  Express Scripts did not, therefore, waive any objection to Mr. Osborne's deposition.

12.     Admitted.

13.     Admitted.

14.     Express Scripts admits that it has not contested the relevancy of Mr. Osborne's deposition, and that it has listed Mr. Osborne as a relevant witness in its discovery responses in this case.  Express Scripts otherwise denies this paragraph.

15.     Denied.  Express Scripts provided Plaintiff's counsel with several dates for Mr. Osborne's deposition, including October 9, 10, 16, 17, 23, 24 and 30.  *See* Pl. Ex. H.

16.     Express Scripts admits that on August 7, 2019, Plaintiff wrote to Express Scripts seeking dates for Mr. Osborne's deposition.  In all other respects, this paragraph is denied.

17.     Express Scripts admits that on August 9, 2019, it sent Plaintiff's counsel a letter that stated, in relevant part:

> At the outset, we will set the record straight regarding Mr. Osborne's deposition.  You unilaterally noticed Mr. Osborne for deposition on July 24, 2019.  You did so without asking about or conferring with Express Scripts

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

regarding Mr. Osborne's availability. Had you done so, Express Scripts would have confirmed that Mr. Osborne was not available for deposition in Philadelphia on July 24. As you are aware, Mr. Osborne resides in Orlando, Florida, not Philadelphia, Pennsylvania. He happened to be in Philadelphia July 22 for what even you concede was an entirely "unrelated" professional obligation—namely, the World Congress' 6th Annual Patient Support Services and HUB Design Summit. Mr. Osborne spoke at the first panel, on the first day of the conference. It lasted one hour. After that panel concluded, Mr. Osborne headed to the airport, where he boarded a flight to San Francisco for work meetings from Tuesday, July 22 through Thursday, July 24. Mr. Osborne was not, therefore, available for deposition on the date you noticed and counsel for Express Scripts properly notified you of the same. That said, we are willing to meet and confer with you to find a mutually agreeable date and location for Mr. Osborne's deposition, consistent with our proposal discussed in greater detail below.

Pl. Ex. F. Express Scripts otherwise denies this paragraph.

18.     Denied. Express Scripts contacted Plaintiff's counsel on July 17 and July 18, and sought to "meet and confer to find a mutually agreeable date and location for Mr. Osborne's deposition." Pl. Ex. D at 2. As Express Scripts explained to Plaintiff's counsel, Mr. Osborne was not able to schedule a deposition around his July 22nd trip to Philadelphia because he had meetings scheduled in San Francisco on the evening of July 22nd, as well as on July 23rd and July 24th. *See* Pl. Ex. F. Express Scripts further responds that it was Plaintiff's counsel who failed to coordinate Mr. Osborne's deposition, not counsel for Express Scripts.

19.     Express Scripts admits it did not seek a protective order regarding Mr. Osborne's deposition, because no such order was necessary, due to Plaintiff's counsel's agreement on July 18th to reschedule Mr. Osborne's deposition.

20.     Admitted.

21.     Express Scripts admits that it agreed during a meet and confer to provide dates for Mr. Osborne's deposition. Plaintiff's counsel did not raise, and the parties did not discuss, the location of the deposition.

22.     Express Scripts admits it sent Plaintiff's Exhibit H to Plaintiff's counsel on August 21, 2019. Express Scripts otherwise denies Plaintiff's characterization of the correspondence reflected in paragraph 22.

23.     Express Scripts admits that, following a meet and confer in which it agreed to provide dates for Mr. Osborne's deposition, on August 21, 2019, it provided several dates in October

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

for the deposition, as reflected in Plaintiff's Exhibit H. The parties had not discussed a location for the deposition and Express Scripts never agreed to waive or otherwise withdraw its objection to the location of the deposition. Express Scripts otherwise denies Plaintiff's characterization of the correspondence and facts reflected in paragraph 23.

24.     Express Scripts admits that, in response to its August 21, 2019 email, Plaintiff's counsel stated: "the below does not resolve anything, but a **date** for Mr. Osborne's deposition." (emphasis added). In all other respects this paragraph is denied. As Plaintiff's counsel's email confirms, the only issue that had been "resolved" was "a **date** for Mr. Osborne's deposition." No agreement had been reached as to the location of the deposition, and there is nothing in any communication to suggest that such an agreement was reached.

25.     Admitted. Express Scripts further responds that Plaintiff failed to meet and confer or otherwise coordinate with Express Scripts regarding Mr. Grew's deposition prior to serving the deposition notice reflected at Plaintiff's Exhibit J.

