IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 <br><br> vs. <br><br> MALLINCKRODT ARD INC FKA QUESTCOR PHARMACEUTICALS INC | NO. 2018-14059 |

## COVER SHEET OF MOVING PARTY

Date of Filing  February 07  2020

Moving Party INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542

Counsel for Moving Party  DONALD E HAVILAND JR, Esq., ID: 66615; WILLIAM H PLATT II, Esq., ID: 83585

Document Filed (Specify)  MOTION

Matter is: X (Appealable)          _ (Interlocutory)

Discovery Needed: __ (Yes)          __ (No)

If applicable, Civil Case Management Order Discovery Deadline: _____

---

**CERTIFICATIONS -** Check **ONLY** if appropriate:
_ Counsel certify that they have conferred in a good faith effort to resolve the subject
    discovery dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_ Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all
    parties involved in the case.  (If checked, skip Rule to Show Cause section below.)

By: _____
    Counsel for Moving Party

---

**RULE TO SHOW CAUSE -** Check **ONE** of the Choices Listed Below:

_____ Respondent is directed to show cause why the moving party is not entitled to the relief
requested by filing an **answer** in the form of a **written response** at the **Office of the  Prothonotary** on or
before the                 day of                           20___.

_____ Respondent is directed to show cause, in the form of a **written response**, why the
attached Family Court Discovery Motion is not entitled to the relief requested.  Rule    Returnable and
Argument the            day of                         , 20___
at **1:00 p.m.**  at **321 Swede Street, Norristown, PA**.

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania
Rules of Civil Procedure.

_____ Rule Returnable at time of trial.

By: _____

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Court Administrator

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Revised 06.19

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

International Union of Operating
Engineers Local 542     :
      VS.     :  NO. 2018-14059
             :
             :
Mallinckrodt ARD, Inc., et al.   :

## COVER SHEET OF MOVING PARTY

Date of Filing  February 3, 2020   Moving Party  Intern'l Union Of Op. Engineers, Local 542

Counsel for Moving Party  Donald E. Haviland, Jr.   I.D. No. 66615

Document Filed (Specify)  Motion for Reconsideration or the Court's Order Staying the Action

Matter is:  __X__ (Appealable)  _____ (Interlocutory)

Oral Argument:  __X__ (Yes)  _____ (No)   Discovery Needed:  _____ (Yes)  __X__ (No)

-----------------------------------------------------------------------------------------------

**CERTIFICATIONS** - Check **ONLY** if appropriate:

_____   Counsel certify that they have conferred in a good faith effort to resolve the subject
<u>discovery</u> dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_____   Counsel for moving party certifies that the subject **civil motion** is **uncontested** by all
parties involved in the case.  (If checked, skip Rule to Show Cause section below.)

     By: _____
         Counsel for Moving Party

-----------------------------------------------------------------------------------------------

**RULE TO SHOW CAUSE** - Check **ONE** of the Choices Listed Below:

_____   Respondent is directed to show cause why the moving party is not entitled to the relief
requested by filing an **answer** in the form of a **written response** at the **Office of the
Prothonotary** on or before the     day of       20___.

_____   Respondent is directed to show cause, in the form of a **written response**, why the
attached Family Court Discovery Motion is not entitled to the relief requested.  Rule
Returnable and Argument the     day of     , 20___
at **1:00 p.m.**  at **321 Swede Street, Norristown, Pa**.

_____   Respondent is directed to file a **written response** in conformity with the Pennsylvania
Rules of Civil Procedure.

_____   Rule Returnable at time of trial.

     By: _____
         Court Administrator

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS
## FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

## [*PROPOSED*] ORDER

AND, NOW, this _____ day of _____, 2020, upon consideration of the Plaintiff's Motion for Reconsideration of this Court's January 22, 2020 Order Staying this action and any response thereto, it is hereby ORDERED and DECREED that the Plaintiff's Motion is GRANTED and the Stay issued on January 22, 2020 is LIFTED.

BY THE COURT,

_____, J.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

<div align="center">

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

</div>

| | |
|---|---|
| **INTERNATIONAL UNION OF**<br>**OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

<div align="center">

**PLAINTIFF INTERNATIONAL UNION OF OPERATING**
**ENGINEERS LOCAL 542'S MOTION FOR RECONSIDERATION OF THIS COURT'S**
**JANUARY 22, 2020 ORDER STAYING THIS CASE**

</div>

Plaintiff, International Union of Operating Engineers Local 542 (***"Plaintiff"***), by and

through its undersigned counsel, hereby moves the Court to reconsider its Order of January 22,

2020 granting the Defendants Mallinckrodt ARD, Inc. and Mallinckrodt, plc's (***"Mallinckrodt"***)

Motion to Stay this Action.

Plaintiff respectfully requests that this Honorable Court reconsider its prior January 22,

2020 Order granting a stay of all proceedings in this case because: (1) the original Motion did

not contain the requisite Civil Cover Sheet, with a return date for the Plaintiff to file its

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

responsive pleading; (2) as a result, Plaintiff was not given an opportunity to oppose the Motion to Stay, since Judge Walker adjourned the January 16, 2020 hearing and the Clerk of Courts' office committed to argument on a later date; (3) Plaintiff's opposition is meritorious and establishes that a stay is not warranted as a matter of law; (4) Mallinckrodt's argument that Plaintiff's case here overlaps with another Plaintiff's case in the *City of Rockford v. Mallinckrodt, et al*. is factually and legally incorrect; and (5) Mallinckrodt waited for nearly two years to seek a stay, and only did so after this Court (and Discovery Master Braunfeld) began to press Defendants to comply with their discovery obligations. Accordingly, Mallinckrodt should be deemed to have waived such relief by not raising the issue early on.

In support of this Motion, Plaintiff avers as follows:

1.     On December 6, 2019, Mallinckrodt filed a Motion to Stay [all proceedings in this case](the ***"Motion"***).

2.     Plaintiff was served with the Motion prior to the filing of the Motion as indicated by Counsel as follows: "Enclosed please find a true and correct copy of Defendants, Mallinckrodt ARD, Inc. and Mallinckrodt PLC's Motion to Stay, ***the original of which is <u>being filed</u>*** of record on Friday, December 6, 2019". *A copy of the letter from D. Sherry, Esquire to Donald E. Haviland, Esquire is attached hereto as Exhibit "A"* (emphasis added).

3.     The Motion received by Plaintiff did not contain a civil cover sheet, or any indication that the Motion was filed with the Court (*i.e.*, no time stamp) prior to Plaintiff's receipt of the Motion. *Ex. A.*

4.     Plaintiff did receive confirmation from the Clerk of Courts that the Motion was e-filed, but that filing also did not include the requisite cover sheet.

5.     Plaintiff never received a Rule Returnable notice from Mallinckrodt or the Court.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

6.      On December 31, 2019, Plaintiff received an email from Daniel Sherry, Esquire, counsel for Mallinckrodt informing Plaintiff that argument on Mallinckrodt's Motion was scheduled for January 16, 2020 at 1:30p.m. in Courtroom 13. *A copy of the letter from D. Sherry to D. Haviland is attached hereto as Exhibit "B".*

7.      Pursuant to Montgomery County Local Rule 208.3(b)(3):

> *Response.* At or before the call of the list on the return day, the respondent shall file an answer to the motion, even if there are no contested issues of fact. The answer shall be faced with the respondent's cover sheet in the form set forth in Rule 205.2(b) and shall be accompanied by a proposed order.

8.      Plaintiff prepared its response to the Motion and intended to file said response "on the return day", or January 16, 2020.

9.      However, at 4:58p.m. on January 15, 2020, Plaintiff's counsel received an email from Ms. Tiana Pitt of the Montgomery County Clerk of Courts' office stating as follows:

> As you may be aware, J. Walker is new to the judicial bench in Montgomery County and has inherited the above captioned matter. While reviewing each of his cases J. Walker became aware of the parties in this case that contributed to his campaign. The International Union of Operating Engineers Local 542, made contributions to the campaign. Additionally, Joseph P. Walsh, Esq. made contributions to the campaign, as well as solicited signatures for petitions. J. Walker can be fair and impartial but wanted to bring this to the attention of all parties involved.  Please let us know should you have any questions or concerns. Thank you.

*A copy of the January 15, 2020 email from Ms. Pitt to Counsel for Plaintiff and Defendants is attached hereto as Exhibit "C".*

10.     Express Scripts, via Mr. Walsh, did not object to Judge Walker hearing this matter. *A copy of the January 15, 2020 email from J. Walsh to Ms. Pitt is attached hereto as Exhibit "D".*  However, Plaintiff, while never questioning Judge Walsh's impartiality or known professionalism,  responded to Ms. Pitt and informed her that:

3

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

We were unaware of Judge Walker's election to the bench, or the re-assignment of the Local 542 case to his new docket.

Given the late hour of this notice, and the issues you have raised, especially Mr. Walsh's soliciting of signatures, we will need to discuss this matter, both internally and with our client, before taking a position.

**I respectfully request that the Motion to Stay be adjourned to a future date to allow Plaintiff to consider your request, and properly respond.**

Thank you.

*A copy of the email from D.Haviland, Esquire to Ms. Tiana Pitt is attached hereto as Exhibit "E" (emphasis added).*

11.     Plaintiff counsel was specifically concerned that Mr. Walsh, attorney for Mallinckrodt, not only gave money to Judge Walker's campaign, but circulated petitions to get Judge Walker on the ballot in the primary election.  Having been confronted with this situation the day before a hearing, Plaintiff's counsel reasonably sought the input of its client.

12.     On January 16, 2020, Mallinckrodt wrote to Ms. Pitt and contended that, "I also think that all of the defendants want to get the case stayed and they do not want any delay.  I think Ps [*sic*] counsel is intentionally not saying yes or no and asked him for an adjournment so that he can further delay a ruling on this matter." Ms. Pitt responded: "Please be advised that J. Walker will give this matter a future date. The 1:30 p.m. hearing for today will be continued." *A copy of the email from J. Weiss to T. Pitt, including T. Pitt's response is attached hereto as Exhibit "F".*

13.     The same day, counsel for Plaintiff wrote to Judge Walker, advising that the Plaintiff's position was that "the case should not be transferred to Your Honor". *A copy of the January 16 2020 letter from D. Haviland to Judge Walker is attached hereto as Exhibit "G".*

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14.     Given that the Court indicated that argument was going to be reheard "at a future date", and Plaintiff responded to the Court's inquiry about the proposed transfer of the case, Plaintiff did not file its response to the Motion to Stay, but was prepared to do so.

15.     Instead of giving this "matter a future date", this Court issued an Order on January 22, 2020 granting Mallinckrodt's Motion with response from the Plaintiff or oral argument.

## ARGUMENT

16.     Under 42 Pa. Cons. Stat. §5505, this Court has **broad discretion** to modify or rescind an order, and this power may be exercised *sua sponte* or invoked pursuant to a party's motion for reconsideration. *Haines v. Jones*, 2003 PA Super 283, 830 A.2d 579, 584 (citing *Verholek v. Verholek*, 1999 PA Super 282, 741 A.2d 792, 798 (Pa. Super. 1999)).

17.     This Motion for Reconsideration should be granted, if not only for the reasons set forth above, then also for the reasons stated in Plaintiff's Opposition to the Motion to Stay (**"Plaintiff's Opposition"**). *A copy of Plaintiff's unfiled opposition to Mallinckrodt's Motion to Stay is attached hereto as Exhibit "H".*

18.     Plaintiff incorporates its opposition to the Motion to Stay, which it intended to file with the Clerk's office on the day of the scheduled argument.  However, since that argument was adjourned and continued until a later date, Plaintiff was not required to file its opposition until the new argument date.

19.     As established in Plaintiff's opposition brief, a stay is inappropriate as a matter of law, because Mallinckrodt failed to provide any case law in support of a stay here. *See Ex. H at p. 5.*

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

20.     ***First***, this case is not the same as the cases cited by Mallinckrodt as the basis for the stay, because they do not involve the same plaintiffs, legal claims and issues, or facts. *Ex. H, p. 6.*

21.     ***Second***, Plaintiff's rights are not being fully litigated in any other case, particularly the Acthar matter being litigated in Illinois Federal District Court. *Id.*

22.     ***Third***, a stay will prejudice Local 542's rights because it will deny the Plaintiff the discovery it seeks in support of its unique claims in this case, on the timetable established by this Court's Scheduling Order (which Mallinckrodt stipulated to).

23.     Given this Court's broad discretion in reversing prior orders—discretion it has exercised in the past in this case—and the fact that Plaintiff did not have an opportunity to present argument in opposition to the Motion to Stay filed by Mallinckrodt, this Motion for Reconsideration should be granted.