26.     Admitted.

27.     Express Scripts admits that the quoted language is accurate. In all other respects, this paragraph is denied. Express Script's email was not "false." On September 17, 2019, Plaintiff noticed for the first time the deposition of Paul Grew for October 24, 2019 in Philadelphia. The parties had not previously discussed any deposition of Mr. Grew, and had not met and conferred regarding the date, location or time for his deposition. That same day, Plaintiff's counsel re-noticed the deposition of Mr. Osborne in Philadelphia. The parties had not met and conferred regarding the location for Mr. Osborne's deposition. Express Scripts further denies Plaintiff's claim that this was the "first time" that Express Scripts' refused to produce witnesses for deposition in Philadelphia. As reflected in Plaintiff's Exhibit D at 2, Express Scripts had notified Plaintiff's months prior, on July 18, 2019, that it objected to the location of Plaintiff's noticed depositions.

28.     Admitted.

29.     Express Scripts admits that the parties met and conferred on September 30, 2019, and that Express Scripts attorney Joe Walsh was unavailable for the meet and confer.

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Express Scripts denies the implication that Mr. Walsh's absence in any way hampered the meet and confer. Express Scripts further responds that Mr. Walsh's commitment to work "amicably" with Plaintiff's counsel regarding depositions was a commitment on behalf of all counsel for Express Scripts and, as evidenced by the voluminous correspondence attached by Plaintiff, Express Scripts has been trying (and continues to try) to work amicably with Plaintiff's counsel to resolve this issue. The same cannot be said for Plaintiff's counsel.

30.    Express Scripts admits that Quinn Emanuel serves as counsel for Express Scripts. Express Scripts further admits that, during the September 30, 2019 meet and confer, Express Scripts' counsel told Plaintiff's counsel that Mr. Osborne would be available for deposition on October 23, 2019 in Florida, and that Mr. Grew would be available for deposition on October 24, 2019 in Buffalo. Express Scripts otherwise denies Plaintiff's characterization of the facts as reflected in paragraph 30.

31.    Express Scripts admits that, during the September 30, 2019 meet and confer, Plaintiff's counsel took the position that he would not accept a deposition location more than 100 miles from the Montgomery County Courthouse. Express Scripts denies that it "never timely objected" to the location of Mr. Osborne's or Mr. Grew's deposition. Express Scripts further responds that at no time during the parties' meet and confer (or any time prior to this filing) did Plaintiff's counsel claim that Express Scripts had "never timely objected" to the location of either Mr. Osborne or Mr. Grew's deposition. As to Mr. Osborne, Express Scripts expressly stated in its communications with counsel back in July that the parties would have to "meet and confer to find a mutually agreeable date *and location* for Mr. Osborne's deposition," preserving its right to object to any location proposed through the meet and confer process. Pl. Ex. D at 2 (emphasis added). As to Mr. Grew, less than 10 days after receiving the deposition notice, Express Scripts sent Plaintiff's counsel an email that specifically objected to Philadelphia as the location for the deposition. Pl. Ex. K.

32.    Express Scripts admits that during the September 30, 2019 meet and confer, Plaintiff's counsel asked Express Scripts' counsel when Mr. Grew would next be in

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Philadelphia.  Express Scripts responded that it would have to confer with Mr. Grew before providing a response.

33.     Express Scripts admits that during the September 30, 2019 meet and confer, Plaintiff's counsel asked Express Scripts' counsel when Mr. Grew would next be in Philadelphia.  Express Scripts responded that it would have to confer with Mr. Grew before providing a response.  Express Scripts otherwise denies paragraph 33.

34.     Express Scripts admits that Plaintiff's counsel asked whether or not Express Scripts would agree to pay Plaintiff's counsel's expenses and attorneys' fees for taking the depositions in alternative locations.

35.     Express Scripts admits that, during the September 30, 2019 meet and confer, Express Script's counsel told Plaintiff's counsel they would discuss Plaintiff's counsel's request for expenses and attorney's fees with the client.

36.     Admitted.

37.     Admitted.

38.     Express Scripts has no knowledge regarding this statement, which is neither supported by any citation nor previously disclosed by Plaintiff.  Therefore, it is denied. Express Scripts further responds that Plaintiff's counsel's effort to speak with, or have his client speak with, Mr. Grew regarding *any* aspect of the pending Acthar litigation is improper and a violation of 204 Pa. Code Rule 4.2.  Mr. Grew is an employee of Express Scripts and represented by counsel (Quinn Emanuel) in this matter and all related Acthar litigations.  All communications regarding those cases, including any effort by Plaintiff to schedule a deposition of Mr. Grew or any other employee of Express Scripts, must go through counsel and counsel alone.  Express Scripts reserves all right to seek appropriate relief, including sanctions, for Plaintiff's counsel's conduct.