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached Order granting Plaintiff's Motion for Reconsideration and vacating the January 22, 2020 Order granting a stay in this action.

Respectfully submitted,

Dated:  February 3, 2020                     By:  *s/ Donald E. Haviland, Jr.*
                                             Donald E. Haviland, Jr.
                                             *haviland@havilandhughes.com*
                                             William H. Platt II
                                             *platt@havilandhughes.com*
                                             **HAVILAND HUGHES**
                                             201 South Maple Avenue, Suite 110
                                             Ambler, PA 19002
                                             Phone: (215) 609-4661
                                             Fax:    (215) 392-4400
                                             *Counsel for Plaintiff,*
                                             *International Union of Operating*
                                             *Engineers Local 542*

6

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
**HAVILAND HUGHES**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
    *International Union of Operating Engineers Local 542*

### IN THE COURT OF COMMON PLEAS
### FOR MONTGOMERY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>        Plaintiff,<br><br>        v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>        Defendants. | Civil Action No. 2018-14059 |

### <u>CERTIFICATE OF SERVICE</u>

I, Donald E. Haviland, Jr. hereby certify that on this 3rd day of February, 2020, a true and correct copy of Plaintiff's Motion to Reconsider the Court's stay was electronically filed causing service to be made through the Court's ECF system and by electronic mail as follows:

| | |
|---|---|
| Adam Pergament, Esq. | Eric C. Lyttle, Esq. |
| Laura Shores, Esq. | Ethan C. Glass, Esq. |
| Matthew M. Wolf, Esq. | Meghan A. McCaffrey, Esq. |
| Ryan Z. Watts, Esq. | Michael J. Lyle, Esq. |
| Sonia Kuester Pfaffenroth | Michael Bonanno, Esq. |
| **Arnold & Porter Kaye Scholer, LLP** | Brian H. Rowe, Esq. |
| 601 Massachusetts Ave., N.W. | Kirk Goza, Esq. |
| Washington, D.C. | ***Quinn Emanuel Urquhart & Sullivan, LLP*** |
| Ph: 202-942-5000 | 1300 I Street, NW |
| Adam.pergament@arnoldporter.com | Washington D.C.  20005 |

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Laura.shores@arnoldporter.com
Matthew.wolf@arnoldporter.com
Ryan.watts@arnoldporter.com
sonia.pfaffenroth@arnoldporter.com

Ph: 202-538-8162
ericlyttle@quinnemanuel.com
ethanglass@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
mikelyle@quinnemanuel.com
mikebonanno@quinnemanuel.com
brianrowe@quinnemanuel.com
kirkgoza@quinnemanuel.com

Joseph P. Walsh, Esquire
Walsh Pancio
2028 North Broad Street
Lansdale, PA 19446
joe@walshpancio.com

Daniel J. Sherry, Esquire
Wendy J. Bracaglia, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA 19406
djsherry@mdwcg.com
wjbracaglia@mdwcg.com

*s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr., Esq.

2

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW     WWW.MARSHALLDENNEHEY.COM

A   PROFESSIONAL   CORPORATION

| | |
|---|---|
| **PENNSYLVANIA** | **OHIO** |
| Allentown | Cincinnati |
| Doylestown | Cleveland |
| Erie | |
| Harrisburg | **FLORIDA** |
| King of Prussia | Ft. Lauderdale |
| Philadelphia | Jacksonville |
| Pittsburgh | Orlando |
| Scranton | Tampa |
| **NEW JERSEY** | **NEW YORK** |
| Mount Laurel | Long Island |
| Roseland | New York City |
| | Westchester |
| **DELAWARE** | |
| Wilmington | |

620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8260
Email:  djsherry@mdwcg.com

December 6, 2019

**SENT VIA EMAIL**

Donald E. Haviland, Jr., Esquire (Sent Via Email)
William H. Platt, II, Esquire
Christina M. Philipp, Esquire
Haviland Hughes
201 South Maple Way, Suite 110
Ambler, PA 19002

> RE:   **International Union of Operating Engineers Local 542 v.**
> **Mallinckrodt ARD, Inc., et al.**
> **Montgomery County Docket No.: 2018-14059**
> **Our File No.: 19010.00652**

Dear  Mr. Haviland:

Enclosed please find a true and correct copy of Defendants, Mallinckrodt ARD, Inc. and Mallinckrodt PLC's Motion to Stay, the original of which is being filed of record on Friday, December 6, 2019.

Thank you for your attention to this matter.

Very truly yours,

DANIEL J. SHERRY

DJS:meh
Enclosure
cc:   Joseph P. Walsh, Esquire          Adam Pergament, Esquire
      Jonathan D. Weiss, Esquire        Laura Shores, Esquire
      Andrew L. Braunfeld, Esquire      Matthew Wolf, Esquire
      J. Kirk Goza, Esquire             Ryan Watts, Esquire
      Sonia Pfaffenroth, Esquire

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION
620 Freedom Business Center, Suite 300, King of Prussia, PA 19406
(610) 354-8250  Fax (610) 354-8299

Direct Dial:  (610) 354-8260
Email:  djsherry@mdwcg.com

| | |
|---|---|
| PENNSYLVANIA | OHIO |
| Allentown | Cincinnati |
| Doylestown | Cleveland |
| Erie | |
| Harrisburg | FLORIDA |
| King of Prussia | Ft. Lauderdale |
| Philadelphia | Jacksonville |
| Pittsburgh | Orlando |
| Scranton | Tampa |
| NEW JERSEY | NEW YORK |
| Mount Laurel | Long Island |
| Roseland | New York City |
| | Westchester |
| DELAWARE | |
| Wilmington | |

December 31, 2019

Donald E. Haviland, Jr., Esquire
Haviland Hughes
201 S. Maple Way, Suite 110
Ambler, PA  19002

> RE:   **International Union of Operating Engineers Local 542 v. Mallinckrodt Ard, Inc.,
> et al.**
> **Our File No. 42119.00101**

Dear  Mr. Haviland:

Enclosed please find a copy of the notice from the Court setting a hearing on Mallinckrodt ARD Inc. and Mallinckrodt plc's Motion to Stay for January 16, 2020 at 1:30 p.m. in courtroom 13.  Thank you for your attention to this matter.

Very truly yours,

*Daniel J. Sherry*
DANIEL J. SHERRY

DJS:lam
Enclosure
cc:    William H. Platt, II, Esquire
       Christina M. Philipp, Esquire
       Joseph P. Walsh, Esquire
       Sonia Pfaffenroth, Esquire
       Adam Pergament, Esquire
       Laura Shores, Esquire
       Matthew Wolf, Esquire
       Ryan Watts, Esquire
       Meghan McCaffrey, Esquire
       Michael Lyle, Esquire
       Ethan Glass, Esquire
       Eric Lyttle, Esquire
       Jonathan Weiss, Esquire
       Andrew L. Braunfeld, Esquire

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

NOTIFICATION OF LISTING FOR *Stay*

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542 vs. MALLINCKRODT ARD INC FKA QUESTCOR PHARMACEUTICALS INC

CASE #: 2018-14059

HAS BEEN SCHEDULED

ON January 16, 2020 1:30 PM

BEFORE JUDGE TBA                    IN Court Room 13
                                    MONTGOMERY COUNTY COURTHOUSE
                                    NORRISTOWN, PA 19401

If you are disabled and require assistance, please call (610) 278-3224

YOU ARE RESPONSIBLE TO NOTIFY YOUR          Attorneys:
OPPONENT(S) OF THE ABOVE DATE.              DANIEL J SHERRY, Esq.JOSEPH P
                                           WALSH, Esq.DONALD E HAVILAND
                                           JR, Esq.VICTORIA ANDREWS, Esq.
                                           JONATHAN D WEISS, Esq.WILLIAM
                                           H PLATT II, Esq.

DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS . 1 HR. SEQ #197

County of Montgomery
Court Administrator – *Stay*
P.O. Box 311
Norristown, Pa. 19404-0311

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## FREE INTERPRETER

PO Box 311 Norristown, PA 19404
610-278-3231

languageaccesscoordinator@montcopa.org
www.pacourts.us/language-rights

## Notice of Language Rights



**Spanish/Español:** Usted tiene derecho a un intérprete libre de costo. Para solicitar un intérprete favor de informárselo al personal judicial utilizando la información provista en la parte superior de este aviso.

**Russian/Русский:** У вас есть право на бесплатные услуги переводчика. Заявка на переводчика подается в суд по адресу, телефону или эл. почте, указанным выше в заголовке этого уведомления.

**Mandarin/Cantonese Simplified Chinese/普通话/粤语简体中文:** 您有权获得免费的口译员服务。若需要口 译员，请使用本通知上方提供的联系信息通知法院工作人员。

**Arabic/العربية :** يحق لك الحصول على مترجم دون دفع أي تكلفة من جانبك. لطلب مترجم ترجى إعلام موظفي المحكمة باستخدام معلومات الاتصال المبّينة في الجزء العلوي من هذا الإشعار.

**Korean/한국어:** 귀하는 비용에 대한 부담 없이 통역 서비스를 받을 권리가 있습니다. 통역 서비스를 요청하려면 본 통지서의 상단에 기재된 연락처를 통해 법원 직원에게 알려십시오.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Notices Mailed on 12/20/2019
Parties Notified:

DANIEL J SHERRY, Esq.
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN PC
620 FREEDOM BUSINESS CENTER
SUITE 300
KING OF PRUSSIA, PA 19406


JONATHAN D WEISS, Esq.
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
2000 MARKET STREET
SUITE 2300
PHILADELPHIA, PA 19103


JOSEPH P WALSH, Esq.
WALSH PANCIO LLC
2028 NORTH BROAD STREET
LANSDALE, PA 19446


VICTORIA ANDREWS, Esq.
DRINKER BIDDLE & REATH LLP
ONE LOGAN SQUARE
SUITE 2000
PHILADELPHIA, PA 19103


MICHAEL H MENITOVE
FOUR TIMES SQUARE
NEW YORK, NY 10036-6522


EVAN R KREINER
FOUR TIMES SQUARE
NEW YORK, NY 10036-6522


SKADDEN ARPS SLATE MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036-6522


MATTHEW M MARTINO
FOUR TIMES SQUARE
NEW YORK, NY 10036-6522

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Notices Mailed on 12/20/2019
Parties Notified:

MEGHAN MCCAFFREY ESQ
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005


ETHAN GLASS ESQ
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005


ERIC LYTTLE ESQ
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005


MICHAEL LYLE ESQ
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005


MICHAEL BONANNO
1300 I STREET NW
STE 900
WASHINGTON, DC 20005


SONIA K PFAFFENROTH ESQ
601 MASSACHUSETTS AVENUE, NW
WASHINGTON, DC 20001-3743


ADAM PERGAMENT ESQ
601 MASSACHUSETTS AVENUE,NW
WASHINGTON, DC 20001


LAURA SHORES ESQ
601 MASSACHUSETTS AVENUE,NW
WASHINGTON, DC 20001

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Notices Mailed on 12/20/2019
Parties Notified:

RYAN Z WATTS ESQ
601 MASSACHUSETTS AVENUE, NW
WASHINGTON, DC 20001


MATTHEW M WOLF ESQ
601 MASSACHUSETTS AVENUE, NW
WASHINGTON, DC 20001


BRIAN ROWE ESQ
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005


J KIRK GOZA ESQ
1300 I STREET NW
SUITE 900
WASHINGTON, DC 20005


DONALD E HAVILAND JR, Esq.
HAVILAND HUGHES
201 SOUTH MAPLE AVENUE
SUITE 110
AMBLER, PA 19002


WILLIAM H PLATT II, Esq.
HAVILAND HUGHES LLC
201 MAPLE WAY
STE 110
AMBLER, PA 19002

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| **From:** | Pitt, Tiana |
| **To:** | Don Haviland; whplatt@flammlaw.com; djsherry@mdwcg.com; jdweiss@mdwcg.com; joe@walshpancio.com; victoria.andrews@dbr.com |
| **Subject:** | International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant"s Motion to Stay All Proceedings |
| **Date:** | Wednesday, January 15, 2020 4:54:21 PM |

Good afternoon,

As you may be aware, J. Walker is new to the judicial bench in Montgomery County and has inherited the above captioned matter. While reviewing each of his cases J. Walker became aware of the parties in this case that contributed to his campaign. The International Union of Operating Engineers Local 542, made contributions to the campaign. Additionally, Joseph P. Walsh, Esq. made contributions to the campaign, as well as solicited signatures for petitions. J. Walker can be fair and impartial but wanted to bring this to the attention of all parties involved. Please let us know should you have any questions or concerns. Thank you.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| From: | Joseph Walsh |
|---|---|
| To: | Pitt, Tiana; Don Haviland; whplatt@flammlaw.com; djsherry@mdwcg.com; jdweiss@mdwcg.com; victoria.andrews@dbr.com |
| Subject: | RE: International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant"s Motion to Stay All Proceedings |
| Date: | Wednesday, January 15, 2020 5:03:39 PM |