39.     Admitted.

40.     Admitted.

41.     Denied.  No agreement was ever reached regarding the location of Mr. Osborne's deposition.  Plaintiff has not identified any document suggesting that such an agreement was

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reached.  To the contrary, Plaintiff's counsel's last communication on the subject was that "the below does not resolve anything, **but a date** for Mr. Osborne's deposition."  Pl. Ex. I (emphasis added).  Express Scripts further responds that Plaintiff's counsel has filed related litigation with overlapping claims against the same parties in federal and state courts inside and outside of Pennsylvania, including in Illinois, Maryland, and Tennessee.  Plaintiff's counsel has appeared for hearings, filed motions, and conducted discovery in these out-of-state jurisdictions, and the parties have agreed to the use and coordination of discovery and depositions across cases.  *City of Rockford v. Mallinckrodt ARD, Inc.*, Civ. No. 17-cv-50107 (N.D. Ill.), Mar. 15, 2019 Joint Proposed Discovery Plan at 4-5, ECF No. 199 ("To the extent feasible, the parties will endeavor to ensure that witnesses deposed in the above-captioned matters will not be deposed a second time in a Related Matter, or vice versa."); *id.* at Sept. 20, 2019 Status Hr'g Tr. at 6, ECF No. 273 (Plaintiff's counsel stating that "we certainly want to coordinate the effort in Philadelphia with this court").  In fact, discovery in this case already has—and likely will continue to be—used in cases throughout the United States in forums that Plaintiff's counsel has purposefully availed itself of in order to bring this case and others.  *See* ECF No. 167 at 3.  Given Plaintiff's counsel's choice to file related litigation in multiple other jurisdictions, it is not unreasonable to ask that Plaintiff's counsel take depositions outside of Pennsylvania.

42.     Denied.  Express Scripts further responds that, far from "delay, avoid and obstruct" discovery in this case, Express Scripts has produced over 217,000 documents, the relevant contracts at issue, and has offered time and time again to work with Plaintiff's counsel to reach an amicable resolution on this and other discovery disputes.  If there is a delay in discovery—which Express Scripts denies—it is a result of Plaintiff's actions alone.

43.     Admitted.  Express Scripts further responds that it has, in fact, complied with those discovery orders.

44.     Express Scripts admits that it replaced prior counsel, Drinker Biddle & Reath, LLP and Skadden Arps, with its current counsel, Quinn Emanuel.  Express Scripts otherwise denies Plaintiff's characterization of the facts contained in paragraph 44.

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

45.     Express Scripts admits that Plaintiff's Exhibit N is a copy of *In re Interest Rate Swaps Antitrust Litig.*, 2018 U.S.Dist. LEXIS 86732 (S.D.N.Y. May 23, 2018) at *81-95.  Express Scripts otherwise denies Plaintiff's characterization of the decision.

46.     Express Scripts admits that Plaintiff's Exhibit N is a copy of *In re Interest Rate Swaps Antitrust Litig.*, 2018 U.S.Dist. LEXIS 86732 (S.D.N.Y. May 23, 2018) at *81-95.  Express Scripts otherwise denies Plaintiff's characterization of the decision.

47.     Express Scripts admits that Plaintiff's Exhibit N is a copy of *In re Interest Rate Swaps Antitrust Litig.*, 2018 U.S.Dist. LEXIS 86732 (S.D.N.Y. May 23, 2018) at *81-95.  Express Scripts otherwise denies Plaintiff's characterization of the decision.

48.     Denied.

WHEREFORE, Express Scripts respectfully requests that the Court deny Plaintiff's Motion to Compel, ECF No. 169, and grant Express Scripts' Motion for a Protective Order, ECF No. 167, setting the places of deposition for Mr. Osborne and Mr. Grew in accordance with the proposed Protective Order attached to Express Scripts' motion.

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

DATED: October 18, 2019                  Respectfully submitted,

*/s/ Joseph P. Walsh*
Joseph P. Walsh, Esq.
I.D. No. 64352
**WALSH PANCIO, LLC**
2028 North Broad Street
Lansdale, PA 19446-1004
Tel: (215) 368-8660
Fax: (215) 368-7990
joe@walshpancio.com

Michael J. Lyle, Esq. *(pro hac vice)*
Eric C. Lyttle, Esq. *(pro hac vice)*
Ethan C. Glass, Esq. *(pro hac vice)*
Meghan A. McCaffrey, Esq. *(pro hac vice)*
Michael D. Bonanno, Esq. *(pro hac vice)*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, NW
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikebonanno@quinnemanuel.com