Thanks Tiana. The Express Scripts Defendants have no objection to Judge Walker hearing this matter. Thanks

Joseph P Walsh, Esquire
**WALSH PANCIO LLC**
2028 North Broad Street
Lansdale PA 19446
215.368.8660 (Phone)
215.368.7990 (Facsimile)
joe@walshpancio.com
www.walshpancio.com



**WALSH PANCIO, LLC**
**Attorneys at Law**

- "Life isn't about finding yourself. Life is about creating yourself." — George Bernard Shaw

**From:** Pitt, Tiana
**Sent:** Wednesday, January 15, 2020 4:54 PM
**To:** Haviland@havilandhughes.com; whplatt@flammlaw.com; djsherry@mdwcg.com; jdweiss@mdwcg.com; Joseph Walsh <joe@walshpancio.com>; victoria.andrews@dbr.com
**Subject:** International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant's Motion to Stay All Proceedings

Good afternoon,

As you may be aware, J. Walker is new to the judicial bench in Montgomery County and has inherited the above captioned matter. While reviewing each of his cases J. Walker became aware of the parties in this case that contributed to his campaign. The International Union of Operating Engineers Local 542, made contributions to the campaign. Additionally, Joseph P. Walsh, Esq. made contributions to the campaign, as well as solicited signatures for petitions. J. Walker can be fair and impartial but wanted to bring this to the attention of all parties involved. Please let us know should

you have any questions or concerns. Thank you.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**From:** Don Haviland
**To:** Pitt, Tiana; whplatt@flammlaw.com; djsherry@mdwcg.com; jdweiss@mdwcg.com; joe@walshpancio.com; victoria.andrews@dbr.com
**Subject:** RE: International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant"s Motion to Stay All Proceedings
**Date:** Wednesday, January 15, 2020 5:16:00 PM
**Attachments:** image001.png

---

Ms. Pitt,
Thank you for your email.
We were unaware of Judge Walker's election to the bench, or the re-assignment of the Local 542 case to his new docket.
Given the late hour of this notice, and the issues you have raised, especially Mr. Walsh's soliciting of signatures, we will need to discuss this matter, both internally and with our client, before taking a position.

I respectfully request that the Motion to Stay be adjourned to a future date to allow Plaintiff to consider your request, and properly respond.
Thank you.

Donald E. Haviland, Jr., Esq.
Managing Member
*Haviland Hughes*
*"We push back"*
Ambler - Philadelphia
Atlantic City - Lehigh Valley
tel: 215-609-4661
fax: 215-392-4400

THE SUMMITCOUNCIL

---

**From:** Pitt, Tiana [mailto:tpitt@montcopa.org]
**Sent:** Wednesday, January 15, 2020 4:54 PM
**To:** Don Haviland; whplatt@flammlaw.com; djsherry@mdwcg.com; jdweiss@mdwcg.com; joe@walshpancio.com; victoria.andrews@dbr.com
**Subject:** International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant's Motion to Stay All Proceedings

Good afternoon,

As you may be aware, J. Walker is new to the judicial bench in Montgomery County and has inherited the above captioned matter. While reviewing each of his cases J. Walker became aware of the parties in this case that contributed to his campaign. The International Union of Operating

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Engineers Local 542, made contributions to the campaign. Additionally, Joseph P. Walsh, Esq. made contributions to the campaign, as well as solicited signatures for petitions. J. Walker can be fair and impartial but wanted to bring this to the attention of all parties involved. Please let us know should you have any questions or concerns. Thank you.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| **From:** | Pitt, Tiana |
| **To:** | Weiss, Jonathan D. |
| **Cc:** | Joseph Walsh; Don Haviland; whplatt@flammlaw.com; Sherry, Daniel J.; victoria.andrews@dbr.com |
| **Subject:** | RE: International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant"s Motion to Stay All Proceedings |
| **Date:** | Thursday, January 16, 2020 9:15:55 AM |

Good morning,

Please be advised that J. Walker will give this matter a future date. The 1:30 p.m. hearing for today will be continued.

---

**From:** Weiss, Jonathan D. [mailto:JDWeiss@MDWCG.com]
**Sent:** Thursday, January 16, 2020 8:25 AM
**To:** Pitt, Tiana
**Cc:** Joseph Walsh; Haviland@havilandhughes.com; whplatt@flammlaw.com; Sherry, Daniel J.;
victoria.andrews@dbr.com
**Subject:** Re: International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor
Pharmaceuticals Inc. 2018-14059 - # 197 Defendant's Motion to Stay All Proceedings

I also think that all of the defendants want to get the case stayed and they do not want any delay. I think Ps counsel is intentionally not saying yes or no and asked him for an adjournment so that he can further delay a ruling on this matter.

### Jonathan D. Weiss

**Attorney at Law**
2000 Market Street, Suite 2300, Philadelphia, PA 19103
Direct: (215) 575-2815 | Main: (215) 575-2600 | Fax: (215) 575-0856
| bio | e-mail | website

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to JDWeiss@MDWCG.com, or by telephone at (215) 575-2815 and then delete the message and its attachments from your computer.

On Jan 16, 2020, at 8:10 AM, Pitt, Tiana <tpitt@montcopa.org> wrote:

Good morning,

No problem at all and I will let J. Walker know.

---

**From:** Joseph Walsh [mailto:joe@walshpancio.com]
**Sent:** Wednesday, January 15, 2020 5:04 PM
**To:** Pitt, Tiana; Haviland@havilandhughes.com; whplatt@flammlaw.com; djsherry@mdwcg.com;
jdweiss@mdwcg.com; victoria.andrews@dbr.com
**Subject:** RE: International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA
Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant's Motion to Stay All Proceedings

Thanks Tiana.  The Express Scripts Defendants have no objection to Judge Walker hearing this matter.  Thanks

Joseph P Walsh, Esquire
**WALSH PANCIO LLC**
2028 North Broad Street

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Lansdale PA 19446

215.368.8660 (Phone)

215.368.7990 (Facsimile)

joe@walshpancio.com

www.walshpancio.com

<image002.jpg>

- "Life isn't about finding yourself. Life is about creating yourself." — George Bernard Shaw

---

**From:** Pitt, Tiana
**Sent:** Wednesday, January 15, 2020 4:54 PM
**To:** Haviland@havilandhughes.com; whplatt@flammlaw.com; djsherry@mdwcg.com; jdweiss@mdwcg.com; Joseph Walsh <joe@walshpancio.com>; victoria.andrews@dbr.com
**Subject:** International Union of Operating Engineers Local 542 vs. Mallinckrodt ARD Inc. FKA Questcor Pharmaceuticals Inc. 2018-14059 - # 197 Defendant's Motion to Stay All Proceedings

Good afternoon,

As you may be aware, J. Walker is new to the judicial bench in Montgomery County and has inherited the above captioned matter. While reviewing each of his cases J. Walker became aware of the parties in this case that contributed to his campaign. The International Union of Operating Engineers Local 542, made contributions to the campaign. Additionally, Joseph P. Walsh, Esq. made contributions to the campaign, as well as solicited signatures for petitions. J. Walker can be fair and impartial but wanted to bring this to the attention of all parties involved. Please let us know should you have any questions or concerns. Thank you.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# ☰
# HAVILAND
# HUGHES

WWW.HAVILANDHUGHES.COM

January 16, 2020

***Via Electronic Mail***

The Honorable Virgil B. Walker
Montgomery County Court House
2 East Airy Street
P.O. Box 311
Norristown, PA 19404-0311

      **Re:**    ***IUOE Local 542 v. Mallinckrodt ARD, Inc., et al.***
              ***Montgomery County CCP No. 2018-14059***

Dear Judge Walker,

        I am counsel for the Plaintiff, the International Union of Operating Engineers Local 542, in the above matter.  I write in response to the email inquiry late yesterday from the Clerk of Court concerning the transfer of the case to Your Honor.  Initially, I wish to thank you for the adjournment of today's hearing in order to allow my client sufficient time to consider the matter. I took the opportunity to meet with my client late this morning, and their position is that, for all parties concerned, the case should not be transferred to Your Honor.

        Thank you in advance for your consideration.

                         Respectfully submitted,

                         Donald E. Haviland, Jr.

DEH/sd
cc:     Joseph P. Walsh, Esq. (via electronic mail)
         Jonathan D. Weiss, Esq. (via electronic mail)
         Daniel J. Sherry, Esq. (via electronic mail)
         Victoria Andrews, Esq. (via electronic mail)
         William H. Platt II, Esq. (via electronic mail)

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
*haviland@havilandhughes.com*
William H. Platt II, Esquire (PA I.D. #83585)
*platt@havilandhughes.com*
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
  *International Union of Operating Engineers Local 542*

<div align="center">

**IN THE COURT OF COMMON PLEAS
FOR MONTGOMERY COUNTY, PENNSYLVANIA**

</div>

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>　　　　　　　　Defendants. | Civil Action No. 2018-14059 |

<div align="center">

**PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 542'S OPPOSITION TO MOTION TO STAY
OF DEFENDANTS MALLINCKRODT ARD INC AND MALLINCKRODT PLC**

</div>

Plaintiff, International Union of Operating Engineers Local 542 (hereinafter "Plaintiff" or "IUOE Local 542"), by and through its undersigned counsel, hereby responds to and opposes the Motion to Stay filed by Defendants Mallinckrodt ARD, Inc. and Mallinckrodt PLC (collectively, "Mallinckrodt"), as follows:

　　　　1.　　　　Denied as stated.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The City of Rockford filed suit in the Northern District of Illinois against Mallinckrodt in April 2017, after Mallinckrodt settled claims by the federal government in January 2017 alleging antitrust. *See* Complaint, *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 3:17-cv-50107 (N.D.Ill. April 6, 2017)("*Rockford* case"), ECF No. 1; ¶¶ 155-164 (describing settlement). Separately, more than 6 months later, on October 30, 2017, a series of Medicare Secondary Payor entities ("MSPs") and Medicare Advantage Organizations ("MAOs") filed suit in California Federal District Court seeking to recover on behalf of themselves and two putative classes of MSPs and MAOs ("*MSP* case"). *See* Order re: Defendants' Motion to Transfer This Action to the Northern District of Illinois, Exhibit "A" hereto, at 4 (describing classes in *MSP* case).

Accordingly, the *MSP* case, while alleging similar facts, sought relief on behalf of a wholly different set of class governmental plaintiffs than the *Rockford* case.

2.     Admitted in part, denied in part.  It is admitted only that the quoted portions of the Complaint in the *Rockford* case accurately quote the language used.  However, it is specifically denied that the plaintiff class in *Rockford* case is the same as in the *MSP* case.

3.     Admitted in part, denied in part.  It is admitted that the quoted portions of the Complaint in the *MSP* case accurately quote the language used.  It is further admitted that the *MSP* case was filed by "a different plaintiff".

It is specifically denied, however, that the plaintiffs in the *MSP* case brought "on behalf of a putative class consisting of 'all third party payors", which might include Local 542 as a class member.  To the contrary, the *MSP* case, as originally pled and transferred to Illinois, sought relief only on behalf of government payors, like MSPs and MAOs, <u>not</u> private third party payors, like Local 542.  *See* Ex. A.  More importantly, **movants fail to inform this Court that the *MSP***

2

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**case has been dismissed** by Order of the Illinois Court for, *inter alia*, lack of standing on the part of MSP Plaintiffs. *See generally* Jan. 25, 2019 Order of dismissal of *MSP* case at Exhibit "B" hereto.

**Movants also disingenuously fail to inform this Court** that the Illinois Court made an express finding the **Pennsylvania is not part of the *MSP* case.** *Id*. at 8, n. 14 *("Pennsylvania [is] not implicated in the [MSP] complaint. This is an impermissible attempt [by MSP plaintiffs] to amend the complaint, and accordingly, the court will not consider [Pennsylvania] as being part of [MSP] plaintiffs'" Complaint.)(citation omitted)(brackets added). [1]

4.      Denied as stated.  Plainly, Local 542, and its claims based upon Pennsylvania law, are not part of the *MSP* case, which has been dismissed and which movants presently seek to have dismissed, with prejudice.  Whether Local 542 "falls into … arguably" the putative class in the *Rockford* case will depend on a host of factors, which the *Rockford* Court will have to decide. But again, **movants disingenuously fail to inform this Court that they oppose any class certification** in the *Rockford* case.