***Counsel for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation***

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

International Union of Operating Engineers     :
Local 542     :
    :
   v.     :    NO.   2018-14059
    :
Mallinckrodt Ard, Inc. f/k/a Questcor     :
Pharmaceuticals, Inc.; Mallinckrodt PLC; Express     :
Scripts Holding Company; Express Scripts, Inc.;     :
CuraScript, Inc.; CuraScript SD; Accredo Health     :
Group, Inc. and United BioSource Corporation n/k/a: 
United BioSource LLC, a wholly owned subsidiary     :
of United BioSource Holdings, Inc.     :

<u>**CERTIFICATION OF SERVICE**</u>

    I, Joseph P. Walsh, Esquire, Co-Counsel for Defendants, *Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc, CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation n/k/a United BioSource, LLC,* do hereby certify that a true and correct copy of *Defendants' Response to Plaintiff's Motion to Compel Depositions, Proposed Order and Memorandum of Law,* were served upon the following counsel and unrepresented parties electronically by the E-Filing System or by facsimile or United States First Class Mail if counsel or the unrepresented party does not participate in E-Filing, on the date of the E-filing acceptance of the document.

    *Attorneys for Plaintiff:*
    Donald E. Haviland, Jr., Esquire
    William H. Platt, II, Esquire
    *Haviland Hughes*
    201 South Maple Way, Suite 110
    Ambler, PA 19002
    haviland@havilandhughes.com
    platt@havilandhughes.com

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

***Attorneys and Pro Hac Vice Attorneys for Mallinckrodt Defendants:***
Daniel T. Sherry, Esquire
Wendy J. Bracaglia, Esquire
*Marshall, Dennehey, Warner, Coleman & Goggin*
620 Freedom Business Center
Suite 300
King of Prussia, PA 19406
djsherry@mdwcg.com
wjbracaglia@mdwcg.com


Sonia K. Pfaffenroth, Esq.
Adam Pergament, Esq.
Laura Shores, Esq.
Ryan Z. Watts, Esq.
Matthew M. Wolf, Esq.
*Arnold & Porter LLP*
601 Massachusetts Avenue NW
Washington, DC 20001
sonia.pfaffenroth@arnoldporter.com
adam.pergament@arnoldporter.com
laura.shores@arnoldporter.com
ryan.watts@arnoldporter.com
matthew.wolf@arnoldporter.com

***Co-Attorneys for Defs. Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc, CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation n/k/a United BioSource, LLC:***

Eric Lyttle, Esq.
Ethan Glass, Esq.
Meghan McCaffrey, Esq.
Michael Lyle, Esq.
Michael Bonanno, Esq.
*Quinn Emanuel Urquhart & Sullivan LLP*
1300 I Street NW
Suite 900
Washington, DC 20005
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikelyle@quinnemanuel.com
mikebonanno@quinnemanuel.com

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WALSH PANCIO, LLC**

BY: _____
      Joseph P. Walsh, Esquire
      I.D. No. 64352
      *Co-Attorney for Defendants, Express Scripts Holding*
      *Company, Express Scripts, Inc., CuraScript, Inc,*
      *CuraScript SD, Accredo Health Group, Inc. and United*
      *BioSource Corporation n/k/a United BioSource, LLC*
      2028 North Broad Street
      Lansdale, PA  19446-1004
      (215) 368-8660; fax: (215) 368-7990
      joe@walshpancio.com

**10.18.19**

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1

**IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA**

2

International Union of Operating Engineers
Local 542,

3

      v.

4

5

Mallinckrodt ARD, Inc. f/k/a Questcor
Pharmaceuticals, Inc.; Mallinckrodt PLC;
Express Scripts Holding Company; Express
Scripts, Inc.; CuraScript, Inc.; CuraScript SD;
Accredo Health Group, Inc. and United
BioSource Corporation n/k/a United
BioSource LLC, a wholly owned subsidiary of
United BioSource Holdings, Inc.

6

7

8

NO. 2018-14059

9

10

11

**DEFENDANT EXPRESS SCRIPTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

12      Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc.,

13      CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation (collectively,

14      "Express Scripts"), by its undersigned counsel, respectfully submit this opposition to Plaintiff

15      International Union of Operating Engineers Local 542's Motion to Compel Discovery,

16      ECF No. 169, which seeks to compel the depositions of two Express Scripts employees, Rob

17      Osborne and Paul Grew.  There is only one issue on which the parties have failed to reach an

18      agreement with respect to these depositions, and that is the location.  Mr. Osborne lives and works

19      in Orlando, Florida, and Mr. Grew lives and works in Buffalo, New York.  Plaintiff has nonetheless

20      insisted on holding both depositions in Philadelphia.  As Express Scripts explains in its separate

21      Motion for a Protective Order, ECF No. 167, requiring Mr. Osborne and Mr. Grew to travel to

22      Philadelphia for their depositions would create unreasonable annoyance, burden and expense,

23      warranting the entry of a protective order.  Plaintiff's motion, which seeks to compel Mr. Osborne

24      and Mr. Grew to appear for deposition in Philadelphia, should be denied for the same reasons.