5.      Denied.  The Local 542 case involves factual allegations and Pennsylvania state law claims that are not included in either the *Rockford* case or the *MSP* case, including claims for breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, and unjust enrichment  against the Express Scripts Defendants.  Such claims were dismissed by the

---

[1] Movants put before this Court only a "First Amended Class Action Complaint" ("FAC") filed by the MSP Plaintiffs, without providing the procedural posture of the *MSP* case – dismissed, without prejudice to a re-filing.  They further fail to put before this Court their Motion to Dismiss the FAC filed by the MSP Plaintiffs, in which movants argue that the proposed amended pleading does nothing to cure the bases for the Court's prior dismissal Order (at Ex. B hereto). , *MSP* case, No. 1:18-cv-00379 (N.D.Ill.) at ECF No. 188 at 1 ("Although significantly longer and with additional defendants and slightly different plaintiffs, the Amended Complaint is the classic presentation of quantity over quality. …[I]t does not fix the problems in their original complaint.")

3

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*Rockford* Court on defendants' motion. *See City of Rockford v. Mallinckrodt ARD, Inc.*, 360

F.Supp. 3d 730, 765-771 (N.D.Ill. Jan. 15, 2019).

   6.      Admitted in part, denied in part. It is admitted that Local 542's claims for

negligent misrepresentation were not ever asserted in the *Rockford* case or *MSP* case.

Accordingly, those unique claims can and should proceed in this Court.

        Additionally, movants fails to inform this Court that while certain other claims – such as

claims for breach contract – were originally asserted in the *Rockford* case, they have been

dismissed and are not proceeding in that Court. Accordingly, those unique claims can and

should proceed in this Court.

   7.      Denied as stated. While movants claim a "great number" of allegations are the

same, they cite just three examples out of Local 542's 65-page, 248 averment Amended

Complaint.

   8.      Denied. See paragraph 3 above.

   9.      Denied. A stay is inappropriate, as this case has been proceeding for 20 months

without concern. The real reason for Mallinckrodt's stay request is it dislikes the Court's rulings

on its Preliminary Objections and discovery. However, Defendants are bound by those rulings

and must comply with this Court's Orders going forward.

   10.     Denied. A stay **will prejudice** Local 542's rights because it will denied discovery

of its unique claims in this case on the timetable established by this Court's Scheduling Order.

There is no basis for movant's argument about "unnecessary[y] strain [on] the Court's resources"

as this Court appointed Andy Braunfeld to serve as Discovery Master in June 2019. Mr.

Braunfeld has ably served in that role since then. Again, movants are dissatisfied with Mr.

Braunfeld's ruling. But dissatisfaction with a jurist or a jurist's ruling is no cause for a stay.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

11.      Denied, for the reasons stated above.

12.      Denied, for the reasons stated above.  This Court has already address movant's case management concerns by the appointment of Discovery Master Braunfeld.

13.      Denied, for the reasons stated above.

14.      Denied, for the reasons stated above.

15.      Denied, for the reasons stated above.

16.      Denied, for the reasons stated above.

17.      Denied, for the reasons stated above.

18.      Denied, for the reasons stated above.  Local 542 has made no such admission.

19.      Denied, for the reasons stated above.

20.      Denied, for the reasons stated above.

21.      Denied, for the reasons stated above.

22.      Denied as stated.  Movant fails to explain the context in which counsel comments were made in the *Rockford* case.  Movant's counsel – not Rockford's counsel – had sought to have Judge Lee order coordination of all cases filed against Mallinckrodt, including the Local 542 case.  Motion to Stay, Ex. D, Hr'g Tr. (Sept. 20, 2019) at 9: 8 ("it seems to us to make sense not to have a standing count of six other courts dealing with the same claims and plaintiffs.  So I wanted to bring that to [the Court's] attention.").  Importantly, **movants fail to inform this Court  how Judge Lee responded**.  In direct response to movant's same arguments here in favor of a stay, Judge Lee stated:

> [F]orced coordination can only go so far.  And so I understand that the parties want to try to go about discovery efficiently by trying to coordinate discovery, but my main concern is – are these cases and making sure that the parties are on track to satisfy the deadlines that have been set in this case.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

>   And so to put it bluntly, I am not going to wait around to see how those other cases go,
>   kind of progress in their lives to make sure the parties are complying with their
>   obligations for discovery in this case.
>
>   …I just wanted the parties to be clear on where I stand, all right?

*Id*. at 17: 4-13, 15-16.

23.     Denied, for the reasons stated by Judge Lee.  Further, movants are wrong that the cases are not on the same track.  Discovery Master Braunfeld adopted the same schedule as the Court in the *Rockford* case for discovery.

24.     Denied.  Because the claims in the cases are different, the expert discovery and summary judgment motions will likely be different.  The difference of a few weeks and months in the schedules for these judicial milestones militates in favor of the continued prosecution of the Local 542 case, not a stay.

25.     Denied.  Movants were heard on this issue by Discovery Master Braunfeld.  The Master ruled and sent his recommendation to the Court, which adopted the present schedule last year.  If Mallinckrodt was aggrieved, it should have sought reconsideration in a timely manner. It chose to sit on its rights, in a tactical decision to now seek a stay.  Mallinckrodt is bound by its strategic litigation decisions.

6

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE,** Plaintiff IUOE Local 542 respectfully requests that this Honorable

Court deny the Mallinckrodt's Motion to Stay this case.

Respectfully submitted,

Dated:  January 15, 2020                    By:    *s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
William H. Platt II
Haviland Hughes
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:     (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

7

# EXHIBIT A

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JS-6**

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

11  MSP RECOVERY CLAIMS, SERIES
    LLC, a Delaware Limited Liability
12  Company, MAO-MSO RECOVERY
    II, LLC, a Delaware entity; MSP
13  RECOVERY, LLC, a Florida entity;
    and MSPA CLAIMS 1, LLC, a Florida
14  entity,

15          Plaintiffs,

16  vs.

17  MALLINCKRODT ARD INC.,
    Formerly known as QUESTOR
18  PHARMACEUTICALS, INC., a
    California Corporation,
19  MALLINCKRODT PLC, an Irish
    Public Limited Company, and
20  UNITED BIOSOURCE
    CORPORATION, a Delaware
21  Corporation,

22          Defendants.

Case No.:  17-7928-CBM-AFM

**ORDER RE: DEFENDANTS'
MOTION TO TRANSFER THIS
ACTION TO THE NORTHERN
DISTRICT OF ILLINOIS**

23      The matter before the Court is Defendants Mallinckrodt ARD Inc.,

24  Mallinckrodt plc, and United BioSource Corporation's (collectively,

25  "Defendants') Motion To Transfer This Action To the Northern District of Illinois

26  (the "Motion").  (Dkt. No. 23.)

27          **I.     BACKGROUND**

28      On October 30, 2017, Plaintiff MSP Recovery Claims, Series LLC, MAO-

1

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1  MSO Recovery II, LLC, MSP Recovery, LLC, and MSPA Claims 1, LLC

2  (collectively, "Plaintiffs") filed this putative class action asserting four causes of

3  action:  (1) Sherman Act violations pursuant to 15 U.S.C. § 2; (2) Sherman Act

4  violations pursuant to 15 U.S.C. §§ 1 and 3; (3) unjust enrichment; and (4)

5  violation of state antitrust and consumer protection statutes (Arizona, Arkansas,

6  California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine,

7  Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska,

8  Nevada, New Hampshire, New Mexico, New York, North Carolina, North

9  Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah,

10 Vermont, West Virginia, Wisconsin).  On April 6, 2017, a complaint was filed in

11 *City of Rockford v. Mallinckrodt ARD, Inc.* in the Northern District of Illinois,

12 Case No. 17-cv-50107 (N.D. Ill. Apr. 6, 2017) (hereinafter, "N.D. Ill. Action").[1]

13 The N.D. Ill. Action also asserts violations of 15 U.S.C. §§ 1, 2, violations of state

14 antitrust laws (Arizona, Arkansas, California, Florida, Hawaii, Illinois, Iowa,

15 Kansas, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada,

16 New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island,

17 South Dakota, Tennessee, Utah, and Wisconsin), and includes claims for unjust

18 enrichment.

19       The instant Motion seeks to transfer this action to the Northern District of

20 Illinois based on the first-to-file rule, or alternatively pursuant to 28 U.S.C.

21 §1404(a).

22              **II.    STATEMENT OF LAW**

23       "[T]he well-established 'first to file rule,' . . . allows a district court to

24 transfer, stay, or dismiss an action when a similar complaint has already been filed

25 in another federal court." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623

26 

---

27 [1] Defendants request that the Court take judicial notice of the complaint and amended complaint filed in the N.D. Ill. Action.  (Dkt. No. 24, Exs. A and B.)

28 Plaintiffs filed a notice of non-opposition to Defendants' request for judicial notice.  (Dkt. No. 30.)  The Court grants Defendants' request for judicial notice.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1    (9th Cir. 1991). In determining whether the first to file rule should apply, the

2    court analyzes three factors: "chronology of the lawsuits, similarity of the parties,

3    and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi,*

4    *Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citation omitted); *see also Alltrade*, 946

5    F.2d at 625. "To determine whether two suits involve substantially similar

6    issues," the Court must analyze "whether there is substantial overlap between the

7    two suits." *Kohn*, 787 F.3d at 1241 (citation omitted). Moreover, the similarity of

8    the parties factor does not require "exact identity of the parties," but rather only

9    requires "substantial similarity of parties." *Id.* at 1240 (citations omitted). The

10   omission of one party from a second action "does not defeat application of the

11   first-to-file rule" because adopting such a rule would allow a party "to skirt the

12   first-to-file rule merely by omitting one party from a second lawsuit." *Id.* "When

13   applying the first-to-file rule, courts should be driven to maximize economy,

14   consistency, and comity." *Id.* (internal quotations and citation omitted); *see also*

15   *Alltrade*, 946 F.2d at 625 ("The first-to-file rule was developed to serve[ ] the

16   purpose of promoting efficiency well and should not be disregarded lightly.")

17   (citations omitted).

## III.   DISCUSSION

18

19       The parties do not dispute the N.D. Ill. Action was filed prior to the instant

20   action. *See Kohn*, 787 F.3d at 1240 (finding chronology of lawsuits requirement

21   met where the parties did not dispute that the other action was filed first).

22       As to the similarity of issues factor, there is a substantial overlap between

23   the two actions. Both actions assert violations of 15 U.S.C. §§ 1 and 2 and state

24   antitrust laws, and include claims for unjust enrichment. Moreover, both actions

25   arise from defendants' alleged inflation of price for Acthar through alleged

26   anticompetitive conduct. Accordingly, the Court finds the issues in the actions are

27

28

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1 substantially similar. *See Kohn*, 787 F.3d at 1241.[2]

2 As to similarity of the parties, the named defendants in this action—

3 Mallinckrodt ARD Inc., Mallinckrodt PLC, and UBC—are also named defendants

4 in the N.D. Ill. Action.  Moreover, here Plaintiffs seek to represent two classes

5 defined as follows:

6 **Class 1:** All [Medicare Advantage Organizations ("MAOs")][3] and
7 related entities in the United States and its territories who purchased,
paid, provided reimbursement, and/or possess the recovery rights to
8 reimbursement, for some or all of the purchase price of Defendants'
9 pharmaceutical, Acthar, pursuant to Medicare Part C contracts
offering Medicare Part B services from January 1, 2011, to present.
10 This class excludes: (a) Defendants, their officers, directors,
management, employees, subsidiaries, and affiliates; (b) all federal
11 and state governmental entities except for cities, towns, or
12 municipalities with self-funded prescription drug plans; and (c) any
judges or justices involved in this action and any members of their
13 immediate families.
14

15 **Class 2:** All MAO, MA-PD, or PDP sponsors and related entities in
the United States and its territories who purchased, paid, provided
16 reimbursement, and/or possess the recovery rights to reimbursement,
17 for some or all of the purchase price of Defendants' pharmaceutical,
Acthar, pursuant to Medicare Part D contracts providing services
18 from January 1, 2011, to present. This class excludes: (a) Defendants,
19 their officers, directors, management, employees, subsidiaries, and
affiliates; (b) all federal and state governmental entities except for
20 cities, towns, or municipalities with self-funded prescription drug
21 plans; and (c) any judges or justices involved in this action and any
members of their immediate families.
22

23 [2] The fact that additional claims are asserted in an earlier filed action does not
24 preclude application of the first-to-file rule. *Kohn*, 787 F.3d at 1240. "The issues
in both cases . . . need not be identical, only substantially similar." *Id.*
25 [3] The Complaint in the instant action alleges that the named plaintiffs in the instant
26 action were "assigned the recovery rights from direct payer Medical Advantage
Organizations ("MAOs") who purchased or provided reimbursement for Acthar."
27 (Compl. ¶ 3.)  (*See also* Compl. ¶ 12 ("Numerous MAOs across the United States
have assigned their rights to Plaintiffs to recover for direct payments related to
28 Acthar. As a result, Plaintiffs have standing to pursue the claims of its
assignors.").).