25      In its motion, Plaintiff mischaracterizes the record, arguing that Express Scripts waived any

26      objection to the location of Mr. Osborne's deposition by failing to file a protective order before July

27      24th, 2019, the date on the original deposition notice.  But Plaintiff's counsel *agreed to reschedule*

28      *the deposition*, obviating any need for Express Scripts to seek a protective order at that time.

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiff also claims, inexplicably, that Express Scripts agreed to hold the deposition in Philadelphia but later attempted to "undue [sic]" the agreement. Pl. Br. ¶¶ 41, 45. Not so. Express Scripts insisted that the parties "meet and confer to find a mutually agreeable date *and location* for Mr. Osborne's deposition," Pl. Ex. D at 2 (emphasis added), which Plaintiff's counsel never did. Instead, he re-noticed Mr. Osborne's deposition for Philadelphia without consulting with Express Scripts on the location.

Express Scripts has properly moved for a protective order, and has demonstrated "good cause" for the entry of such an order. That motion should be granted, and Plaintiff's Motion to Compel should be denied.

## I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On June 26, 2019, Plaintiff unilaterally noticed Mr. Osborne's deposition for July 24, 2019 in Philadelphia, without conferring with Express Scripts about his availability. *See* Pl. Ex. A. Mr. Osborne had prior commitments on the 24th.[1] On July 17, 2019, Express Scripts informed Plaintiff that Mr. Osborne was not available on the noticed date, and offered to work with Mr. Osborne to find alternative dates. *See* Pl. Ex. B.

Instead of agreeing to coordinate to find a mutually agreeable date, Plaintiff's counsel asserted that any attempt to reschedule the deposition was "likely sanctionable," and threatened to file an "emergency motion with the court." Pl. Ex. C. In response, Express Scripts reminded Plaintiff's counsel that he had "noticed Mr. Osborne's deposition for July 24th without asking about or conferring with Express Scripts," and reiterated that Express Scripts was willing to "meet and confer to find a mutually agreeable date *and location* for Mr. Osborne's deposition that works for all parties." Pl. Ex. D at 2 (emphasis added). Plaintiff's counsel responded on July 18th requesting that Express Scripts provide new dates for Mr. Osborne's deposition "in the near future." Pl. Ex. D at 1. Thus, the July 24th deposition was cancelled by agreement on July 18th. The suggestion in

---

[1] In its brief, Plaintiff claims that it "noticed Mr. Osborne's deposition for a date [July 24th] when it knew Mr. Osborne would be in Philadelphia, as a convenience to the witness . . . ." (Pl. Br. ¶6.) In fact, however, Mr. Osborne had meetings scheduled in San Francisco on July 24th, as Express Scripts explained in its communications with Plaintiff's counsel. (*See* Pl. Ex. F.)

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   Plaintiff's brief that Mr. Osborne simply failed to appear, and that Express Scripts failed to timely

2   file a protective order, is incorrect. *See* Pl. Br. ¶¶ 8-9, 11.

3         Between August 7, 2019 and August 21, 2019, the parties exchanged several additional

4   communications regarding Mr. Osborne's deposition. *See* Pl. Exs. E, F, H.   In those

5   communications, Express Scripts reiterated that "Mr. Osborne resides in Orlando, Florida, not

6   Philadelphia, Pennsylvania." Pl. Ex. F at 1. Express Scripts further stated that it would only make

7   Mr. Osborne available for deposition once. *Id.* at 2. Thus, Express Scripts explained, if Mr. Osborne

8   is deposed before a coordinated discovery plan is adopted for the numerous cases counsel has filed

9   across multiple jurisdictions, Express Scripts would not produce Mr. Osborne again in those other

10  cases. *Id.*   Subject to that restriction, Express Scripts proposed several dates for Mr. Osborne's

11  deposition, including October 9, 10, 16, ,17, 23, 24 and 30.   *See* Pl. Ex. H.   The parties did not

12  discuss a location for the deposition.

13        Over a month later, on September 17, 2019, without having further conferred with Express

14  Scripts, Plaintiff unilaterally served an amended notice of deposition for Mr. Osborne for October

15  23, 2019, again setting the location for the deposition as Philadelphia. Pl. Ex. J.   The same day,

16  Plaintiff noticed for the first time the deposition of Paul Grew for October 24, 2019, also in

17  Philadelphia. *Id.*   The parties had not previously discussed any deposition of Mr. Grew.

18        As Express Scripts has repeatedly informed Plaintiff's counsel, Mr. Osborne resides in

19  Orlando, Florida, where he works remotely as Vice President for Pharma and Biotech Trade

20  Relations for Express Scripts.[2] Mr. Grew resides near Buffalo, New York, where he works remotely

21  as a Senior Director for Express Scripts.   Both witnesses have significant supervisory

22  responsibilities at Express Scripts that go beyond the matters at issue in this case.