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1   (Compl. ¶ 34.)  The putative class in the N.D. Ill. Action is defined in the amended

2   complaint as "[a]ll third party payors and their beneficiaries in the United States

3   and its Territories that paid for Acthar from August 2007 through the present.

4   Excluded from the above Class are: (a) Defendants and any entity in which

5   Defendants have a controlling interest, and their legal representatives, offices,

6   directors, assignees and successors, (b) any co-conspirators with Defendants, and

7   (c) the States of Alaska, Maryland, New York, Texas and Washington."  (Ex. B at

8   ¶ 161.)

9           While it would appear that the putative class in this case would be included

10  in the class definition in the N.D. Ill. Action, the parties represented to the Court at

11  the hearing on the Motion that they agreed Plaintiffs in this action are excluded

12  from the class definition in the N.D. Ill. Action.  However, "[c]ourts in the Ninth

13  Circuit have adopted a flexible approach in evaluating the similarity of the parties"

14  for purposes of the first-to-file rule analysis.  *Cadenasso v. Metro. Life Ins. Co.*,

15  2014 WL 1510853, at *10 (citing *PETA, Inc. v. Beyond the Frame, Ltd.*, 2011 WL

16  686158, at *2 (C.D. Cal. Feb. 16, 2011)).  Because the issues and defendants are

17  substantially similar, the Court finds the instant action and the N.D. Ill. Action

18  involve "sufficiently similar parties" to satisfy the third requirement for

19  application of the first to file rule.  *See, e.g., Granillo v. FCA U.S. LLC*, 2016 WL

20  8814351, at *3-4 (C.D. Cal. Jan. 11, 2016) (granting motion to transfer under first-

21  to-file rule where putative classes in both actions were mutually exclusive but "the

22  earlier- and later-filed actions involve the same defendant and involve nearly

23  identical issues"); *Cadenasso v. Metro. Life Ins. Co.*, 2014 WL 1510853, at *10-

24  11 (N.D. Cal. Apr. 15, 2014) (granting motion to transfer pursuant to first-to-file

25  rule where issues and defendants in both actions were substantially similar, even

26  though the class in one action consisted of only Missouri residents while the class

27  in the other action consisted of residents of the remaining 49 states).

28          Accordingly, the Court finds the first to file rule applies here.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1            *      *      *

2           Plaintiffs request that the Court either delay ruling on the Motion and/or

3    stay this case—rather than transfer the action—to the extent the Court finds the

4    first to file rule applies.  The first to file rule "allows a district court to transfer,

5    stay, or dismiss an action when a similar complaint has already been filed in

6    another federal court." *Alltrade*, 946 F.2d at 623.  The Court finds transfer of this

7    action would serve the interests of efficiency, economy, consistency, and comity.

8    *See Kohn*, 787 F.3d at 1240 ("When applying the first-to-file rule, courts should

9    be driven to maximize economy, consistency, and comity."); *see also DiSimone v.*

10   *Robert's Am. Gourmet Food LLC*, 2013 WL 12205085, at *3 (C.D. Cal. Sept. 18,

11   2013) (rejecting plaintiffs' request that the court stay proceedings pending

12   resolution of the first-filed action, rather than transfer action pursuant to first-to-

13   file rule, reasoning plaintiff offered no authority indicating that the court must stay

14   all the proceedings in the second filed action pending resolution in the first

15   action).[4]

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24

25   [4] At the hearing on the Motion, Plaintiffs argued *Alltrade, Inc. v. Uniweld Prod.,*
     *Inc.*, 946 F.2d 622 (9th Cir. 1991), supports their contention this case should be
26   stayed rather than transferred to the extent the first to file rule applies.  In *Alltrade*,
     however, the Ninth Circuit found the district court erred in dismissing the second
27   filed action upon finding the first to file rule applied, rather than staying the
     case—*Alltrade* did not deal with whether an action should be transferred rather
28   than stayed when applying the first to file rule.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion To Transfer This Action To the Northern District of Illinois pursuant to the first to file rule. Defendants' alternative motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied as moot.

**IT IS SO ORDERED.**

DATED:  January 17, 2018.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT B

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MSP Recovery Claims, Series LLC, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No: 18 C 00379 |
| | ) | |
| Mallinckrodt ARD Inc., et al., | ) | |
| | ) | |
| *Defendants.* | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motions to dismiss [64] [68] are granted. Counts I, II, and IV are dismissed without prejudice. The court grants plaintiffs leave to replead these counts within 45 days of the date of this order. Count III is withdrawn.

## STATEMENT

Plaintiffs, MSP Recovery Claims, Series LLC; MAO-MSO Recovery II, LLC; MSP Recovery, LLC; and MSPA Claims 1, LLC, filed a class action complaint[1] against defendants, Mallinckrodt plc; Mallinckrodt ARD, Inc., which was formerly known as Questcor Pharmaceuticals, Inc.;[2] and United Biosource Corp. ("UBC"), pursuant to federal and state antitrust and consumer protection laws. Before this court are defendants' motions to dismiss. For the reasons stated below, defendants' motions to dismiss are granted.

## I. BACKGROUND

The following facts are drawn from the allegations in the complaint. Because this case comes before the court pursuant to motions to dismiss, the court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiffs.

---

[1] The operable complaint at issue in the motions to dismiss is the Corrected Class Action Complaint, ECF No. 10, filed on October 31, 2017.

[2] Questcor changed its name to Mallinckrodt ARD, Inc. in 2014. At various points in their complaint and briefing plaintiffs use the name Questcor when referring to Mallinckrodt ARD, Inc., even though Mallinckrodt plc and Mallinckrodt ARD, Inc. call themselves Mallinckrodt in their briefing. In order to maintain consistency, the court will refer to Mallinckrodt plc, Mallinckrodt ARD, Inc. and Questcor individually and collectively as Questcor. As Mallinckrodt ARD, Inc. is a subsidiary of Mallinckrodt plc, for purposes of this opinion, the court treats Mallinckrodt ARD, Inc., Mallinckrodt plc, and Questcor as all having participated in the alleged conduct, just as plaintiffs do in the complaint.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Acthar is an adrenocorticotropic hormone ("ACTH") drug, which is used to treat a rare pediatric illness and is the only ACTH drug sold in the United States. Compl. ¶ 2. The illness, infantile spasms, involves dangerous seizures during the first two years of a child's life. Id. ¶ 26. Questcor was a biopharmaceutical company at all times relevant to this action. In 2001, Questcor acquired Acthar. Id. ¶ 25. At that time, the average price of Acthar was $40 per vial. Id. ¶ 3. After the acquisition, Questcor sought to eliminate threats to its monopoly in the ACTH drug market. One method of preserving its monopoly is through the acquisition of the rights to the only viable alternative to Acthar, called Synacthen, an ACTH drug sold outside the United States, developed by Novartis AG ("Novartis"). Id. ¶¶ 32-33. In June 2013, Questcor outbid other companies to acquire the rights to Synacthen by paying nearly ten times what the next closest bidder offered. Id. ¶ 35. Plaintiffs allege that the domestic release of Synacthen would have instantly created competition for Acthar, resulting in a lower price for the drug. Id. ¶ 37. However, Questcor chose instead not to bring Synacthen to market.[3] Id. ¶¶ 37-38, 53. Based on this conduct, the Federal Trade Commission ("FTC") brought a complaint alleging, in part, antitrust violations against Questcor. Id. ¶ 39. The parties settled for $100 million. Id. ¶ 40. Plaintiffs allege that this anticompetitive conduct harmed the market by preventing consumers from purchasing a lower-cost alternative to Acthar. In addition, around 2007 Questcor implemented an exclusive sales and distribution agreement (the "exclusive dealing arrangement") with one exclusive specialty pharmacy distributor, Curascript. Id. ¶ 27. Plaintiffs allege that the exclusive dealing arrangement preserved and extended Questcor's monopoly power and allowed it to maintain and extend the price of Acthar to over $34,000 per vial. Id. ¶ 28. These agreements with Novartis and Curascript make up the anticompetitive conduct underlying plaintiffs' complaint.[4]

Plaintiffs allege that they are assignees of recovery rights originally held by various Medicare Advantage Organizations ("MAOs"), which are private health insurers that have entered into contracts with Centers for Medicare and Medicaid Services ("CMS") to provide certain Medicare benefits to Medicare beneficiaries. Id. ¶ 19. Part C of the Medicare Act creates the Medicare Advantage program that allows Medicare-eligible persons to elect to have a MAO step into the shoes of CMS and provide Medicare benefits for the electing persons. Id. ¶ 20; see 42 U.S.C. § 1395w-27. The relevant benefits to this action come from Part D, which creates the Medicare Prescription Drug

---

[3] While not alleged in the complaint, plaintiffs argue in their oppositions to defendants' motions to dismiss that the Synacthen Acquisition was part of a horizontal price-fixing conspiracy between Questcor and Novartis.

[4] Plaintiffs allege that UBC is a Delaware corporation and is a wholly-owned subsidiary of Express Scripts Holding Company, also a Delaware corporation. Plaintiffs include only two substantive paragraphs in their complaint that explain UBC's role in the purported price-fixing and monopolization scheme. See Compl. ¶¶ 60, 62. Aside from these allegations, the only facts alleged about UBC are those in which plaintiffs group Questcor and UBC together as "Defendants." As a general matter, "[a] complaint based on a theory of collective responsibility must be dismissed." Bank of Am., N.A. v. Knight, 725 F.3d 815, 818 (7th Cir. 2013). Thus, "group pleading"—where a plaintiff's allegations simply lump defendants together without describing which defendant is responsible for what conduct or when each defendant participated in that unspecified conduct—is insufficient at the motion-to-dismiss stage. While the court does not dismiss any of plaintiffs' claims for this reason alone, many of the pleading defects discussed in the opinion concern plaintiffs' failure to specify the role that each defendant played in the alleged anticompetitive acts. Plaintiffs are advised to cure these defects in any amended complaint, should they replead.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Benefit program, which subsidizes costs for eligible prescription drugs. Compl. ¶ 21. CMS pays the MAO a fixed fee per enrollee, and the MAO provides at least the same benefits as an enrollee would receive under Medicare. Id. ¶ 20. In order for a MAO to be paid by CMS, the MAO negotiates the price of the Part D-eligible drug with the manufacturer directly. Id. ¶ 23; see 42 U.S.C. § 1395w-153(a); 42 U.S.C. 1395w-102(d); 42 C.F.R. § 423.100 (defining "[n]egotiated prices"). The Medicare Act as well as the Code of Federal Regulations together set forth the requirements that MAOs and manufacturers must utilize when negotiating the price of Part D-eligible drugs. Compl. ¶ 22; see 42 C.F.R. § 423.104(g)(1). Furthermore, if the MAO delegates any part of its responsibilities to a "downstream" intermediary—such as Curascript's distribution of Acthar—the MAO must substantially oversee the delegated responsibilities. Compl. ¶ 22; see 42 C.F.R. § 423.505(i)(4). This includes accepting the price negotiated between the MAO and manufacturer. See id.[5]

Plaintiffs bring this action alleging that the MAOs were overcharged for Acthar based on defendants' alleged monopolistic conduct. Plaintiffs allege unlawful maintenance of monopoly under 15 U.S.C. § 2 (Count I), unreasonable restraint of trade under 15 U.S.C. §§ 1, 3 (Count II), unjust enrichment (Count III), and violation of state antitrust and consumer protection laws (Count IV). Questcor and UBC separately have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against them.

## II. ANALYSIS

When deciding a defendant's motion to dismiss, a court accepts all of the well-pleaded allegations of a complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

### A. Prudential Standing[6]

Defendants challenge plaintiffs' prudential standing to bring this action, arguing that the Complaint should be dismissed because plaintiffs have not alleged any facts regarding any specific

---

[5]Defendants dispute that the relevant statutory authority requires the MAO to negotiate directly with the manufacturer, pointing to the plain language of the statute that merely requires that the MAO "provide enrollees with access to negotiated prices used for payment for covered part D drugs." 42 U.S.C. § 1395w-102(d)(1)(A); see also 42 C.F.R. § 423.104(g)(1) (requiring that Part D sponsors such as MAOs "provide its Part D enrollees with access to negotiated prices for covered Part D drugs").