23        On September 26, 2019, Express Scripts responded to Plaintiff's notices, explaining that

24  neither witness is located in Philadelphia, and that requiring the witnesses to travel to Philadelphia

25  would subject them to unreasonable annoyance, burden and expense. Pl. Ex. K. On September 30,

26

27  _____

28        [2]   *See, e.g.*, Pl. Ex. F ("As you are aware, Mr. Osborne resides in Orlando, Florida, not
    Philadelphia, Pennsylvania.").

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2019, the parties met and conferred regarding Plaintiff's notices.  During the meet and confer, counsel for Express Scripts confirmed that the witnesses would be available on the noticed dates if the depositions were to take place near where they live and work, but Plaintiff refused to change the location of the depositions from Philadelphia.

On October 3, 2019, Express Scripts filed a motion for a protective order, seeking an order requiring Mr. Osborne's and Mr. Grew's depositions to be held in or around Orlando, Florida and Buffalo, New York, respectively.  ECF No. 167.  Shortly thereafter, Plaintiff filed its motion to compel, seeking an order requiring the depositions to be held in Philadelphia.  ECF No. 169.

## II.    LEGAL STANDARD

"The Court may, on motion, make an appropriate order," including an order to compel, if a witness fails to appear, or refuses to appear, for a deposition.  Pa. R. Civ. P. 4019(a)(1)(iv), (v).  However, such a failure or refusal to appear may be excused on the grounds that the notice is "objectionable" if the party opposing the notice "has applied for a protective order."  Pa. R. Civ. P. 4019(a)(2).  "A party . . . from whom deposition is sought" may move for a protective order to protect itself "from unreasonable annoyance, embarrassment, oppression, burden or expense."  Pa. R. Civ. P. 4012.  For good cause, the court may make an order limiting the deposition to "specified terms and conditions, including a designation of the time and place."  *Id.*  Protective orders are appropriate in order to prevent a noticing party from forcing witnesses to travel from other states and subjecting them to "unreasonable annoyance, burden, and expense."  *J.A. Reinhardt & Co. Inc. v. Stettz*, 35 Pa. D. & C. 4th 558, 566 (Pa. Com. Pl. Dec. 13, 1996).

## III.    ARGUMENT

### A.    Plaintiff's Proposed Deposition Location Would Subject Mr. Osborne and Mr. Grew To Unreasonable Annoyance, Burden And Expense

Plaintiff's motion to compel Mr. Osborne and Mr. Grew to appear for deposition in Philadelphia should be denied.  Instead, to avoid unreasonable annoyance, burden and expense, the Court should enter a protective order requiring the depositions to take place in or near the cities where the witnesses reside and work—Orlando, Florida and Buffalo, New York.

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

As outlined in Express Scripts' motion for a protective order, ECF No. 167, Mr. Osborne has significant and wide-ranging responsibilities in his role as Vice President of Pharma and Biotech Trade Relations at Express Scripts. Forcing Mr. Osborne to travel nearly 1,000 miles from Orlando to testify in Philadelphia on October 23 would require flights and overnight stays that take him away from his normal business responsibilities for two or more days. This represents an unreasonable annoyance, burden, and expense for Mr. Osborne. Likewise, Mr. Grew's responsibilities as a Senior Director at Express Scripts and his location near Buffalo make it unreasonably annoying, burdensome, and expensive to require him to travel hundreds of miles and miss two or more days of work to testify in Philadelphia on October 24th.

The burden that conducting these depositions in Philadelphia would impose is particularly unreasonable in light of the broader Acthar-related litigation in which this case is situated. This is not a typical case involving parties who are located in Pennsylvania, or even involving an out-of-state witness. Plaintiff's counsel has filed related litigation with overlapping claims against the same parties in federal and state courts inside and outside of Pennsylvania, including in Illinois, Maryland, and Tennessee. Plaintiff's counsel has appeared for hearings, filed motions, and conducted discovery in these out-of-state jurisdictions, and the parties have agreed to the use and coordination of discovery and depositions across cases. *City of Rockford v. Mallinckrodt ARD, Inc.*, Civ. No. 17-cv-50107 (N.D. Ill.), Mar. 15, 2019 Joint Proposed Discovery Plan at 4-5, ECF No. 199 ("To the extent feasible, the parties will endeavor to ensure that witnesses deposed in the above-captioned matters will not be deposed a second time in a Related Matter, or vice versa."); *id.* at Sept. 20, 2019 Status Hr'g Tr. at 6, ECF No. 273 (Plaintiff's counsel stating that "we certainly want to coordinate the effort in Philadelphia with this court"). In fact, discovery in this case already has—and likely will continue to be—used in cases throughout the United States in forums that Plaintiff's counsel has purposefully availed itself of in order to bring this case and others. *See* ECF No. 167 at 3. Given Plaintiff's counsel's choice to file related litigation in multiple other jurisdictions, it is not unreasonable to ask that Plaintiff's counsel take depositions outside of Pennsylvania. It is far more reasonable—not to mention less of a burden—for Plaintiff's counsel to take the depositions of Mr. Osborne and Mr. Grew where they reside or work, rather than for Mr. Osborne and Mr. Grew to