[6]The Seventh Circuit has previously described "prudential standing" as a doctrine that has various definitions. The definition that is most relevant to this case concerns "the situation in which the injury on which the plaintiff founds his suit is derivative from the injury suffered by the defendant's immediate victim. Often the harm from a harmful act will ramify far beyond that victim." MainStreet org. of Realtors v. Calumet City, Ill., 505 F.3d 742, 745 (7th Cir. 2007).

3

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

assignment to plaintiffs by the MAOs in connection with any specific Medicare beneficiary. Article III standing may be satisfied by assessing an indirect injury. But even if a plaintiff has suffered an indirect injury, while Article III standing is always a requirement, a plaintiff may meet the standards for constitutional standing but fail to satisfy prudential standing requirements. Rawoof v. Texor Petroleum Co., Inc., 521 F.3d 750, 756 (7th Cir. 2008). The prudential standing consideration requires that, "in general, the plaintiffs must assert their own legal rights and interests, and cannot rest their claims to relief on the legal rights or interests of third parties." G & S Holdings LLC v. Continental Cas. Co., 697 F.3d 534, 540 (7th Cir. 2012) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). This "real party in interest" rule is similar to the requirement imposed by Federal Rule of Civil Procedure 17. Act II Jewelry, LLC v. Wooten, 301 F. Supp. 3d 905, 911 (N.D. Ill. 2018) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 511 (2006). The purpose of this rule is to protect defendants against subsequent actions that are brought by parties that are actually entitled to recover. See RK Co. v. See, 622 F.3d 846, 850 (7th Cir. 2010). On a Rule 12(b)(6) motion, a plaintiff must plausibly allege that they are the real party in interest, such that they are the proper plaintiff to be bringing suit. See Family & Children's Ctr., Inc. v. Sch. City of Mishawaka, 13 F.3d 1052, 1058 (7th Cir. 1994).[7]

As it turns out, a court in this district has already held that these same plaintiffs lacked prudential standing to assert claims as assignees of the same MAOs because plaintiffs' only allegations regarding these alleged assignments in that case were that "[n]umerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to Plaintiff. As part of those assignments, Plaintiff is empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by Defendants." MAO-MSO Recovery II, LLC v. Allstate Insurance Co., Nos. 17-cv-01340, 17-cv-02370, 2018 WL 1565583, at *4 (N.D. Ill. Mar. 30, 2018) (Wood, J.). The Court noted that these allegations lacked "the identity of the MAO(s) that assigned the rights; which Plaintiff received assignments from which MAO(s); the date, format, or any other characteristic of the assignment; the actual rights assigned; or whether those assignments include claims against the particular Defendants named in the complaint." Id. The Court concluded that the plaintiffs did not plausibly plead allegations regarding these alleged assignments, just as "seven other district court judges across the country" had found in complaints that contained identical allegations. Id.

---

[7] "Because prudential standing does not implicate a court's subject-matter jurisdiction, arguments regarding lack of prudential standing are properly evaluated under the rubric of a motion for failure to state a claim under Rule 12(b)(6)." MAO-MSO Recovery II, LLC v. Allstate Insurance Co., Nos. 17-cv-01340, 17-cv-02370, 2018 WL 1565583, at *4 (N.D. Ill. Mar. 30, 2018) (citing Siegel v. HSBC Holdings PLC, No. 15-cv-10139, 2017 WL 3521387, at *6 (N.D. Ill. Aug. 14, 2017)). The parties assume that the Twombly pleading standard applies to plaintiffs' claims under state law. But while the "real party in interest" test looks to state law to determine whether the proper party is bringing suit under state law claims, see Frank v. Hadesman & Frank, Inc., 83 F.3d 158, 159 (7th Cir. 1996), it is not clear that a federal court can permissibly apply pleading standards more rigorous than Twombly to the state-law claims at issue, see Llano Fin. Grp., LLC v. Lendzion, No. 15 C 7091, 2016 WL 930660, at *4 (N.D. Ill. Mar. 11, 2016). However, the court need not determine the exact contours of the "real party in interest" test at this time, given plaintiffs' deficient allegations regarding the purported assignments.

4

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Here, plaintiffs' allegations concerning the alleged assignments are almost identical to those in <u>Allstate Insurance</u>: "Numerous MAOs across the United States have assigned their rights to Plaintiffs to recover for direct payments related to Acthar. As a result, Plaintiffs have standing to pursue the claims of its assignors." Compl. ¶ 14. The only other allegations in the complaint concerning these assignments are the conclusory assertions that "[t]he Assignor MAOs paid the[ ] inflated prices," <u>id.</u> ¶ 30, and "[h]aving been assigned the injured caused by th[e] anti-competitive conduct, Plaintiffs thus have standing as direct payers via their MAO Assignors," <u>id.</u> ¶ 23. Indeed, allegations substantially similar to these appeared in at least eleven other complaints filed by these plaintiffs in district courts across the country that were dismissed on the same or similar grounds.[8] Further, the only material difference between <u>Allstate Insurance</u> and the instant case is that plaintiffs attached Exhibit A to their opposition to defendants' motions to dismiss. Exhibit A, titled "Pharma Exhibit A Funnel:66," contains 36 pages of assignments concerning specific purchases of Acthar by MAOs in various states from "some of the entities in the pharmaceutical distribution chain."[9] Even if the court were to consider Exhibit A,[9] this laundry list of code numbers does not plausibly allege the rights of which each specific plaintiff is resting its claims to relief. While the list contains purchase prices and where such purchases were processed, nowhere on the list is the name of a single plaintiff, defendant, or MAO. The court cannot discern from this list which MAOs assigned which assignments to which assignees in which jurisdictions. Neither the complaint nor Exhibit A contain

---

[8]The court in <u>Allstate Insurance</u> helpfully lists these eleven cases:

<u>MAO-MSO Recovery II, LLC v. Mercury General</u>, Nos. CV 17-02525, CV 17-2557 (C.D. Cal. Nov. 2, 2017) (dismissing claims for lack of Article III standing because Plaintiffs pleaded no facts to support the purported assignments); <u>MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.</u>, Case Nos. 2:17-cv-2522 and 2:17-cv-2559 (C.D. Cal. Nov. 20, 2017) (same); <u>MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.</u>, Case No. 17-cv-20946 (S.D. Fla. Jan. 3, 2018) (same); <u>MAO-MSO Recovery II, LLC v. State Farm Mut. Auto Ins. Co.</u>, Case Nos. 1:17-cv-01537 and 1:17-cv-01541 (C.D. Ill. Jan. 9, 2018) (same); <u>MAO-MSO Recovery II, LLC v. Am. Family Mutual Ins. Co.</u>, Case Nos. 17-cv-175-jdp and 17-cv-262-jdp (W.D. Wis. Feb. 12, 2018) (dismissing claims for lack of prudential standing because Plaintiffs pleaded no facts to support the purported assignments); <u>MAO-MSO Recovery II, LLC v. Nationwide Mutual Ins. Co.</u>, Case Nos. 2:17-cv-263 and 2:17-cv-164 (S.D. Ohio Feb. 28, 2018) (dismissing claims under 12(b)(6) because plaintiffs failed to adequately plead that they are assignees of various MAOs' recovery and reimbursement rights).

2018 WL 1565583, at *4 n. 9. Further, in defendants' Notice of Supplemental Authority, defendants list four cases that the court finds similarly instructive to the facts at hand, where these district courts dismissed plaintiffs' claims because plaintiffs failed to plead the validity of the MAOs' assignments. <u>See</u> <u>MAO-MSO Recovery II, LLC v. Progressive Corp.</u>, No. 17-cv-686, 2018 WL 4075880 (N.D. Ohio Aug. 27, 2018); <u>MAO-MSO Recovery II, LLC v. Progressive Corp.</u>, No. 17-cv-390, 2018 WL 3438950 (N.D. Ohio July 17, 2018); <u>MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.</u>, No. 17-cv-1541, 2018 WL 2392827 (C.D. Ill. May 25, 2018); <u>MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.</u>, No. 17-cv-2522, 2018 WL 2106467 (C.D. Cal. May 7, 2018). While these cases involve different claims than those here, these district courts all dismissed plaintiffs' claims for want of demonstrating validity of the MAOs' purported assignments.

[9]"It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal." <u>Thomason v. Nachtrieb</u>, 888 F.2d 1202, 1205 (7th Cir. 1989).

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

facts that "nudge their allegations regarding assignments across the line from conceivable to plausible as required to survive a Rule 12(b)(6) motion." Id. As stated well by one of the other district courts ruling on one of plaintiffs' nationwide suits, the "fundamental flaw with plaintiffs' pleadings is that there are no factual allegations tracing any individual assignor MAO's injury to any single defendant." MAO-MSO Recovery II, LLC v. Farmers Ins. Exch., No. 217CV02522CASPLAX, 2018 WL 2106467, at *9 (C.D. Cal. May 7, 2018).

The court dismisses the complaint without prejudice for lack of prudential standing, and the court grants plaintiffs leave to replead to include additional factual allegations concerning the alleged assignments if plaintiffs can do so consistent with their obligations under Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs' amended complaints should include allegations sufficient to demonstrate "that for every named defendant there [is] at least one named plaintiff who can assert a claim directly against that defendant." Farmers Ins. Exch., 2018 WL 2106467, at *10.

## B. Antitrust Standing

The court dismisses the complaint without prejudice based on plaintiffs' failure to adequately allege prudential standing. However, in an effort to conserve time and resources and for the benefit of the parties in future proceedings, the court will comment on the issue of antitrust standing as it applies to plaintiffs' contention that the MAOs can be described as "direct purchasers" of Acthar.

In addition to Article III standing,[10] the Supreme Court has found additional standing limitations born from the Sherman Act as part of a separate standing doctrine known as "antitrust standing." See Loeb Indus., Inc. v. Sumitomo Corp., 306 F.3d 469, 480 (7th Cir. 2002) (describing the range of antitrust standing limitations that have emerged from federal law).[11] In Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977), the Supreme Court held that only direct purchasers from alleged antitrust violators may bring federal antitrust actions.[12]

---

[10]The court is unable to make any determination as to how Questcor's arrangements with Novartis, UBC, and Curascript may affect a constitutional standing analysis. Other than making conclusory allegations that Questcor has entered into exclusive arrangements with these entities, see Compl. ¶ 60, plaintiffs have related nothing about the components of these arrangements or about the rights and obligations of the parties involved. Nevertheless, the court leaves open the possibility after discovery (or, perhaps, after newly-pled facts in an amended complaint) that plaintiffs can show that the MAOs stand in direct purchasing relationships with Questcor, depending on what the evidence uncovers about the structure of the exclusive distribution arrangement.

[11]The Supreme Court found an additional antitrust standing limitation in Associated General Contractors of California, Inc. v. California State Council of Carpenters ("AGC"), 459 U.S. 519 (1983), in which the Supreme Court held that courts must engage in a "proximate cause" analysis to determine whether a plaintiff is a "proper party" to bring suit. The court at this time makes no finding on whether plaintiffs satisfy the requirements of AGC as applied to either their federal or state antitrust and consumer protection claims.

[12]There are recognized exceptions to Illinois Brick. But other than making vague references to a conspiracy, Compl. ¶ 51, and co-conspirators, id. ¶ 56, plaintiffs have done little to allege that their federal claims fall within any of the Illinois Brick exceptions. Should plaintiffs choose to replead, plaintiffs must expand on the relationship between Questcor, UBC, Curascript, or any other "intermediary" to determine whether any exception applies, if plaintiffs can do so consistent with their obligations under Rule 11 of the Federal Rules of Civil Procedure.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiffs argue that <u>Illinois Brick</u> does not apply to this case because the MAOs are direct, not indirect purchasers of Acthar.  Although the MAOs paid the intermediary for Acthar, plaintiffs contend that the MAOs are, "for all intents and purposes, direct purchasers of Acthar" because, under 42 U.S.C. § 1395w-153, the MAOs and defendants "were required to enter into a contract directly in order to obtain coverage of Acthar on Medicare Part D Plans."  According to plaintiffs, 42 U.S.C. 1395w-102(d)—which states that MAOs "shall provide enrollees with access to negotiated prices used for payment for covered part D drugs"—supports their contention that the contract required by § 1395w-153 must include the particular price negotiated by the MAOs and defendants.

Although mindful of plaintiffs' policy argument concerning whether negotiated prices born out of required contracts under § 1395w-153 can be described as part of a direct-purchasing relationship, plaintiffs surprisingly do not support this contention with allegations related to their own negotiations.  As such, the court is unable to determine whether plaintiffs' characterization of the MAOs' purchasing relationship from Questcor does not run afoul the Supreme Court's holding that

> ample justification exists for our stated decision not to 'carve out exceptions to the [direct purchaser] rule for particular types of markets.'  The possibility of allowing an exception, even in rather meritorious circumstances, would undermine the rule . . . [E]ven assuming that any economic assumptions underlying the <u>Illinois Brick</u> rule might be disproved in a specific case, we think it an unwarranted and counterproductive exercise to litigate a series of exceptions.