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   travel to Philadelphia and miss several days of work.  Courts have found similar burdens to be

2   unreasonable, warranting a protective order, such as when a party sought to force a Toronto-based

3   witness to be deposed in Pittsburgh.  *Davis v. Pennzoil Co.*, 38 Pa. D. & C. 2d 289, 294 (Pa. Com.

4   Pl. 1965).

5        **B.**     **Express Scripts Has Not Waived Its Objection To The Location Of Mr.**

6               **Osborne's Deposition**

7         In its motion, Plaintiff contends that Express Scripts waived any objection to the location of

8   Mr. Osborne's deposition by failing to appear at the deposition on July 24th, and by "failing to

9   timely file a Motion for a Protective order, as required by Rule 4012." Pl. Br. ¶¶ 8, 9, 11.  Plaintiff

10  is wrong.  On July 18, Plaintiff's counsel *agreed to reschedule the deposition*, obviating the need

11  for Mr. Osborne to appear on July 24th or for Express Scripts to move for a protective order.  *See*

12  Pl. Ex. D.

13        Plaintiff next contends that Express Scripts waived any objection to the location of Mr.

14  Osborne's deposition because, in its communications with counsel, it objected to the date but did

15  not object to the location.  Pl. Br. ¶ 11.  That is incorrect as well.  After receiving the notice setting

16  Mr. Osborne's deposition for July 24th in Philadelphia, Express Scripts insisted that the parties meet

17  and confer regarding an appropriate date *and location* for the deposition, explaining:

18  "Unfortunately [Mr. Osborne] is not available on the unilateral date you proposed.  We will,

19  however, meet and confer with you to find a mutually agreeable *date and location* for Mr. Osborne's

20  deposition that works for all parties." Pl. Ex. D at 2 (emphasis added).  Plaintiff's counsel never

21  conferred with Express Scripts on the location of the deposition.  Instead, he re-noticed the

22  deposition for Philadelphia without consulting Express Scripts.

23        Finally, Plaintiff claims that Express Scripts *agreed* to hold the deposition in Philadelphia.

24  Pl. Br. ¶ 41 (claiming that "prior agreement had been reached as to the date and location of the

25  Osborne deposition").  Specifically, Plaintiff notes that after Express Scripts provided Plaintiff's

26  counsel with a list of dates on which Mr. Osborne would be available for deposition, Plaintiff's

27  counsel responded that "'the below [email at Ex. 'G'] does not resolve anything, but a date for Mr.

28  Osborne's deposition.'" *Id.* ¶ 24 (quoting Pl. Ex. G) (alteration in original).  Plaintiff contends that

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

because Express Scripts "never took issue" with his representation that an "agreement had been reached as to the Osborne deposition," it implicitly agreed to hold the deposition in Philadelphia. *Id.* But Express Scripts never agreed to hold the deposition in Philadelphia, implicitly or otherwise. Plaintiff's counsel's email was clear that the only issue that had been "'resolved'" was "'a *date* for Mr. Osborne's deposition.'" *Id.* (quoting Pl. Ex. G). Nothing in any of the communications suggests there was an agreement on the *location* of the deposition.

## C.   Plaintiff's Remaining Arguments Are Without Merit

Plaintiff accuses Express Scripts of bad faith for failing to schedule Mr. Osborne's deposition around a trip Mr. Osborne took to Philadelphia in July, but this too is without factual basis. Specifically, Plaintiff claims it "noticed Mr. Osborne's deposition for a date [July 24th] when it knew Mr. Osborne would be in Philadelphia, as a convenience to the witness . . . ." Pl. Br. ¶ 6. As a threshold matter, if the intent was to select a date that was "a convenience to the witness," Plaintiff's counsel would have been better served to reach out to Express Scripts to find a mutually agreeable date and location. Had Plaintiff's counsel done so, Express Scripts could have explained that Mr. Osborne had meetings scheduled in San Francisco for July 23rd and 24th, and was therefore unavailable to be deposed in Philadelphia on the 24th, all of which Express Scripts subsequently explained in its communications with Plaintiff's counsel after his unilateral notice of deposition.[3]