<u>Kansas v. Utilicorp United, Inc.</u>, 497 U.S. 199, 216-17 (1990) (quoting <u>Illinois Brick</u>, 431 U.S. at 744); <u>see also Del. Valley Surgical Supply, Inc. v. Johnson & Johnson</u>, 523 F.3d 1116, 1118, 1122-23 (9th Cir. 2008) (concluding that the presence of separate agreement between the manufacturer and the intermediary could not upend the "bright line rule for identifying the proper plaintiff when an antitrust violation occurs in a multi-tiered distribution system"); <u>cf. In re Apple Iphone Antitrust Litig.</u>, 846 F.3d 313, 324 (9th Cir. 2017) (holding that manufacturer/producer was also distributor and thus <u>Delaware Valley</u> did not apply).

For example, the complaint contains no allegations of the nature of supposed negotiations between the MAOs and Questcor.  Plaintiffs do not allege when these negotiations took place, whether Acthar was the subject of these negotiations, what intermediary would be paid as a result of these negotiations, or—mostly of the court's curiosity—why the MAOs would negotiate for an inflated price of $34,000 per vial of Acthar.[13]  Further, the relevant regulation governing negotiations for Acthar's price, 42 C.F.R. § 423.104(g), requires "<u>access to</u> negotiated prices for covered Part D drugs."  42 C.F.R. § 423.104(g) (emphasis added).  Plaintiffs only provide conclusory allegations that § 423.104(g) actually requires any price, and alleges even less about whether the MAOs actually

---

[13]Plaintiffs state in their briefing that their claim "arises out of the price set by the Defendants in their contract with the MAO.  The overcharge happens long before the drug is actually purchased from the intermediary but instead at the negotiation table between the Defendants and MAO."  Presumably, the MAOs believed that the price ultimately negotiated was too high, hence their filing of this suit.  There appears some inconsistency in plaintiffs complaining about a price that they played a role in setting.  The parties would benefit by advising the court of the nature of the negotiations which determined how this inflated price came to be.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reimbursed the intermediary at the price negotiated between the MAOs and defendants.

The court finds that plaintiffs have not plausibly alleged in this complaint that they have direct-purchaser standing to bring its claims. Should plaintiffs choose to replead, plaintiffs shall correct the deficiencies in their allegations as noted in this opinion.

### C. State-Law Antitrust and Consumer Protection Claims

In addition, in order to guide plaintiffs' repleading, the court will touch upon some of the issues disputed by the parties with respect to plaintiffs' state-law antitrust and consumer protection claims.

#### 1. Article III Standing for Claims of Unnamed Class Members

Questcor challenges plaintiffs' Article III standing to bring state-law claims on behalf of the unnamed class members. As a prefatory matter the court must decide when to address Questcor's argument. In doing so, the court finds the analysis contained within In re Herbal Supplements Marketing & Sales Practices Litigation, No. 15-cv-5070, 2017 WL 2215025, at *6 (N.D. Ill. May 19, 2017) (St. Eve, J.) and McDonnell v. Nature's Way Products, LLC, No. 16 C 5011, 2017 WL 1149336, at *5 (N.D. Ill. Mar. 28, 2017) persuasive and opts to defer engaging this issue. Thus, while plaintiffs are still required to plausibly allege their Article III standing to bring their own claims, the court will not need to address Article III standing with respect to claims based on injuries incurred by unnamed class members until some later appropriate stage in these proceedings, probably when plaintiffs move for class certification.

#### 2. Statutory Limitations

In addition to the Article III argument discussed in the previous section, defendants also challenge plaintiffs' state-law claims based on plaintiffs' failure to comply with or allege requirements particular to each state's antitrust laws. The ten states implicated by the complaint are California, Florida, Illinois, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, New York, and Tennessee.[14] Defendants cite limitations specific to some of these states that defendants contend defeat plaintiffs' state-law claims. The court will briefly comment upon a couple of these specific limitations in order to help guide plaintiffs' repleading, should they choose to do so. However, the complaint as currently formulated lacks the requisite facts necessary for the court to make more certain determinations as to the viability of plaintiffs' state-law claims. The court does not intend for this opinion to address every possible issue germane to these claims.

---

[14]Curiously, in plaintiffs' opposition to defendants' motions to dismiss, plaintiffs reduce the number of states implicated in Count IV from 21 to 18, including Puerto Rico. However, of those 18, 8 of them (Connecticut, Delaware, Indiana, Maryland, Ohio, Pennsylvania, Puerto Rico, and Texas) are not implicated in the complaint. This is an impermissible attempt to amend the complaint, see Thomason, 888 F.2d at 1205, and accordingly, the court will not consider these 8 states as being a part of plaintiffs' Count IV.

8

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### a. California, Florida, Kansas, Massachusetts, Michigan, Minnesota, Mississippi, New York, and Tennessee

For California, Michigan, Minnesota, Mississippi, and New York, defendants argue that "[t]he antitrust laws of these states limit their reach to activities which occur within the state." Similarly, for Florida, Massachusetts, and Tennessee, defendants argue that these states' consumer protection statutes are limited to actions concerning "intrastate conduct." For Kansas, defendants offer no state-specific limitations.

As discussed earlier in the opinion's section on prudential standing, plaintiffs have failed to sufficiently allege that they have been assigned the rights to reimbursement from the MAOs. The court expects, should plaintiffs replead to correct the prudential standing deficiency, that these state-specific limitations will also be addressed.

### b. Illinois

The Illinois Antitrust Act provides that "no person shall be authorized to maintain a class action in any court of this State for indirect purchasers asserting claims under this Act, with the sole exception of this State's Attorney General." 740 ILCS 10/7(2). Plaintiffs make no argument that they have standing under Illinois law except that they insist that they are direct purchasers of Acthar. As discussed in this opinion's section on plaintiffs' antitrust standing, the court will not accept plaintiffs' characterization of the MAOs' relationship to Mallinckrodt as a direct-purchasing relationship at this time.

### III. CONCLUSION

For the above reasons, defendants' motions to dismiss are granted. Counts I, II, and IV are dismissed without prejudice. The court grants plaintiffs leave to replead to demonstrate that they have standing to bring these claims. Finally, in their briefings plaintiffs withdrew their unjust enrichment claim in Count III.

Date: 1/25/2019

ENTER:

FREDERICK J. KAPALA

District Judge

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Donald E. Haviland, Jr., Esquire (PA I.D. #66615)
haviland@havilandhughes.com
William H. Platt II, Esquire (PA I.D. #83585)
platt@havilandhughes.com
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiff,*
*International Union of Operating Engineers Local 542*

<div align="center">

**IN THE COURT OF COMMON PLEAS**
**FOR MONTGOMERY COUNTY, PENNSYLVANIA**

</div>

| | |
|---|---|
| **INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542**<br><br>Plaintiff,<br><br>v.<br><br>**MALLINCKRODT ARD, INC.,** *et al.*<br><br>Defendants. | Civil Action No. 2018-14059 |

<div align="center">

**PLAINTIFF INTERNATIONAL UNION OF OPERATING ENGINEERS**
**LOCAL 542'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO**
**STAY OF DEFENDANTS MALLINCKRODT ARD INC AND MALLINCKRODT PLC**

</div>

Plaintiff, International Union of Operating Engineers Local 542 (hereinafter "Plaintiff" or "IUOE Local 542"), by and through its undersigned counsel, hereby submits this Memorandum of Law In Opposition to the Motion to Stay filed by Defendants Mallinckrodt ARD, Inc. and Mallinckrodt PLC (collectively, "Mallinckrodt").

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## I.   MATTER BEFORE THE COURT

Mallinckrodt has moved this Court, nearly twenty (20) months after this case was filed, and more than a year after its Preliminary Objections were denied and discovery began in earnest, to stay the case indefinitely while proceedings in two other cases filed in federal district court proceed.  Mallinckrodt's reasons for this late request for a stay do not support the extraordinary relief requested, which would prejudice the rights of Plaintiff to have its case timely adjudicated.  For these reasons set forth herein, Mallinckrodt's Motion to Stay should be denied.

## II.   QUESTION PRESENTED

Has Mallinckrodt met its burden of proof to establish that the extraordinary relief of a complete and indefinite stay of this matter is warranted under the circumstances, where this Court has appointed a Discovery Master (Andrew Braunfeld) and discovery has been proceeding without impacting the judicial resources of this Court?

**Suggest Answer:  No.**

## III.   BACKGROUND

This case was filed in this Court on May 22, 2018 by the International Union of Operating Engineers Local 542 ("Local 542").  Local 542 brought claims for statutory consumer fraud, negligent misrepresentation, aiding and abetting, unjust enrichment, breach of contract, promissory estoppel and breach of the duty of good faith and fair dealing.

After Defendants filed Preliminary Objections, Local 542 amended its Complaint in August 2018.  A second round of Preliminary Objections was filed and they were fully briefed by the fall of 2018.  On January 8, 2019, this Court entered separate Orders denying the Defendants' Preliminary Objections.  This case then proceeded to discovery.

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

The City of Rockford filed suit for antitrust and other claims in the Northern District of Illinois against Mallinckrodt in April 2017, after Mallinckrodt settled similar antitrust claims by the federal government in January 2017. *See* Complaint, *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 3:17-cv-50107 (N.D.Ill. April 6, 2017)("*Rockford* case"), ECF No. 1; *see also*, Motion to Stay, Ex A at ¶¶ 155-164 (describing settlement). Separately, more than 6 months later, on October 30, 2017, a series of Medicare Secondary Payor entities ("MSPs") and Medicare Advantage Organizations ("MAOs") filed suit in California Federal District Court seeking to recover on behalf of themselves and two putative classes of MSPs and MAOs ("*MSP* case"). *See* Order re: Defendants' Motion to Transfer This Action to the Northern District of Illinois, Exhibit "A" hereto, at 4 (describing classes in *MSP* case).

The *MSP* case, as originally pled and transferred to Illinois, sought relief only on behalf of government payors, like MSPs and MAOs, <u>not</u> private third party payors, like Local 542. *See* Ex. A. More importantly, **the *MSP* case was dismissed** by Order of the Illinois Court for, *inter alia*, lack of standing on the part of MSP Plaintiffs – a fact which Mallinckrodt wholly ignores in its moving papers. *See generally* Jan. 25, 2019 Order of dismissal of *MSP* case at Exhibit "B" hereto.

The Illinois Court also made an express finding that **Pennsylvania is not part of the *MSP* case**. *Id.* at 8, n. 14 ("Pennsylvania [is] not implicated in the [MSP] complaint. This is an impermissible attempt [by MSP plaintiffs] to amend the complaint, and accordingly, the court will not consider [Pennsylvania] as being part of [MSP] plaintiffs'" Complaint)(citation omitted)(brackets added).[1] Thus, Local 542, and its claims based exclusively upon Pennsylvania

---

[1] Movants put before this Court only a "First Amended Class Action Complaint" ("FAC") filed by the MSP Plaintiffs, without providing the procedural posture of the *MSP* case, including its dismissal and the Court's finding that Pennsylvania claims were not part of the *MSP* case. They

3

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

law, are not part of the *MSP* case, which has been dismissed and which movants presently seek to have finally dismissed, with prejudice.

In the Illinois case, Movant's counsel – not Rockford's counsel –sought to have Judge Lee order coordination of all cases filed against Mallinckrodt, including the *Local 542* case. Motion to Stay, Ex. D, Hr'g Tr. (Sept. 20, 2019) at 9: 8 ("it seems to us to make sense not to have a standing count of six other courts dealing with the same claims and plaintiffs. So I wanted to bring that to [the Court's] attention."). In direct response to movant's same arguments here in favor of a stay, Judge Lee stated:

> [F]orced coordination can only go so far. And so I understand that the parties want to try to go about discovery efficiently by trying to coordinate discovery, but my main concern is – are these cases and making sure that the parties are on track to satisfy the deadlines that have been set in this case.

> And so to put it bluntly, I am not going to wait around to see how those other cases go, kind of progress in their lives to make sure the parties are complying with their obligations for discovery in this case.

> …I just wanted the parties to be clear on where I stand, all right?

*Id.* at 17: 4-13, 15-16.