Having failed to identify any misconduct by Express Scripts, Plaintiff instead attacks Express Scripts' counsel, Quinn Emanuel, a global firm with more than 800 lawyers that handles thousands of cases in venues throughout the country. Pl. Br. ¶ 45. Specifically, Plaintiff quotes from a completely unrelated case in the Southern District of New York in which the court denied the plaintiff's motion to amend a complaint on the basis that the plaintiff, represented by Quinn

---

[3]   *See* Pl. Ex. F ("As you are aware, Mr. Osborne resides in Orlando, Florida, not Philadelphia, Pennsylvania. He happened to be in Philadelphia July 22 for what even you concede was an entirely 'unrelated' professional obligation—namely, the World Congress' 6th Annual Patient Support Services and HUB Design Summit. Mr. Osborne spoke at the first panel, on the first day of the conference. It lasted one hour. After that panel concluded, Mr. Osborne headed to the airport, where he boarded a flight to San Francisco for work meetings from Tuesday, July 22 through Thursday, July 24. Mr. Osborne was not, therefore, available for deposition on the date you noticed and counsel for Express Scripts properly notified you of the same.").

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   Emanuel, had unreasonably delayed in disclosing its intention to amend.  (*See* Pl. Br. ¶¶ 45-47

2   (citing *In re Interest Rate Swaps Antitrust Litig.*, 2018 U.S. Dist. LEXIS 86732 (S.D.N.Y. May 23,

3   2018)) (Pl. Ex. N).)  None of the lawyers involved in the S.D.N.Y. case has any involvement in this

4   case.[4]  Plaintiff's attack on other Quinn Emanuel attorneys is utterly irrelevant and inflammatory,

5   and in no way supports Plaintiff's request to force depositions in Philadelphia.

6                                                    * * *

7           In sum, the annoyance, burden, and expense of forcing Mr. Osborne and Mr. Grew to be

8   deposed in Philadelphia far outweigh any potential harm in requiring Plaintiff to take the depositions

9   of Mr. Osborne and Mr. Grew in or near the cities where they reside or work.  Express Scripts

10  therefore respectfully requests that the Court deny Plaintiff's motion.  Instead, for the related reasons

11  set forth in Express Scripts' prior motion, ECF No. 167, the Court should enter a Protective Order

12  requiring Plaintiff to depose Mr. Osborne and Mr. Grew in or near Orlando and Buffalo,

13  respectively, at a date and time mutually agreed to by the parties.  In the alternative, if Mr. Osborne

14  and Mr. Grew are required to travel to Philadelphia for their depositions, the Court should require

15  Plaintiff to pay for the expenses they incur.  *See Econ Mktg. Inc. v. Side II Assocs. Ltd.*, 17 Pa. D. &

16  C. 4th 341, 346–47 (Pa. Com. Pl. 1992), *aff'd sub nom. Econ v. Side II Assoc.*, 432 Pa. Super. 695,

17  635 A.2d 210 (1993) (requiring noticing party to pay for travel expenses of party employee who

18  lived in Minnesota).

---

28  [4]   Counsel's non sequitur attack on defense counsel and their firm does not warrant the dignity of a response.

Case# 2018-14059-189 Docketed at Montgomery County Prothonotary on 10/18/2019 4:01 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IV.   **CONCLUSION**

WHEREFORE, Express Scripts respectfully requests that the Court deny Plaintiff's Motion to Compel, ECF No. 169, and grant Express Scripts' Motion for a Protective Order, ECF No. 167, setting the places of deposition for Mr. Osborne and Mr. Grew in accordance with the proposed Protective Order attached to Express Scripts' motion.

DATED: October 18, 2019                    Respectfully submitted,

*/s/ Joseph P. Walsh*

Joseph P. Walsh, Esq.
I.D. No. 64352
**WALSH PANCIO, LLC**
2028 North Broad Street
Lansdale, PA 19446-1004
Tel: (215) 368-8660
Fax: (215) 368-7990
joe@walshpancio.com

Michael J. Lyle, Esq. *(pro hac vice)*
Eric C. Lyttle, Esq. *(pro hac vice)*
Ethan C. Glass, Esq. *(pro hac vice)*
Meghan A. McCaffrey, Esq. *(pro hac vice)*
Michael D. Bonanno, Esq. *(pro hac vice)*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, NW
Washington, DC 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
mikelyle@quinnemanuel.com
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikebonanno@quinnemanuel.com

*Counsel for Defendants Express Scripts Holding Company, Express Scripts, Inc., CuraScript, Inc., CuraScript SD, Accredo Health Group, Inc. and United BioSource Corporation*