## IV.   <u>ARGUMENT</u>

Moving Defendants here have tried to have the federal court prevent this case from going forward. They failed in that effort. The instant motion represents a second attempt to derail this case. For the same reasons Judge Lee found that "forced coordination" was not appropriate, this Court should deny Mallinckrodt's Motion to Stay this case. There is no legal or factual basis "to

---

further fail to put before this Court their renewed Motion to Dismiss the FAC filed by the *MSP* Plaintiffs, in which Mallinckrodt argues that the proposed amended pleading does nothing to cure the bases for the Court's prior dismissal Order (at Ex. B hereto). *See* Exhibit "C" hereto, *MSP* case, No. 1:18-cv-00379 (N.D.Ill.) at ECF No. 188 at 1 ("Although significantly longer and with additional defendants and slightly different plaintiffs, the Amended Complaint is the classic presentation of quantity over quality. …[I]t does not fix the problems in their original complaint.")

4

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

wait around to see how those other cases go" before allowing Local 542 to have its day in court. This is especially true, given that Local 542 has viable claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and for breach of contract against Express Scripts, both of which were dismissed from the *Rockford* case.  As a result, discovery will not proceed as to these meritorious claims until the stay is lifted.

### A. Mallinckrodt's Cited Pennsylvania Legal Authority Does Not Support Their Request for a Stay.

The Commonwealth Court of Pennsylvania has held that a stay may be appropriate "if it is shown that litigation of the proceeding in the other forum at the same time would create a duplication of effort on the part of the parties and waste judicial resources, where the case before this Court can resolve all issues in the other proceeding and where a stay is in the interest of judicial economy." *EQT Prod. Co. v. Dep't of Envtl. Prot. of Pa.*, 2016 Pa. Commw. Unpub. LEXIS 894, at *3 (Cmwlth. Apr. 8, 2016) (citing *Crutchfield v. Eaton Corp.*, 2002 PA Super 286, 806 A.2d 1259, 1262 (Pa. Super. 2002) (citing *Norristown Automobile Co. v. Hand*, 386 Pa. Super. 269, 562 A.2d 902, 905 (Pa. Super. 1989); *Delaware River Port Authority v. Department of Transportation*, 91 Pa. Commw. 518, 498 A.2d 9, 10 (Pa. Cmwlth. 1985); *Klein v. City of Philadelphia*, 77 Pa. Commw. 251, 465 A.2d 730, 731 (Pa. Cmwlth. 1983))). The cases cited by Mallinckrodt are inapposite to the case at bar.

The three chief cases cited by Mallinckrodt in support of its Motion to Stay do not warrant a finding in this case that a stay is appropriate.

First, Defendants cite to *Singer v. Dong Sup Cha*, 379 Pa. Super. 556, 550 A.2d 791 (1988). *Singer* was a malpractice case wherein the plaintiff Singer and her husband filed suit alleging plastic surgery malpractice against the defendant Dong Sup Cha.  The Pennsylvania Superior Court considered, on appeal, whether the Philadelphia Court of Common Pleas properly

5

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

dismissed the plaintiffs' case on the basis of *lis pendens*, since the plaintiffs previously filed the ***exact same medical malpractice case*** in New Jersey.  Unlike the case at bar, the Singers' New Jersey case and the Pennsylvania case were "identical"—and the Plaintiffs admitted that they were identical.

Here, by contrast, the *Local 542* case and the *Rockford* and *MSP* cases do not involve the same plaintiffs, were not filed at the same time in different courts, and do not involve the same legal claims.  By Mallinckrodt's own admission, the cases are not identical, for these reasons. *See, e.g.* Motion to Stay at 2, n. 1 (conceding the *Local 542* action "adds a sixth Express Scripts Defendant, Accredo Health Group, Inc."), 3 n. 2 (conceding the *Rockford* Court "dismissed the common law and contract claims").

Second, Defendants cite the case of *PNC Bank, Nat. Ass'n v. Bluestream Tech, Inc.*, 14 A.3d 831, 835 (Pa. Super. Ct. 2010) for the proposition that a stay is appropriate "where all of the [plaintiff's] rights were being litigated in a previously-filed case." Motion to Stay at ¶ 15. Beyond the fact that the case is factually inapposite, involving the stay of a confession of judgment based on *lis pendens,* all of Local 542's rights are not being litigated in the Illinois federal court.  Mallinckrodt does not so claim.

Finally, the Defendants' reliance on the *Norristown* case is equally flawed.  In that case, two complaints were filed, by the same litigants in two separate Pennsylvania county courts, on the same day.  The Pennsylvania Superior Court may no decision on the propriety of the defendant's request for a stay, instead holding that the "propriety of granting a stay" may have to be adjudicated at some other time. *Norristown Auto. Co. v. Hand*, 386 Pa. Super. 269, 277, 562 A.2d 902, 905 (1989).  *Norristown* offers no precedential value or relevant analysis that is useful to this Court.

6

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

With no relevant legal support for their belated stay request, Mallinckrodt simply resorts to a skewed discussion of the claims and issues in the *Local 542* case and the Illinois cases, without properly informing this Court of all the facts relevant to its decision about relatedness, overlap and prejudice. Once viewed in proper context, this Court should conclude that there no factual basis to support an indefinite stay of this case.

**B. The Procedural Posture of this Case and the Federal Cases Warrants the Continued Prosecution of All Cases to Prevent Prejudice to the Plaintiff Here.**

A stay will prejudice Local 542's rights because it will deny the Plaintiff the discovery it seeks in support of unique claims in this case, on the timetable established by this Court's Scheduling Order. Further, it will allow Defendants to skirt their discovery obligations in this case, which are already to Court Orders compelling compliance. There is simply no basis for movant's argument about "unnecessar[y] strain [on] the Court's resources" as this Court appointed Andy Braunfeld to serve as Discovery Master in June 2019. Mr. Braunfeld has ably serve in that role since then. While movants may be dissatisfied with Mr. Braunfeld's rulings, and his efficiency in so ruling, that is not cause for a stay. Dissatisfaction with either a jurist or a jurist's rulings does not warrant a stay of proceedings.

Despite the differences in the parties and claims at issue in this case and the *Rockford* case, the Discovery Master recommended to this Court that the cases should proceed on parallel tracks, with discovery ending in both cases in late September 2020. Mallinckrodt fails to explain to this Court how staying this case would materially advance the case, in view of the fact that the *Rockford* case is limited to antitrust claims not at issue in this case. Further, the *Rockford* Court's dismissal of common law and contract claims leaves Local 542 alone to conduct discovery in support of such unique claims. *See* Motion to Stay Motion to Stay at 3 n. 2 (conceding the *Rockford* Court "dismissed the common law and contract claims"). Further, since

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Mallinckrodt points out that Accredo is not a defendant in *Rockford*, but is the legal entity that supplied the subject Acthar to the patients of Local 542, presumably such discovery of the specialty pharmacy at issue in this case will only come in this case. *Id.* at 2, n. 1 (the Local 542 action "adds a sixth Express Scripts Defendant, Accredo Health Group, Inc.").

While Mallinckrodt acknowledges these material differences in the case at bar and the federal antitrust case in Rockford, it glosses over them with lofty claims about the conservation of judicial resources and avoidance of duplication that its requested stay supposedly will bring. However, because there is no substantial overlap in the cases, all a stay will bring is delay – delay to the adjudication of the rights of Local 542. Such delay will cause unfair prejudice to Local 542, which has already suffered the significant economic harm of being wrongfully overcharged for the prescription of high-priced Acthar for off-label indications over the course of 5 years. Mallinckrodt continues its unlawful conduct to this day, unabated.

In Local 542's *ad damnum* to its Amended Complaint, it seeks a declaration of the unlawfulness of Mallinckrodt's acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), a claim not at issue in the *Rockford* case. It also seeks to have this Court "enjoin the Defendants from committing the acts alleged herein, and restore the status quo before the unlawful conduct took place." How is Local 542 to obtain such relief when it will be forced to wait until some indeterminate time in the future for the *Rockford* case to reach some unspecified litigation milestone? The answer is, it won't. But, that is Mallinckrodt's goal – to defer justice until the last possible moment. A stay should not be given as a reward to a company that has twice been prosecuted by the federal government, once by the FTC in the action settled in 2017 (which led to the Rockford action), and a second time by the

8

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

DOJ in a pending case in the Eastern District of Pennsylvania – which Mallinckrodt fails to even mention.

Respectfully, this Court should follow the lead of the Court in the *Rockford* case, and take as its "main concern" this case, "and making sure that the parties are on track to satisfy the deadlines that have been set in this case." Motion to Stay, Ex. D, Hr'g Tr. (Sept. 20, 2019) at 17: 4-13. With the appointment of Mr. Braunfeld, this Court already has put in place a judicial mechanism to ensure the parties stay on track. Nothing more is required.

**C.    Defendants Waived The Affirmative Defense of *Lis Pendens* When It Failed to Raise it In its Preliminary Objections and Answer to the Amended Complaint.**

Defendants raised the *lis pendens* defense for the first time in their Motion to Stay. As a matter of law and procedure, this affirmative defense should have been raised in Defendants' Preliminary Objections and, after the preliminary objections were overruled by this Court, their Answer and New Matter.

By Pa.R.Civ.P. 1030:

> (a) Except as provided by subdivision (b), ***all*** affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver ***shall be*** pleaded in a responsive pleading under the heading "New Matter.

*Pa.R.Civ.P.1030(a).* Furthermore, Rule 1030 only exempts the assumption of the risk, comparative negligence and contributory negligence from the requirement that all affirmative defenses be pled in a responsive pleading. *See Pa.R.Civ.P.1030(b)* ("The affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded".

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Because Defendants failed to raise the *lis pendens* defense until now, it is too late.  The defense of *lis pendens* is acknowledged by the Courts.  *See Boardakan Rest. LLC v. Atl. Pier Assocs., LLC*, No. 11-5676, 2013 U.S. Dist. LEXIS 143673, at *20-21 (E.D. Pa. Oct. 2, 2013) ("To assert successfully the defense of lis pendens, i.e., the pendency of a prior action, it must be shown that the prior case is the same, the parties are the same, and the relief requested is the same." (*citing Richner v. McCance*, 2011 PA Super 4, 13 A.3d 950, 957-58 (Pa. Super. Ct. 2011).  For the *lis pendens* defense to apply, all of these common law unities must be present on the date the motion is considered.  *See Virginia Mansions Condominium Ass'n v. Lamp*, 380 Pa. Super. 452, 552 A.2d 275, 278 (Pa. Super. Ct. 1988).

Although Defendants' Motion should be denied for the reasons set forth herein, Defendants' Motion should also be denied because they waived any right to a stay by failing to raise the pendency of the *Rockford* case in their Preliminary Objections and, after those objections were overruled by this Court, as an affirmative defense in their answer to the Plaintiff's case at bar.

While their Motion to Dismiss was pending in the *Rockford* case, Defendants filed preliminary objections to the Amended Complaint but never raised the issue of the pendency of the *Rockford* litigation in those objections.  A party may raise preliminary objections based on the pendency of a prior action.  *Crutchfield v. Eaton Corp.*, 2002 PA Super 286, ¶ 13, 806 A.2d 1259, 1262 (citing Pa.R.C.P. 1028(a)(6)).  "Once the defense is raised under Pa.R.C.P. 1017(b)(5), a court may dismiss or stay the subsequent proceedings." *Penox Techs., Inc. v. Foster Med. Corp.*, 376 Pa. Super. 450, 453, 546 A.2d 114, 115 (1988)(citing 5 Std.Pa.Prac.2d § 25:81).

10

Case# 2018-14059-206 Docketed at Montgomery County Prothonotary on 02/07/2020 2:36 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Likewise, when required to file an answer to the Amended Complaint, Defendants again failed to raise the pendency of the *Rockford* litigation (*lis pendens*) as an affirmative defense (the affirmative defense of *lis pendens*).  Rather, Defendants chose to litigate the issues in this case and even negotiated and stipulated to an Order issued by this Court regarding discovery in this case ***after*** the *Rockford* litigation was ordered to proceed.  Indeed, the parties are in the midst of discovery here and now with the most-recent deposition being taken in this case on December 17, 2019.

Defendants did not raise the pendency of a prior action (the *Rockford* case) when they filed their preliminary objections.  They did not raise the pendency of the *Rockford* case in their answer as an affirmative defense.  Accordingly, that defense is waived while also meritless on its face.

## V.    CONCLUSION

For these reasons, Mallinckrodt's request to stay this case should be denied.

Respectfully submitted,

Dated: February 3, 2020

By:  *s/ Donald E. Haviland, Jr.*
Donald E. Haviland, Jr.
*haviland@havilandhughes.com*
William H. Platt II
*platt@havilandhughes.com*
Haviland Hughes
201 South Maple Avenue, Suite 110
Ambler, PA 19002
Phone: (215) 609-4661
Fax:    (215) 392-4400

*Counsel for Plaintiff,*
*International Union of Operating*
*Engineers Local 542*

11